IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

JASON WILLIAMS,

    Plaintiff,

vs.

AT&T MOBILITY LLC,

    Defendant.

Case No. 5:19-cv-00475-BO

## ORDER GOVERNING DISCLOSURE OF DOCUMENTS
## PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

WHEREAS, Plaintiff Jason Williams and Defendant AT&T Mobility LLC (each of the foregoing, a "Party", and collectively, the "Parties") have jointly requested and consent to entry of an order governing disclosure of documents pursuant to Federal Rule of Evidence 502(d) and it appearing to the Court there is good cause to enter such an order:

IT IS HEREBY ORDERED:

**1. No Waiver by Disclosure.** This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (hereinafter, the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege and/or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege

1

or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. **Notification Requirements; Best Efforts of Receiving Party.** The Disclosing Party must, within a reasonable period of time after learning of the disclosure of Protected Information, notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—promptly: (i) notify the Disclosing Party that it will identify and return, sequester or destroy (or in the case of electronically stored information, permanently delete) the Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, or use of the Protected Information. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored Protected Information.

3. **Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within ten (10) business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion

must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion. The Parties shall cooperate to meet and confer in accordance with the Local Rules prior to expiration of the ten (10) day period set out in this paragraph.

4. **Stipulated Time Periods**. The parties may stipulate to extend the time periods set forth in paragraphs (2) and (3).

5. **Attorney's Ethical Responsibilities**. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or protected and to inform the Disclosing Party that such materials have been produced.

6. **Burden of Proving Privilege or Work Product Protection**. The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information.

7. **In Camera Review**. Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

8. **Voluntary and Subject Matter Waiver**. Except as specifically stated herein, this Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.

3

9. **Rule 502(b)(2)**. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

IT IS SO ORDERED.

ENTERED: 5-13-20

*Terrence Boyle*
The Hon. Terrence W. Boyle
Chief United States District Judge