## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

JASON WILLIAMS,

     Plaintiff,

Case No. 5:19-cv-00475-BO

vs.

AT&T MOBILITY LLC,

     Defendant.

## JOINT STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Jason Williams and Defendant AT&T Mobility LLC (each of the foregoing, a "Party", and collectively, the "Parties") have jointly requested and consent to entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to protect confidential and proprietary business and personal information during discovery and trial. Therefore, it appearing to the Court there is good cause to enter an order to protect confidential and proprietary information during discovery and trial:

IT IS HEREBY ORDERED THAT the Parties and any non-party, that, by itself or through its counsel, agrees to the terms of this Protective Order as provided herein, shall be governed by the following terms and conditions in connection with the production of designated material in this action.

1.     This order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this order in accordance with the terms hereof.

1

2. Any Party and/or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein, whether standalone or embodied in documents, things, deposition testimony, interrogatory answers or other materials, as Confidential Information subject to this order. The term "Confidential Information" means documents or things that are confidential, proprietary, and not known to the general public.

3. Materials containing Confidential Information may be marked "Confidential" if the designating Party has a reasonable and good faith belief that the materials contains information that is: confidential; proprietary; not known to the general public; a trade secret or other confidential research, development, or commercial information; personal financial information protected by law or private medical records of a consumer other than plaintiff. In any dispute over the designation of materials as confidential, the designating Party shall have the burden of demonstrating that the materials contain information that is defined as "Confidential" in this paragraph and protected by applicable court rules and law.

4. Except with the prior written consent of the Party asserting confidential treatment or pursuant to court order, any document or materials designated "Confidential" under this order and any information contained in or derived from any such materials may not be disclosed other than in accordance with this order and solely for purposes of this litigation to any person other than the Court and the following persons:

    A. The Court and its officers;

    B. Parties to this litigation;

2

C. Counsel for the respective Parties to this litigation and clerks, paralegals, office staff, or other employees of counsel;

D. Witnesses expected to be deposed or to testify in court or by affidavit in this litigation;

E. Any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case;

F. Third-party experts or consultants, and the employees of such experts and consulting who are assisting them, engaged by counsel or a Party to assist in this litigation;

G. Any designated mediator who is assigned to hear this matter, and his or her staff; and

H. Such other persons as hereafter may be designated by written agreement of all Parties in this action or by Order of the Court, such Order obtained on noticed motion (or shortened time as the Court may allow), permitting such disclosure.

5. A Party may designate material and information as "Highly Confidential – Attorneys' Eyes Only" that the Party reasonably and in good faith believes contains or reflects information that satisfies the criteria for designating such information "Confidential" pursuant to Paragraph 3 above, and reflects: (1) extremely confidential business information, marketing plans, strategies, or methods, including business planning or financial documents having current or future applicability; or (2) sensitive non-public information that: (i) as of the date of production, has been subject to strict internal controls limiting dissemination within the designating Party; and (ii) if disclosed to persons other than those who are permitted access pursuant to this Order, would likely cause economic harm or significant competitive disadvantage to the Party producing the material and information. By way of example, and not limitation, "Highly Confidential –

3

Attorneys' Eyes Only" information includes: (a) material that a Party believes reasonably and in good faith contains any trade secret or other confidential research, as well as (b) development, technical, business or financial information that has not been made public and has current or future applicability – such as business plans or strategies; costs or pricing information; sales and revenue information; contemplated, actual, or prospective business dealings with third-parties; and development strategy.

      6.    Except with the prior written consent of the Party asserting confidential treatment or pursuant to court order, any document or materials designated "Highly Confidential – Attorneys' Eyes Only" under this order and any information contained in or derived from any such materials may not be disclosed other than in accordance with this order and solely for purposes of this litigation to any person other than the court and the following persons:

    A. The Court and its officers;

    B. Counsel for the respective Parties to this litigation and clerks, paralegals, office staff, or other employees of counsel;

    C. In-house lawyers who are advising a Party regarding this action, including paralegals and staff, to whom disclosure is reasonably necessary for this litigation;

    D. Any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case; and

    E. Third-party experts or consultants, and the employees of such experts and consulting who are assisting them, to whom disclosure is reasonably necessary for this litigation; and

    F. Any designated mediator who is assigned to hear this matter, and his or her staff.

7.     To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the Parties shall comply with the Local Civil Rules, and the Electronic Case Filing Administrative Policies and Procedures Manual, of the United States District Court for the Eastern District of North Carolina, including the rules, policies, and procedures regarding the provisional filing under seal of confidentially designated materials.

8.     If another Party objects in good faith to the designation of material as confidential, the objecting Party shall provide to the producing Party a statement setting forth the basis for the objection within fourteen (14) days of its discovery of the basis of the objection. The Parties shall thereafter meet and confer in good faith to resolve the dispute over the applicability of this order. In the event the dispute cannot be resolved informally, the designating Party shall submit a motion to the court to determine applicability of this order. If a motion is timely filed by the designating Party, the material will be subject to this order pending a ruling by the court.

9.     All documents or other materials subject to this order shall not be used, directly or indirectly, by any person, for any business, legal, commercial and/or competitive purposes, or for any purpose whatsoever other than solely for the preparation and trial of this action *Jason Williams v. AT&T Mobility LLC*, Civil Action No., 5:19-cv-00475-BO, pending in the United States District Court for the

5

Eastern District of North Carolina, Western Division, in accordance with the provisions of this order.

10.    Documents produced pursuant to this order shall not be made available to any person designated in subparagraphs 4(D), (F), and 6(E) unless and until he or she has first read this order and agrees to be bound by its terms, as evidenced by executing a declaration in the form attached.

> A. A copy of the "declaration regarding compliance with protective order" form shall be produced to all Parties for any expert witness who is required to be disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.
>
> B. Counsel for all Parties to this order shall keep a log of all individuals who they have required execute a "declaration regarding compliance with protective order" form. The log shall be available to any Party to this order at the termination of the litigation or by court order.

11.    Deposition testimony that one of the Parties reasonably believes will contain Confidential Information shall only be taken in front of persons entitled to access to such information under paragraph 5 of this Stipulation and Protective Order and may be designated as Confidential by the designating Party making an appropriate statement on the record, in which case the reporter shall stamp or write "contains Confidential Information" on the cover of the transcript.

12.    Any Party seeking to use confidential information during a deposition shall seek agreement on the record by the deponent to abide by the terms of this Stipulation and Protective Order. If the deponent refuses to assent, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall be asked to sign the

6

original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.

13. The Parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality and to protect the rights of the Party asserting confidential treatment with respect to any confidential information designated in accordance with this order.

14. If confidential information submitted in accordance with this order is disclosed to any person other than in a manner authorized by this order, the Party responsible for the disclosure must, immediately upon learning of the disclosure bring all pertinent facts relating to such disclosure to the attention of the Party asserting confidential treatment and make every effort to prevent further disclosure by the responsible Party or by the person who was the recipient of such information.

15. Nothing set forth herein prohibits the use in this litigation of any information designated as "Confidential."

16. The Court may, for good cause, modify this order or grant any Party relief therefrom.

17. Within 60 days after the final termination of this litigation, all documents or other materials afforded confidential treatment pursuant to this order, including derivative materials containing confidential information, shall be returned to counsel for the producing Party or destroyed. Neither the Parties nor their counsel nor any person to whom such confidential information has been

7

disclosed can retain and/or use any of the information obtained during the course of this litigation in future litigation.

18.     At the final termination of this litigation, each Party shall execute and exchange an affidavit/declaration attesting to the fact that all documents subject to this protective order have been destroyed or returned.

19.     All provisions of this Protective Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the Parties or order of the court and the court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.

IT IS SO ORDERED.

ENTERED:
6-15-20

_Terrence Boyle_
The Hon. Terrence W. Boyle
Chief United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

JASON WILLIAMS,

      Plaintiff,

vs.

AT&T MOBILITY LLC,

      Defendant.

Case No. 5:19-cv-00475-BO

## DECLARATION REGARDING COMPLIANCE WITH PROTECTIVE ORDER

I, _____, declare as follows:

1.     I have read the Protective Order filed in *Jason Williams v. AT&T Mobility LLC*, Civil Action No., 5:19-cv-00475-BO, which case is pending in the United States District Court for the Eastern District of North Carolina, Western Division, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order.

2.     I agree to abide by and be bound by the terms of the Protective Order.

3.     I agree to treat all materials designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only," and all copies, notes or other records containing or referring to such materials, and the substance or contents of such materials in accordance in with the terms of the Protective Order. I also agree with the requirements of Paragraph 17 with respect to the disposition of documents upon conclusion of the litigation.

9

4.     I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division, for the purposes of enforcing the terms of this Protective Order and in the event of any violation or dispute related to this agreement.

5.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

Signed: _____

Printed Name: _____