# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

---------------------------------------------------------X
JASON WILLIAMS,

               Plaintiff,

vs.

AT&T MOBILITY LLC,

               Defendant.
---------------------------------------------------------X

Case No. 5:19-cv-00475-BO

**PLAINTIFF JASON WILLIAMS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AT&T MOBILITY LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the Eastern District of North Carolina 26.1 and 34.1, Plaintiff Jason Williams ("Plaintiff" or "Williams") requests that Defendant AT&T Mobility LLC ("Defendant" or "AT&T") answer the following Request for Production of Documents on or before July 6, 2020. Documents are to be produced for discovery and inspection at the offices of Withers Bergman LLP, 430 Park Avenue, New York, New York 10022.

## INSTRUCTIONS

1. The manner of inspection shall be by personal inspection including the copying and photographing by or on behalf of Defendant of the original of the requested documents. As a substitute for compliance with this request, You may deliver to Withers Bergman LLP on or before the date specified herein, a legible copy of each of the following requested Documents, together with a statement from You certifying that the copy provided is a true and complete, and correct copy of such Document or Documents.

2. You are requested to produce not only those Documents in Your own possession, custody or control, but also those Documents reasonably available to You, or available to You through diligent search, including those in the possession, custody, or control of Your

employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, attorneys, accountants, financial advisors, representatives, and agents or other persons acting on Your behalf, without regard to the physical location of such Documents.

3. You are requested to produce all Documents as they are kept in the usual course of business or in the same form that they were kept immediately before the receipt of these Requests for Production of Documents, including with any identifying labels, file markings, or similar identifying features, or in a manner organized and labeled to correspond to the categories requested herein. If there are no documents responsive to a particular request, You shall state so in writing.

4. You are requested to identify in some manner which Documents are being produced in response to which request.

5. In the event You are able to produce only some of the Documents called for in any request, produce all the Documents You are able to produce at this time, and state the reasons for Your inability to produce the remainder.

6. You shall produce all originals, copies, and photocopies of Documents, whether signed or unsigned. You shall produce all prior drafts, as well as the final form of all Documents.

7. If any of the Documents demanded below are claimed by You to be privileged or are otherwise withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set forth with respect to each such Document facts of sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege or work product protection is valid. The response shall provide sufficient factual

information for other parties to evaluate the merits of that claim, including, if necessary, a privilege log. In the case of a privilege log, with respect to each such Document set forth:

(a) the date the Document was prepared;

(b) the type of Document;

(c) the Document's date;

(d) The name, address and telephone number of all persons that created or prepared the Document, including his or her title or position;

(e) the names of all addressees and known recipients of the Document, including his or her title or position;

(f) the title and a general description of the subject matter of the Document sufficient to determine whether the assertion of privilege is valid;

(g) the specific privilege(s) or claim of work product protection being asserted as to the Document and each and every basis under which the Document is withheld.

8. If a portion of any Document responsive to these requests is withheld under claim of privilege pursuant to the preceding instruction, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

9. You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by instructions 7 and 8 above) regardless of whether You consider the entire Document to be relevant or responsive to the requests.

10. If any responsive Document was, but is no longer in Your possession or subject to Your control, specify for each such Document: (a) the type of Document; (b) the type of information contained in the Document; (c) the date(s) on which it was created; (d) the sender(s)

and recipients(s), if applicable; (e) the date (or approximate date) on which it ceased to be in Your possession or subject to Your control; (f) the circumstances under which it ceased to be in Your possession or subject to Your control, including whether it is missing or lost, destroyed, transferred voluntarily or involuntarily to others or otherwise disposed of; (g) the name and address of its current or last known custodian and all persons having knowledge of the contents of such Document; and (h) the paragraph number(s) of the request(s) in response to which the Document otherwise would have been produced.

11. All Requests for Production shall be deemed continuing requests, and You are required to supplement Your answers with any new or newly discovered materials responsive to these requests up to and including the time of the final hearing in this action.

12. Any electronically stored information ("ESI") should be produced in its original and native format with accompanying metadata. With regard to ESI:

>   (a) All Documents responsive to these requests shall be produced with the metadata normally contained within such Documents, including, but not limited to, for all named fields: to, from, cc, bcc, author, recipient, Document date, Document title/subject, beginning bates number, ending bates number, beginning attachment and ending attachment, as well the necessary industry standard load file (e.g., Concordance/Opticon load file). If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed and the author(s) and all recipient(s) of the Document;

(b) Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use the ESI. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means; and

(c) ESI should not be produced without first discussing production format issues with Plaintiff's Counsel. If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information Concerning the burden or cost You claim is associated with the search or production of such ESI.

13. The specific of any request herein shall not be construed to limit the generality or reach of any other request herein.

## DEFINITIONS AND RULES OF CONSTRUCTION

The following definitions shall apply:

1. "Defendant" or "You" or "Your" means Defendant AT&T, and each of its parents, subsidiaries, affiliates, franchisees, Authorized Retailer, and each of its present and former agents, employees, contractors, attorneys, attorneys-in-fact, accountants, representatives, successors or assigns, and every other person or entity acting on its behalf.

2. "Authorized Retailer" means AT&T Authorized Retailers as described on the website att.com, including https://www.att.com/att/newdealer/index.html.

3. "Williams Account(s)" means any AT&T telephone and/or data account purchased by, created by, created for, provide to, or otherwise associated with Plaintiff.

4. "SIM Card" means a small removable chip that allows a cell phone to communicate with the wireless carrier and the carrier to know what subscriber account is associated with that phone, as described in the Complaint.

5. "SIM Swap" and/or "SIM Swapping" means unauthorized and illegitimate SIM Card changes, as described in the Complaint, and includes attempted, alleged, or potentially unauthorized and illegitimate SIM Card changes.

6. "Data" means any information, including but not limited to financial, identifying, personal, or sensitive information.

7. "Privacy Policy" and "Privacy Commitments" have the same meaning attributed to them in the Complaint and its Exhibits.

8. "Customer Proprietary Network Information" has the same meaning attributed to it in the Complaint.

9. "Prime Communications, L.P." or "Prime" means the entity identified in Your Initial Disclosures.

10. "Alorica, Inc." or "Alorica" means the entity identified in Your Initial Disclosures.

11. "Convergys Customer Management Group Inc. n/k/a Concentrix Corporation" or "Concentrix" means the entity identified in Your Initial Disclosures.

12. "TPUSA, Inc." or "Teleperformance" means the entity identified in Your Initial Disclosures.

13. AT&T "Leadership" means any individuals currently or formerly listed as part of AT&T's Leadership on AT&T's website, including, but not limited to, Randall L. Stephenson, Ed Gillespie, David S. Huntley, Lori Lee, David R. McAtee II, Angela Santone, John Stankey, and John J. Stephens.

14. "Plaintiff's First Interrogatories" means the interrogatories served on You by Plaintiff, dated June 5, 2020.

15. "Communication(s)" means ANY oral or written expression, or nonverbal conduct intended as the substitute for oral or written expression, including but not limited to email, text messages, social media communications including information posted on or transmitted through social networking platforms (e.g., Myspace and Facebook), digital file-sharing services (e.g., Flickr, Dropbox), online storage or in the cloud (e.g., Dropbox or iCloud), blogs and microblogs (e.g., Twitter), instant messages (e.g. What'sApp), SMS messages, MMS messages, voicemail, voice recordings, memoranda, notes, diaries, and calendar entries.

16. "Document(s)" include, but are not limited to the following items: agreements or contracts, Communications (including but not limited to intracompany Communications), correspondence, e-mails, text messages, telegrams, cables, memoranda, records, books, summaries of records or personal conversations or interviews, diaries, desk calendars, appointment books, journals, and message pads, forecasts, statistical statements, accountants' work papers, graphs, charts, diagrams, certificates and certifications, tables, indexes, pictures, recordings, tapes, microfilm, charges, accounts, analytical records, minutes or records of meetings, conferences or conversations, reports or summaries of interviews, reports or summaries of investigations, texts or surveys, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, advertisements, brochures, pamphlets, circulars,

trade letters, press releases, stenographic or hand-written or other notes, projections, working papers, checks front and back, check stubs or receipts, envelopes, invoice vouchers, data processing cards, tapes or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, electronically stored information (including data stored on personal electronic devices such as personal computers, laptops, a blackberry, smartphone, iPhone, iPad, notebook, or tablet, as well as external storage such as hard drives, CD-ROMs, DVDs, or thumb drives), social media communications, including information posted on or transmitted through social networking platforms (e.g., MySpace, Instagram, TikTok, Snapchat and Facebook), digital file-sharing services (e.g., Flickr, DropBox), online storage or in the cloud (e.g., DropBox or iCloud), blogs and microblogs (e.g., Twitter); instant messages; text messages, SMS messages, MMS messages; voicemail; and all drafts, alterations, and/or amendments of, or to, any of the foregoing, however produced or reproduced, and every copy thereof that is not identical to the original or that contains any commentary or notation whatsoever that does not appear on the original, and any other Document or writing of whatever description, including but not limited to any information contained in any computer, computer peripheral equipment, computer library, or website, although not yet printed out.

17. The terms "all," "any," and "each" shall be construed as all, any, and each, as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

18. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8

19. "Concerning" means directly or indirectly constituting, describing, mentioning, pertaining to, reflecting, referring to, regarding, supporting, substantiating, relating to, evidencing, or refuting. Each of these terms or phrases used to define "Concerning" shall have the same meaning and are used interchangeably.

20. The use of the singular form of any word includes the plural and vice versa. The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

21. Unless otherwise specified in a particular request, these document requests concern the time period from January 1, 2018, until the date of this request.

## DOCUMENTS REQUESTED

Please respond to the following document requests in accordance with the Definitions and Rules of Construction and the Instructions located at the back of this document:

1. All Documents Concerning Communications between: (1) Plaintiff, or any person purporting to be or to act on behalf of Plaintiff, or any person purporting to have authority to access or modify any information concerning the Williams Account(s), and: (2) AT&T.

2. All Documents and Communications Concerning the Williams Account(s) from the date of its creation, which is upon information and belief in the year 2000, until the date of this request, including Communications between and amongst employees, executives, managers contractors, and other agents of AT&T, and any Communications with third parties Concerning the Williams Account(s).

3. All Documents and Communications Concerning any actual or attempted changes to the SIM Card(s) associated with the Williams Account(s), including the seven SIM Swaps described in the Complaint.

4. All Documents and Communications Concerning any alerts, account notes, or other information added to AT&T's records Concerning the Williams Account(s).

5. All Documents and Communications Concerning any audit trails, electronic logs, and other devices or methods that track, catalogue, note, record, or otherwise contain information Concerning the Williams Account(s).

6. All Document and Communications Concerning any employment files for each of the individuals You identify in response to Plaintiff's First Interrogatories 1, 2, 6, or 7.

7. All Documents and Communications Concerning SIM Swapping, from January 1, 2007 to the date of this request.

8. All Documents and Communications Concerning AT&T's policies, procedures, internal controls, training, or other information Concerning SIM Swapping, including information Concerning AT&T's actual, proposed, or attempted measures to identify, prevent, protect against, investigate, troubleshoot, ameliorate, resolve, fix, respond to, or otherwise address SIM Swapping, from January 1, 2007 to the date of this request.

9. All Documents and Communications Concerning AT&T's policies, procedures, internal controls, training, or other information Concerning the protection of its customers' Data and privacy, including its Privacy Policy and Privacy Commitments, from January 1, 2007 to the date of this request.

10. All Documents and Communications Concerning AT&T's policies, procedures, internal controls, training, or other information Concerning AT&T's compliance with laws,

regulations, consent decrees, and other government mandates Concerning the protection of its customers' Data and privacy, from January 1, 2007 to the date of this request.

11. All Documents and Communications Concerning AT&T's policies, procedures, internal controls, training, or other information Concerning AT&T's treatment of Customer Proprietary Network Information (or CPNI), from January 1, 2007 to the date of this request.

12. All Documents and Communications Concerning AT&T's public statements Concerning SIM Swapping, including information posted on AT&T's website, disclosures to legislative, judicial, or regulatory authorities, and information provided to journalists and/or the press, from January 1, 2007 to the date of this request.

13. All Documents and Communications Concerning agreements between AT&T and Prime.

14. All Documents and Communications Concerning agreements between AT&T and Alorica.

15. All Documents and Communications Concerning agreements between AT&T and Teleperformance.

16. All Documents and Communications Concerning agreements between AT&T and Concentrix.

17. All Documents and Communications Concerning any meetings, discussions, or other actions by AT&T's Board of Directors, Board of Director committees, or members of AT&T's Leadership Concerning SIM Swapping, from January 1, 2007 to the date of this request.

18. All Documents and Communications Concerning each of AT&T's Affirmative Defenses.

19. All Documents and Communications Concerning Your responses to any interrogatories served on You in connection this action, including Plaintiff's First Interrogatories.

Dated: June 5, 2020
       New York, New York

           WITHERS BERGMAN LLP

By: _____
     Christopher LaVigne
     Joseph Gallo
     430 Park Avenue
     New York, New York 10022
     (212) 848-9800
     Christopher.LaVigne@withersworldwide.com
     Joseph.Gallo@withersworldwide.com

     Terence S. Reynolds
     Lucas D. Garber
     Shumaker, Loop & Kendrick, LLP
     101 South Tryon Street, Suite 2200
     Charlotte, NC 28280
     (704) 375-0057
     treynolds@shumaker.com
     lgarber@shumaker.com

     *Attorneys for Plaintiff Jason Williams*

## CERTIFICATE OF SERVICE

      I hereby certify that on date set out below, I served a true copy of the foregoing **PLAINTIFF JASON WILLIAMS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AT&T MOBILITY LLC** by electronic mail, pursuant to the agreement of counsel for all parties, to all counsel of record and additional persons on the service lists provided by counsel for each party.

This the 5th day of June, 2020.

                                        WITHERS BERGMAN LLP

                                        _____
                                        Joseph Gallo
                                        430 Park Avenue
                                        New York, New York 10022
                                        (212) 848-9800
                                        Joseph.Gallo@withersworldwide.com

                                        *Attorney for Plaintiff Jason Williams*