# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

JASON WILLIAMS,

    Plaintiff,

vs.

AT&T MOBILITY LLC,

    Defendant.

Case No. 5:19-cv-00475-BO

**DEFENDANT AT&T MOBILITY LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.1 and 34.1 of Local Rules of the Eastern District of North Carolina, Defendant AT&T Mobility LLC ("AT&T"), acting by and through its undersigned counsel, hereby serves its Objections and Responses to Plaintiff Jason Williams' First Set of Requests for Production of Documents to Defendant (the "Discovery Requests").

## OBJECTIONS APPLICABLE TO ALL REQUESTS

1. AT&T objects to each request that seeks the production of information or material that is subject to any applicable privilege.

2. AT&T objects to each request that seeks the production of information or material that is protected by the right to privacy.

3. AT&T objects to each request that seeks the production of information or material that constitutes confidential, proprietary and/or trade secret information.

4. AT&T objects to each request, instruction, and definition that seeks to alter the permissible scope of discovery under, or impose obligations upon AT&T that are inconsistent with, the Federal Rules of Civil Procedure.

1

5. AT&T objects to each request seeking "any" or "all" documents when all relevant facts can be obtained from fewer than "any" and "all" documents, or when AT&T could not identify "any" and "all" documents pursuant to a reasonable search.

6. AT&T objects to the definition of "you," "your," and "Defendant" as vague and overbroad. AT&T will only respond on behalf of AT&T Mobility LLC, and will provide only information that is within AT&T Mobility LLC's possession, custody, or control, and is reasonably available to AT&T Mobility LLC.

## SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

1. All Documents Concerning Communications between: (1) Plaintiff, or any person purporting to be or to act on behalf of Plaintiff, or any person purporting to have authority to access or modify any information concerning the Williams Account(s), and: (2) AT&T.

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T further objects that the request is overly broad and seeks information not relevant to the incidents at issue, insofar as it requests information about every communication AT&T had with Mr. Williams since the inception of Mr. Williams's AT&T account, which Mr. Williams contends was twenty years ago "in the year 2000." *See* Plaintiff's First Requests for Production, Request No. 2. The vast majority of communications over that twenty-year period are not relevant to the claims or defenses in this matter and the burden of identifying and

2

producing such materials is not proportional to the needs of this case and would be unduly burdensome.

Subject to and without waiving its objections, AT&T will produce account notes for Mr. Williams's account.

2. All Documents and Communications Concerning the Williams Account(s) from the date of its creation, which is upon information and belief in the year 2000, until the date of this request, including Communications between and amongst employees, executives, managers contractors, and other agents of AT&T, and any Communications with third parties Concerning the Williams Account(s).

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T further objects that the request is overly broad and seeks vast amounts of irrelevant materials. The vast majority of communications and documents regarding Mr. Williams's account since its inception are not relevant to the claims or defenses in this matter and the burden of identifying and producing such materials is not proportional to the needs of this case and would be unduly burdensome. AT&T also objects to this request on the basis that the request seeks materials protected by attorney-client and/or attorney work product privileges.

Subject to and without waiving its objections, AT&T will produce account notes for Mr. Williams's account and agreements between Mr. Williams and AT&T.

3. All Documents and Communications Concerning any actual or attempted changes to the SIM Card(s) associated with the Williams Account(s), including the seven SIM Swaps described in the Complaint.

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T also objects to this request on the basis that the request seeks materials protected by attorney-client and/or attorney work product privileges.

Subject to and without waiving its objections, AT&T will produce account notes for Mr. Williams's account.

4. All Documents and Communications Concerning any alerts, account notes, or other information added to AT&T's records Concerning the Williams Account(s).

**RESPONSE:** AT&T objects to this request as duplicative of Request No. 2. AT&T hereby incorporates and restates its response to Request No. 2.

5. All Documents and Communications Concerning any audit trails, electronic logs, and other devices or methods that track, catalogue, note, record, or otherwise contain information Concerning the Williams Account(s).

**RESPONSE:** AT&T objects to this request on the grounds that the request is vague and ambiguous as to the terms "audit trails", "electronic logs, "and other devices or methods that track, catalogue, note and record". AT&T also objects to this request as lacking a reasonable temporal limitation. The complaint alleges the

4

incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T also objects to this request on the basis that the request seeks materials protected by attorney-client and/or attorney work product privileges.

Subject to and without waiving its objections, AT&T will produce account notes for Mr. Williams's account and Device Life Cycle tracking documents that AT&T can identify in its possession, custody, or control pursuant to a reasonable search.

6. All Document and Communications Concerning any employment files for each of the individuals You identify in response to Plaintiff's First Interrogatories 1, 2, 6, or 7.

**RESPONSE:** AT&T objects to this request as overly broad and seeking irrelevant information, as the only employees who may have information relevant to the issues in this case are those employees who Mr. Williams alleges executed a SIM change without his permission, and only one of those individuals was employed by AT&T. AT&T further objects that the request seeks information not in AT&T's possession, as AT&T does not maintain employment files for individuals who are not AT&T employees. AT&T further objects that the request seeks materials and information protected by the privacy right of third party subscribers. AT&T also objects to this request on the basis that the request seeks materials protected by attorney-client and/or attorney work product privileges.

5

Subject to and without waiving its objections, AT&T will produce non-privileged materials from the employee file of Sydney Hancock, to the extent such materials are in AT&T's possession and can be located pursuant to a reasonable search.

7. All Documents and Communications Concerning SIM Swapping, from January 1, 2007 to the date of this request.

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T further objects to the request for all "Documents and Communications Concerning SIM Swapping" is vague and ambiguous, as overly broad and, as worded, encompassing materials that may relate solely to other AT&T subscribers, contain the protected CPNI of other AT&T subscribers, and concern incidents or occurrences that have no relevance to or bearing upon the claims or defenses in this case. AT&T further objects because the requested information is protected against disclosure by applicable federal and state law and authorities, including by not limited to the Federal Communications Act, 47 U.S.C. § 222, the Stored Communications Act, 18 U.S.C. § 2707, and the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510 *et seq*. AT&T further objects that the request seeks materials protected by the privacy right of third party subscribers. AT&T further objects that the request seeks materials protected by attorney-client and/or

attorney work product privileges. AT&T further objects that the request seeks the production of information or material that constitutes confidential, proprietary and/or trade secret information.

Subject to and without waiving its objections, AT&T will produce non-privileged documents concerning the SIM swapping incidents affecting Mr. Williams alleged in the complaint, and AT&T's policy documents regarding SIM changes and the prevention of unauthorized access to subscriber accounts, to the extent such documents are in AT&T's possession and can be located pursuant to a reasonable search.

8. All Documents and Communications Concerning AT&T's policies, procedures, internal controls, training, or other information Concerning SIM Swapping, including information Concerning AT&T's actual, proposed, or attempted measures to identify, prevent, protect against, investigate, troubleshoot, ameliorate, resolve, fix, respond to, or otherwise address SIM Swapping, from January 1, 2007 to the date of this request.

**RESPONSE:** AT&T objects to this request as duplicative of Request No. 7. AT&T further objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T further objects to the request as vague and ambiguous with respect to its requests for materials concerning "other information Concerning SIM Swapping," as AT&T has no reasonable means to identify what other information the request is seeking. AT&T also objects to this request, as worded, as encompassing

7

materials that may relate solely to other AT&T subscribers, contain the protected CPNI of other AT&T subscribers, and concern incidents or occurrences that have no relevance to or bearing upon the claims or defenses in this case. AT&T further objects because the requested information is protected against disclosure by applicable federal and state law and authorities, including by not limited to the Federal Communications Act, 47 U.S.C. § 222, the Stored Communications Act, 18 U.S.C. § 2707, and the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510 *et seq*. AT&T further objects that the request seeks materials protected by the privacy right of third party subscribers. AT&T further objects that the request seeks materials protected by attorney-client and/or attorney work product privileges. AT&T further objects that the request seeks the production of information or material that constitutes confidential, proprietary and/or trade secret information.

Subject to and without waiving its objections, AT&T will produce non-privileged and responsive documents that set forth AT&T policies referencing SIM changes and the prevention of unauthorized access to subscriber accounts, to the extent such documents exist in AT&T's possession and can be located pursuant to a reasonable search.

9. All Documents and Communications Concerning AT&T's policies, procedures, internal controls, training, or other information Concerning the protection of its customers' Data and privacy, including its Privacy Policy and Privacy Commitments, from January 1, 2007 to the date of this request.

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter

8

Case 5:19-cv-00475-BO   Document 58-3   Filed 02/12/21   Page 9 of 19

occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T further objects to the request for materials concerning subscriber privacy and protection of subscriber data as overly broad and seeking information that has no probative value to this case. Mr. Williams has not plausibly alleged any fact or circumstance, and AT&T is aware of no fact or circumstance, indicating that any of Mr. Williams's sensitive personal information or CPNI in AT&T's possession was disclosed to any person, or that any such information was used in connection with or facilitated the attacks on Mr. Williams's third party accounts or led to the damages Mr. Williams asserts in the complaint. Rather, the complaint alleges that it was solely the third-party criminals' "control over [Mr. Williams's cellular phone] number" — which is neither sensitive personal data nor CPNI — that allowed the criminals to log into Mr. Williams's other accounts. Compl. ¶ 39. The materials sought by the request are therefore not relevant to any of the claims or defenses in the case, as established by the pleadings, and the burden of identifying and producing the breadth of those materials is not proportional to the needs of the case. AT&T also objects to this request, as worded, encompassing materials that may relate solely to other AT&T subscribers, contain the protected CPNI of other AT&T subscribers, and concern incidents or occurrences that have no relevance to or bearing upon the claims or defenses in this case. AT&T further objects because the requested information is protected against disclosure by applicable federal and state law and authorities, including by not limited to the Federal

9

Communications Act, 47 U.S.C. § 222, the Stored Communications Act, 18 U.S.C. § 2707, and the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510 *et seq*. AT&T further objects that the request seeks materials protected by the privacy right of third party subscribers. AT&T further objects that the request seeks materials protected by attorney-client and/or attorney work product privileges. AT&T further objects that the request seeks the production of information or material that constitutes confidential, proprietary and/or trade secret information.

Subject to and without waiving its objections, AT&T will produce a copy of its privacy policy(ies) and policies designed to protect subscriber confidential information and CPNI in effect during the period of unauthorized SIM changes Mr. Williams alleges in the complaint.


10. All Documents and Communications Concerning AT&T's policies, procedures, internal controls, training, or other information Concerning AT&T's compliance with laws, regulations, consent decrees, and other government mandates Concerning the protection of its customers' Data and privacy, from January 1, 2007 to the date of this request.

**RESPONSE:** AT&T incorporates and restates its response to Request No. 9.


11. All Documents and Communications Concerning AT&T's policies, procedures, internal controls, training, or other information Concerning AT&T's treatment of Customer Proprietary Network Information (or CPNI), from January 1, 2007 to the date of this request.

**RESPONSE:** AT&T incorporates and restates its response to Request No. 9.

12. All Documents and Communications Concerning AT&T's public statements Concerning SIM Swapping, including information posted on AT&T's website, disclosures to legislative, judicial, or regulatory authorities, and information provided to journalists and/or the press, from January 1, 2007 to the date of this request.

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T further objects to the request for documents concerning disclosures to legislative, judicial, or regulatory authorities as seeking materials protected by attorney-client and/or attorney work product privileges. AT&T further objects to the request for documents concerning disclosures to third parties as overly broad, vague and ambiguous, as AT&T has no reasonable means to determine what content or statements would constitute a "disclosure" regarding SIM swapping in the context of this request. And to the extent this request seeks every publicly available document AT&T has created or possessed that contains a reference to an unauthorized SIM change, the request is overly broad in that it seeks potentially voluminous amounts of irrelevant materials having no bearing on the claims or defenses in this matter, and the burden of identifying such materials is not proportional to the needs of this case. Moreover, any responsive public statements are equally available to Mr. Williams as they are to AT&T.

Subject to and without waiving its objections, AT&T will produce public statements made by AT&T in articles or blog posts regarding the proliferation of

11

efforts by unauthorized persons to effect SIM changes without the subscriber's permission, to the extent AT&T can locate same pursuant to a reasonable search. AT&T will also produce any public statements or articles specifically referencing Mr. Williams's lawsuit against AT&T, to the extent AT&T can locate the same pursuant to a reasonable search.

13. All Documents and Communications Concerning agreements between AT&T and Prime.

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T further objects that the request as worded is overly broad and seeks voluminous amounts of irrelevant materials. For instance, the majority of documents "concerning" AT&T's agreement with an authorized retailer such as Prime would have no connection or relevance to SIM changes, or to any of the claims or defenses in this case. AT&T further objects that the request seeks materials protected by attorney-client and/or attorney work product privileges. AT&T further objects to this request on the basis that it seeks confidential, proprietary and/or trade secret information.

Subject to and without waiving its objections, AT&T will produce its authorized reseller agreement with Prime.

14. All Documents and Communications Concerning agreements between AT&T and Alorica.

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T further objects that the request as worded is overly broad and seeks voluminous amounts of irrelevant materials. For instance, the majority of documents "concerning" AT&T's agreement with a support center vendor such as Alorica would have no connection or relevance to SIM changes, or to any of the claims or defenses in this case. AT&T further objects that the request seeks materials protected by attorney-client and/or attorney work product privileges. AT&T further objects to this request on the basis that it seeks confidential, proprietary and/or trade secret information.

Subject to and without waiving its objections, AT&T will produce its call center agreement with Alorica.

15. All Documents and Communications Concerning agreements between AT&T and Teleperformance.

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information

13

relevant to that time period. AT&T further objects that the request as worded is overly broad and seeks voluminous amounts of irrelevant materials. For instance, the majority of documents "concerning" AT&T's agreement with a support center vendor such as Teleperformance would have no connection or relevance to SIM changes, or to any of the claims or defenses in this case. AT&T further objects that the request seeks materials protected by attorney-client and/or attorney work product privileges. AT&T further objects to this request on the basis that it seeks confidential, proprietary and/or trade secret information.

Subject to and without waiving its objections, AT&T will produce its call center agreement with Teleperformance.

16. All Documents and Communications Concerning agreements between AT&T and Concentrix.

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T further objects that the request as worded is overly broad and seeks voluminous amounts of irrelevant materials. For instance, the majority of documents "concerning" AT&T's agreement with a support center vendor such as Concentrix would have no connection or relevance to SIM changes, or to any of the claims or defenses in this case. AT&T further objects that the request seeks materials protected by attorney-client and/or attorney work product privileges.

14

AT&T further objects to this request on the basis that it seeks confidential, proprietary and/or trade secret information.

Subject to and without waiving its objections, AT&T will produce its call center agreement with Concentrix.

17. All Documents and Communications Concerning any meetings, discussions, or other actions by AT&T's Board of Directors, Board of Director committees, or members of AT&T's Leadership Concerning SIM Swapping, from January 1, 2007 to the date of this request.

**RESPONSE:** AT&T objects to this request as lacking a reasonable temporal limitation. The complaint alleges the incidents underlying the claims in this matter occurred "between November 2018 and February 2019" [Dkt. 2 ¶ 20], and AT&T's response and production of documents will therefore be limited to information relevant to that time period. AT&T further objects to the request as seeking documents protected by attorney-client and/or attorney work product privileges, or other applicable privileges. AT&T further objects that the request is overly broad and seeks irrelevant materials, insofar as it seeks every such "Document and Communication[]" referencing an unauthorized SIM change involving an unrelated third party or otherwise having no connection to the incidents, claims, or defenses in this case.

Subject to and without waiving its objections, AT&T has no documents responsive to this request.

15

Case 5:19-cv-00475-BO   Document 58-3   Filed 02/12/21   Page 16 of 19

18. All Documents and Communications Concerning each of AT&T's Affirmative Defenses.

**RESPONSE:** AT&T objects to this request as overly broad and seeking irrelevant information. AT&T further objects to the request as seeking documents protected by attorney-client and/or attorney work product privileges, or other applicable privileges. AT&T objects to this request on the basis that many documents concerning AT&T's Affirmative Defenses are solely in Mr. Williams's possession. Subject to and without waiving its objections, AT&T will produce responsive non-privileged documents in its possession that it can locate pursuant to a reasonable search.

19. All Documents and Communications Concerning Your responses to any interrogatories served on You in connection this action, including Plaintiff's First Interrogatories.

**RESPONSE:** AT&T objects to this request as vague and ambiguous, as AT&T has no reasonable basis to determine which documents Mr. Williams's may contend "concern" any of AT&T's responses to an interrogatory in this matter. AT&T further objects to this request on the basis that many documents which may concern AT&T's response to an interrogatory are solely in Mr. Williams's possession. AT&T further objects to the request as seeking documents protected by attorney-client and/or attorney work product privileges, or other applicable privileges. Subject to and without waiving its objections, AT&T will produce responsive non-privileged documents in its possession that it can locate pursuant to a reasonable search.

KILPATRICK TOWNSEND & STOCKTON LLP

*Joseph S. Dowdy*

Joseph S. Dowdy (N.C. State Bar No. 31941)
Phillip A. Harris, Jr. (N.C. State Bar No. 39740)
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com
      pharris@kilpatricktownsend.com

Michael Breslin
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on date set out below, I served a true copy of the foregoing **DEFENDANT AT&T MOBILITY LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** by electronic mail, pursuant to the agreement of counsel for all parties, to all counsel of record and additional persons listed below:

| | |
|---|---|
| Terence S. Reynolds<br>treynolds@shumaker.com<br>Lucas D. Garber<br>lgarber@shumaker.com<br>SHUMAKER LOOP & KENDRICK LLP<br>101 South Tyron Street<br>Suite 2200<br>Charlotte, North Carolina 28280<br><br>*Local Civil Rule 83.1(d) Counsel for Plaintiff Jason Williams* | Christopher LaVigne<br>Christopher.LaVigne@withersworldwide.com<br>Joe Gallo<br>Joseph.Gallo@withersworldwide.com<br>WITHERS BERGMAN LLP<br>430 Park Avenue, 10th Floor<br>New York, NY 10022<br><br>*Counsel for Plaintiff Jason Williams*<br><br>And to:<br><br>Lalindar.Sanichar@witherworldwide.com<br>Laura.Gosheff@withersworldwide.com |

This the 20th day of July, 2020.

Joseph S. Dowdy