# EXHIBIT 2

**CHART OF ESTOPPEL OR INFERENCE SANCTIONS REQUESTED**

| 1st Requests No. | Materials Requested | What The Requested Materials Will Confirm or Disprove | Suggested Estoppel or Inference to Impose for Failure to Produce |
|---|---|---|---|
| 7 | For each Account that was accessed without authorization, attempted to be accessed without authorization, or had any settings changed without authorization following any SIM Change, produce all documents evidencing or relating to such unauthorized access, attempted access, or settings changes, including but not limited to any alerts or notifications, Account activity logs, and IP address access logs. | Whether the harmful changes to those accounts that Mr. Williams alleges, actually occurred. | For each account where such information is not produced, an inference that the evidence does not support the harmful changes that Mr. Williams alleges occurred on that account. |
| 8 | For each cryptocurrency wallet or exchange Account you have created or maintained, produce a copy of all instructions and warnings related to Account security that you received, were referred to, or were made available to you during your creation or maintenance of same. | Whether Mr. Williams was warned not to utilize the security measures he used on his third-party accounts. | For each cryptocurrency account where such information is not produced, that Mr. Williams be estopped from claiming he did not know his personal security practices were inadequate.<br><br>Alternatively, an inference that the unproduced information would show Mr. Williams used inadequate security measures on his third-party accounts. |

| 1st Requests No. | Materials Requested | What The Requested Materials Will Confirm or Disprove | Suggested Estoppel or Inference to Impose for Failure to Produce |
|---|---|---|---|
| 14 | Produce all documents evidencing actions you have taken to maintain adequate cybersecurity, including but not limited to maintaining strong Passwords, changing Passwords, not reusing Passwords, using two-factor authentication, using a Password manager, use of encryption, proper Password storage, and use of antivirus or other security software for all of your Accounts referenced or related to allegations in the Complaint, including but not limited to your AT&T, Gmail, Twitter, Instagram, DropBox, Google Drive, LinkedIn, HitBTC, Coinbase, Gemini, First Citizens Bank, and Slush Pool Accounts. | Whether Mr. Williams implemented adequate personal security practices on his third-party accounts. | For each account where such information is not produced, that Mr. Williams be estopped from claiming he employed adequate personal security practices.

Alternatively, an inference that the unproduced information would show Mr. Williams used inadequate security measures on his third-party accounts. |
| 19 | Produce all documents evidencing or relating to actions you took following any SIM Change to alter the security of any of your Accounts (including, without limitation, by changing Passwords or Security Measures utilized, or changing the manner in which you stored records of Passwords). | Whether Mr. Williams took actions regarding his own personal security practices to mitigate his potential damages from a future SIM swap incident. | For any account where such materials are not produced, an inference that Mr. Williams did not take action to mitigate his risk of loss related to that account from any future SIM swap. |

| 1st Requests No. | Materials Requested | What The Requested Materials Will Confirm or Disprove | Suggested Estoppel or Inference to Impose for Failure to Produce |
|---|---|---|---|
| 20 | Produce all documents evidencing that any of your CPNI that you allege AT&T improperly disclosed was used to enable unauthorized access to any of your Accounts. | Whether the alleged improperly disclosure of Mr. Williams' CPNI proximately caused any of Mr. Williams' damages resulting from the breach of his third-party accounts. | For any account where such materials are not produced, an inference that any disclosure of Mr. Williams CPNI did not enable or facilitate the breach of that account. |
| 21 | For each false statement or misrepresentation you allege AT&T made to you, produce all documents referencing, containing, or evidencing the false statement or misrepresentation. | The contents and timing of any written and allegedly false misrepresentation by AT&T. | An inference that the unproduced document does not contain the false representation(s) Mr. Williams alleges it contains. |
| 22 | For each of your Gmail, HitBTC, Coinbase, Gemini, Slush Pool, LinkedIn, Twitter, Instagram, and First Citizens Bank Accounts, produce all documents evidencing or otherwise relating to the manner, information, processes, and means utilized by any person to access the Account without authorization following any SIM Change, including but not limited to documents related to how the person obtained, satisfied, or bypassed any Password or Security Measure for the Account. | Whether the actions of Mr. Williams or a third party, rather than AT&T's alleged processing of the SIM changes, proximately caused the unauthorized access to Mr. Williams' third-party accounts. | For any account where such materials are not produced, an inference that the evidence would show that either the intervening acts of a third party, or Mr. Williams' own inadequate security practices, proximately caused the hackers to gain access to that account. |
| 26 | To the extent not otherwise produced, produce all documents supporting or evidencing any injury, damage, or loss you assert in this Action, or that you rely upon in support of your calculation of alleged damages. | The existence of each item of damage or injury for which Mr. Williams seeks to recover. | For any damage claim that is not substantiated via production of responsive documents, an inference that the unproduced materials would not support the existence of that damage, the claimed amount, or both. |

| 1st Requests No. | Materials Requested | What The Requested Materials Will Confirm or Disprove | Suggested Estoppel or Inference to Impose for Failure to Produce |
| --- | --- | --- | --- |
| 27 | To the extent not otherwise produced, produce all documents supporting or evidencing your inability to mine Bitcoin after February 2019. | Whether Mr. Williams had the ability to continue mining bitcoin after the SIM swaps, or instead simply chose to stop mining. | An inference that Mr. Williams chose to stop mining bitcoin, and that AT&T's actions did not force him to stop mining bitcoin. |

| 2nd Requests No. | Materials Requested | What The Requested Materials Will Confirm or Disprove | Suggested Estoppel or Inference to Impose for Failure to Produce |
| --- | --- | --- | --- |
| 3 | Produce records documenting each expense incurred in connection with the cryptocurrency mining operation referenced in the Complaint, including but not limited to electricity, hosting, consulting, setup, configuration, optimization, storage, real estate, warehouse, and maintenance expenses. | What expenses Mr. Williams actually incurred in operating his cryptocurrency mining business. | That Mr. Williams be estopped from asserting he incurred any such expense not substantiated by appropriate documentation produced in discovery. |
| 9 | Produce a copy of each Document or file that contained any sensitive or personal information that "was compromised as a result of the SIM swaps" as alleged in Paragraphs 44 and 83-86 of the Corrected Complaint [Doc. 2]. | The existence and nature of Mr. Williams' alleged sensitive personal or business information that he claims AT&T allowed hackers to access. | That Mr. Williams be estopped from asserting hackers accessed any such information that is not substantiated by appropriate documentation produced in discovery. |

| 2nd Requests No. | Materials Requested | What The Requested Materials Will Confirm or Disprove | Suggested Estoppel or Inference to Impose for Failure to Produce |
|---|---|---|---|
| 10 | For the period February 8, 2019 to the present, produce all Documents evidencing or referencing any actual or attempted identity theft, sale or publication (on the black market or otherwise), extortion attempts, disclosure to additional third parties, or other malicious or improper use of any of Plaintiff's or his family members' sensitive personal, business, legal, or financial information that "was compromised as a result of the SIM swaps" as alleged in Paragraphs 44 and 83-86 of the Corrected Complaint [Doc. 2]. | Whether the alleged exposure of Mr. Williams' or his family members' sensitive personal or business information has resulted in any harm to Mr. Williams or his family. | An inference that no such harm has occurred, unless substantiated by appropriate documentation produced in discovery. |