IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

JASON WILLIAMS,

    Plaintiff,

vs.

AT&T MOBILITY LLC,

    Defendant.

Case No. 5:19-cv-00475-BO

**MEMORANDUM IN SUPPORT OF AT&T MOBILITY LLC'S MOTION TO COMPEL PLAINTIFF JASON WILLIAMS TO PRODUCE DOCUMENTS AND RESPOND TO INTERROGATORIES**

# Table of Contents

|  |  | Page |
|---|---|---:|
| I. Introduction | | 1 |
| II. Factual Background | | 1 |
| | A. Mr. Williams' deficient document production | 1 |
| | B. Mr. Williams' refusal to answer Interrogatory No. 11 | 4 |
| III. Argument | | 6 |
| | A. Mr. Williams is disregarding his discovery obligations and has failed produce responsive documents | 6 |
| | B. If Mr. Williams will not produce his records, the Court should impose an estoppel sanction and an adverse inference regarding the undisclosed information | 8 |
| | C. Mr. Williams is obstructing discovery by improperly refusing to respond to Interrogatory No. 11 | 9 |
| IV. Conclusion | | 10 |

# Table of Authorities

**Page(s)**

**Cases**

*Casale v. Kelly*,
   710 F. Supp. 2d 347 (S.D.N.Y. 2010) ............................................................................... 7

*Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*,
   136 F.R.D. 682 (D. Colo. 1991) ........................................................................................ 9

*Flying J. Inc. v. TA Operating Corp.*,
   No. 1:06-CV-30-TC, 2007 WL 1302756 (D. Utah May 2, 2007) ................................. 9, 10

*S. States Rack & Fixture, Inc. v. Sherwin–Williams, Co.*,
   318 F.3d 592 (4th Cir. 2003) ............................................................................................. 8

*Wan Wang Case v. Case*,
   No. 5:20-CV-42-BO, 2020 WL7061388 (E.D.N.C. Dec. 2, 2020) ................................... 7

**Statutes**

18 U.S.C. § 2701 .................................................................................................................... 3, 7

18 U.S.C. § 2702(b)(3) ............................................................................................................... 3

**Rules & Regulations**

Fed. R. Civ. P. 26(b) ............................................................................................................... 6, 7

Fed. R. Civ. P. 33(a)(2) ............................................................................................................... 9

Fed. R. Civ. P. 34 ........................................................................................................................ 6

Fed. R. Civ. P. 37 .................................................................................................................... 1, 8

Fed. R. Civ. P. 37(b)(2)(A) ......................................................................................................... 8

Fed. R. Civ. P. 37(c)(1) ............................................................................................................... 8

Fed. R. Civ. P. 37(e)(2) ............................................................................................................... 9

## I. Introduction

Plaintiff Jason Williams alleges that unauthorized SIM swaps on his AT&T account "destroyed" his cryptocurrency mining business, exposed his sensitive information, and caused him over $2,000,000 in damages that he seeks to recover from Defendant AT&T Mobility LLC. Doc. 2 ("Compl.") ¶ 20. But after nine months of discovery Mr. Williams still will not provide documents to substantiate his claims, has turned over only *76 pages* of materials, and has failed to provide documents responsive to a multitude of AT&T's requests while admitting his counsel has conducted no independent review of his files. He likewise refuses to provide an interrogatory response identifying AT&T's allegedly false statements underlying his claims, on the grounds that he has no obligation to do so because the Court denied AT&T's motion to dismiss.

Plaintiff may not burden the Court with a purported multi-million dollar lawsuit and then shirk his responsibility to participate meaningfully in discovery. His persistent apathy towards his discovery obligations has necessitated this motion and should be corrected. Specifically, AT&T requests that the Court compel Mr. Williams to:

(i) produce documents responsive to AT&T's First RFPs Nos. 1-10, 12-17, 19-23, 26-27 and 29-31, and Second RFPs Nos. 3-5 and 8-11; and

(ii) provide a complete response to AT&T's Interrogatory No. 11.

If Mr. Williams fails or refuses to do so, the Court should impose an estoppel or adverse inference under Rule 37 that the un-produced information is unfavorable to Mr. Williams and contains evidence contradicting his allegations against AT&T.

## II. Factual Background

### A. Mr. Williams' deficient document production.

AT&T served its first document requests on May 22, 2020. *See* Ex. A to Mar. 12, 2021 Declaration of Michael Breslin ("Breslin Decl.") attached as **Exhibit 1** to the Motion. In his July

1

6, 2020 responses, Mr. Williams agreed to produce documents responsive to all of those requests (Nos. 1-10, 12-17, 19-23, 26-27 and 29-31) that are the subject of this motion. Breslin Decl., Ex. C at 4-25.[1] That has not happened.

Mr. Williams also agreed on February 8, 2021, to produce documents responsive to all of AT&T's Second Document Requests (Nos. 3-5, 8-11) that are the subject of this motion. *Id.* at Ex. L. That also has not happened.

Instead, Mr. Williams — who is not an attorney — has produced only 75 pages of materials (Breslin Decl. ¶¶ 8, 11, 20) that he selectively chose to turn over to his counsel, with no independent search by his counsel of the documents available to him.[2] These 75 pages consist almost entirely of (1) frequently blurry, often undated photographs of a cell phone showing *portions* of text messages or emails, or (2) copies of cherry-picked, selected *portions* of what appear to be longer email chains. Regarding the requests at issue, the 75 pages:

(i) are only partially responsive to AT&T's First Requests Nos. 1, 3, 5, 6, 7, 12, 13, 16, 17, 19, 22, 26, 30 and 31, and AT&T's Second Requests No. 3; and

(ii) are not responsive to AT&T's First Document Requests Nos. 2, 4, 8, 9, 10, 14, 15, 20, 21, 23, 27, or 29, or AT&T's Second Document Requests Nos. 4-5 or 8-11.

*Id.* at ¶¶ 11, 20. The missing categories of materials are too numerous to list here, but include things as fundamental as documents establishing: AT&T's allegedly false representations (1st RFPs No. 2); AT&T's statements regarding the SIM swap incidents (No. 4), the security warnings and settings on Mr. Williams' accounts that were breached (Nos. 7-8); the market value of the cryptocurrency equipment AT&T allegedly rendered worthless (No. 23); and even the

---

[1] His responses did not initially agree to do so for Request No. 15, but Mr. Williams later agreed to produce documents responsive to a narrowed version of that request during an August 31, 2020 meet and confer conference. Breslin Decl., Ex. G.

[2] *See* Doc. 58-9 at 26 (documenting Mr. Williams counsels' statement during Nov. 4, 2020 meet and confer conference that they had done no independent search of Mr. Williams' records); Breslin Decl. ¶ 19(c) & Ex. M (confirming that was still the case as of Feb. 24, 2021).

existence or nature of Mr. Williams' purported "business" and "intellectual property" information allegedly exposed to hackers (2nd RFPs No. 10). Compl. ¶¶ 44, 83.

Mr. Williams contends he cannot produce more complete records because he is unable to access several of his third party accounts, such as Slush Pool and Gmail/Google, where he apparently stored the majority of records relevant to this dispute. Breslin Decl., ¶ 19, Ex. M (J. Gallo Feb. 16, 2021 email at ¶ 4). Mr. Williams, however, has relied on this excuse since November 4, 2020. Doc. 58-9 at 26, ¶ 2.

On November 12, 2020 — after AT&T learned Mr. Williams had self-produced only a handful of documents and claimed he could not access several categories of relevant materials — AT&T requested a limited deposition of Mr. Williams to determine his efforts to access responsive materials and where they might be located. Mr. Williams' counsel rejected the request as "ridiculous." Doc. 58-9 at 19-21.

Between November 17 and 24, 2020, AT&T sought Mr. Williams' cooperation in subpoenaing the responsive materials from his third-party accounts. Doc. 58-9 at 15-16.[3] Mr. Williams' counsel again summarily rejected the proposal, stating that they could not respond to "hypothetical subpoenas." *Id.* at 15.

On December 11, 2020, AT&T sent Mr. Williams' counsel a proposed subpoena to Gmail/Google. *Id* at 12-13. On December 18, 2020, Mr. Williams' counsel responded that there was "no need" for AT&T to issue any subpoena because Mr. Williams would subpoena Google directly. *Id.* at 10. By that time, nearly seven months had passed since Mr. Williams received

---

[3] The Federal Stored Communications Act, 18 U.S.C. § 2701 et seq., prevents AT&T itself from subpoenaing Mr. Williams' email communications from Gmail, unless Mr. Williams provides Gmail with authorization to release his records. 18 U.S.C. § 2702(b)(3).

3

AT&T's document requests, during which time Mr. Williams apparently made no effort to obtain his own records from these online accounts.

AT&T accepted Mr. Williams' representation that he would issue the Google subpoena. On December 30, 2020, AT&T requested that Mr. Williams' counsel provide a copy of the subpoena when it was issued. Doc. 58-9 at 8-9. Mr. Williams' counsel did not respond to that request, and has not provided AT&T with any evidence of efforts to access the Google materials despite AT&T's requests for same on February 12, February 23, and March 4, 2021. Doc. 58-9 at 4; Breslin Decl., Ex. M. As of the date of this Motion, AT&T does not know what efforts, if any, Mr. Williams has made to access these materials. Mr. Williams' counsel has only stated they will update AT&T "if" and "when" Mr. Williams gains access to these materials. Breslin Decl., Ex. M (J. Gallo Feb. 16, 2021 email).

And Mr. Williams' claims of inaccessibility appear to have shifted over time. For example, on February 16, 2021, his counsel wrote that Mr. Williams had produced all evidence of his damages that he had located, but additional evidence may be in a Gmail account Mr. Williams cannot access. *Id*. But weeks later on March 10, 2021, Mr. Williams finally produced a contract purportedly setting out the basis for his mining expenses — a document AT&T requested in *May 2020* only to later receive stiff-arm responses that such documents were inaccessible.

**B. Mr. Williams' refusal to answer Interrogatory No. 11.**

AT&T's Interrogatory 11 requests the specific false representations Mr. Williams alleges in support of his claims. Breslin Decl., Ex. D at 13. On July 6, 2020, Mr. Williams objected and refused to answer, stating the responsive information "is set forth in the [236-paragraph] Complaint." *Id.*

4

The responsive information, however, is not clearly set forth in the Complaint. For example, paragraph 50 appears to *suggest* that AT&T lied about having "robust security," but it is unclear if Mr. Williams is alleging that was an actual false representation he received (much less who made it, when, and in what context). Paragraphs 154 and 161 are other examples. They quote language from an AT&T privacy policy that is allegedly Exhibit A to the Complaint and assert the quoted language "is false and misleading," but the quoted language appears nowhere in Exhibit A to the Complaint.

AT&T sent an August 4, 2020 deficiency letter addressing this response. Breslin Decl., Ex. E. at 3. On August 21, 2020, Mr. Williams' counsel responded by insisting that the Complaint's allegations "speak for themselves" and because the Court denied AT&T's motion to dismiss Mr. Williams was under no obligation to restate the allegedly false statements in an interrogatory response. *Id.* at Ex. F, p. 2-3. The parties held a further meet and confer call on this issue on August 31, 2020. *Id.* at ¶ 10, Ex. G. Counsel for AT&T memorialized the call in an email, noting that Mr. Williams' counsel had again agreed to consider supplementing Interrogatory No. 11. *Id.*

On September 28, 2020, Mr. Williams served his First Supplemental Interrogatory Responses, again refusing to answer Interrogatory No. 11 and claiming he was under no obligation to do so because the Court found the complaint satisfied Rule 9(b). Breslin Decl., Ex. H at 4-5. The supplemental responses directed AT&T to a broad swath of 24 paragraphs (¶¶ 152-174) of the Complaint, *id.*, which include allegations "on information and belief" and are replete with claims of AT&T's generalized "failures" but often without any corresponding allegation of what AT&T *actually represented it would do*. Compl. ¶¶ 155, 159-160, 169 (alleging vague

5

failures to "put in place adequate systems and procedures," or establish some unspecified "consent mechanism," or to "use other security measures").

On November 4, 2020, AT&T and Mr. Williams' counsel held another telephonic conference to discuss this and other issues. Breslin Decl. ¶ 15. On that call, Mr. Williams' counsel (again) agreed to consider revising Mr. Williams' Response to Interrogatory No. 11 [Doc. 58-9 at 26 ¶ 1,] but the next day changed course and stated it "would be premature" for Mr. Williams to identify AT&T's misrepresentations until Mr. Williams received additional discovery from AT&T. *Id.* at 25.

### III. <u>Argument</u>

#### A. **Mr. Williams is disregarding his discovery obligations and has failed produce responsive documents.**

AT&T is entitled to relevant, proportional discovery from Mr. Williams. Fed. R. Civ. P. 26(b) & 34 (setting standards)). Mr. Williams alleges he suffered generally unspecified damages over $2,000,000 as a result of the SIM swaps. *See, e.g.,* Compl. ¶¶ 9, 20, 32, 90, 137 (lacking specificity as to the calculation of damages or how/why the SIM swaps prevented him from continuing his cryptocurrency mining business). Unsurprisingly, AT&T's document requests seek information concerning, *inter alia*:

(i) Mr. Williams' claimed damages;

(ii) Mr. Williams' communications with AT&T or others regarding the alleged unauthorized SIM swaps;

(iii) account security for his email, social media, banking, and cryptocurrency accounts that were allegedly hacked; and

(iv) how the SIM swaps or AT&T's actions caused his alleged damages.

6
Case 5:19-cv-00475-BO   Document 62   Filed 03/15/21   Page 9 of 14

Mr. Williams is the only party with "access to [this] relevant information," Fed. R. Civ. P. 26(b)(1), but he won't provide it — he has produced fewer than 100 pages which are only partially, or often not at all, responsive to the majority of AT&T's document requests.

Mr. Williams cannot evade his document production obligations merely because he finds them inconvenient. The Court should require him to develop a legitimate collection and search protocol, managed by counsel if necessary, and to produce all responsive documents he possesses. *See Casale v. Kelly*, 710 F. Supp. 2d 347, 365 (S.D.N.Y. 2010) ("Responsibility for adherence to the duty to preserve lies not only with the parties but also, to a significant extent, with their counsel.").

Nor can Mr. Williams evade discovery by hiding behind third parties when he — and he alone — controls access to the electronically stored information ("ESI") they have. *See Wan Wang Case v. Case*, No. 5:20-CV-42-BO, 2020 WL7061388 at *4 (E.D.N.C. Dec. 2, 2020) ("Documents are deemed to be within the possession, custody, or control of a party if the party has . . . the legal right to obtain the documents on demand"). Without undue burden, Mr. Williams can obtain this information — by subpoena or informal requests — from third party sources such as Apple (for iPhone and/or iCloud backup files), Google (email records), Yahoo (email records), Slush Pool (cryptocurrency mining records), Dropbox (cloud storage records), Morgan Creek Capital (email records), FastMed (email records), and PRTI (email records).

By contrast, AT&T cannot subpoena Mr. Williams' records from any "electronic communication service" due to privacy protections afforded by the Stored Communications Act, 18 U.S.C. § 2701 et seq.

7

AT&T needs the requested information to conduct its defense. Mr. Williams has had more than eight months to provide the information, and is unwilling to do so. The Court should compel Mr. Williams to produce the ESI responsive to AT&T's document requests.

**B. If Mr. Williams will not produce his records, the Court should impose an estoppel sanction and an adverse inference regarding the undisclosed information.**

AT&T has made every effort to present common-sense solutions to Mr. Williams' inability to collect records, but Mr. Williams has ignored AT&T's requests for evidence of the steps he has taken to obtain these records. The Federal Rules prescribe consequences for such prejudicial discovery misconduct.

First, a party who fails to provide responsive information cannot use that information to support his case, and the Court may also impose a sanction under Rule 37(b)(2)(A). Fed. R. Civ. P. 37(c)(1). And where the failure to produce documents was not either substantially justified or harmless, Rule 37 operates as an "automatic sanction." *S. States Rack & Fixture, Inc. v. Sherwin–Williams, Co.*, 318 F.3d 592, 595 n. 2 (4th Cir. 2003). Those sanctions include directing that designated facts be taken as established for purposes of the action and prohibiting a disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A)(i) & (ii).

These sanctions are appropriate for Mr. Williams' failure to collect and produce responsive information. The Court should preclude Mr. Williams from introducing evidence concerning the matters for which he is not providing compliant discovery and should direct that Mr. Williams has not proven his related allegations for purposes of this action. A chart of the inference or estoppel sanctions AT&T proposes is attached as **Exhibit 2** to the Motion.

Second, "[i]f [ESI] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it," the Court may

8

order "measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(2). Mr. Williams' ESI is "lost" because he will not undertake simple measures to obtain it. Accordingly, AT&T is entitled to an adverse inference, including a jury instruction, that the unproduced ESI is unfavorable to Plaintiff.

### C. Mr. Williams is obstructing discovery by improperly refusing to respond to Interrogatory No. 11.

AT&T is entitled to a response, under oath, setting out each false representation on which Mr. Williams premises his claims, who made them, and where they are documented (if at all). Fed. R. Civ. P. 33(a)(2) (interrogatories "may relate to any matter that may be inquired into under Rule 26(b)"). Mr. Williams' position that AT&T should attempt to extrapolate this information from his Complaint allegations — which are sometimes particularized but sometimes not[4] — is inconsistent with federal authority. *See, e.g.*, *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton,* 136 F.R.D. 682, 688 (D. Colo. 1991) ("it appears counsel forgot that *discovery* has to do with the discovery of *facts* and *evidence,* not *allegations* . . . [s]uch [references to complaint allegations] are simply not appropriate.") (emphasis in original); *Flying J. Inc. v. TA Operating Corp.*, No. 1:06-CV-30-TC, 2007 WL 1302756, at *1 (D. Utah May 2, 2007) ("[a] defendant must be allowed to require the accusing party to set forth, with particularity, what he is accused of doing, not doing, or both").

The Court's ruling that the Complaint met the minimum threshold to overcome a motion to dismiss is irrelevant to Mr. Williams' Rule 33 duty to disclose facts supporting his allegations. *See Caton*, 136 F.R.D. at 688 (referencing complaint allegations in an interrogatory response "amount[s] to nothing more than *claims* or *allegations* that the *allegations* are true") (emphasis

---

[4] For example, Mr. Williams alleges after each SIM swap that AT&T told him his account was safe from future incidents, but the Complaint does not explain *what* specifically was said to him, *who* made these statements, or *when* exactly the statements were made. Compl. ¶ 170.

9
Case 5:19-cv-00475-BO   Document 62   Filed 03/15/21   Page 12 of 14

in original). And Mr. Williams' most recent argument that it is premature to answer Interrogatory No. 11 until he receives more discovery from AT&T — beyond signaling his discovery efforts are an improper fishing expedition — is simply not the law. *See Flying J Inc.*, 2007 WL 1302756 at *1 ("If Plaintiffs do not have the necessary information to make a full, fair and specific answer to an interrogatory, [they] should so state under oath.") (quotation omitted, alteration in original).

## IV. Conclusion

AT&T respectfully and affirmatively requests that the Court grant its motion to compel and impose estoppel and adverse inference sanctions regarding Plaintiff's ESI.[5]

Respectfully submitted this the 15th day of March, 2021.

KILPATRICK TOWNSEND & STOCKTON LLP

/s/ Joseph S. Dowdy.
Joseph S. Dowdy (N.C. State Bar No. 31941)
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1718
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility, LLC*

---

[5] Mr. Williams' obstructive discovery practices arguably warrant further sanctions. AT&T leaves such matters to the Court's sound discretion.

**CERTIFICATE OF SERVICE**

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| SHUMAKER LOOP & KENDRICK LLP<br>Terence S. Reynolds<br>treynolds@shumaker.com<br>Lucas D. Garber<br>lgarber@shumaker.com<br>101 South Tyron Street<br>Suite 2200<br>Charlotte, North Carolina 28280<br>Local Civil Rule 83.1(d) Counsel for<br>Plaintiff Jason Williams | PIERCE BAINBRIDGE BECK PRICE<br>& HECHT LLP<br>Christopher LaVigne<br>clavigne@piercebainbridge.com<br>Dwayne Sam<br>dsam@piercebainbridge.com<br>Sarah Baugh<br>sbaugh@piercebainbridge.com<br>Thomas Popejoy<br>tlpopejoy@piercebainbridge.com<br>277 Park Avenue, 45th Floor<br>New York, NY 10172<br>Counsel for Plaintiff Jason Williams |

This the 15th day of March, 2021.

/s/ Joseph S. Dowdy
Joseph S. Dowdy