**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

```
-------------------------------------------------------- X
```
JASON WILLIAMS,                                        :
                                                       :      Case No. 5:19-cv-00475-BO
                 Plaintiff,                            :
                                                       :
        vs.                                            :
                                                       :
AT&T MOBILITY LLC,                                     :
                                                       :
                 Defendant.                            :
```
-------------------------------------------------------- X
```

**PLAINTIFF JASON WILLIAMS' MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT AT&T MOBILITY LLC'S MOTION TO COMPEL**
**TO PRODUCE DOCUMENTS AND RESPOND TO INTERROGATORIES**

**Withers Bergman LLP**
Christopher LaVigne
Joseph Gallo
430 Park Avenue
New York, New York 10022
(212) 848-9800
Christopher.LaVigne@withersworldwide.com
Joseph.Gallo@withersworldwide.com

*Attorneys for Plaintiff Jason Williams*

# TABLE OF CONTENTS

**Page(s)**

Table of Authorities ......................................................................................................... ii

INTRODUCTION ............................................................................................................1

ARGUMENT ....................................................................................................................2

    I.   MR. WILLIAMS' RESPONSES TO DEFENDANT'S DOCUMENT REQUESTS
        ARE NOT DEFICIENT ...........................................................................................2

          a.   Mr. Williams Has Made More than Reasonable Efforts to Search for
             Responsive Documents, and Cannot Be Compelled to Produce Documents
             He Does Not Have .................................................................................2

          b.   Mr. Williams' Good-Faith Efforts to Obtain Responsive Documents from
             Third-Parties Have Been More than Reasonable .....................................5

          c.   Defendant's Requested Sanctions are Factually and Legally Unsupported ...........6

    II.  MR. WILLIAMS' RESPONSE TO DEFENDANT'S INTERROGATORY NO. 11
        IS NOT DEFICIENT ............................................................................................8

    III. DEFENDANT SHOULD BE HELD RESPONSIBLE FOR MR. WILLIAMS'
        REASONABLE EXPENSES IN MAKING AND RESPONDING TO THESE
        DISCOVERY MOTIONS ..................................................................................10

CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*,
   318 F.3d 592 (4th Cir. 2003) ..................................................................................7, 8

*Wan Wang Case v. Case*,
   No. 5:20-CV-42-BO, 2020 WL 7061388 (E.D.N.C. Dec. 2, 2020) ...................................5, 10

**Statutes**

Fed. R. Civ. P. 9(b) ..................................................................................8

Fed. R. Civ. P. 33(b)(3) ..................................................................................9

Fed. R. Civ. P. 34 ..................................................................................3

Fed. R. Civ. P. 37(a)(5) ..................................................................................2, 10

Fed. R. Civ. P. 37(b) ..................................................................................8

Fed. R. Civ. P. 37(c)(1) ..................................................................................7

Fed. R. Civ. P. 37(e) ..................................................................................8

Fed. R. Civ. P. 45 ..................................................................................5

Local Civil Rule 7.1(c) ..................................................................................5

Case 5:19-cv-00475-BO   Document 66   Filed 03/29/21   Page 3 of 14

# <u>INTRODUCTION</u>

Defendant AT&T Mobility LLC's ("AT&T") motion seeking to compel additional discovery responses from and requesting sanctions against Plaintiff Jason Williams is frivolous and should be denied in its entirety. Having had its motion to dismiss denied in its entirety, Defendant now seeks to limit Mr. Williams' claims because he lost access to certain documents *due to Defendant's own failures*.

Since day one, Defendant has attempted to avoid responsibility for its actions, and this motion is yet another attempt. Because of Defendant's repeated failures to protect Mr. Williams from multiple SIM Swaps, Mr. Williams had his private information stolen by criminal hackers. Moreover, the hackers were able to hijack his phone and, among other things, his email and bank accounts. To this day, he cannot access certain of these accounts, including his main personal email account that he used in connection with his financial and cryptocurrency accounts.

Mr. Williams has undertaken significant efforts to recover access to these accounts and obtain relevant documents from non-parties outside of Mr. Williams' control, and those efforts go beyond the requirements of the Federal Rules of Civil Procedure (the "Rules"). His efforts have been somewhat successful thus far. For example, he was able to recover his account information from the cryptocurrency exchange Coinbase, which confirmed that hackers used his Coinbase account to engage in cryptocurrency transactions and used Mr. Williams' compromised Gmail account to impersonate Mr. Williams and communicate with Coinbase.

More fundamentally, Mr. Williams has been transparent and cooperative with Defendant throughout this whole discovery process, by (1) informing Defendant of his third-party discovery efforts, (2) working directly with Defendant to accomplish some of those efforts, and (3) disclosing all responsive information produced by those third parties. Defendant disingenuously and purposefully omits this from its motion.

Moreover, Mr. Williams has made more than reasonable efforts to search for and produce responsive documents within his control, has transparently explained those efforts to Defendant, and has worked in good faith to respond to Defendant's numerous questions regarding his searches and document productions. Defendant's requested sanctions and complaint regarding Mr. Williams' response to one of Defendant's interrogatories are blatantly improper attempts to limit Mr. Williams' claims after the motion to dismiss stage and before summary judgment. These sanctions are unwarranted by facts, unsupported by the law, and absurd on their face.

The complete lack of merit in Defendant's motion, coupled with Defendant's filing of this motion less than 24 hours before oral argument regarding Defendant's own discovery deficiencies, suggests this motion is nothing more than a tit-for-tat attempt to distract the Court. The Court should deny the motion. Additionally, Mr. Williams renews his request, pursuant to Rule 37(a)(5), for reimbursement of his reasonable expenses for (1) having to file his own motion to compel to secure *any* responsive emails from Defendant and (2) for having to waste time and effort responding to this frivolous motion.

## **ARGUMENT**

### **I. Mr. Williams' Responses to Defendant's Document Requests Are Not Deficient**

#### a. Mr. Williams Has Made More than Reasonable Efforts to Search for Responsive Documents, and Cannot Be Compelled to Produce Documents He Does Not Have

Mr. Williams' AT&T cellular phone account was "SIM swapped" on seven occasions in 2018 and 2019 (the "SIM Swaps"), causing him to lose access to his electronic accounts. (*See* Doc. 1 ("FAC") ¶¶ 22, 85.) He still does not have access to many of those electronic accounts, including his personal Gmail account, and his Coinbase and Slush Pool cryptocurrency accounts. (*Id.*) Mr. Williams has been entirely transparent about his inability to search for documents in those accounts, and Defendant is fully aware that Mr. Williams does not have custody or control

of documents from those accounts. (*See* Mar. 12, 2021 Declaration of Michael J. Breslin ("Breslin Decl."), Doc. 61-1, Ex. M at 14.) Defendant characterizes this as "inconvenient," but it is impossible for Mr. Williams to search those hacked accounts for responsive documents.

In light of this, Mr. Williams' good-faith efforts to provide responsive documents and information to Defendant have been more than reasonable. Mr. Williams has searched for and produced responsive documents from his work email account, which he has been forced to use as a personal account since the SIM Swaps occurred. Additionally, Mr. Williams had the wherewithal to document some of his interactions with Defendant, the hackers' actions, and his attempts to deal with these repeated intrusions into his email and financial accounts. Accordingly, Mr. Williams searched his current cell phone for and produced responsive photographs of text communications, security alerts, and other images that he took and sent to the FBI during and shortly after the SIM Swaps. (*See* Breslin Decl. ¶¶ 8, 11, 20.) He also kept, and has produced, a detailed real-time chart documenting these events, including his communications with Defendant and the FBI. As Mr. Williams has explained to Defendant, because the subject of those photographs is a cell phone that is no longer operable, he is unable to produce the original versions of the text communications and other images displayed in photographs. (*See* Breslin Decl., Ex. M at 13.) Mr. Williams is unable to conjure up documents that were stolen from him, or that never existed, but Mr. Williams has repeatedly searched for and produced the responsive documents he possesses, as required by the Rules. *See* Fed. R. Civ. P. 34 (a party must produce documents within his "possession, custody, or control").

Additionally, Mr. Williams has repeatedly met and conferred with Defendant in good faith regarding his discovery obligations. Unlike Mr. Williams' repeated efforts to confer with Defendant regarding its failure to produce responsive communications, the parties' meet and

confer efforts regarding Mr. Williams' discovery have been productive. In the parties' numerous meet and confer communications, Mr. Williams' counsel has provided detailed explanations to Defendant's counsel regarding his efforts to provide responsive documents, including explanations regarding the images Mr. Williams produced. (*See e.g.* Breslin Decl., Ex. M at 13-15.) Mr. Williams has also responded to Defendant's numerous questions about his productions, and provided additional information when he was able to locate it. (*See e.g.* Breslin Decl., Ex. M at 13; March 29, 2021 Decl. of Christopher LaVigne ("LaVigne Decl."), Ex. A at 1.)

Defendant's motion conveniently ignores Mr. Williams' detailed and transparent explanations of his discovery efforts, and simply asserts without justification that certain categories of documents are "missing" from Mr. Williams' production. (*See* Mem. in Support of AT&T Mobility LLC's Mot. to Compel Plaintiff Jason Williams to Produce Documents and Respond to Interrogatories ("Defendant's Moving Brief"), Doc. 62, at 2.) The baselessness of Defendant's motion is exemplified by Mr. Williams' production of documents regarding his cryptocurrency mining expenses – one of the central claims underpinning Defendant's motion. (*See* Defendant's Moving Brief at 4.) The timing of Mr. Williams' production of the mining expenses documents is easily explained. On January 8, 2021, Defendant served its Second Set of Requests for Production of Documents to Mr. Williams. (*See* Breslin Decl., Ex. K.) These requests sought portions of Mr. Williams' tax returns regarding his cryptocurrency mining activities. In response to that request, Mr. Williams sought to obtain the relevant tax returns from his accountant. In doing so, Mr. Williams discovered that his accountant also had copies of documents regarding his mining expenses – documents that were not in his own records. Mr. Williams obtained those documents, and produced them to Defendant when he produced the

4

requested tax returns on March 10, 2021. (*See* Breslin Decl. ¶ 20.) The discovery and production of these documents is entirely reasonable and accords with his ongoing discovery obligations.

Defendant did not attempt to meet and confer with Mr. Williams about these documents. Instead, Defendant filed the present motion in violation of Local Civil Rule 7.1(c) ("Counsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions"). It was more important for Defendant to file this motion the day before oral argument regarding Mr. Williams' motion to compel than it was for Defendant to make a good faith effort to ascertain if Mr. Williams' discovery conduct was reasonable.

b. Mr. Williams' Good-Faith Efforts to Obtain Responsive Documents from Third-Parties Have Been More than Reasonable

Defendant's motion seems to imply that Mr. Williams can be compelled to issue Rule 45 subpoenas to non-parties of Defendant's choosing, on the grounds that documents held by those non-parties are actually under Mr. Williams' "possession, custody, or control." (*See* Defendant's Moving Brief at 7.) The one case that Defendant cites in this section of its moving papers does not stand for that proposition; to the contrary, that case does not mention subpoenas, nor does it even explicitly concern obtaining of documents from non-parties. *See Wan Wang Case v. Case*, No. 5:20-CV-42-BO, 2020 WL 7061388, at *4 (E.D.N.C. Dec. 2, 2020). Defendant cites no legal authority that requires a party to a litigation to issue subpoenas to non-parties under Rule 45, and Mr. Williams is unaware of any such authority.

Regardless, Mr. Williams has undertaken extensive efforts to do obtain information from third parties. In addition to the documents Mr. Williams obtained from his accountant as described above, Mr. Williams has issued subpoenas to five non-parties for documents outside of his control, including Coinbase, and provided to Defendant all of the documents he received in response to those subpoenas. (*See* LaVigne Decl., Ex. B at 1; Breslin Decl., Ex. M at 2.) At

Defendant's request,[1] Mr. Williams and Defendant have jointly sought documents from another non-party cryptocurrency company Slush Pool. (*See* LaVigne Decl., Ex. C.) In addition, Mr. Williams' counsel has separately communicated with Google's legal support group in attempt to restore Mr. Williams' access to his former Gmail account.[2] (*See* Breslin Decl., Ex. M at 4.)

Defendant's motion ignores Mr. Williams' extensive efforts to obtain relevant documents from non-parties, in some cases in cooperation with Defendant, and instead mischaracterizes Mr. Williams as uniformly unwilling to make efforts to collect documents from third-parties. This could not be farther from the truth and Defendant's arguments otherwise are merely a distraction.

c. Defendant's Requested Sanctions are Factually and Legally Unsupported

The baseless nature of Defendant's motion is compounded by the extraordinary and unprecedented relief it seeks. (*See* Doc. 61-2 "Chart of Estoppel or Inference Sanctions Requested" ("Defendant's Sanctions Chart").) Defendant's Sanctions Chart contains nine purported categories of "Materials Requested" by Defendant, and proposes a "Suggested Estoppel or Inference" if Mr. Williams fails to produce documents per those categories.

Defendant's Sanctions Chart is, for lack of a better word, absurd. Defendant does not argue that Mr. Williams should be sanctioned for improperly withholding or destroying documents (neither of which he has done). Instead, Defendant appears to argue that Mr. Williams should be sanctioned because he has not produced documents that he has not located, may or may not exist, and are not within his possession, custody, or control. For example, Defendant appears to argue that if Mr. Williams cannot locate and produce copies of documents containing "sensitive or personal information that 'was compromised as a result of the SIM

---

[1] While Defendant complains of Mr. Williams' efforts, it has issued no subpoenas to date.

[2] Thus far, Google has not been able to restore Mr. Williams' access to his account. Mr. Williams has not yet issued a formal subpoena, because Google is still attempting to restore access.

6

swaps,'" then Mr. Williams should be "estopped from asserting hackers accessed any such information that is not substantiated by appropriate documentation produced in discovery." (*See* Defendant's Sanctions Chart at 4.) In other words, Defendant's position is that because they allowed this information to be stolen, Mr. Williams can have no legal claim because he cannot produce the stolen information. If this were the law, the Court would have dismissed the Complaint. As Mr. Williams has explained to Defendant, certain of his personal information was stolen by hackers when he was SIM Swapped, and he has not regained access to the accounts in which that information was stored, including his personal Gmail account. (*See e.g.* Breslin Decl., Ex. M at 13-15.) Defendant's position is illogical, at best, and smacks of bad faith.

Moreover, Defendant's moving papers fail to explain why it is legally entitled to the sanctions it requests. The one case that Defendant cites is factually inapposite, makes no mention of either negative inference or estoppel discovery sanctions, and illustrates the absurdity of its motion. The court in *Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003), affirmed the district court's exclusion under Rule 37(c)(1) of an expert opinion offered for the first time at trial. The court's reasons for excluding that testimony are far from present here. Indeed, there is no issue of a belated disclosure causing surprise at or disruption of the trial, as the parties are still in the early stages of discovery and Mr. Williams has been clear since filing his complaint that Defendant caused him to lose access to important confidential electronic accounts. *Id.* at 596. Furthermore, the court's analysis of sanctions under Rule 37(c)(1) illustrates just how ridiculous Defendant's requested sanctions are. First, the main inquiry under this rule is whether "nondisclosure of evidence is substantially justified." *Id.* Here, *the nondisclosure of any evidence is entirely justified as it is Defendant's fault*. (*See* FAC ¶¶ 22, 85; the Court's March 25, 2020 Order denying Defendant's Motion to Dismiss ("MTD Order"),

Doc. 20, at 7-8.) Second, the entire Rule 37 sanctions analysis regarding nondisclosure is whether a court should exclude belated disclosure of certain evidence. *S. Sts. Rack & Fixture, Inc.*, 318 F.3d at 597. Here, Mr. Williams will be not able to offer at trial documents that he does not possess or cannot regain access to. Knowing this, Defendant requests that the Court estop or significantly hinder Plaintiff from proving AT&T caused Plaintiff's accounts to be breached. This relief is untethered from any reasonable reading of *Southern States Rack* or Rule 37.

Additionally, Defendant's other citations to Rule 37(b) and (e) demonstrate the frivolity of its motion. Mr. Williams has neither failed to comply with a discovery order from this Court (Fed. R. Civ. P. 37(b)) nor engaged in spoliation of ESI (Fed. R. Civ. P. 37(e)). Mr. Williams has not refused to turn over any responsive documents that he has located. Mr. Williams has responded to Defendant's questions about his document searches and productions, and has worked to obtain relevant documents from non-parties. It is not clear what Defendant is asking the Court to compel Mr. Williams to do, other than to continue trying to locate documents that Defendant claims (but cannot demonstrate) Mr. Williams possesses or controls. In these circumstances, Defendant's motion to compel and for sanctions should be denied.

## II.    Mr. Williams' Response to Defendant's Interrogatory No. 11 is Not Deficient

Defendant failed to dismiss Mr. Williams's North Carolina Unfair and Deceptive Trade Practice Act ("UDTPA") claim on the grounds that Mr. Williams's UDTPA claim was not pleaded with sufficient particularity under Rule 9(b). (*See* MTD Order at 9-10.) In denying Defendant's motion to dismiss, the Court held that it was "satisfied the requirements of Rule 9(b) are met." (*Id.*) Defendant appears to be using this motion to improperly re-litigate its unsuccessful motion to dismiss Mr. Williams' UDTPA claim.

Defendant's Interrogatory No. 11 asks Mr. Williams to "[d]escribe each allegedly false representation or omission by AT&T that you contend supports any of your claims in this

8

Action." Because Mr. Williams' properly pleaded allegations regarding Defendant's false statements do exactly that, Mr. Williams incorporated those allegations into his responses to Defendant's Interrogatory No. 11. (Breslin Decl., Ex. D at 13; *id.*, Ex. H at 4-6.) These responses fully answer Defendant's Interrogatory No. 11, and therefore comply with his discovery obligations. *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath").

These responses do not prejudice Defendant's ability to defend itself in this action. Mr. Williams' allegations of false statements fall into two categories: (1) statements made by Defendant's employees and/or agents to Mr. Williams regarding his AT&T account (FAC ¶¶ 46, 47, 51, 52, 57, 58, 63, 64, 65, 71, 74, 75, 78, and 80); and (2) statements made by Defendant to its customers, including Mr. Williams, regarding Defendant's protection of customer data and privacy (FAC ¶¶152-174). Both categories of alleged false statements are consistent with the discovery Mr. Williams has sought in this case: discovery regarding Defendant's efforts, or lack thereof, to protect its customers' data and privacy from SIM Swaps like the ones suffered by Mr. Williams. Defendant cannot reasonably be surprised by these discovery efforts based on Mr. Williams' claims regarding Defendant's false statements (and negligence), nor are they a "fishing expedition" (a claim denied by the Court in granting Mr. Williams' motion to compel).

Additionally, Defendant's moving papers offer no binding authority to support its argument that Mr. Williams' responses are insufficient and must be supplemented. (*See* Defendant's Moving Brief at 9-10 (citing a Colorado case and a Utah case).) As a practical matter, and as Mr. Williams explained to Defendant (*see* Breslin Decl. Ex. M at 25-26)[3], Mr.

---

[3] As the meet and confer record indicates, the parties have not discussed Defendant's Interrogatory No. 11 since November 2020. It is telling that Defendant waited to raise this issue again in its motion the day before the hearing regarding Defendant's own discovery deficiencies.

9

Williams has not learned anything in discovery that would change the substance of his allegations regarding Defendant's false statements (in part because until Mr. Williams filed his motion to compel, Defendant had produced no responsive communications). It remains the case that Mr. Williams' AT&T account was repeatedly SIM Swapped, and that Mr. Williams has good reason to believe that Defendant's statements regarding the protection of his account were false. Accordingly, Mr. Williams need not supplement his responses to Defendant's Interrogatory No. 11, and Defendant's motion to compel on this issue should be denied.

### III. Defendant Should Be Held Responsible for Mr. Williams' Reasonable Expenses in Making and Responding to These Discovery Motions

Defendant failed to produce its responsive emails prior to Mr. Williams's motion to compel. (*See* Doc. 57, at 9-10). That motion was granted (*see* Doc. 65), Mr. Williams never should have had to make it in the first place and Defendant offered no substantial justification for its failure to produce these documents. *Wan Wang Case*, 2020 WL 7061388, at *7 ("The moving party must, absent certain specified circumstances, be awarded expenses when a motion to compel discovery is granted" or "if the disclosure or requested discovery is provided after the motion was filed"). Now Mr. Williams is forced to respond to this meritless motion. Therefore, reimbursement of Mr. Williams' reasonable expenses, including attorney's fees, is warranted under Rules 37(a)(5)(A) and (a)(5)(B), respectively.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's motion to compel and for sanctions in its entirety.

Dated: March 29, 2021
New York, New York

WITHERS BERGMAN LLP

By: _____

Christopher LaVigne
Joseph Gallo
430 Park Avenue
New York, New York 10022
(212) 848-9800
Christopher.LaVigne@withersworldwide.com
Joseph.Gallo@withersworldwide.com

*Attorneys for Plaintiff Jason Williams*