

430 Park Avenue, 10th Floor, New York, New York 10022-3505
t: +1 212 848 9800
f: +1 212 848 9888
www.withersworldwide.com

April 9, 2021

**By ECF**

Honorable Magistrate Judge Robert T. Numbers, II
United States Courthouse
310 New Bern Avenue
Raleigh, NC 27601

      **Re:**     **Williams v. AT&T Mobility, LLC**
               **Case No. 5:19-cv-00475-BO**

Dear Judge Numbers:

We represent Plaintiff Jason Williams, and we write pursuant to the Court's April 2, 2021 Text Order to provide the following notice indicating, for each of AT&T's requests for production at issue, whether documents are being withheld on the basis of Mr. Williams' objections to those requests. AT&T's motion to compel put its following requests for production at issue: First Set of Requests for Production of Documents ("Set 1") Nos. 1-10, 12-17, 19-23, 26-27, and 29-31; and Second Set of Requests for Production of Documents ("Set 2") Nos. 3-5 and 8-11 (together, the "Requests"). Plaintiff has searched for documents responsive to each of these Requests (and each of AT&T's other document requests not at issue in this motion), and has not withheld any non-privileged, potentially responsive documents on the basis of any of his objections to the Requests. Plaintiff has located two categories of documents that he has not included in his productions to AT&T. Neither category of documents is at issue in AT&T's motion.

Non-Responsive Coinbase Emails

Mr. Williams has located non-privileged email communications between himself and representatives of Coinbase that he has not produced because they are not responsive to any of AT&T's Requests. These emails concern Mr. Williams' potential creation of a new Coinbase account in 2020 and 2021, years after the SIM Swaps compromised Mr. Williams' previous Coinbase account. The prospective new account was never created. These emails do not discuss his compromised account and are not connected to the issues in this case (*e.g.*, his compromised cryptocurrency mining business).

In a March 24, 2021 meet and confer email, we informed AT&T's counsel that Mr. Williams would not be producing emails described above on the grounds that they were not responsive to any of AT&T's Requests. AT&T has not requested that Mr. Williams produce those emails.

direct: +1 212 848 9882
fax: +1 212 824 4282
e-mail: christopher.lavigne@withersworldwide.com
admitted in New York
9250351/5

Withersworldwide
London Cambridge Geneva Milan Padua Sydney
Hong Kong Singapore Tokyo British Virgin Islands
New York Greenwich New Haven San Francisco
Los Angeles Rancho Santa Fe San Diego

Because the emails described above are not responsive to any of AT&T's Requests, Mr. Williams is not withholding production of these emails on the basis of any of his objections to AT&T's Requests[1]. Nonetheless, we have described these emails in this notice in order to be fully transparent with the Court regarding Mr. Williams' discovery efforts.

Privileged Documents and Communications

Mr. Williams has located documents and communications regarding this litigation that are subject to attorney-client and attorney work product privilege, including communications between Mr. Williams and his attorneys regarding this litigation, documents that Mr. Williams created at his attorneys' instructions regarding this litigation, and draft documents prepared by his attorneys regarding this litigation. Certain of these privileged documents and communications contain information that is arguably responsive to some of AT&T's Requests at issue in this motion, including: Requests Set 1 Nos. 1, 5, 6, 7, 13, 16, 21, 26, 27, 30, and 31; and Requests Set 2 No. 8. Mr. Williams objected to each of these Requests on the grounds that they sought privileged information (among other objections), and is properly withholding privileged documents and communications based on that objection. For each of these Requests, Plaintiff stated in his written responses that he would "produce copies of non-privileged and non-work product documents in his possession, custody, or control responsive to this Request to the extent such documents exist and can be, and have been, identified and located," and he has done so.

Presumably, AT&T is also withholding certain documents and communications on privilege grounds, but the parties have not yet met and conferred regarding the creation of privilege logs. In any event, Mr. Williams' privilege claims are not at issue in AT&T's motion to compel.

Accordingly, pursuant to the Court's April 1, 2021 Text Order and his discovery obligations under the Federal Rules of Civil Procedure, Mr. Williams has made a good faith effort to identify and produce documents that are responsive to the unobjectionable portions of the Requests at issue. Indeed, as set forth in Mr. Williams' opposition (Doc. No. 66) to Defendant's motion to compel, this is the main problem with AT&T's motion. AT&T's complaints about Mr. Williams' document productions appear to be that he failed to do enough to search for documents outside of his custody and control, and not that he withheld any responsive documents based on his objections to the Requests. (*See* Doc. No. 62 at 6-8.)

Please let us know if the Court requires any additional information regarding Mr. Williams' document productions, his objections, or other discovery issues in this case. Thank you.

Very truly yours,

Christopher N. LaVigne

---

[1] If AT&T later takes the position that these emails are responsive to any of its Requests, Mr. Williams reserves the right to assert his objections to any such Requests with respect to these emails.