IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:19-CV-00475-BO

**Jason Williams**,

        Plaintiff,

v.

**AT&T Mobility**,

        Defendant.

**Order**

AT&T Mobility asked the court to require Plaintiff Jason Williams to supplement his discovery responses. The court has considered the parties' submissions and grants the motion in part and denies it in part as set out below.

## I.    Interrogatory 11

This Interrogatory requests Williams specify the allegedly false statements AT&T made that support his claims along with related information. Williams declined to produce this information because the court found that his allegations satisfied Rule 9(b)'s specificity requirements when it denied the company's motion to dismiss. He claimed that requiring him to "unnecessarily restate his properly pleaded fraud allegations" would be "unduly burdensome[.]" He also said that his "best recollection of those communications" are in his complaint and he referenced them in earlier interrogatory responses.

The court will require Williams to supplement his interrogatory responses to provide the requested information. To begin with, his attempt to answer the interrogatory by referring to the allegations in his complaint does not comply with Rule 33. The Federal Rules require that a party responding to an interrogatory do so "fully in writing under oath." Fed. R. Civ. P. 33(b)(3). So

unless a party is invoking the option to respond by producing business records under Rule 33(d), it is generally inappropriate to respond to an interrogatory by referencing other documents, pleadings, depositions, or other responses to written discovery. *See Daniels* v. *Hyster-Yale Group, Inc.*, No. 5:19-CV-00531-FL, 2020 WL 2334088, at *5 (E.D.N.C. May 11, 2020); *Small* v. *WellDyne, Inc.*, No. 5:17-CV-62-BO, 2017 WL 2484181, at *6 (E.D.N.C. June 8, 2017); *Heuskin* v. *D&E Transp., LLC*, No. 19–957, 2020 WL 1450575, at *3 (D.N.M. Mar. 25, 2020); *Spadaro* v. *City of Miramar*, No. 11–61607, 2012 WL 12862641, at *6−*7 (S.D. Fla. Apr. 25, 2012).

And his claim that responding to this interrogatory poses an undue burdensome is specious. If the statements are as readily available as Williams claims, he can simply copy them into his interrogatory response.

But even if that is all Williams does, there is still substantial value to going through that exercise. Interrogatory responses must be made under oath. Fed. R. Civ. P. 33(b)(3). The Complaint is not. Compl. *passim*, D.E. 2.

The distinction between an unsworn complaint and interrogatory responses under oath is a real one. The only requirement for including a factual allegation in a complaint is that it "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(2). But requirement responding to interrogatories under oath, "serves the critical purpose of ensuring that the responding party attests to the truth of the responses." *Villareal* v. *El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010). By complying with this requirement, Williams's will have bound himself to those answers under penalty of perjury.

Williams must provide his supplemental response no later than 7 days after entry of this order.

2

## II.      Production of Documents in Possession of Third Parties

The parties dispute whether and to what extent Williams must obtain responsive documents from third parties. The Federal Rules require a party responding to a document request to do more than just produce documents that are readily accessible to it. Instead, the responding party must produce responsive documents in its "possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). The requirement that a party must produce responsive documents within its control means that sometimes the responding party will need to obtain documents from third parties to comply with its discovery obligations. *See Poole ex rel. Elliott* v. *Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (explaining that a document is within a party's control "[a]s long as the party has the legal right or ability to obtain the documents from another source on demand[.]").

Whether a party has a legal right to obtain documents will depend on the nature of the documents and the party in possession of them. So if Williams has the legal right to obtain responsive documents on request from third parties, he must obtain them.[1] If Williams does not have a legal right to obtain responsive documents, the third party fails to recognize his legal right to the documents, or the third party does not respond within 21 days after he makes his request, he must complete the necessary paperwork to allow AT&T to obtain the documents through subpoena or other legal process.

Williams must comply with the preceding paragraph within 14 days from the date of entry of this order. The parties must meet and confer about the scope of requests to third parties whether made by Williams or by AT&T. Williams must provide AT&T with copies of any documents he receives no later than 3 days after he receives them.

---

[1] Williams is not required, at this time, to serve subpoenas on third parties. If he has a legal right to the documents, he should be able to obtain them by requesting them from the third party. He may, however, find it more expedient to serve a subpoena along with his request to ensure timely compliance.

If the parties disagree over whether Williams has the legal right to obtain responsive documents, the appropriate scope of a request to a third party, or any other matter related to this portion of the order, they must contact the undersigned's case manager and the court will set a hearing to resolve the dispute.

Each party will bear their own costs.

Dated: April 13, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge