# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

JASON WILLIAMS,

      Plaintiff,

vs.

AT&T MOBILITY LLC,

      Defendant.

Case No. 5:19-cv-00475-BO

**FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF
DEFENDANT AT&T MOBILITY LLC**

Defendant AT&T Mobility LLC ("AT&T"), acting by and through its undersigned counsel, respectfully submits this First Amended Answer and Affirmative Defenses to Plaintiff Jason Williams' ("Williams") Corrected Complaint (Doc. 2).

### RESPONSE TO NUMBERED PARAGRAPHS

### I. RESPONSE TO ALLEGATIONS STYLED "NATURE OF THE ACTION"

1. AT&T denies the allegations of Paragraph 1 of the Complaint.

2. AT&T admits that it is a leading telecommunications provider in the United States. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 2 of the Complaint.

3. The allegations of Paragraph 3 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 3.

4. AT&T admits that it complies with federal and state laws governing the protection and safeguarding of subscriber information. Except as expressly admitted

1

herein, AT&T denies the allegations of Paragraph 4 of the Complaint.

5.     AT&T denies the allegations of Paragraph 5 of the Complaint.

6.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 6 concerning why Williams has brought this action and the alleged harms he, his business, and his family may claim to have suffered. AT&T expressly denies that it has violated federal and state law or that it has acted or failed to act and caused Williams financial and personal harms.

## II.     RESPONSE TO ALLEGATIONS STYLED "THE PARTIES"

7.     AT&T admits, upon information and belief, that Williams resides in North Carolina. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 7, and, therefore, denies the same.

8.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 8 of the Complaint, and, therefore, denies the same.

9.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 9 of the Complaint, and, therefore, denies the same.

10.    AT&T denies Williams is no longer a paying AT&T subscriber. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 10 of the Complaint, and, therefore, denies the same.

11.    AT&T admits that it is a Delaware limited liability corporation, but states that its principal office is located in Atlanta, Georgia. AT&T admits that it provides wireless service to customers in the United States, Puerto Rico, and the U.S. Virgin Islands. Paragraph 11 appears to refer to documents in the form of website

pages, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 11 to the extent they are inconsistent with the content, meaning, or intent of such documents. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 11.

12.     AT&T admits that it has transacted business in North Carolina. The remaining allegations of Paragraph 12 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 12. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 12 of the Complaint.

13.     Paragraph 13 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 13 to the extent they are inconsistent with the content, meaning, or intent of such documents. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 13.

14.     AT&T admits that AT&T Inc. has acquired businesses in the ordinary course of business. The allegations of Paragraph 14 appear to refer to third party documents or websites, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 14 to the extent they are inconsistent with the content, meaning, or intent of such documents. Except as expressly admitted herein, AT&T denies the remaining allegations of Paragraph 14 of the Complaint.

## III.   RESPONSE TO ALLEGATIONS STYLED "JURISDICTION AND VENUE"

15.     The allegations of Paragraph 15 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the

allegations of Paragraph 15.

16.    The allegations of Paragraph 16 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 16. The allegations of Paragraph 16 appear to refer to a document, in the form of a website and the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 16 to the extent they are inconsistent with the content, meaning, or intent of such documents. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 16.

17.    The allegations of Paragraph 17 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 17.

## IV.    RESPONSE TO ALLEGATIONS STYLED "ALLEGATIONS APPLICABLE TO ALL COUNTS"

18.    AT&T admits that it receives information from its customers during provision of wireless services and that it complies with federal and state laws concerning the protection of information shared by its customers. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 18 of the Complaint.

19.    AT&T denies the allegations of Paragraph 19 of the Complaint.

20.    AT&T denies that it or its employees assisted in, and were negligent with respect to, any harm or damages Williams alleges he suffered. AT&T further denies it is responsible or liable for any loss or damage Williams alleges he suffered. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 20 of the Complaint, and, therefore, denies the same.

4

21.     AT&T admits that effecting a SIM change without authorization can be referred to as SIM swapping. AT&T denies the remaining allegations of Paragraph 21 of the Complaint.

    **A.     Response to Allegations Styled "SIM Swapping is a Type of Identity Theft Involving the Transfer of a Mobile Phone Number."**

22.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations and therefore denies the allegations of Paragraph 22 of the Complaint.

23.     AT&T denies the allegations of the first sentence of Paragraph 23 as stated. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations in Paragraph 23, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and AT&T therefore denies the same. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 23 of the Complaint.

24.     AT&T admits that most newer model cell phones do contain a SIM card. AT&T further admits that cell phones that require a SIM card, and that do not have a SIM card, or have a nonfunctioning SIM card, will likely not allow for calls or text messages over a carrier network. AT&T further admits that an international mobile equipment identity number ("IMEI") can be used to identify a specific mobile device. AT&T denies the remaining allegations in Paragraph 24 as stated. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 24 of the Complaint.

25.     AT&T admits that SIM changes occur in the regular course of business

pursuant to its subscribers' requests, and allow a subscriber to transfer their service to a new or different mobile device. AT&T further admits that a subscriber may visit a retail store or call AT&T customer support to request a SIM change. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 25 of the Complaint.

26. AT&T admits that effecting a SIM change without authorization can be referred to as a SIM swap. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations in Paragraph 26, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and AT&T therefore denies the same. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 26 of the Complaint.

27. AT&T admits that two-factor authentication requires a person to verify their identification through two means, and that one method to authenticate may occur at a person's request through text messaging. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations in Paragraph 27, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and AT&T therefore denies the same. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 27 of the Complaint.

28. AT&T denies the allegations of Paragraph 28 of the Complaint.

29. AT&T denies the allegations of Paragraph 29 of the Complaint.

**B. Response to Allegations Styled "Prior to the SIM Swap Attacks, Mr. Williams Engaged in Sophisticated and Expensive Cryptocurrency Mining Operations."**

30.    AT&T denies the allegations, as stated, regarding cryptocurrency mining. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 30 of the Complaint, and, therefore, denies the same.

31.    AT&T denies the allegations, as stated, regarding cryptocurrency mining and blockchain transaction validation. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 31 of the Complaint, and, therefore, denies the same.

32.    AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 32 of the Complaint, and, therefore, denies the same.

33.    AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 33 of the Complaint, and, therefore, denies the same.

34.    AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 34 of the Complaint, and, therefore, denies the same.

**C. Response to Allegations Styled "AT&T Allowed Unauthorized Access to Mr. Williams' Account Seven Times Over the Course of Approximately Four Months."**

35.    AT&T denies the allegations of Paragraph 35 of the Complaint.

36.    AT&T denies that it or its employees participated in, or were negligent with respect to, any harm or damages Williams alleges he suffered. AT&T further denies it is responsible or liable for any loss or damage Williams alleges he suffered.

AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 36 of the Complaint, and, therefore, denies the same.

## Response to Allegations Styled "The First SIM Swap Attack"

37.     AT&T admits that Williams contacted it on or about November 6, 2018. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 37 of the Complaint, and, therefore, denies the same.

38.     AT&T admits that Williams contacted it on or about November 6, 2018. AT&T denies that Paragraph 38 accurately characterizes the communications between AT&T and Williams. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 38 of the Complaint.

39.     AT&T denies that a SIM change prevented Williams from securing or maintaining control over his online accounts. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 39 of the Complaint, and, therefore, denies the same.

40.     AT&T denies that a SIM change enabled hackers to create a mirror image of Williams' phone. AT&T further denies that a SIM change prevented Williams from securing or maintaining control over his online accounts or cryptocurrency balances or wallets. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 40 of the Complaint, and, therefore, denies the same.

41.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 41 of the Complaint, and, therefore, denies the same.

42. AT&T denies that a SIM change prevented Williams from securing or maintaining his cryptocurrency mining activities. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 42 of the Complaint, and, therefore, denies the same.

43. AT&T denies that a SIM change prevented Williams from securing or maintaining control over his cryptocurrency mining activities. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 43 of the Complaint, and, therefore, denies the same.

44. AT&T denies that a SIM change prevented Williams from securing or maintaining control of his Gmail account. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 44 of the Complaint, and, therefore, denies the same.

45. AT&T denies that a SIM change prevented Williams from avoiding being extorted. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 45 of the Complaint, and, therefore, denies the same.

46. AT&T admits that Williams contacted it on or about November 6, 2018 and that AT&T assisted Williams in recovering his account. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 46 of the Complaint.

47. AT&T admits that Williams contacted it on or about November 6, 2018. AT&T denies that Paragraph 47 accurately characterizes the communications between AT&T and Williams. AT&T denies that Williams justifiably relied on any purported representations by AT&T. AT&T lacks sufficient information to form a

belief as to the veracity of the allegations of Paragraph 47 as to why Williams decided not to close his AT&T wireless account, and, therefore, denies the same. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 47 of the Complaint.

48.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 48 of the Complaint,  and therefore denies the same.

49.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 49 of the Complaint, and, therefore, denies the same.

### Response to Allegations Styled "The Second SIM Swap Attack"

50.     AT&T states that it has no record of a SIM change on Williams' account on November 30, 2018. AT&T denies that Paragraph 50 accurately characterizes communications between AT&T and Williams. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 50 of the Complaint, and, therefore, denies the same.

51.     AT&T admits that Williams contacted it on December 1, 2018. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 51 of the Complaint, and, therefore, denies the same.

52.     AT&T denies that a SIM change prevented Williams from securing or maintaining control over his Gemini or Gmail accounts. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 52 of the Complaint, and, therefore, denies the same.

**Response to Allegations Styled "The Third SIM Swap Attack"**

53.     AT&T admits that a SIM change took place on Williams' account on or around December 1, 2018. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 53 of the Complaint, and, therefore, denies the same.

54.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 54 of the Complaint, and, therefore, denies the same.

55.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 55 of the Complaint, and, therefore, denies the same.

56.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 56 of the Complaint, and therefore denies the same.

57.     AT&T lacks sufficient information to form a belief as to the veracity of Williams' allegation that he visited a retail store on December 2, 2018 and that he purchased a new iPhone, and AT&T therefore denies those allegations. AT&T denies that Paragraph 57 accurately characterizes the alleged communications between the employees and Williams. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 57 of the Complaint.

58.     AT&T lacks sufficient information to form a belief as to the veracity of Williams' allegation that he visited a retail store on December 2, 2018, and AT&T therefore denies those allegations. AT&T denies that Paragraph 58 accurately characterizes the alleged communications between the employees and Williams. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 58

of the Complaint.

## Response to Allegations Styled "The Fourth SIM Swap Attack"

59.     AT&T admits that a SIM change took place on Williams' account on or around December 4, 2018. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 59 of the Complaint, and, therefore, denies the same.

60.     AT&T denies a SIM change prevented Williams from securing or maintaining control over his Gmail account. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 60 of the Complaint, and, therefore, denies the same.

61.      AT&T denies a SIM change prevented Williams from securing or maintaining control over his Twitter account. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 61 of the Complaint, and, therefore, denies the same.

62.     AT&T &T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 62 of the Complaint, and, therefore, denies the same.

63.     AT&T lacks sufficient information to form a belief as to the veracity of Williams' allegation that he visited a retail store on December 2, 2018, and AT&T therefore denies those allegations. AT&T denies that Paragraph 63 accurately characterizes the alleged communications between the personnel and Williams. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 63 of the Complaint.

64.     AT&T lacks sufficient information to form a belief as to the veracity of Williams' allegation that he visited a retail store on December 5, 2018, and AT&T therefore denies those allegations. AT&T denies the remaining allegations of Paragraph 64 of the Complaint.

65.     AT&T lacks sufficient information at this time to form a belief as to the veracity of the allegations in Paragraph 65 and, therefore, denies the same.

**Response to Allegations Styled "The Fifth SIM Swap Attack"**

66.     AT&T denies that Paragraph 66 accurately characterizes communications between AT&T and Williams. AT&T admits that a SIM change took place on Williams' account on or around February 3, 2019. AT&T denies the remaining allegations of Paragraph 66 of the Complaint.

67.     AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 67 of the Complaint, and, therefore, denies the same.

68.     AT&T admits that Williams contacted AT&T on or about February 4, 2019 and made inquiries about suspending his service. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 68 of the Complaint.

69.     AT&T denies that a SIM change enabled hackers to access Williams' cryptocurrency accounts, and denies a SIM change prevented Williams from securing or maintaining control over his cryptocurrency accounts. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 69 of the Complaint, and, therefore, denies the same.

70.     AT&T denies that a SIM change prevented Williams from securing or

maintaining control over his Twitter account. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 70 of the Complaint, and, therefore, denies the same.

71.    AT&T lacks sufficient information to form a belief as to the veracity of Williams' allegation that he visited a retail store on or around February 4, 2019, and AT&T therefore denies those allegations. AT&T denies that Paragraph 71 accurately characterizes the alleged communications between the personnel and Williams. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 71 of the Complaint.

### Response to Allegations Styled "The Sixth SIM Swap Attack"

72.    AT&T admits that a SIM change took place on Williams' account on or around February 6, 2019.  AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 72 of the Complaint, and, therefore, denies the same.

73.    AT&T denies that the SIM change enabled hackers to take control of Williams' Slushpool account, and denies the SIM change prevented Williams from securing or maintaining control over his Slushpool account. AT&T denies that Williams' mining rigs were rendered worthless and denies hackers deleted his Slushpool account.  AT&T denies hackers froze Williams' Gemini account. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 73 of the Complaint, and, therefore, denies the same.

14

74. AT&T lacks sufficient information to form a belief as to the veracity of Williams' allegations that he visited a retail store on February 6, 2019, and AT&T therefore denies those allegations. AT&T denies that Paragraph 74 accurately characterizes the alleged communications between the personnel and Williams. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 74 of the Complaint.

75. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of the first sentence of Paragraph 75 of the Complaint and therefore denies same. AT&T denies the remaining allegations of Paragraph 75 of the Complaint.

76. AT&T denies all of the allegations in Paragraph 76 and denies Williams shut down his mining operation in February 2019 or in response to any SIM swap attack or as a result of anything AT&T did or didn't do. AT&T is informed that Mr. Williams continued his mining operation and continued to successfully mine bitcoin well after the SIM swap attacks. AT&T lacks sufficient information to form a belief as to the veracity of the allegations regarding the quantity and price of Williams' rigs, and those allegations are therefore denied.

77. AT&T denies all of the allegations in Paragraph 77 and denies Williams shut down his mining operation in February 2019 or in response to any SIM swap attack or as a result of anything AT&T did or didn't do. AT&T is informed that Mr. Williams continued his mining operation and continued to successfully mine bitcoin well after the SIM swap attacks.

15

## Response to Allegations Styled "The Seventh SIM Swap Attack"

78.     AT&T admits a SIM change occurred on Williams' account on or about February 8, 2019. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 78 of the Complaint, and, therefore, denies the same. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 78 of the Complaint.

79.     AT&T denies a SIM change enabled hackers to access, or prevented Williams from securing or maintaining control over, Williams' First Citizens bank account or Coinbase account. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 79 of the Complaint, and, therefore, denies the same.

80.     AT&T lacks sufficient information to form a belief as to the veracity of Williams' allegations that he visited a retail store on February 8, 2019, and AT&T therefore denies those allegations. AT&T denies that Paragraph 80 accurately characterizes the alleged communications between the personnel and Williams. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 80 of the Complaint.

81.     AT&T admits it received a port-out request for Williams' phone number on or about February 8, 2019. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 81 of the Complaint, and, therefore, denies the same.

**Response to Allegations Styled "The Effects of The Attacks"**

82.     AT&T denies the SIM changes proximately caused any of Williams' alleged damages. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 82 of the Complaint, and, therefore, denies the same.

83.     AT&T denies the SIM changes proximately caused any of Williams' alleged damages or the exposure of his confidential information that Williams stored in third-party online accounts. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 83 of the Complaint, and, therefore, denies the same.

84.     AT&T denies the SIM changes proximately caused any of Williams' alleged damages or the compromise of his or his family members' confidential information that he stored in third-party online accounts. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 84 of the Complaint, and, therefore, denies the same.

85.     AT&T denies the SIM changes proximately caused any of Williams' alleged damages or the compromise of his proprietary information that he stored in third-party online accounts. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 85 of the Complaint, and, therefore, denies the same.

86.     AT&T denies the SIM changes proximately caused any of Williams' alleged damages or the compromise of his or his family members' confidential information that he stored in third-party online accounts. AT&T lacks sufficient

17

information to form a belief as to the veracity of the remaining allegations of Paragraph 86 of the Complaint, and, therefore, denies the same.

87. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 87 of the Complaint, and, therefore, denies the same.

88. AT&T denies the SIM changes proximately caused any of Williams' alleged damages or the compromise of his or his family members' confidential information that he stored in third-party online accounts. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 88 of the Complaint, and, therefore, denies the same.

89. AT&T denies the SIM changes proximately caused any of Williams' alleged damages. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegations of Paragraph 89 of the Complaint, and, therefore, denies the same.

90. AT&T denies the allegations of Paragraph 90 of the Complaint and denies Williams shut down his mining operation in February 2019 or in response to any SIM swap attack or as a result of anything AT&T did or didn't do. AT&T is informed that Mr. Williams continued his mining operation and continued to successfully mine bitcoin well after the SIM swap attacks.

**D.    Response to Allegations Styled "AT&T's Repeated Failures to Protect Mr. Williams' Account from Unauthorized Access Are a Violation of Federal Law."**

91. AT&T admits it is a leading provider of telecommunications services. The remaining allegations of Paragraph 91 state legal conclusions to which no

response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 91.

92.     The allegations of Paragraph 92 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 92.

93.     The allegations of Paragraph 93 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 93.

94.     The allegations in the first sentence of Paragraph 94 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the same. The remaining allegations of Paragraph 94 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 94 to the extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 94.

95.     The allegations of the first sentence of Paragraph 95 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the same. The remaining allegations of Paragraph 95 appear to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 95 to the extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 95.

96. The allegations of Paragraph 96 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 96.

97. AT&T denies the allegations of Paragraph 97 of the Complaint.

98. AT&T denies the allegations of Paragraph 98 of the Complaint.

99. AT&T denies the allegations of Paragraph 99 of the Complaint.

100. AT&T admits that an AT&T employee may view certain CPNI when accessing a subscriber's account. AT&T denies the remaining allegations of Paragraph 100 of the Complaint.

101. The allegations of Paragraph 101 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 101.

102. The allegations in the first sentence of Paragraph 102 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the same. The remaining allegations in Paragraph 102 appear to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 102 to the extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 102.

103. AT&T denies the allegations of Paragraph 103.

104. The allegations of Paragraph 104 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the

allegations of Paragraph 104. Paragraph 104 further appears to refer to a document or documents, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 104 to the extent they are inconsistent with the content, meaning, or intent of such documents. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 104.

105.    The allegations of Paragraph 105 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 105. Paragraph 105 further appears to refer to a document or documents, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 105 to the extent they are inconsistent with the content, meaning, or intent of such documents. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 105.

106.    AT&T denies the allegations of Paragraph 106 of the Complaint.

107.    The allegations of Paragraph 107 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 107.

108.    AT&T denies the allegations of Paragraph 108 of the Complaint.

109.    The allegations of Paragraph 109 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 109.

110.    AT&T denies the allegations of Paragraph 110 of the Complaint.

111.    AT&T denies the allegations of Paragraph 111 of the Complaint.

112. The allegations of Paragraph 112 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 112. Paragraph 112 further appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 112 to the extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 112.

113. AT&T denies the allegations of Paragraph 113 of the Complaint.

114. The allegations of Paragraph 114 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 114. Paragraph 114 further appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 114 to the extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 114.

115. The allegations of Paragraph 115 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 115. Paragraph 115 further appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 115 to the extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 115.

116. The allegations of Paragraph 116 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 116. Paragraph 116 further appears to refer to a document or documents, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 116 to the extent they are inconsistent with the content, meaning, or intent of such documents. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 116.

117. AT&T denies the allegations of Paragraph 117 of the Complaint.

118. The allegations of Paragraph 118 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 118.

119. The allegations of Paragraph 119 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 119.

**E. Response to Allegations Styled "Mr. Williams' Harm was Caused by AT&T's Negligence."**

120. AT&T denies the allegations of Paragraph 120 of the Complaint.

121. AT&T admits certain employees or support agents are authorized to assist subscribers with requests to change their SIM card. AT&T denies the remaining allegations of Paragraph 121 of the Complaint.

122. AT&T denies the allegations of Paragraph 122 of the Complaint.

123. AT&T denies the allegations of Paragraph 123 of the Complaint.

23

124. The allegations of Paragraph 124 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 124. Paragraph 124 further appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 124 to the extent they are inconsistent with the content, meaning, or intent of such documents. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 124.

125. AT&T denies the allegations in the first sentence of Paragraph 125. The remaining allegations of Paragraph 125 appear to refer to a document or documents, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 125 to the extent they are inconsistent with the content, meaning, or intent of such documents. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 125.

126. AT&T denies that it failed to take reasonable steps to protect its subscribers. AT&T further states that the allegations of Paragraph 126 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 126. Paragraph 126 further appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 126 to the extent they are inconsistent with the content, meaning, or intent of such documents. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 126.

127. Paragraph 127 appears to refer to a document, the contents of which

speak for themselves, and AT&T denies the allegations of Paragraph 127 to the extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 127.

128. Paragraph 128 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 128 to the extent they are inconsistent with the content, meaning, or intent of such document. AT&T lacks sufficient information to form a belief as to the veracity of the remaining allegation that Williams decided not to close his AT&T account in reliance on alleged assurances in Paragraph 128 of the Complaint, and, therefore, denies the same. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 128.

129. AT&T denies that it failed to implement reasonable measures to protect Williams' account. AT&T denies Paragraph 129 accurately reflects the communications between Williams and AT&T personnel. AT&T denies the remaining allegations of Paragraph 129 of the Complaint.

130. Paragraph 130 appears to refer to documents and videos, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 130 to the extent they are inconsistent with the content, meaning, or intent of such documents or videos. AT&T denies the remaining allegations of Paragraph 130. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 130.

131. Paragraph 131 appears to refer to documents and videos, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 131 to the extent they are inconsistent with the content, meaning, or intent of such

25

documents or videos. AT&T denies the remaining allegations of Paragraph 131. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 131.

132. Paragraph 132 appears to refer to documents and videos, the contents of which speak for themselves, , and AT&T denies the allegations of Paragraph 132 to the extent they are inconsistent with the content, meaning, or intent of such documents or videos. AT&T denies the remaining allegations of Paragraph 132. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 132.

133. Paragraph 133 appears to refer to documents and videos, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 133 to the extent they are inconsistent with the content, meaning, or intent of such documents or videos. AT&T denies the remaining allegations of Paragraph 133. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 133.

134. Paragraph 134 appears to refer to documents and videos, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 134 to the extent they are inconsistent with the content, meaning, or intent of such documents or videos. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 134.

135. Paragraph 135 appears to refer to documents and videos, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 135 to the extent they are inconsistent with the content, meaning, or intent of such documents or videos. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 135.

136.    AT&T denies  the  allegations of Paragraph 136 of the Complaint.

137.    The allegations of the first two sentences of Paragraph 137 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies those allegations. AT&T denies the remaining allegations of Paragraph 137.

138.    AT&T denies the allegations of Paragraph 138 of the Complaint.

139.    AT&T denies the allegations of Paragraph 139 of the Complaint.

140.    Paragraph 140 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 140 to the extent they are inconsistent with the content, meaning, or intent of such document. AT&T further denies that the FCC consent order has any relevance to the allegations in this case. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 140.

141.    Paragraph 141 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 141 to the extent they are inconsistent with the content, meaning, or intent of such document. AT&T further denies that the 2015 FCC enforcement action has any relevance to the allegations in this case. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 141.

142.    Paragraph 142 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 142 to the extent they are inconsistent with the content, meaning, or intent of such document.

27

AT&T further denies that the 2015 FCC enforcement action has any relevance to the allegations in this case. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 142.

143.    Paragraph 143 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 143 to the extent they are inconsistent with the content, meaning, or intent of such document. AT&T further denies that the 2015 FCC enforcement action has any relevance to the allegations in this case. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 143.

144.    Paragraph 144 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 144 to the extent they are inconsistent with the content, meaning, or intent of such document. AT&T further denies that the 2015 FCC enforcement action has any relevance to the allegations in this case. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 144.

145.    AT&T denies the allegations of Paragraph 145 of the Complaint.

> **i.    Response to Allegations Styled "AT&T is Liable for the Acts of its Employees."**

146.    The allegations of Paragraph 146 state legal conclusions  to which no response is required, and to the extent that a response is required, AT&T denies those allegations.

147.    AT&T denies the allegations of Paragraph 147 of the Complaint.

148.    The allegations of Paragraph 148 state legal conclusions to which no

response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 148.

149.    The allegations of Paragraph 149 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 149.

150.    The allegations of Paragraph 150 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 150.

151.    The allegations of Paragraph 151 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 151. Paragraph 151 further appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 151 to the extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 151.

**F.    Response to Allegations Styled "AT&T's Misrepresentations and Omissions."**

152.    AT&T denies the allegations of Paragraph 152 of the Complaint.

153.    Paragraph 153 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 153 to the extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 153.

154. The allegations of the first sentence of Paragraph 154 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies those allegations. The remaining allegations of Paragraph 154 reference and reproduce an alleged document excerpt, identified as "Figure 4" and which Williams cites as appearing in AT&T's Privacy Policy attached as Exhibit A to the Complaint, but which does not appear in the document attached as Exhibit A or any Privacy Policy in effect at any time relevant to this action. Instead, the Privacy Policy attached as Exhibit A states that "no security measures are perfect, and we cannot guarantee that your Personal Information will never be disclosed in a manner inconsistent with this Policy (for example, as the result of unauthorized acts by third parties that violate the law or this Policy)" [Doc. 2-1 p. 26 of 34.] To the extent the allegations of Paragraph 154 refer to a document, the contents of that document, if any, speak for themselves, and AT&T denies the allegations of Paragraph 154 to the extent they are inconsistent with the content, meaning, or intent of such document. AT&T denies the remaining allegations of Paragraph 154. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 154 of the Complaint.

155. AT&T denies the allegations of Paragraph 155 of the Complaint.

156. AT&T denies that allegations of Paragraph 156 of the Complaint.

157. AT&T denies the allegations of Paragraph 157 of the Complaint.

158. Paragraph 158 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 158 to the

extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 158.

159. AT&T denies the allegations of Paragraph 159 of the Complaint.

160. AT&T denies the allegations of Paragraph 160 of the Complaint.

161. AT&T denies the allegations of Paragraph 161 of the Complaint.

162. AT&T denies the allegations of Paragraph 162 of the Complaint.

163. AT&T denies the allegations of Paragraph 163 of the Complaint.

164. Paragraph 164 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 164 to the extent they are inconsistent with the content, meaning, or intent of such document. AT&T denies the remaining allegations of Paragraph 164 of the Complaint.

165. The allegations of Paragraph 165 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 165.

166. Paragraph 166 appears to refer to a document, the contents of which speak for themselves, and AT&T denies the allegations of Paragraph 166 to the extent they are inconsistent with the content, meaning, or intent of such document. Except as expressly admitted herein, AT&T denies the allegations of Paragraph 166.

167. AT&T denies the allegations of Paragraph 167 of the Complaint.

168. AT&T denies the allegations of Paragraph 168 of the Complaint.

169. AT&T denies the allegations of Paragraph 169 of the Complaint.

170. AT&T denies the allegations of Paragraph 170 of the Complaint.

171.    The allegations of Paragraph 171 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 171.

172.    The allegations of Paragraph 172 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 172.

173.    AT&T denies the allegations of Paragraph 173 of the Complaint.

174.    AT&T denies the allegations in Paragraph 174, as stated, regarding AT&T's alleged representations. The remaining allegations of Paragraph 174 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 174.

## V.    RESPONSE TO ALLEGATIONS STYLED "CLAIMS FOR RELIEF"

### COUNT I
### Violations of the Federal Communications Act, 47 U.S.C. § 201 *et seq.*

175.    Paragraph 175 does not contain any allegations that require an answer.

176.    AT&T denies the allegations of Paragraph 176 of the Complaint.

177.    AT&T denies the allegations of Paragraph 177 of the Complaint.

178.    AT&T denies the allegations of Paragraph 178 of the Complaint and denies Williams shut down his mining operation in response to or as a result of any SIM swap attack or anything AT&T did or didn't do. AT&T is informed that Mr. Williams continued his mining operation and continued to successfully mine bitcoin well after the SIM swap attacks.

179.    Paragraph 179 does not contain any allegations that require an answer and/or states legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 179.

**COUNT II**
**Violation of North Carolina Unfair and Deceptive Trade Practices Act**
**N.C. Gen. Stat. Ann. § 75-1.1**

180.    Paragraph 180 does not contain any allegations that require an answer.

181.    AT&T denies the allegations of Paragraph 181 of the Complaint.

182.    The allegations of Paragraph 182 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 182.

183.    The allegations of Paragraph 183 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 183.

184.    The allegations of Paragraph 184 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 184.

185.    The allegations of Paragraph 185 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 185.

186.    AT&T denies the allegations of Paragraph 186 of the Complaint.

187.    The allegations of Paragraph 187 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the

33

allegations of Paragraph 187.

188.    AT&T denies the allegations of Paragraph 188 of the Complaint.

189.    AT&T denies the allegations of Paragraph 189 of the Complaint.

190.    AT&T denies the allegations of Paragraph 190 of the Complaint.

191.    AT&T denies the allegations of Paragraph 191 of the Complaint.

## COUNT III
## Negligence

192.    Paragraph 192 does not contain any allegations that require an answer.

193.    The allegations of Paragraph 193 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 193.

194.    The allegations of Paragraph 194 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 194.

195.    The allegations of Paragraph 195 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 195.

196.    The allegations of Paragraph 196 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 196.

197.    AT&T denies that its security practices were inadequate. The remaining allegations of Paragraph 197 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the same.

34

198.    The allegations of Paragraph 198 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 198.

199.    AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 199, and, therefore, denies the same.

200.    AT&T denies the allegations of Paragraph 200 of the Complaint.

201.    AT&T denies the allegations of Paragraph 201 of the Complaint.

202.    The allegations of Paragraph 202 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 202.

203.    The allegations in the first sentence of Paragraph 203 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies those allegations. AT&T further denies that the 2015 FCC enforcement action has any relevance to the allegations in this case and denies the remaining allegations in Paragraph 203 of the Complaint.

204.    AT&T denies the allegations of Paragraph 204 of the Complaint.

205.    AT&T denies the allegations of Paragraph 205 of the Complaint.

206.    AT&T denies the allegations of Paragraph 206 of the Complaint.

## COUNT IV
## Negligent Supervision

207.    Paragraph 207 does not contain any allegations that require an answer.

208.    AT&T admits it has employees. The remaining allegations of Paragraph 208 state legal conclusions to which no response is required, and to the extent that a

response is required, AT&T denies the same.

209.    The allegations of Paragraph 209 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 209.

210.    AT&T denies the allegations of Paragraph 210 of the Complaint.

211.    AT&T denies the allegations of Paragraph 211 of the Complaint.

212.    AT&T denies the allegations of Paragraph 212 of the Complaint.

213.    AT&T denies the allegations of Paragraph 213 of the Complaint.

214.    AT&T denies the allegations of Paragraph 214 of the Complaint.

215.    AT&T denies the allegations of Paragraph 215 of the Complaint.

216.    AT&T denies the allegations of Paragraph 216 of the Complaint.

217.    AT&T denies the allegations of Paragraph 217 of the Complaint.

218.    AT&T denies the allegations of Paragraph 218 of the Complaint.

219.    The allegations of Paragraph 219 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 219.

220.    The allegations of the first sentence of Paragraph 220 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies those allegations. AT&T denies the remaining allegations of Paragraph 220 of the Complaint.

## COUNT V
## North Carolina's Anti-Hacking Statute
## N.C.G.S.A. § 1-539.2A

221.    Paragraph 221 does not contain any allegations that require an answer.

222. The allegations of Paragraph 222 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 222.

223. The allegations of Paragraph 223 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 223.

224. The allegations of Paragraph 224 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 224.

225. AT&T denies the allegations of Paragraph 225 of the Complaint.

226. AT&T denies the allegations of Paragraph 226 of the Complaint.

227. AT&T denies the allegations of Paragraph 227 of the Complaint.

## COUNT VI
## Violation of the Computer Fraud and Abuse Act
## 18 United States Code § 1030

228. Paragraph 228 does not contain any allegations that require an answer.

229. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 229 of the Complaint, and, therefore, denies the same.

230. AT&T denies the allegations of Paragraph 230 of the Complaint.

231. AT&T denies the allegations of Paragraph 231 of the Complaint.

232. AT&T denies the allegations of Paragraph 232 of the Complaint.

233. AT&T denies the allegations of Paragraph 233 of the Complaint.

234. The allegations of Paragraph 234 state legal conclusions to which no response is required, and to the extent that a response is required, AT&T denies the allegations of Paragraph 234.

235. AT&T lacks sufficient information to form a belief as to the veracity of the allegations of Paragraph 235 of the Complaint, and, therefore, denies the same.

## VI. RESPONSE TO "PRAYER FOR RELIEF"

236. AT&T denies the allegations set out in Paragraph 236, Williams' Prayer for Relief, to the extent such paragraph may be deemed to contain any factual allegations, denies that Williams is entitled to the relief set forth therein, and denies that Williams is entitled to any relief at all from AT&T.

## AFFIRMATIVE DEFENSES

AT&T asserts the following affirmative defenses without assuming the burden of proof for the same when that burden would otherwise lie with Williams.

## FIRST DEFENSE
### (Claims and Damages Barred by Wireless Customer Agreement)

Plaintiff's claims are barred, in whole or in part, by the contractual limitation of liability provisions to which he agreed in his Wireless Customer Agreement with AT&T. That agreement provides, in pertinent part, that AT&T is not liable, whether or not due to its own negligence, for act or omission of a third party; mistakes, omissions, interruptions, errors, failures to transmit, delays, or defects in the wireless services or software provided by or through AT&T; or damage or injury caused by the use of AT&T's service. The agreement further provides that, AT&T shall not be liable for any indirect, special, punitive, incidental or consequential losses or damages you

38

or any third party may suffer by use of, or inability to use, services, software or devices provided by or through AT&T, including loss of business or goodwill, revenue or profits, or claims of personal injuries.

## SECOND DEFENSE
### (Waiver and/or Release)

Williams waived or released some or all of his claims or demands for recovery by, among other things, signing the Wireless Customer Agreement with AT&T.

## THIRD DEFENSE
### (Intervening, Superseding, and/or Criminal Acts by Third Parties)

Any harm, injury, or damages of which Williams complains resulted from and were proximately caused by the unforeseeable, independent, intervening and superseding criminal acts of others, including third-party hackers, whose actions have caused the damages of which Williams complains.

## FOURTH DEFENSE
### (Acts by Third Parties)

Any harm, injury, or damages of which Williams complains was either wholly or in part caused by persons or entities other than AT&T, including, without limitation, Williams's cryptocurrency exchanges, email service, or other service providers.

## FIFTH DEFENSE
### (Plaintiff's Actions and Omissions as Proximate Cause)

Any harm, injury, or damage of which Williams complains are the product of Williams' own acts, omissions, and conduct, or the acts, omissions, and conduct of those for whom Williams is legally responsible, which acts, omissions, or conduct are

the proximate cause of such harm, injury, or damage.

## SIXTH DEFENSE
### (Contributory Negligence)

Williams' negligence and negligent supervision claims are barred by the contributory negligence of Williams, including, without limitation, his negligent storage of his account passwords, his negligent failure to use adequate security features on his cryptocurrency wallets and online accounts, and his negligent storage and safeguarding of sensitive personal and financial information he chose to store online.

## SEVENTH DEFENSE
### (Assumption of Risk)

Williams' claims are barred in whole or in part under the doctrine of assumption of risk because Williams, among other things, of the manner in which he stored account passwords, failed to use adequate security features on his cryptocurrency wallets and online accounts, and failed to properly safeguard sensitive personal and financial information he chose to store online.

## EIGHTH DEFENSE
### (Economic Loss Rule)

The economic loss rule bars any recovery by Williams in tort for purely economic losses that arise out of an alleged breach of a duty created by a contractual relationship with AT&T.

## NINTH DEFENSE
### (Unauthorized Activity)

To the extent Williams alleges any AT&T employee engaged in non-negligent unlawful activity, such employees were acting outside the scope of their employment

and AT&T is not liable for such conduct.

## TENTH DEFENSE
### (Statutes Inapplicable)

Williams' claims are barred as the Computer Fraud and Abuse Act and N.C. Gen. Stat. § 14-458 do not apply to AT&T.

## ELEVENTH DEFENSE
### (Compliance)

To the extent the Computer Fraud and Abuse Act and N.C. Gen. Stat. § 14-458 are applicable, AT&T complied with these laws.

## TWELFTH DEFENSE
### (Plaintiff Not Proper Party For Certain Alleged Damages)

Williams cannot recover for alleged damages sustained by others, including businesses and other individuals, including members of his family.

## THIRTEENTH DEFENSE
### (Failure to Mitigate)

Some or all of Williams' claims and/or the damages he seeks are barred as a result of Williams' failure to mitigate his losses, take reasonable steps to safeguard his information and property, or to avoid negligent conduct that unreasonably jeopardized his information and property.

## FOURTEENTH DEFENSE
### (No Unreasonable Disclosure or Failure to Safeguard)

AT&T did not unreasonably disclose or fail to safeguard CPNI or any other statutorily defined confidential information.

41

## FIFTEENTH DEFENSE
### (No Justifiable Reliance)

Williams did not justifiably rely upon any allegedly false or negligent misrepresentations by AT&T.

## SIXTEENTH DEFENSE
### (Offset)

Some or all of Williams' claims and/or the damages he seeks are barred, or alternatively any recover should be offset, to the extent that he has received or later does receive any credits, payments, or benefits arising out of or related to the claims asserted in the Complaint.

## SEVENTEENTH DEFENSE
### (Punitive Damages Not Appropriate)

Williams is not entitled to punitive damages because AT&T did not act with malicious intent or a reckless or callous disregard of, or indifference to, Williams' rights and because no the officers, directors, or managers of AT&T participated in or condoned the conduct constituting any aggravating factor giving rise to punitive damages.

## EIGHTEENTH DEFENSE
### (Due Process Limitations on Punitive Damages and Excessive Fines)

Because AT&T acted at all times in good faith, any award of punitive damages in this action would violate its constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States

Constitution and the North Carolina Constitution.

### NINETEENTH DEFENSE
### (Failure to State A Claim – Arguments Preserved)

For purposes of preserving the defense should developments in the law or an appeal warrant its assertion or reassertion, AT&T asserts that Williams' Corrected Complaint fails to state a claim upon which relief may be granted.

### TWENTIETH DEFENSE
### (Lack of Specificity)

To the extent Williams' Second Cause of Action is premised upon a theory of fraud, misrepresentation, or concealment, he cannot prove any fraud, misrepresentation, or concealment with the requisite specificity.

### TWENTY-FIRST DEFENSE
### (Lack of Willfulness)

Williams cannot prove that AT&T's alleged actions or inactions were willful.

### TWENTY-SECOND DEFENSE
### (No Proximate Causation)

Williams' claims are barred in whole or in part because the damages alleged by Williams, if any, were not proximately caused by any act or omission by AT&T.

### TWENTY-THIRD DEFENSE
### (Speculative Damages)

Williams cannot prove damages with the reasonable particularity required by law.

### TWENTY-FOURTH DEFENSE
### (Adequate Remedy at Law)

Williams is not entitled to injunctive, equitable, and/or declaratory relief to the

extent he has an adequate remedy at law.

## TWENTY-FIFTH DEFENSE
### (Attorneys' Fees Improper)

Williams' request for recovery attorneys' fees should be denied because he cannot establish claims that entitle him to such recovery.

## TWENTY-SIXTH DEFENSE
### (Unclean Hands)

Williams' claims are barred, in whole or in part, by the doctrine of unclean hands. Among other things, this defense arises from Mr. Williams' conduct in representing to AT&T prior to filing this action that the SIM swap incidents forced him to permanently cease his cryptocurrency mining operation, and then initiating and maintaining this action and basing the vast majority of his damages claims on that allegation. The evidence conclusively establishes this allegation was at all times false and known by Williams to be false. Williams cannot recover under the doctrine of unclean hands because, *inter alia*, his conduct has been dishonest and deceitful, has undermined the integrity of the judicial process, and has damaged AT&T.

## ADDITIONAL DEFENSES AND RESERVATION OF RIGHTS

AT&T reserves the right to assert any additional defenses that become known to it during the course of this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant AT&T Mobility LLC respectfully prays that the Court grant the following relief:

1. Dismiss Williams' putative claims against AT&T, with prejudice, and

44

Case 5:19-cv-00475-BO   Document 75-1   Filed 07/22/21   Page 45 of 47

that Williams have and recover nothing from AT&T;

2.    Order that AT&T recover its costs, including reasonable attorneys' fees, as may be provided by law; and

3.    Grant AT&T such other and further relief as the Court may deem just and proper.

AT&T further requests a trial by jury.

Respectfully submitted this the 22nd day of July, 2021.


/s/ Joseph S. Dowdy
KILPATRICK TOWNSEND & STOCKTON LLP
Joseph S. Dowdy (N.C. State Bar No. 31941)
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Michael Breslin
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

45

## CERTIFICATE OF SERVICE

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

SHUMAKER LOOP & KENDRICK LLP
Terence S. Reynolds
treynolds@shumaker.com
Lucas D. Garber
lgarber@shumaker.com
101 South Tyron Street
Suite 2200
Charlotte, North Carolina 28280

*Local Civil Rule 83.1(d) Counsel for Plaintiff Jason Williams*

WITHERS BERGMAN LLP
Christopher LaVigne
christopher.lavigne@withersworldwide.com
430 Park Avenue, 10th Floor
New York, New York 10022-3505

*Counsel for Plaintiff Jason Williams*

This the 22nd day of July, 2021.

/s/ Joseph S. Dowdy
Joseph S. Dowdy

46