IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

JASON WILLIAMS,

    Plaintiff,

vs.

AT&T MOBILITY LLC,

    Defendant.

Case No. 5:19-cv-00475-BO

**DECLARATION OF MICHAEL J. BRESLIN IN SUPPORT OF
AT&T MOBILITY LLC'S MOTION FOR ORDER OF CONTEMPT
AND TO ENFORCE SUBPOENAS ON NON-PARTY ANEXIO ENTITIES**

The undersigned, Michael J. Breslin, hereby declares as follows:

1. I am over the age of 18 and under no legal disability that prevents me from providing this affidavit. Along with Mr. Dowdy, I am counsel for Defendant AT&T Mobility LLC ("AT&T") in the above-referenced action, and I have entered a special appearance in this matter [Doc. 38]. I am admitted to practice law in the State of Georgia and a partner at the law firm of Kilpatrick Townsend & Stockton LLP. I have personal knowledge of the facts set forth herein.

2. I submit this Declaration in support of AT&T's Motion for an Order of Civil Contempt and to Enforce Subpoenas on Non-Party Anexio Entities ("Motion").

3. Attached hereto as **Exhibit A** is a true and correct copy of a press release describing the acquisition of Plaintiff Jason Williams' cryptocurrency mining enterprise known as "Standard American Mining" by an unspecified Anexio entity.

4. Attached hereto as **Exhibit B** is a true and correct copy of pertinent email correspondence with Mr. Williams' attorneys between December 11, 2020 and February 24, 2021. On December 18, 2020, AT&T's counsel was told "Mr. Williams has been searching

1

his prtitech.com email for responsive documents." Ex. B at 8. On February 16, 2021, after asking why Mr. Williams had not produced records of certain alleged damages — including the expenses and fees he paid to Anexio — AT&T's counsel was told "[Mr. Williams] has searched for information responsive to [AT&T's] RFPs (including [the] RFPs about his damages), and produced what he has located." Ex. B. at 3. On February 24, 2021, AT&T's counsel was told "[Mr. Williams] has conducted numerous searches of the electronic accounts and devices he still has access to for responsive information" and had produced what he "has located." Ex. B. at 1.

5. The agreement with Anexio that Mr. Williams produced, JW_0066-0070, does not indicate with which Anexio entity he contracted. Mr. Williams designated that agreement "Confidential" pursuant to the protective order [Doc. 47] in this matter.

6. Attached hereto as **Exhibit C** are true and correct copies of AT&T's Subpoenas to Testify at Deposition and Produce Documents to Anexio Technology Services, Inc., Anexio Data Centers West, LLC, Anexio Data Centers, LLC and Anexio Managed Services, LLC, dated July 14, 2021, with a compliance date of August 11, 2021.

7. The subpoenas to Anexio Technology Services, Inc. and Anexio Data Centers West, LLC were both returned by the entity listed as the registered agent on the Secretary of State's website, which claimed it was not the registered agent of those companies.

8. On August 9, 2021, AT&T filed Affidavits of Service for its Subpoenas to Anexio Data Centers, LLC and Anexio Managed Services, LLC with this Court demonstrating that these entities were properly served on July 14, 2021. [Doc. 81-82].

9. Anexio Data Centers, LLC and Anexio Managed Services, LLC failed to respond to the aforementioned Subpoenas before their August 11, 2021 compliance deadline.

10. Attached hereto as **Exhibit D** are true and correct copies of AT&T's Subpoenas to Testify at Deposition and Produce Documents to Anexio, Inc. and Anexio Technology Services, Inc., dated August 9, 2021, with a compliance date of September 3, 2021.

11. Despite multiple attempts, no one was present at Anexio Technology Services, Inc.'s principal office address to accept service.

12. On August 18, 2021, AT&T filed an Affidavit of Service for its Subpoena to Anexio, Inc. with this Court demonstrating that Anexio, Inc. was properly served on August 11, 2021. [Doc. 83].

13. Anexio, Inc. failed to respond to the aforementioned Subpoena before its September 3, 2021 compliance deadline.

14. On August 9, 2021, I contacted Anexio via telephone and asked to speak with the appropriate person to discuss a subpoena that was recently served on the company. I was directed to speak with a Mr. Jason Long and was given his phone number and email address. I left a voicemail with Mr. Long about the subpoenas and sent him a follow up email that same day.

15. On August 10, 2021, Mr. Long responded to my email and informed me that he had forwarded my request to Tony Pompliano, and that Mr. Pompliano would respond to me directly.

16. On August 18, 2021, I sent an email to Mr. Long asking him to have Mr. Pompliano contact me, since I had not received any communication from him. Shortly thereafter Mr. Pompliano left me a voicemail, and I returned his call but he did not answer.

17. On August 21, 2021, I received a phone call from Mr. Pompliano. Mr. Pompliano stated he is the CEO of Anexio. I advised Mr. Pompliano that AT&T would work with Anexio to minimize the burden of complying with the subpoenas and that I wanted to

3

schedule a call with him or the appropriate person at Anexio to discuss the logistics for Anexio's compliance, which would include a single Rule 30(b)(6) deposition *duces tecum* of Anexio. We agreed to talk again. Over the next four days, I left two voicemails for Mr. Pompliano but did not receive any further communication from him.

18. On August 26, 2021, having been unable to reach Mr. Pompliano, I again emailed Mr. Long requesting that he let Mr. Pompliano know I would like to schedule a time to discuss the subpoenas. Mr. Long's response stated he would send my message to Mr. Pompliano. I received no further communication from anyone at Anexio, and ultimately none of the Anexio entities responded to the subpoenas.

19. At no point in my communications with Mr. Long or Mr. Pompliano did they raise an objection to the subpoenas, claim the subpoenas were improper or unenforceable in any respect, or claim Anexio would be unable or was unwilling to comply with the subpoenas.

20. A true and correct copy of my email correspondence with Mr. Long between August 9, 2021 and August 26, 2021 is attached hereto as **Exhibit E**.

21. A true and correct copy of AT&T's May 22, 2020 First Requests for Production is attached hereto as **Exhibit F**.

22. Pursuant to Local Rule 7.1(c)(2), I certify that I made a good faith effort to confer with Anexio to obtain its compliance with the subpoenas before AT&T filed the instant Motion.

Pursuant to 28 U.S.C. § 1476, I declare under penalty of perjury that the foregoing is true and correct.

4

Executed on: September 16, 2021
Atlanta, Georgia

By: _____
Michael J. Breslin