# EXHIBIT D

# UNITED STATES DISTRICT COURT

for the

Eastern District of North Carolina

| | |
|---|---|
| JASON WILLIAMS | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:19-CV-00475-BO |
| AT&T MOBILITY LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Anexio, Inc.

To: c/o Registered Agent Paracorp Incorporated

155 Office Plaza Drive, 1st Floor, Tallahassee, FL 32301

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit A attached. The deposition will be taken before a duly certified court reporter or other officer authorized to administer oaths and record testimony pursuant to FRCP.

| Place: Kilpatrick Townsend & Stockton LLP<br>4208 Six Forks Road, Suite 1400<br>Raleigh, NC 27609 | Date and Time:<br>09/03/2021 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and videographic means.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit B attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/09/2021

*CLERK OF COURT*

OR

/s/ Joseph S. Dowdy

_____       _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AT&T Mobility LLC
, who issues or requests this subpoena, are:

Joseph S. Dowdy, Kilpatrick Townsend & Stockton LLP, 4208 Six Forks Road, Suite 1400, Raleigh, NC 27609;
jdowdy@kilpatricktownsend.com; (919) 420-1700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:19-CV-00475-BO

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**TO**

**SUBPOENA FOR DEPOSITION PURSUANT TO**
**RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**Instructions**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Anexio ("You") are required to confer with the party serving this subpoena and to designate for deposition one or more officers, directors, managing agents, or other persons who consent to testify on your behalf about the matters listed below. You are further requested to identify each individual who has been designated to testify, and the matters as to which he/she will testify, at least three (3) business days before the deposition.

**Definitions**

The following definitions shall apply to the topics listed below:

1.      "You" or "Your" shall mean the Anexio entity listed in the "To:" section of the subpoena to which this Exhibit A is attached.

2.      "Plaintiff" shall mean Jason Williams, an individual resident of North Carolina.

3.      "Anexio Agreements" shall mean each written agreement entered into between You and Plaintiff, including but not limited to any agreement arising out of or Related to Proposal #6906 created for Jason Williams and dated February 26, 2018, and any other agreement Concerning the colocation, hosting, storage, or provision of power, technical support, or any other services Relating to any cryptocurrency mining rig belonging to Plaintiff.

4.      "Rig" or "mining rig" shall mean a machine designed to mine cryptocurrency.

## Topics to be addressed by FRCP 30(b)(6) Witness(es)

1. The negotiation and formation of any Anexio Agreement concerning any cryptocurrency mining rig belonging to Plaintiff.

2. The basis and calculation of the prices charged to Plaintiff under any Anexio Agreement.

3. How You calculate the kwh price to charge to Your customers, and the average kwh price you charged to customers using the same or a similar data center as Plaintiff in February and March of 2018.

4. The services or assistance You provided to Plaintiff or on Plaintiff's behalf, or that Plaintiff requested You provide or perform during the period January 1, 2018 to the present.

5. The initial setup and configuration of Plaintiff's mining rigs and the location of the data center where those rigs were located.

6. Any changes to the configuration, parameters, scripts, or operation of Plaintiff's mining rigs during the period January 1, 2018 to the present, and the reasons for those changes, including who requested them and who performed them.

7. Your communications with Plaintiff, and any services or assistance You provided, regarding any hacking or security incidents that related to or impacted Plaintiff's mining operation in November 2018 and February 2019.

8. Any communications, oral or written, You had with Plaintiff regarding: (a) AT&T or Plaintiff's cellular telephone service, or (b) any unauthorized SIM changes on Plaintiff's AT&T account.

9. The time periods that Plaintiff's mining rigs were consuming power and/or actively mining during March 1, 2018 through the present.

KILPATRICK TOWNSEND 74963801 1

10. Any time periods, during March 1, 2018 to the present, when less than all five hundred (500) of Plaintiff's mining rigs were consuming power and/or actively mining, and the reasons therefor.

11. The termination of any agreement between You and Plaintiff, the timing of that termination, and the reasons you are aware of or that were provided to you for such termination.

12. The mining pool services and any wallet addresses that Plaintiff's mining rigs were configured to make deposits to at any time during 2018-2019 and the time periods of each such configuration.

13. The operational status and configuration of Plaintiff's mining rigs, and any mining parameters utilized or implemented on the rigs during each of the following periods: March – November 2018, November 2018 – February 2019, February 2019 – May 2019, and after May 2019.

14. The location and status of Plaintiff's mining rigs today, and any instructions You've received from Plaintiff regarding the mining rigs since May of 2019.

- 3 -

# EXHIBIT B

## DOCUMENTS TO BE PRODUCED

The following Definitions, Instructions, and Timing and Format Specifications for Production shall apply to the below requests for "Documents To Be Produced":

### Definitions

1.     "You" or "Your" shall mean the Anexio entity listed in the "To:" section of the subpoena to which this Exhibit B is attached.

2.     "Plaintiff" shall mean Jason Williams, an individual resident of North Carolina.

3.     "Anexio Agreements" shall mean each written agreement entered into between You and Plaintiff, including but not limited to any agreement arising out of or Related to Proposal #6906 created for Jason Williams and dated February 26, 2018, and any other agreement Concerning the colocation, hosting, storage, or provision of power, technical support, or any other services Relating to any cryptocurrency mining machines belonging to Plaintiff.

4.     The term "Document" or "Documents" is used in its customary broad sense and shall include, by way of illustration only and not by way of limitation, all Communications (as defined below), all Electronic Communications (as defined below), all Electronically Stored Information (as defined below), all written and graphic matter of every kind and description, whether printed or reproduced by any process, electronically stored, or written and/or produced by hand, whether final draft, original, or reproduction, such as: correspondence, hand-written or typed notes, memoranda of telephone or personal conversations, notices, press releases,

reports, rules, regulations, directives, minutes, records of meetings, inter-office communications, financial statements, ledgers, books, accounts, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, routing slips, time sheets, logs, movies, tapes (or visual or audio reproduction), recordings, drawings, graphs, charts, photographs, purchase orders, electronic media information, data processing paper results, data printouts and computations (both in existence and stored in memory components), transcripts or oral statements or testimony, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, and any and all other data compilations or information resources from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form or material similar to any "document" as used herein. As used herein, the term is to be given the broadest possible meaning that the Federal Rules of Civil Procedure and the Federal Rules of Evidence allow.

5. The term "Communication" shall mean the transmission or exchange of any information, whether written, oral, or by any other means, and includes, but is not limited to, any written Communication, email, text message, instant messaging applications, and messages known as MMS, SMS and 1MS, and shall include any of the above that have been deleted, but that are reasonably available in the ordinary course of business.

6. The terms "Concerning," "Regarding," "Referring to," "Relating to" or "Evidencing" are used in their broadest sense allowed under the Federal Rules of Civil Procedure and shall mean directly or indirectly referring to, alluding to, relating to, pertaining to, connecting with, commenting on, about, regarding, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing,

- 2 -

constituting, embodying and/or demonstrating a stated subject matter, including, but not limited to, the particular category of information or Document requested.

## Instructions

1.      The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

2.      The singular shall be deemed to include the plural, and the plural shall be deemed to include the singular, as necessary to make the request inclusive rather than exclusive.

3.      Each of the words "each," "every," "any" and "all" shall be deemed to include each of the other words.

4.      Any request phrased in the present tense shall be read as if propounded in the past tense and vice versa as necessary to make each request inclusive rather than exclusive.

5.      Each requested Document is to be produced in its original form (or copy where original is not available), together with any copies thereof bearing notations, memoranda, or other written information not contained on the original, and each responsive document is to be produced in its original file, jacket, folder, cover or other container, if available. Each requested Document is to be produced with Bates numbering.

6.      Unless otherwise addressed in these requests, the relevant time period for these Document Requests extends from January 1, 2018 to the present.

### Timing and Format Specifications for Production

You should produce the documents requested below at least ten (10) days before the date of the deposition listed in the subpoena. For Documents that exist in

- 3 -

electronic form (even if they also exist in hard copy), the Documents should be produced, with all associated metadata, in their native format or as Group IV, single-page TIFF images, at 300-date-per-inch, with an Opticon load file and a Concordance/Relativity delimited dataload file (*.DAT). Extracted text of a Document should be delivered on a Document level, and all text for a single Document should be contained within one file. The name of the file should be the first page of the Document. If there is a non-searchable Document and the text cannot be extracted, You should provide Optical Character Recognition text for that Document.

You should confer with the party serving the subpoena if you have any questions about these format specifications.

### Documents To Be Produced

1. All Anexio Agreements with Plaintiff, as well as any addenda, statements of work, master service agreements, or related agreements thereto.

2. All Documents Reflecting a Communication with Plaintiff or anyone on behalf of or Relating to Plaintiff or his cryptocurrency mining machines, including but not limited to Communications with Gemini, Coinbase, Slush Pool, or other third parties, and Communications to or from jasonwilliamseow@gmail.com or jwilliams@prtitech.com.

3. All Documents and Communications Regarding the Anexio Agreements with Plaintiff, including without limitation any Documents or Communications Concerning the negotiation, formation, terms, or performance of same.

4. All Documents and Communications Regarding any requests for service or assistance from Plaintiff, or any services You performed for or provided to

- 4 -

Plaintiff or pursuant to any Anexio Agreement with Plaintiff.

5.      All Documents and Communications Regarding any invoices or requests for payment to Plaintiff or anyone on Plaintiff's behalf.

6.      All Documents and Communications Regarding any payment You received from Plaintiff or on Plaintiff's behalf, the date(s) of such payments, and the reason for the payments or obligation upon which the payment was made.

7.      All Documents Reflecting the status, operations, functionality, performance, or condition of any cryptocurrency mining machine, including any Antminer S9, belonging to Plaintiff, and the timeframe of same.  Without limiting the breadth of the preceding sentence, this request specifically includes any Documents Concerning any period or circumstances when any of Plaintiff's cryptocurrency mining machines were not operational or functioning properly.

8.      All Documents Concerning any mining parameters, scripts, or other configurations implemented on Plaintiff's mining machines during 2018 and 2019.

9.      All Documents and Communications Concerning the commencement or termination of any Anexio Agreement with Plaintiff.

10.     To the extent not encompassed in the foregoing categories, all Documents and Communications during Concerning:  (a) AT&T, or any SIM card change or cybersecurity incident or hacking incident Relating to Plaintiff, or (b) Plaintiff's Slush Pool account, Gemini Account, or any of Plaintiff's other cryptocurrency wallets, exchange accounts, or cryptocurrency mining accounts. This request includes, without limitation, any such Communications to or from Emerson Campos, Bill Rose, Rob Walter, and Jae Kim.

- 5 -

# UNITED STATES DISTRICT COURT

for the

Eastern District of North Carolina

| | |
|---|---|
| JASON WILLIAMS | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  5:19-CV-00475-BO |
| AT&T MOBILITY LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

Anexio Technology Services, Inc.

To:  106 Birkhaven Dr.
Cary, NC 27518

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit A attached.  The deposition will be taken before a duly certified court reporter or other officer authorized to administer oaths and record testimony pursuant to FRCP.

| Place: Kilpatrick Townsend & Stockton LLP<br>4208 Six Forks Road, Suite 1400<br>Raleigh, NC 27609 | Date and Time:<br>09/03/2021 9:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographic and videographic means.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit B attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/09/2021

| *CLERK OF COURT* | |
| OR | |
| _____ | /s/ Joseph S. Dowdy<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  AT&T Mobility LLC
, who issues or requests this subpoena, are:

Joseph S. Dowdy, Kilpatrick Townsend & Stockton LLP, 4208 Six Forks Road, Suite 1400, Raleigh, NC 27609;
jdowdy@kilpatricktownsend.com; (919) 420-1700

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.  5:19-CV-00475-BO

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

#### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

#### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

#### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

#### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**TO**

**SUBPOENA FOR DEPOSITION PURSUANT TO**
**RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**Instructions**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Anexio ("You") are required to confer with the party serving this subpoena and to designate for deposition one or more officers, directors, managing agents, or other persons who consent to testify on your behalf about the matters listed below. You are further requested to identify each individual who has been designated to testify, and the matters as to which he/she will testify, at least three (3) business days before the deposition.

**Definitions**

The following definitions shall apply to the topics listed below:

1.    "You" or "Your" shall mean the Anexio entity listed in the "To:" section of the subpoena to which this Exhibit A is attached.

2.    "Plaintiff" shall mean Jason Williams, an individual resident of North Carolina.

3.    "Anexio Agreements" shall mean each written agreement entered into between You and Plaintiff, including but not limited to any agreement arising out of or Related to Proposal #6906 created for Jason Williams and dated February 26, 2018, and any other agreement Concerning the colocation, hosting, storage, or provision of power, technical support, or any other services Relating to any cryptocurrency mining rig belonging to Plaintiff.

4.    "Rig" or "mining rig" shall mean a machine designed to mine cryptocurrency.

## Topics to be addressed by FRCP 30(b)(6) Witness(es)

1.    The negotiation and formation of any Anexio Agreement concerning any cryptocurrency mining rig belonging to Plaintiff.

2.    The basis and calculation of the prices charged to Plaintiff under any Anexio Agreement.

3.    How You calculate the kwh price to charge to Your customers, and the average kwh price you charged to customers using the same or a similar data center as Plaintiff in February and March of 2018.

4.    The services or assistance You provided to Plaintiff or on Plaintiff's behalf, or that Plaintiff requested You provide or perform during the period January 1, 2018 to the present.

5.    The initial setup and configuration of Plaintiff's mining rigs and the location of the data center where those rigs were located.

6.    Any changes to the configuration, parameters, scripts, or operation of Plaintiff's mining rigs during the period January 1, 2018 to the present, and the reasons for those changes, including who requested them and who performed them.

7.    Your communications with Plaintiff, and any services or assistance You provided, regarding any hacking or security incidents that related to or impacted Plaintiff's mining operation in November 2018 and February 2019.

8.    Any communications, oral or written, You had with Plaintiff regarding: (a) AT&T or Plaintiff's cellular telephone service, or (b) any unauthorized SIM changes on Plaintiff's AT&T account.

9.    The time periods that Plaintiff's mining rigs were consuming power and/or actively mining during March 1, 2018 through the present.

KILPATRICK TOWNSEND 74963801 1

10.    Any time periods, during March 1, 2018 to the present, when less than all five hundred (500) of Plaintiff's mining rigs were consuming power and/or actively mining, and the reasons therefor.

11.    The termination of any agreement between You and Plaintiff, the timing of that termination, and the reasons you are aware of or that were provided to you for such termination.

12.    The mining pool services and any wallet addresses that Plaintiff's mining rigs were configured to make deposits to at any time during 2018-2019 and the time periods of each such configuration.

13.    The operational status and configuration of Plaintiff's mining rigs, and any mining parameters utilized or implemented on the rigs during each of the following periods: March – November 2018, November 2018 – February 2019, February 2019 – May 2019, and after May 2019.

14.    The location and status of Plaintiff's mining rigs today, and any instructions You've received from Plaintiff regarding the mining rigs since May of 2019.

- 3 -

# EXHIBIT B

## DOCUMENTS TO BE PRODUCED

The following Definitions, Instructions, and Timing and Format Specifications for Production shall apply to the below requests for "Documents To Be Produced":

## <u>Definitions</u>

1.      "You" or "Your" shall mean the Anexio entity listed in the "To:" section of the subpoena to which this Exhibit B is attached.

2.      "Plaintiff" shall mean Jason Williams, an individual resident of North Carolina.

3.      "Anexio Agreements" shall mean each written agreement entered into between You and Plaintiff, including but not limited to any agreement arising out of or Related to Proposal #6906 created for Jason Williams and dated February 26, 2018, and any other agreement Concerning the colocation, hosting, storage, or provision of power, technical support, or any other services Relating to any cryptocurrency mining machines belonging to Plaintiff.

4.      The term "Document" or "Documents" is used in its customary broad sense and shall include, by way of illustration only and not by way of limitation, all Communications (as defined below), all Electronic Communications (as defined below), all Electronically Stored Information (as defined below), all written and graphic matter of every kind and description, whether printed or reproduced by any process, electronically stored, or written and/or produced by hand, whether final draft, original, or reproduction, such as: correspondence, hand-written or typed notes, memoranda of telephone or personal conversations, notices, press releases,

KILPATRICK TOWNSEND 74963813 1

reports, rules, regulations, directives, minutes, records of meetings, inter-office communications, financial statements, ledgers, books, accounts, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, routing slips, time sheets, logs, movies, tapes (or visual or audio reproduction), recordings, drawings, graphs, charts, photographs, purchase orders, electronic media information, data processing paper results, data printouts and computations (both in existence and stored in memory components), transcripts or oral statements or testimony, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, and any and all other data compilations or information resources from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form or material similar to any "document" as used herein. As used herein, the term is to be given the broadest possible meaning that the Federal Rules of Civil Procedure and the Federal Rules of Evidence allow.

5. The term "Communication" shall mean the transmission or exchange of any information, whether written, oral, or by any other means, and includes, but is not limited to, any written Communication, email, text message, instant messaging applications, and messages known as MMS, SMS and 1MS, and shall include any of the above that have been deleted, but that are reasonably available in the ordinary course of business.

6. The terms "Concerning," "Regarding," "Referring to," "Relating to" or "Evidencing" are used in their broadest sense allowed under the Federal Rules of Civil Procedure and shall mean directly or indirectly referring to, alluding to, relating to, pertaining to, connecting with, commenting on, about, regarding, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing,

KILPATRICK TOWNSEND 74963813 1

constituting, embodying and/or demonstrating a stated subject matter, including, but not limited to, the particular category of information or Document requested.

## Instructions

1. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

2. The singular shall be deemed to include the plural, and the plural shall be deemed to include the singular, as necessary to make the request inclusive rather than exclusive.

3. Each of the words "each," "every," "any" and "all" shall be deemed to include each of the other words.

4. Any request phrased in the present tense shall be read as if propounded in the past tense and vice versa as necessary to make each request inclusive rather than exclusive.

5. Each requested Document is to be produced in its original form (or copy where original is not available), together with any copies thereof bearing notations, memoranda, or other written information not contained on the original, and each responsive document is to be produced in its original file, jacket, folder, cover or other container, if available. Each requested Document is to be produced with Bates numbering.

6. Unless otherwise addressed in these requests, the relevant time period for these Document Requests extends from January 1, 2018 to the present.

## Timing and Format Specifications for Production

You should produce the documents requested below at least ten (10) days before the date of the deposition listed in the subpoena. For Documents that exist in

- 3 -

electronic form (even if they also exist in hard copy), the Documents should be produced, with all associated metadata, in their native format or as Group IV, single-page TIFF images, at 300-date-per-inch, with an Opticon load file and a Concordance/Relativity delimited dataload file (*.DAT).  Extracted text of a Document should be delivered on a Document level, and all text for a single Document should be contained within one file.  The name of the file should be the first page of the Document.  If there is a non-searchable Document and the text cannot be extracted, You should provide Optical Character Recognition text for that Document.

You should confer with the party serving the subpoena if you have any questions about these format specifications.

## **Documents To Be Produced**

1.    All Anexio Agreements with Plaintiff, as well as any addenda, statements of work, master service agreements, or related agreements thereto.

2.    All Documents Reflecting a Communication with Plaintiff or anyone on behalf of or Relating to Plaintiff or his cryptocurrency mining machines, including but not limited to Communications with Gemini, Coinbase, Slush Pool, or other third parties, and Communications to or from jasonwilliamseow@gmail.com or jwilliams@prtitech.com.

3.    All Documents and Communications Regarding the Anexio Agreements with Plaintiff, including without limitation any Documents or Communications Concerning the negotiation, formation, terms, or performance of same.

4.    All Documents and Communications Regarding any requests for service or assistance from Plaintiff, or any services You performed for or provided to

- 4 -

Plaintiff or pursuant to any Anexio Agreement with Plaintiff.

5.      All Documents and Communications Regarding any invoices or requests for payment to Plaintiff or anyone on Plaintiff's behalf.

6.      All Documents and Communications Regarding any payment You received from Plaintiff or on Plaintiff's behalf, the date(s) of such payments, and the reason for the payments or obligation upon which the payment was made.

7.      All Documents Reflecting the status, operations, functionality, performance, or condition of any cryptocurrency mining machine, including any Antminer S9, belonging to Plaintiff, and the timeframe of same. Without limiting the breadth of the preceding sentence, this request specifically includes any Documents Concerning any period or circumstances when any of Plaintiff's cryptocurrency mining machines were not operational or functioning properly.

8.      All Documents Concerning any mining parameters, scripts, or other configurations implemented on Plaintiff's mining machines during 2018 and 2019.

9.      All Documents and Communications Concerning the commencement or termination of any Anexio Agreement with Plaintiff.

10.     To the extent not encompassed in the foregoing categories, all Documents and Communications during Concerning: (a) AT&T, or any SIM card change or cybersecurity incident or hacking incident Relating to Plaintiff, or (b) Plaintiff's Slush Pool account, Gemini Account, or any of Plaintiff's other cryptocurrency wallets, exchange accounts, or cryptocurrency mining accounts. This request includes, without limitation, any such Communications to or from Emerson Campos, Bill Rose, Rob Walter, and Jae Kim.

KILPATRICK TOWNSEND 74963813 1