# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JASON WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY LLC,<br><br>    Defendant. | Case No. 5:19-cv-00475-BO<br><br>**DEFENDANT AT&T MOBILITY LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JASON WILLIAMS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.1 and 34.1 of the Local Rules for the Eastern District of North Carolina, Defendant AT&T Mobility LLC ("AT&T"), acting by and through its undersigned counsel, hereby requests that Plaintiff Jason Williams respond in writing and produce the documents requested below at the offices of Kilpatrick Townsend & Stockton LLP, 4208 Six Forks Road, Suite 1400, Raleigh, NC 27609.

## DEFINITIONS

1. The term "You," "Your," or "Plaintiff" shall mean Plaintiff Jason Williams.

2. The term "Complaint" shall mean and refer to the Complaint filed by Plaintiff in this action dated October 24, 2019, and any amendments and/or corrections thereto.

3. The term "Action" shall mean and refer to the above-captioned proceeding.

4. The term "Password" means any username, user ID, password, passcode, keys (public or private), personal identification numbers ("PINs"), backup code or recovery seed for App 2FA or TOTP, or other authentication mechanism or credential capable of being used to gain access to an Account or information.

5. The term "Account" means any website, application, computer system or software you are able to access by virtue of providing Passwords or other authentication credentials, including but not limited to email, cloud storage, financial services, Password managers, cryptocurrency exchanges and cryptocurrency wallets.

6. The term "Security Measure" refers to security features or steps utilized to prevent unauthorized access to or activity within Accounts, including but not limited to challenge questions, SMS two-factor authentication ("SMS 2FA"), email two-factor authentication either through a passcode or link sent to your registered email on the Account ("Email 2FA"), application-based two-factor authentication ("App 2FA") such as Google Authenticator or Authy (also referred to as time-expiring one time PINs, or "TOTP"), and wallet whitelisting.

7. The term "Personal Information" means personal identifying information, including but not limited to names, addresses, phone numbers, Social Security numbers, or government identification numbers.

8. The term "SIM Changes" shall mean and refer to the alleged SIM Changes described in and referred to in Paragraphs 37 through 81 of the Complaint, each a "SIM Change."

2

9. The term "Document" or "Documents" is used in its customary broad sense and shall include, by way of illustration only and not by way of limitation, all Communications (as defined below), all Electronic Communications (as defined below), all Electronically Stored Information (as defined below), all written and graphic matter of every kind and description, whether printed or reproduced by any process, electronically stored, or written and/or produced by hand, whether final draft, original, or reproduction, such as: correspondence, hand-written or typed notes, memoranda of telephone or personal conversations, notices, press releases, reports, rules, regulations, directives, minutes, records of meetings, inter-office communications, financial statements, ledgers, books, accounts, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, routing slips, time sheets, logs, movies, tapes (or visual or audio reproduction), recordings, drawings, graphs, charts, photographs, purchase orders, electronic media information, data processing paper results, data printouts and computations (both in existence and stored in memory components), transcripts or oral statements or testimony, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, and any and all other data compilations or information resources from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form or material similar to any "document" as used herein. As used herein, the term is to be given the broadest possible meaning that the Federal Rules of Civil Procedure and the Federal Rules of Evidence allow.

10. The term "Electronically Stored Information" is defined to be synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

11. The term "Communication" shall mean the transmission or exchange of any information, whether written, oral, or by any other means, and includes, but is not limited to, any Electronic Communication (as defined below) and any Documents which abstract, digest, transcribe, or record any such Communication.

12. The term "Electronic Communication" shall mean any Communication created, modified, stored, sent, or received electronically, digitally, via e-mail, computer, telephone, cellular phone, digital phone and/or personal digital assistant (PDA), and shall include, but not be limited to, e-mail, text messages, and messages known as MMS, SMS and 1MS, and shall include any of the above that have been deleted, but that are reasonably available in the ordinary course of business.

13. The term "Person" means any natural person, group of persons, or any business, legal, or governmental entity or association.

14. The terms "Concerning," "Regarding," "Referring to," "Relating to" or "Evidencing" are used in their broadest sense allowed under the Federal Rules of Civil Procedure and shall mean directly or indirectly referring to, alluding to, relating to, pertaining to, connecting with, commenting on, about, regarding, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing,

constituting, embodying and/or demonstrating a stated subject matter, including, but not limited to, the particular category of information or Document requested.

15. All other undefined terms shall have the meaning found at http://www.merriam-webster.com, consistent with the context in which such terms are used.

## INSTRUCTIONS

1. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

2. The singular shall be deemed to include the plural, and the plural shall be deemed to include the singular, as necessary to make the request inclusive rather than exclusive.

3. Each of the words "each," "every," "any" and "all" shall be deemed to include each of the other words.

4. Any request phrased in the present tense shall be read as if propounded in the past tense and vice versa as necessary to make each request inclusive rather than exclusive.

5. Requests that cannot be responded to in full shall be answered as completely as possible, and incomplete responses shall be accompanied by an explanation of the reasons for the incompleteness of the response as well as by a statement of whatever knowledge, information, or belief You possess with respect to each incompletely answered request. If You object to or otherwise decline to answer

5

any portion of any request, provide all information called for by that portion of the request to which You do not object or which You do not decline to answer.

6. If You object to any request on the basis of attorney-client privilege, work-product doctrine, or confidentiality, then provide a general description of the type of information withheld sufficient to enable Plaintiff and the Court to assess the applicability of the asserted privilege or protection. If You claim privilege or confidentiality as to any Document sought by or responsive to these requests, state the general subject matter of the Document, the date the information or Document was transmitted or prepared, each Person having knowledge of the Document (and, as applicable, its author, signer, and each Person to whom a copy was directed), and the nature of the privilege, confidentiality, or other legal basis for it being withheld from production.

7. Unless otherwise addressed by the parties' electronic discovery protocol, each responsive Document is to be produced in its original form (or copy where original is not available), together with any copies thereof bearing notations, memoranda, or other written information not contained on the original, and each responsive document is to be produced in its original file, jacket, folder, cover or other container, if available. For all non-electronically stored information, an accurate copy of any Document may be attached to the response of these requests in lieu of the production described in this paragraph. In the event you attach a copy of a Document, identify to which request the Document is responsive.

6

Case 5:19-cv-00475-BO     Document 85-7     Filed 09/16/21     Page 7 of 18

8. Unless otherwise addressed in these requests, the relevant time period for these Document Requests extends from the date Mr. Williams became an AT&T customer until the present.

9. These Document Requests are continuing. Your responses to these requests shall be supplemented as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

1. Produce all documents identified or requested to be identified in response to, or containing information responsive to, any interrogatory served on you in this Action.

**RESPONSE:**


2. Produce all documents that are referenced or quoted in the Complaint.

**RESPONSE:**


3. Produce all documents identified in Plaintiff's Rule 26(a)(1) disclosures.

**RESPONSE:**


4. Produce any statements which you or your attorneys have from any employee, agent, or representative of AT&T.

**RESPONSE:**

5. Produce all documents relating to communications between Plaintiff and AT&T (including AT&T's employees, agents, and representatives) concerning the SIM Changes, or the security or protection of your AT&T Account, Personal Information, or CPNI.

**RESPONSE:**


6. Produce all documents related to the SIM Changes, including documents evidencing any transfer of cryptocurrency or losses you allege in connection with the SIM Changes.

**RESPONSE:**


7. For each Account that was accessed without authorization, attempted to be accessed without authorization, or had any settings changed without authorization following any SIM Change, produce all documents evidencing or relating to such unauthorized access, attempted access, or settings changes, including but not limited to any alerts or notifications, Account activity logs, and IP address access logs.

**RESPONSE:**

8.      For each cryptocurrency wallet or exchange Account you have created or maintained, produce a copy of all instructions and warnings related to Account security that you received, were referred to, or were made available to you during your creation or maintenance of same.

**RESPONSE:**


9.      Produce all documents evidencing your entitlement to or ownership of the cryptocurrency you alleged was stolen following any SIM Change, including but not limited to documents establishing your ownership of the wallet or exchange Account where the cryptocurrency was held, and establishing the dates of acquisition of each type of cryptocurrency at issue and the method of acquisition.

**RESPONSE**:


10.     For each Account that was compromised following any SIM Change, produce all documents stored in or accessible through that account that, at the time of any SIM Change, contained information related to any Password.

**RESPONSE**:


11.     For each Account that was compromised following any SIM Change, produce all documents stored in or accessible through that account that, at the time of any SIM Change, contained "sensitive [and/or] confidential personal, legal,

9

[and/or] business information," as referenced in Paragraph 83 and elsewhere in the Complaint.

**RESPONSE**:

12. Produce all documents provided to or received from any law enforcement agency, including but not limited to, the FBI, state, or local law enforcement, regarding the SIM Changes.

**RESPONSE**:

13. Produce all documents evidencing that you were the target or victim of identity theft, hacking, phishing attack, SIM change fraud, cryptocurrency theft, extortion, threats, or any other security breach or incident, other than the SIM Changes themselves.

**RESPONSE**:

14. Produce all documents evidencing actions you have taken to maintain adequate cybersecurity, including but not limited to maintaining strong Passwords, changing Passwords, not reusing Passwords, using two-factor authentication, using a Password manager, use of encryption, proper Password storage, and use of antivirus or other security software for all of your Accounts referenced or related to allegations in the Complaint, including but not limited to your AT&T, Gmail,

Twitter, Instagram, DropBox, Google Drive, LinkedIn, HitBTC, Coinbase, Gemini, First Citizens Bank, and Slush Pool Accounts.

**RESPONSE**:


15. Produce copies of all materials, instructions, and publications you reviewed prior to February 6, 2019 regarding how to properly secure Accounts, or properly safeguard cryptocurrency wallets or exchange Accounts.

**RESPONSE:**


16. To the extent not produced in response to other requests, produce all documents containing or relating to Passwords or Security Measures associated with any Accounts that were accessed without authorization following any SIM Change, including but not limited to your AT&T, Gmail, Twitter, Instagram, DropBox, Google Drive, LinkedIn, HitBTC, Coinbase, Gemini, and Slush Pool Accounts, and any other wireless telephone Account held by you.

**RESPONSE**:

17. Produce copies of all Account activity logs and transaction records for your Slush Pool, Gemini, HitBTC, and Coinbase Accounts since inception of the Account through the present, including but not limited to records of all deposits, transfers, trades, withdrawals, mining rewards, changes to any Account setting, wallet address changes, and logs of IP address access to the Account.

**RESPONSE**:

18. Produce records evidencing your ownership and purchase of, and price paid for, the mining equipment and hardware in which you allege you invested in connection with your Slush Pool or cryptocurrency mining operations.

**RESPONSE:**

19. Produce all documents evidencing or relating to actions you took following any SIM Change to alter the security of any of your Accounts (including, without limitation, by changing Passwords or Security Measures utilized, or changing the manner in which you stored records of Passwords).

**RESPONSE:**

20. Produce all documents evidencing that any of your CPNI that you allege AT&T improperly disclosed was used to enable unauthorized access to any of your Accounts.

**RESPONSE:**

21. For each false statement or misrepresentation you allege AT&T made to you, produce all documents referencing, containing, or evidencing the false statement or misrepresentation.

**RESPONSE:**


22. For each of your Gmail, HitBTC, Coinbase, Gemini, Slush Pool, LinkedIn, Twitter, Instagram, and First Citizens Bank Accounts, produce all documents evidencing or otherwise relating to the manner, information, processes, and means utilized by any person to access the Account without authorization following any SIM Change, including but not limited to documents related to how the person obtained, satisfied, or bypassed any Password or Security Measure for the Account.

**RESPONSE:**


23. Produce all documents relating to the market value, as of February 2019, of each item of equipment or hardware in which you had invested prior to February 2019 for the purpose of mining Bitcoin.

**RESPONSE:**


24. To the extent not otherwise produced, produce all documents supporting or evidencing your allegations in the following paragraphs of the Complaint: 5, 8, 9, 20, 32, 33, 34, 39, 40-45, 48, 49, 52, 55, 60, 61, 65, 69, 70, 71, 73, 76, 77, 79, 82-90, 97,

103, 108, 110, 111, 113, 117, 122-138, 140, 147, 150, 155, 157, 160, 162, 163, 167, 170, 176, 177, 183, 186, 202, and 210.

**RESPONSE:**

25. To the extent not otherwise produced, produce all documents concerning the issues raised by, or allegations stated in, the Complaint.

**RESPONSE:**

26. To the extent not otherwise produced, produce all documents supporting or evidencing any injury, damage, or loss you assert in this Action, or that you rely upon in support of your calculation of alleged damages.

**RESPONSE:**

27. To the extent not otherwise produced, produce all documents supporting or evidencing your inability to mine Bitcoin after February 2019.

**RESPONSE:**

28. To the extent not otherwise produced, produce all documents that you intend to introduce at the trial of this Action.

**RESPONSE:**

29. To the extent not otherwise produced, produce all communications between Plaintiff and AT&T, its employees, agents, or representatives, concerning any of your allegations in the Complaint.

**RESPONSE**:


30. To the extent not otherwise produced, produce all documents relating to communications between you and any third party regarding your claims against AT&T in the Complaint.

**RESPONSE**:


31. To the extent not otherwise produced, produce all documents that you maintain support any claim that you have suffered damages as a result of any actions or omissions by AT&T.

**RESPONSE:**

15

Case 5:19-cv-00475-BO   Document 85-7   Filed 09/16/21   Page 16 of 18

KILPATRICK TOWNSEND & STOCKTON LLP

*signature: Joseph S. Dowdy*
_____
Joseph S. Dowdy (N.C. State Bar No. 31941)
Phillip A. Harris, Jr. (N.C. State Bar No. 39740)
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com
       pharris@kilpatricktownsend.com

Michael Breslin
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

16
Case 5:19-cv-00475-BO    Document 85-7    Filed 09/16/21    Page 17 of 18

# CERTIFICATE OF SERVICE

I hereby certify that on date set out below, I served a true copy of the foregoing **DEFENDANT AT&T MOBILITY LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** by electronic mail, pursuant to the agreement of counsel for all parties, to all counsel of record and additional persons listed below:

| | |
|---|---|
| Terence S. Reynolds<br>treynolds@shumaker.com<br>Lucas D. Garber<br>lgarber@shumaker.com<br>SHUMAKER LOOP & KENDRICK LLP<br>101 South Tyron Street<br>Suite 2200<br>Charlotte, North Carolina 28280<br><br>*Local Civil Rule 83.1(d) Counsel for Plaintiff Jason Williams* | Christopher LaVigne<br>Christopher.LaVigne@withersworldwide.com<br>Joe Gallo<br>Joseph.Gallo@withersworldwide.com<br>WITHERS BERGMAN LLP<br>430 Park Avenue, 10th Floor<br>New York, NY 10022<br><br>*Counsel for Plaintiff Jason Williams*<br><br>And to:<br><br>Lalindar.Sanichar@witherworldwide.com<br>Laura.Gosheff@withersworldwide.com |

This the 22nd day of May, 2020.

_____
Joseph S. Dowdy

17

Case 5:19-cv-00475-BO  Document 85-7  Filed 09/16/21  Page 18 of 18