IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

JASON WILLIAMS,

    Plaintiff,

vs.

AT&T MOBILITY LLC,

    Defendant.

Case No. 5:19-cv-00475-BO

**MEMORANDUM IN SUPPORT OF AT&T MOBILITY LLC'S MOTION FOR ORDER OF CONTEMPT AND TO ENFORCE SUBPOENAS ON <u>NON-PARTY ANEXIO ENTITIES</u>**

## I. Introduction

Plaintiff Jason Williams initiated this lawsuit in October 2019, claiming that unauthorized SIM swaps on his AT&T account in February 2019 "destroyed" his cryptocurrency mining business. The key allegation underpinning the approximately $2,000,000 in damages he seeks in this case is that a SIM swap on February 6, 2019 left Mr. Williams "no choice but to shut down his mining rigs" and he therefore "lost the ability to mine bitcoin after February 2019." Doc. 2 ("Compl.") ¶¶ 76-77.

Documents recently obtained from third-party Gemini[1] establish those allegations were entirely fabricated, and that Mr. Williams resumed his cryptocurrency mining on February 9, 2019 — *the day after* the last SIM swap (Feb. 8, 2019) that he alleges on his AT&T account. Compl. ¶ 78. Mr. Williams then continued mining bitcoin — uninterrupted and at the same rate as before the SIM swaps — into at least May 2019, months after any of the SIM swaps or hacking incidents he alleges in his complaint.

Mr. Williams continued his mining operation after the SIM swaps by creating a second account with a cryptocurrency mining service called "Slush Pool" (a fact Mr. Williams did not disclose in discovery), and with the help of third-party Anexio. Anexio provides data center services and, per its filings with the North Carolina Secretary of State, maintains principal offices in Cary, North Carolina and registered offices in Raleigh, North Carolina. Mr. Williams' discovery responses indicate Anexio is the entity he paid to host and maintain his mining rigs in one of its data centers.

It appears likely that Mr. Williams has an ownership interest or position of authority in Anexio. A press release from March 2018 – one month *after* the last SIM swap

---

[1] Gemini is a cryptocurrency wallet service and is the platform where Mr. Williams maintained the wallets into which he deposited the bitcoin proceeds from his mining operation. These are the same third-party documents Mr. Williams refused to obtain for AT&T and AT&T requested an order compelling him to do so, which this Court granted in April [Doc. 70 at 3-4.]

— states Anexio merged with "Standard American Mining," one of Mr. Williams' cryptocurrency mining enterprises, to scale up their collective cryptocurrency mining efforts. September 16, 2021 Declaration of Michael Breslin ("Breslin Decl.") at ¶ 3 & Ex. A. Mr. Williams is quoted in the press release, stating that the merger allowed the cryptocurrency mining operation to "essentially go[] from high school straight to the pros." *Id.*

AT&T has served discovery on Mr. Williams requesting his documents and communications with Anexio concerning his cryptocurrency mining operation. Beyond producing a three-page agreement he signed with Anexio, Mr. Williams claims he has been unable to obtain further Anexio documents.[2] The recently-obtained Gemini documents, however, reveal a multi-day string of email communications in February 2019 between Mr. Williams' prtitech.com[3] email address and third-parties Anexio, Gemini, and Slush Pool — all of which discuss the SIM swaps or Mr. Williams' efforts to resume his mining operation after the SIM swaps had ceased.

Although Mr. Williams produced a limited (and apparently curated) selection of emails from that same prtitech.com email account dated February 6, 12, 15 and 20, 2021, he produced none of the February 2021 emails with Anexio and other third-parties that are shown in the Gemini production and which indicate the SIM swaps did not cause the demise of his mining operation. Earlier, when AT&T requested updates in December 2020 and February 2021 as to whether Mr. Williams' had identified any additional responsive documents, AT&T was told that Mr. Williams had conducted "numerous searches" of his

---

[2]  The 75 pages of materials Mr. Williams has produced do not contain any communications with Anexio, records of payments to, invoices from, or services provided by Anexio, or any records from Anexio regarding the operation of his mining rigs. In large part, Mr. Williams has claimed he is unable to access or produce many of these records.

[3]  PRTI, Inc. is another company Mr. Williams operates. He is listed as its Executive Chairman on www.prtitech.com/about-us/.

electronic accounts — including searches for records of the fees he paid Anexio — and had produced all responsive documents he located. Breslin Decl. at ¶ 4 & Ex. B pp. 1, 3, 8.

Because AT&T has been unable to obtain this discovery from Mr. Williams, AT&T issued subpoenas for a deposition *duces tecum* to the Anexio entities to obtain these and other relevant documents, and to finally get a clear answer on when Mr. Williams voluntarily shut down his mining operation and why he did so. Although AT&T's counsel was able to make initial contact with Anexio after the subpoenas were served, Anexio ceased responding to his messages and thereafter did not comply with or respond to any of the subpoenas. Breslin Decl. ¶¶ 14-18.

## II. Factual Background

There are four Anexio entities listed on the North Carolina Secretary of State's website: Anexio Technology Services, Inc., Anexio Data Centers West, LLC, Anexio Data Centers, LLC, and Anexio Managed Services, LLC. The agreement Mr. Williams produced with Anexio does not specify with which Anexio entity he contracted. Breslin Decl. ¶ 5. Thus, AT&T issued identical subpoenas to all four entities on July 14, 2021, with a compliance date of August 11, 2021. Breslin Decl. ¶ 6 & Ex. C. The subpoenas to Anexio Technology Services, Inc. and Anexio Data Centers West, LLC were returned because their registered agent information on the Secretary of State's website was incorrect. *Id.* at ¶ 7. The subpoenas to Anexio Data Centers, LLC and Anexio Managed Services, LLC were properly served on July 14, 2021, but neither entity responded to the subpoenas. Breslin Decl. ¶¶ 8-9.

On August 9, 2021, AT&T re-issued the subpoena to Anexio Technology Services, Inc., this time for service at its principal office, and issued an identical subpoena to Anexio, Inc., a Florida corporation that, upon information and belief, is the parent or affiliate of the other Anexio entities. Breslin Decl. ¶ 10 & Ex. D. Those subpoenas had a compliance date

of September 3, 2021. *Id.* Despite multiple attempts, no one was present at Anexio

Technology Services, Inc.'s principal office address to accept service. *Id.* at ¶ 11. The

subpoena to Anexio, Inc., however, was properly served on August 11, 2021. *Id.* at ¶ 12. On

August 9 and 18, 2021, AT&T filed affidavits of service for the three Anexio entities that

were properly served: Anexio Data Centers, LLC, Anexio Managed Services, LLC, and

Anexio, Inc. [Docs. 81-83].

Between August 9, 2021 and August 26, 2021, counsel for AT&T made numerous

attempts to confer with Anexio to discuss the pending subpoenas. Breslin Decl. ¶¶ 14-18 &

Ex. E. On one occasion, counsel for AT&T spoke with a Mr. Tony Pompliano who claimed to

be the CEO of Anexio, and AT&T's counsel advised Mr. Pompliano that AT&T would work

with Anexio to minimize the burden of complying with the subpoenas and that they should

schedule a time to discuss the logistics for Anexio's compliance, which would include a

single Rule 30(b)(6) deposition *duces tecum* of Anexio. Breslin Decl. ¶ 17. Thereafter,

Anexio ceased responding to AT&T's messages and ultimately did not respond to any of the

subpoenas.

### III. <u>Argument</u>

**A. The Court should compel Anexio's compliance with the subpoenas.**

    **1. The subpoenas seek relevant information to which AT&T is entitled.**

AT&T is entitled to information that is relevant to the claims at issue in this

dispute. Fed. R. Civ. P. 26(b) & 34 (setting standards). AT&T may seek this information

from non-parties such as the Anexio entities through a Rule 45 subpoena. Under Rule 45, a

subpoena may command production of documents and attendance at a deposition. Fed. R.

Civ. P. 45(a)(1)(B), 45(a)(1)(D).

Here, Mr. Williams alleges he suffered damages over $2,000,000 as a result of the

SIM swaps, nearly all of which are based on his allegation that, because of the SIM swaps,

he "lost the ability to mine bitcoin after February 2019." See Compl. at ¶¶ 76-77; 90. Since May 2020, AT&T has attempted to obtain from Mr. Williams materials evidencing the duration and details of his mining operation, including records of his transactions and communications with Anexio. *See* Breslin Decl. ¶ 21, Ex. F at RFP 26 (requesting, *inter alia*, records of payments to Anexio claimed as "costs" damages [Compl. ¶ 90]); *id.* at RFP 30 (requesting communications with third parties such as Anexio relating to Mr. Williams' claims). Mr. Williams' counsel represented that he is unable to produce the majority of these documents. *See* Breslin Decl. Ex. B at 3 ("[Mr. Williams] believes additional responsive information may have been stored in [his] Gmail account, which he has lost access to because of the SIM swaps").

As the entity housing, running, and maintaining Mr. Williams' mining rigs, Anexio has direct knowledge of when the rigs were running, when they were not and why, and when and why (if ever) they were shut down at Mr. Williams' direction. As evidenced by the Gemini documents, Anexio also has records of numerous communications with Mr. Williams bearing on the veracity of his allegations and the merits of his damages claims. The subpoenas seek the production of such records and communications, and the designation of a representative pursuant to Fed. R. Civ. P. 30(b)(6) to testify on Anexio's behalf regarding these issues. *See* Breslin Decl. Exs. C & D (Exhibits A and B to subpoenas list deposition topics and document requests). Accordingly, the information AT&T seeks through the subpoenas is relevant and within the scope of discovery. Fed. R. Civ. P. 26(b)(1); *see U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Virginia, LLC*, No. 5:13-CV-00527-F, 2016 WL 10542367 at *2 (E.D.N.C. Apr. 22, 2016) (noting that Rule 45 adopts Rule 26's standard for discoverable information).

Further, this discovery bears directly on the veracity of Mr. Williams' principal allegation as to why AT&T is liable for the supposed loss of his mining operation, and is

therefore proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) (proportionality involves considering "the importance of the issues at stake in the action"). And because Mr. Williams has failed or refused to produce this information in discovery, AT&T's attempt to obtain this information from Anexio is neither duplicative nor for purposes of harassment.

### 2. Anexio has failed without adequate excuse to comply with the subpoenas.

The subpoenas were properly served and each gave Anexio more than three weeks for compliance. AT&T made numerous efforts to confer with Anexio to minimize any burden in complying with the subpoenas. Anexio has not communicated (either verbally or in writing) any challenge to the subpoenas or any reason or excuse why Anexio could not comply. Breslin Decl. ¶ 19; *see* Fed. R. Civ. P. 45(g) (court may hold a person in contempt who "fails without adequate excuse to obey a subpoena").

### 3. The Court is authorized to and should compel Anexio's compliance with the subpoenas.

The subpoenas call for Anexio's compliance in the undersigned's offices in Raleigh, North Carolina. Breslin Decl. Exs. C & D. Upon information and belief, Anexio's operations relevant to this dispute are headquartered in Raleigh or Cary, North Carolina,[4] and all the documents and knowledge responsive to AT&T's subpoenas reside in Anexio's offices or with Anexio's employees located in Raleigh or Cary, North Carolina. Accordingly, the Court has power to compel Anexio's compliance. Fed. R. Civ. P. 45(c) (subpoena may command compliance "within 100 miles of where [Anexio] resides, is employed, or regularly transacts business in person"); Fed. R. Civ. P. 37(a)(3)(B)(i)-(ii) (court may compel a "deponent" or

---

[4] The North Carolina Secretary of State's records indicate all four of the North Carolina Anexio entities have a principal office at 106 Birkhaven Dr., Cary, NC 27518, and that three of them have a registered office at 176 Mine Lake Ct. #100, Raleigh, NC 27615. Anexio's website, www.anexio.com, lists Anexio's location as 5 West Hargett St., 11th Floor, Raleigh, NC 27601.

- 6 -

Case 5:19-cv-00475-BO   Document 86   Filed 09/16/21   Page 7 of 10

"corporation or other entity" to answer questions or designate a representative under Rule 30(b)(6)).

Further, AT&T needs the requested information to conduct its defense. The Gemini documents reflect communications with Anexio that contradict Mr. Williams' allegation of a causal link between AT&T and the supposed shuttering of his mining operation. Throughout discovery, Mr. Williams claimed he is unable to provide much of the information AT&T sought about his mining operation. Now, in AT&T's effort to obtain that information from third-party Anexio — a company with apparent strong ties to Mr. Williams — AT&T is again being forced to compel discovery compliance.

**B. The Court should award AT&T its fees incurred in bringing this motion.**

Rule 37(a)(5) mandates an award of attorney's fees against a "deponent," such as Anexio, "whose conduct necessitated the motion [to compel]," unless one of the circumstances under Rule 37(a)(5)(i)-(iii) exists.[5] None of those circumstances exist here. Because it appears Anexio's refusal to comply was unjustified, and possibly willful, AT&T requests an order awarding its reasonable attorney's fees and costs incurred in connection with this motion, and for other relief the Court deems appropriate. *See In re Gen. Motor Corp.*, 61 F.3d 256, 259 (4th Cir. 1995) ("The appropriate remedy for civil contempt is within the court's broad discretion"); *Sharpe v. Prince George's County Government*, 2019 WL 4141024, at *2-3 (D. Md. Aug. 30, 2019) (awarding attorney's fees as remedy for civil contempt following non-compliance with a valid subpoena).

---

[5] Those circumstances are (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action; (ii) the responding party's non-compliance was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

## IV. Conclusion

For the foregoing reasons, AT&T respectfully requests that the Court grant its motion to enforce the subpoenas and compel the Anexio entities to comply therewith, and for entry of appropriate sanctions.

Respectfully submitted this 16th day of September, 2021.

/s/ Joseph S. Dowdy
Joseph S. Dowdy (N.C. State Bar No. 31941)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Michael Breslin
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this Memorandum complies with the word limit set by U.S. District Court for the Eastern District of North Carolina Local Civil Rule 7.2(f)(3). The Memorandum contains 2,306 words.

/s/ Joseph S. Dowdy
Joseph S. Dowdy

## CERTIFICATE OF SERVICE

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

SHUMAKER LOOP & KENDRICK LLP
Terence S. Reynolds
treynolds@shumaker.com
Lucas D. Garber
lgarber@shumaker.com
101 South Tyron Street
Suite 2200
Charlotte, North Carolina 28280
*Counsel for Plaintiff Jason Williams*

WITHERS BERGMAN LLP
Christopher LaVigne
christopher.lavigne@withersworldwide.com
430 Park Avenue, 10th Floor
New York, New York 10022-3505

*Counsel for Plaintiff Jason Williams*

I further certify that I have emailed a copy of the foregoing to an Anexio representative, Jason Long (jlong@anexio.com), and to Anexio's "contact us" email (info@anexio.com); and have dispatched a process server to serve the foregoing on Paracorp Incorporated, 176 Mine Lake Ct. #100, Raleigh, NC 27615, which is the registered agent of Anexio Data Centers, LLC and Anexio Managed Services, LLC, and upon Paracorp Incorporated, 155 Office Plaza Drive, 1st Floor, Tallahassee, FL 32301, which is the registered agent of Anexio, Inc.

This the 16th day of September, 2021.

/s/ Joseph Dowdy
Joseph S. Dowdy