IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JASON WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY LLC,<br><br>    Defendant. | Case No. 5:19-cv-00475-BO |

**DECLARATION OF MICHAEL J. BRESLIN IN SUPPORT OF
AT&T MOBILITY LLC'S MOTION FOR CIVIL CONTEMPT AGAINST
NON-PARTIES ANEXIO DATA CENTERS, LLC AND ANEXIO MANAGED
SERVICES, LLC**

The undersigned, Michael J. Breslin, hereby declares as follows:

1. I am over the age of 18 and under no legal disability that prevents me from providing this affidavit. Along with Mr. Dowdy, I am counsel for Defendant AT&T Mobility LLC ("AT&T") in the above-referenced action, and I have entered a special appearance in this matter [Doc. 38]. I am admitted to practice law in the State of Georgia and a partner at the law firm of Kilpatrick Townsend & Stockton LLP. I have personal knowledge of the facts set forth herein.

2. I submit this Declaration in support of AT&T's Motion for Civil Contempt Against Non-Parties Anexio Data Centers, LLC and Anexio Managed Services, LLC ("Motion").

3. AT&T served a copy of the October 12, 2021 Order granting in part AT&T's Motion for Order of Contempt and to Enforce Subpoenas on Non-Party Anexio Entities on Anexio, by emailing it to Jason Long, Anexio's Senior Account Manager and the Anexio representative with whom I primarily communicated regarding the subpoenas. Attached hereto as **Exhibit A** is a true and correct copy of the October 12, 2021 email to Mr. Long.

4. On November 8, 2021, Anexio's CEO, Tony Pompliano, emailed me stating he had received and reviewed the October 12, 2021 Order. Attached hereto as **Exhibit B** is a true and correct copy of or Mr. Pompliano's November 8, 2021 email.

5. During a telephone conference on November 12, 2021 I had with Tony Pompliano (Anexio's CEO) and Jason Long (Anexio's Senior Account Executive), I advised Messrs. Pompliano and Long that Anexio was in violation of the Court's Order and asked whether Anexio intended to provide the documents and testimony at issue. Anexio stated it intended to comply and was working to collect the materials it was ordered to produce.

6. That same day, I created an FTP portal for Anexio to upload the document production and sent the portal information to Messrs. Pompliano and Long. Attached hereto as **Exhibit C** is a true and correct copy of the November 12, 2021 email to Messrs. Pompliano and Long.

7. A few days later, on November 16, 2021, Mr. Long sent an email to me stating he would do his best to produce Anexio's documents by November 24, 2021. Attached hereto as **Exhibit D** is a true and correct copy of Mr. Long's November 16, 2021 email.

8. On November 23, 2021, no documents had been uploaded to the portal, and I emailed Anexio to inquire if Anexio still planned to produce documents by November 24. Mr. Long responded the next day, stating Anexio would produce the documents "by end of week" (Nov. 26). Attached hereto as **Exhibit E** is a true and correct copy of Mr. Long's November 24, 2021 email.

9. On the following Monday after the Thanksgiving holiday, November 30, 2021, Mr. Long emailed me again, this time stating that Anexio would produce the required documents "no later than December 7, 2021." Attached hereto as **Exhibit F** is a true and correct copy of Mr. Long's November 30, 2021 email.

10. As of the current date, no documents have been produced, no witnesses have been made available, and I have received no further communication from Anexio.

Pursuant to 28 U.S.C. § 1476, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 15, 2021
Atlanta, Georgia

By: _____
Michael J. Breslin