# EXHIBIT C

| | |
|---|---|
| **From:** | Breslin, Mike |
| **Sent:** | Friday, November 12, 2021 10:33 AM |
| **To:** | Tony Pompliano; Jason Long |
| **Cc:** | Dowdy, Joe; Griffis, Rebecca |
| **Subject:** | J. Williams v. AT&T - Anexio call re: court order |
| **Attachments:** | 2021-10-12 (Dkt 88) Order Granting in Part, Denying in Part Mtn to Enforce Subpoenas.PDF; 2021-08-09 Depo Subpoena to Anexio Technology Services, Inc..PDF |

Mr. Pompliano / Mr. Long –

Thank you again for the cooperative call today. As I mentioned, Anexio is currently in violation of the Court's Oct. 12, 2021 Order (attached). While AT&T does not desire to seek further remedies from the Court, it will do so if Anexio is unable to promptly cure the violation. AT&T's position is that Anexio must:

1. Ensure a witness will be available and knowledgeable (either through personal knowledge or by educating himself/herself through a review of Anexio's records or interviewing other current/former Anexio employees) to testify regarding the **14 topics** in **Exhibit A** to the subpoena (copy attached); and

2. Produce all documents in Anexio's possession, custody, or control that fall within the **10 document categories** listed in **Exhibit B** to the subpoena.

You've advised me that Mr. Long will be Anexio's principal designee to testify about the 14 topics in Ex. A, and that he will begin collecting and producing the documents responsive to Ex. B.

Mr. Long stated he would email me by **Tuesday Nov. 16** to identify any:
  (i)   Topics in Ex. A that he does not believe he can provide testimony about (either through his own knowledge or by educating himself via reviewing Anexio's records or interviewing other people); and
  (ii)  Document categories in Ex. B that he does not believe Anexio can produce.

Regarding the document production, Mr. Pompliano stated Anexio is willing to produce anything it can locate that is responsive to the document categories and that, to his knowledge, Anexio's records retention policies did not contain any auto-delete processes. I stated AT&T expects all documents to be produced in **roughly 10-14 days**, and we agreed to discuss a firm deadline for Anexio completing its production once I hear from Mr. Long (on or before Nov. 16) regarding what documents Anexio can / cannot quickly locate and produce.

I explained that Anexio should search its records for responsive documents during the period **January 1, 2018 – Dec. 31, 2019**. However, if Anexio identifies documents responsive to any of the 10 categories that fall outside that time period, **those should be produced as well**.

As I mentioned, I will create a **SecureShare portal via our "Kiteworks" system** for Mr. Long to upload responsive documents. I will send Mr. Long his credentials and instructions for doing that today. I've copied my paralegal, **Rebecca Griffis**, on this email and she can assist with any technical issues on using the SecureShare site. Please feel free to email her directly with any questions about that.

Exhibit B to the subpoenas contains a section titled "**Timing and Format Specifications for Production.**" Anexio should upload the documents consistent with those formatting specifications to the extent it is able to do so. If you have questions about any of the formatting requirements, please reach out to me or Rebecca.

Last, you asked me to provide any names of current / former Anexio employees that interacted with the Plaintiff, Jason Williams.  Based on documents I've reviewed, at least the following persons worked with Mr. Williams regarding a specific incident **in February 2019**:

- Emerson Campos
- Bill Rose
- Rob Walter
- Jae Kim

However, Anexio's searches **should not be limited to just these individuals' records**, since it is very likely Mr. Williams interacted with other Anexio employees during the period in question. If you are able to run global searches across all of Anexio's user/email accounts, that should be done.  My understanding is that Mr. Williams communicated with Anexio primarily through his **jasonwilliamseow@gmail.com** and **jwilliams@prtitech.com** email accounts. So at a minimum, Anexio should search for any communications mentioning Mr. Williams, or that were sent to or from those email addresses. If Mr. Williams used any non-email methods of communicating with Anexio (e.g., chat, instant messaging services, Telegraph, WhatsApp, text message, etc.) those should be searched as well. If you have any questions about the scope of your searches or search terms you may use, please do not hesitate to email or call me.

Again, I appreciate your time and your stated willingness to promptly cure the violations of the Court's order. I will be available to answer any questions and try to minimize any disruption to Anexio in this process.

AT&T reserves all rights.

Kind regards,
-Mike



**Michael Breslin**
**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA  30309-4528
office 404 685 6752 | fax 404 541 4749
mbreslin@kilpatricktownsend.com | My Profile | VCard