# EXHIBIT E

| **From:** | Jason Long <JLong@anexio.com> |
|---|---|
| **Sent:** | Wednesday, November 24, 2021 3:49 PM |
| **To:** | Breslin, Mike |
| **Cc:** | Dowdy, Joe; Griffis, Rebecca; Tony Pompliano |
| **Subject:** | Re: J. Williams v. AT&T - Anexio call re: court order |

**CAUTION: External Email**

Mike:

Good afternoon. I am still working on gathering all the requested documents and anything I can find associated with this account. I will send everything over by end of week. Thank you for your understanding and have a great Thanksgiving holiday.

Thank you,

Jason C. Long
Sr. Account Executive
**ANEXIO** | Desktop to Data Center

Direct: 571.418.5296 | Mobile: 703.861.5411

This email and any files transmitted with it are confidential and solely for the use of the intended recipient. If you have received this email in error please delete this email immediately and notify the sender.

> On Nov 23, 2021, at 1:09 PM, Jason Long <JLong@anexio.com> wrote:
>
> Mike:
>
> Good afternoon. I am working on getting everything together to provide all at once.m to you. Thank you for the follow up and I will reach out tomorrow with an update and transfer/uploading of docs to the provided share drive that was sent over to me last week.
>
> Thank you,
>
> Jason C. Long
> Sr. Account Executive
> **ANEXIO** | Desktop to Data Center
>
> Direct: 571.418.5296 | Mobile: 703.861.5411
>
> This email and any files transmitted with it are confidential and solely for the use of the intended recipient. If you have received this email in error please delete this email immediately and notify the sender.

On Nov 23, 2021, at 12:52 PM, Breslin, Mike <mbreslin@kilpatricktownsend.com> wrote:

Jason –

Just checking in on this.  Are you still on track to upload the documents tomorrow?  If not, that is okay, but please provide an update so I can plan accordingly on my end.  Again, if you have any questions please don't hesitate to reach out.

Many thanks,
-Mike

**Michael Breslin**
**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA  30309-4528
office 404 685 6752 | fax 404 541 4749
mbreslin@kilpatricktownsend.com | My Profile | VCard

**From:** Jason Long <JLong@anexio.com>
**Sent:** Tuesday, November 16, 2021 12:29 PM
**To:** Breslin, Mike <mbreslin@kilpatricktownsend.com>
**Cc:** Dowdy, Joe <JDowdy@kilpatricktownsend.com>; Griffis, Rebecca <RGriffis@kilpatricktownsend.com>; Tony Pompliano <Tony@anexio.com>
**Subject:** RE: J. Williams v. AT&T - Anexio call re: court order

Mike:

I will have the documents and emails to you as promised.  Regarding the deposition, as Tony stated on the call I had no part of the negotiations, setup or any evolvement of anything for Jason's company and ANEXIO.  The only information I would be able to provide would be what I read in emails or tickets that I am able to find.  The best people that could answer questions regarding Jason's deployment with ANEXIO would be the Operations Manager, person that negotiated the deal or the techs that supported the initial installation and future work on the HW installed in VA3 (Reston Va.) Data Center.  Those would be the names that are listed in the Subpoena.  As you stated, I will focus on getting  you the requested documents, emails, tickets and invoices and we can go from there.

Thank you,

Jason C. Long
Sr. Account Executive
**ANEXIO** | Desktop to Data Center

Direct: 571.418.5296 | Mobile: 703.861.5411

This email and any files transmitted with it are confidential and solely for the use of the intended recipient.  If you have received this email in error please delete this email immediately and notify the sender.

**From:** Breslin, Mike <mbreslin@kilpatricktownsend.com>
**Sent:** Tuesday, November 16, 2021 12:03 PM
**To:** Jason Long <JLong@anexio.com>
**Cc:** Dowdy, Joe <JDowdy@kilpatricktownsend.com>; Griffis, Rebecca <RGriffis@kilpatricktownsend.com>; Tony Pompliano <Tony@anexio.com>
**Subject:** RE: J. Williams v. AT&T - Anexio call re: court order

Jason,

Thank you for this. I appreciate your efforts and look forward to seeing the documents. Just to be clear, Exhibit A lists topics that one or more persons on behalf of Anexio will need to testify about at a deposition that we will schedule (Tony said in his earlier email that it would be you). The testimony will be that of "Anexio" so it should reflect everything the company knows about these topics. As a practical matter, it will be based on what the person(s) testifying knows or can learn through reviewing the company's records, interviewing other employees, etc. I think you were aware of this (I know we discussed the deposition testimony on our call), but I wanted to make sure given your references to producing documents under Ex. A below.

That said, I think the best plan is for you to produce the documents you are able to find and then we can discuss scheduling the deposition after the holiday.

Thanks and let me know if you have any questions.

Best,
-Mike

**Michael Breslin**
**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA 30309-4528
office 404 685 6752 | fax 404 541 4749
mbreslin@kilpatricktownsend.com | My Profile | VCard

**From:** Jason Long <JLong@anexio.com>
**Sent:** Tuesday, November 16, 2021 10:37 AM
**To:** Breslin, Mike <mbreslin@kilpatricktownsend.com>; Tony Pompliano <Tony@anexio.com>
**Cc:** Dowdy, Joe <JDowdy@kilpatricktownsend.com>; Griffis, Rebecca <RGriffis@kilpatricktownsend.com>
**Subject:** RE: J. Williams v. AT&T - Anexio call re: court order

Mike:

Below, please find answers to question of being able to provide information, documentation related to the Exhibit A and B of the Subpoena provided to ANEXIO.

Exhibit A:

1. Will provide SOF (Service Order Form) and MSA (Master Service Agreement) which customer was billed and worked under as it relates to ANEXIO and JW relationship/business.
2. Refer to SOF which will be provided where JW/Business was charged a MRC (Monthly Recurring Charge) for services provided in DC (Data Center)
3. Formula will be provided
4. Will see if I can find all tickets in Zendesk (ANEXIO Customer Portal) to provide to you for requests made on behalf of JW or company for work done on his HW/Equipment in DC.
5. Will provide Data Center Location in Reston, Virginia and ticket associated with installation of JW HW/Equipment, racks and power for racks.
6. Will see if I can provide tickets
7. Will search and see if I can provide all emails with JW email address or company in email address or subject line that relates to JW's setup/mining operation.
8. See above, response to #7
9. Will provide dates of operations of JW's deployment in DC in Reston VA.
10. Will see if I can provide this information
11. Will discuss with Tony Pompliano if I can provide exact dates or time period requested
12. Will discuss with Tony Pompliano to see if I can provide this information
13. Will discuss with Tony Pompliano to see if I can provide this information
14. Will provide

Exhibit B:

1. Will provide SOF and MSA which JW/Company operated under with ANEXIO
2. Will provide all emails that I can find with JW and company in email address, subject line, and/or body of message
3. See above
4. Will see if I can find all tickets in Zendesk (ANEXIO Customer Portal) to provide to you for requests made on behalf of JW or company for work done on his HW/Equipment in DC.
5. Will see if I can provide all invoices and information as it relates to invoices
6. Will see if I can provide information as it relates to paid in full or not paid for invoices
7. Will provide this information
8. Will see if I can find any information
9. Will provide this information
10. Will provide all emails that I can find with JW and company in email address, subject line, and/or body of message. As well as, ANEXIO employees that are named in question/statement 10 of Exhibit B.

I will start the search process and provide all found information to Access Folder provided by Kilpatrick in email I received on November 12, 2021. I will do my best to have this information to you by November 24, 2021 5 PM ET.

If you have any questions or if I need to provide more detailed information please let me know.

Thank you,

4

Jason C. Long
Sr. Account Executive
**ANEXIO** | Desktop to Data Center

Direct: 571.418.5296 | Mobile: 703.861.5411

This email and any files transmitted with it are confidential and solely for the use of the intended recipient.  If you have received this email in error please delete this email immediately and notify the sender.

---

**From:** Breslin, Mike <mbreslin@kilpatricktownsend.com>
**Sent:** Friday, November 12, 2021 11:33 AM
**To:** Tony Pompliano <Tony@anexio.com>; Jason Long <JLong@anexio.com>
**Cc:** Dowdy, Joe <JDowdy@kilpatricktownsend.com>; Griffis, Rebecca <RGriffis@kilpatricktownsend.com>
**Subject:** J. Williams v. AT&T - Anexio call re: court order

Mr. Pompliano / Mr. Long –

Thank you again for the cooperative call today.  As I mentioned, Anexio is currently in violation of the Court's Oct. 12, 2021 Order (attached).  While AT&T does not desire to seek further remedies from the Court, it will do so if Anexio is unable to promptly cure the violation.  AT&T's position is that Anexio must:

1. Ensure a witness will be available and knowledgeable (either through personal knowledge or by educating himself/herself through a review of Anexio's records or interviewing other current/former Anexio employees) to testify regarding the **14 topics** in **Exhibit A** to the subpoena (copy attached); and

2. Produce all documents in Anexio's possession, custody, or control that fall within the **10 document categories** listed in **Exhibit B** to the subpoena.

You've advised me that Mr. Long will be Anexio's principal designee to testify about the 14 topics in Ex. A, and that he will begin collecting and producing the documents responsive to Ex. B.

Mr. Long stated he would email me by **Tuesday Nov. 16** to identify any:
 (i) Topics in Ex. A that he does not believe he can provide testimony about (either through his own knowledge or by educating himself via reviewing Anexio's records or interviewing other people); and
 (ii) Document categories in Ex. B that he does not believe Anexio can produce.

Regarding the document production, Mr. Pompliano stated Anexio is willing to produce anything it can locate that is responsive to the document categories and that, to his knowledge, Anexio's records retention policies did not contain any auto-delete processes. I stated AT&T expects all documents to be produced in **roughly 10-14 days**, and we agreed to discuss a firm deadline for Anexio completing its production once I

5

hear from Mr. Long (on or before Nov. 16) regarding what documents Anexio can / cannot quickly locate and produce.

I explained that Anexio should search its records for responsive documents during the period **January 1, 2018 – Dec. 31, 2019**. However, if Anexio identifies documents responsive to any of the 10 categories that fall outside that time period, **those should be produced as well**.

As I mentioned, I will create a **SecureShare portal via our "Kiteworks" system** for Mr. Long to upload responsive documents. I will send Mr. Long his credentials and instructions for doing that today. I've copied my paralegal, **Rebecca Griffis**, on this email and she can assist with any technical issues on using the SecureShare site. Please feel free to email her directly with any questions about that.

Exhibit B to the subpoenas contains a section titled "**Timing and Format Specifications for Production.**" Anexio should upload the documents consistent with those formatting specifications to the extent it is able to do so. If you have questions about any of the formatting requirements, please reach out to me or Rebecca.

Last, you asked me to provide any names of current / former Anexio employees that interacted with the Plaintiff, Jason Williams. Based on documents I've reviewed, at least the following persons worked with Mr. Williams regarding a specific incident **in February 2019**:
- Emerson Campos
- Bill Rose
- Rob Walter
- Jae Kim

However, Anexio's searches **should not be limited to just these individuals' records**, since it is very likely Mr. Williams interacted with other Anexio employees during the period in question. If you are able to run global searches across all of Anexio's user/email accounts, that should be done. My understanding is that Mr. Williams communicated with Anexio primarily through his **jasonwilliamseow@gmail.com** and **jwilliams@prtitech.com** email accounts. So at a minimum, Anexio should search for any communications mentioning Mr. Williams, or that were sent to or from those email addresses. If Mr. Williams used any non-email methods of communicating with Anexio (e.g., chat, instant messaging services, Telegraph, WhatsApp, text message, etc.) those should be searched as well. If you have any questions about the scope of your searches or search terms you may use, please do not hesitate to email or call me.

Again, I appreciate your time and your stated willingness to promptly cure the violations of the Court's order. I will be available to answer any questions and try to minimize any disruption to Anexio in this process.

AT&T reserves all rights.

Kind regards,
-Mike



**Michael Breslin**
**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA  30309-4528
office 404 685 6752 | fax 404 541 4749
mbreslin@kilpatricktownsend.com | My Profile | VCard

---

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

---

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.