IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JASON WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY LLC,<br><br>    Defendant. | Case No. 5:19-cv-00475-BO |

**AT&T'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF CIVIL CONTEMPT AGAINST NON-PARTIES ANEXIO DATA CENTERS, LLC AND ANEXIO MANAGED SERVICES, LLC**

## I. Introduction

On October 12, 2021, this Court granted AT&T's motion to enforce valid subpoenas AT&T properly served on non-parties Anexio Data Centers, LLC and Anexio Managed Services, LLC (together, "Anexio"). The Court's order [Doc. 88 (the "Order")] commanded Anexio to designate witnesses and make them available to provide deposition testimony on its behalf on the topics listed in the subpoenas on or before November 11, 2021, and to produce the documents sought by the subpoenas at least five business days before the scheduled deposition. Order ¶¶ 1-4. As of the date of this motion, Anexio has not designated any witnesses, produced any documents, or otherwise complied with the Court's Order.

AT&T needs the subpoenaed materials and testimony from Anexio in order to adequately prepare for and conduct its depositions of Plaintiff and Plaintiff's expert in this case, and Anexio's violation of the Order has delayed and prevented AT&T from doing so.

Although it missed the deadlines in the Court's Order, Anexio has three times represented to AT&T's counsel that it would nonetheless produce the documents at issue by a date certain — first by November 24, then by November 27, then by December 7, 2021. Since Anexio's third-promised date for compliance (December 7) came and went, AT&T has not received further update, explanation, or communication of any kind from Anexio. Accordingly, AT&T submits this motion for an order of contempt against Anexio and requests that the Court impose sufficient sanctions to secure Anexio's prompt compliance with the Order [Doc. 88].

## II. Factual Background

On July 14, 2021, AT&T properly served valid subpoenas on Anexio Data Centers, LLC and Anexio Managed Services, LLC. [Docs. 81-82, 85-4 at 24, 35].[1] The deadline for Anexio's compliance was August 11, 2021.

Between August 9, 2021 and August 26, 2021, counsel for AT&T made numerous attempts to confer with Anexio to discuss the pending subpoenas. [Doc. 85-1 at ¶¶ 14-18 & Ex. E]. On one occasion, counsel for AT&T spoke with a Mr. Tony Pompliano who claimed to be the CEO of Anexio, and AT&T's counsel advised Mr. Pompliano that AT&T would work with Anexio to minimize the burden of complying with the subpoenas and that they should schedule a time to discuss the logistics for Anexio's compliance, which would include a single Rule 30(b)(6) deposition *duces tecum* of Anexio. [Doc. 85-1 at ¶ 17]. Thereafter, Anexio ceased responding to AT&T's messages and ultimately did not respond to any of the subpoenas.

On September 16, 2021, AT&T filed a Motion for Order of Contempt and to Enforce Subpoenas on Non-Party Anexio Entities [Doc. 85]. On October 12, 2021, this Court entered the Order granting in part AT&T's motion [Doc. 88], and ordering that the Anexio entities must:

> 1. Within seven days of entry of this Order, designate in writing to AT&T's counsel a representative or representatives to testify regarding the examination topics set forth in Exhibit A to the subpoena, and identify the topic(s) that each designee will be prepared to cover;
>
> 2. Ensure each designee is able to testify as to information known or reasonably available to the Anexio Entities within his or her designated topic(s);

---

[1] The basis and justification for the subpoenas and the information sought therein is set forth in the "I. Introduction" and "II. Factual Background" sections of AT&T's Memorandum in Support of Motion for Order of Contempt and to Enforce Subpoenas on Non-Party Anexio Entities [Doc. 86 at 1-4], which AT&T incorporates herein by reference.

> 3. Make the designees available for deposition at a date to be scheduled with AT&T, but in no event later than 30 days after entry of this Order; and
>
> 4. Produce to AT&T's counsel the documents in their possession, custody, or control that are described in Exhibit B to the subpoenas at least five business days prior to the scheduled deposition;
>
> 5. Pursuant to Rule 37(a)(5), the Anexio Entities, jointly and severally, shall reimburse AT&T for its reasonable attorneys' fees and costs incurred in bringing the Motion. AT&T shall submit a statement of such costs and fees to the Court no later than seven days after entry of this order.

[Doc. 88]. AT&T emailed a copy of the Order to Anexio the same day it was issued. October 12, 2021 Declaration of Michael J. Breslin filed herewith ("Breslin Decl.") at ¶ 3, Ex. A. On November 8, 2021, Anexio's CEO, Mr. Pompliano, confirmed via email that he had received and reviewed the Order. Breslin Decl. ¶ 4, Ex. B.

On November 12, the day after Anexio's last deadline for compliance under the Order [Doc. 88 at ¶ 3], counsel for AT&T held a teleconference with Mr. Pompliano (Anexio's CEO) and Mr. Jason Long (Anexio's Senior Account Executive). During that call, AT&T's counsel advised Anexio that it was in violation of the Court's Order, and asked whether Anexio intended to provide the documents and testimony at issue. Anexio stated it intended to comply and was working to collect the materials it was ordered to produce. Breslin Decl. ¶ 5. That same day, AT&T created an FTP portal for Anexio to upload the document production and sent the portal information to Messrs. Pompliano and Long. Breslin Decl. ¶ 6, Ex. C. On November 16, Mr. Long emailed AT&T's counsel stating he would do his best to produce Anexio's documents by November 24, 2021. Breslin Decl. ¶ 7, Ex. D.

On November 23, 2021, no documents had been uploaded to the portal, and counsel for AT&T emailed Anexio to inquire if Anexio still planned to produce documents by November 24. Mr. Long responded the next day, stating Anexio would produce the documents "by end of week" (Nov. 26). Breslin Decl. ¶ 8, Ex. E. On the following Monday after the Thanksgiving holiday, November 30, 2021, Mr. Long emailed AT&T's counsel

again, this time stating that Anexio would produce the required documents "no later than December 7, 2021." Breslin Decl. ¶ 9, Ex. F. As of the date of this motion, no documents have been produced and AT&T has received no further communication from Anexio.

### III. Argument

**A. The Anexio entities are located, and compliance is required, in this Court's district**.

According to the North Carolina Secretary of State's records, both Anexio Data Centers, LLC and Anexio Managed Services, LLC maintain principal offices at 106 Birkhaven Dr., Cary, North Carolina, 27518, and mailing addresses at P.O. Box 1587, Raleigh, North Carolina 27602. Anexio Managed Services, LLC also maintains a registered office and registered mailing address at 176 Mine Lake Ct. #100, Raleigh, North Carolina 27615.

The subpoenas (and thus, the Court's Order enforcing same) commanded compliance at the offices of AT&T's undersigned counsel, located at Suite 1400, 4208 Six Forks Road, Raleigh, North Carolina, 27609.

Accordingly, both Anexio entities are located in, and their compliance with the obligations at issue is required in, the district served by this Court.

**B. The Anexio entities are in violation of the Court's Order and should be held in civil contempt.**

"To establish civil contempt, each of the following elements must be shown by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's 'favor'; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) ... that [the] movant suffered harm as a result." *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, No. 5:14-CV-482-BO, 2016 WL 7243538, at *1 (E.D.N.C. Dec. 14, 2016), *aff'd*, 887 F.3d 610 (4th

Cir. 2018) (quoting *Ashcraft v. Conoco. Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)) (alterations and omissions in original). The evidence in this case clearly and convincingly establishes each element.

Regarding the first element, the Court's Order [Doc. 88] was a "valid decree" because the Court was authorized to command Anexio to comply with the subpoenas. Fed. R. Civ. P. 45(c) (subpoena may command compliance "within 100 miles of where [Anexio] resides, is employed, or regularly transacts business in person"); Fed. R. Civ. P. 37(a)(3)(B)(i)-(ii) (court may compel a "deponent" or "corporation or other entity" to answer questions or designate a representative under Rule 30(b)(6)). Anexio had actual knowledge of the Order, given AT&T emailed the Order to Anexio the day it was issued (in compliance with Paragraph 7 of the Order) and Anexio's CEO confirmed receipt of same (Breslin Decl. ¶¶ 3-4), and Anexio's CEO and Senior Account Manager subsequently discussed the Order with AT&T's counsel. Breslin Decl. ¶ 5. Regarding the second element, the Order granting AT&T's motion to enforce the subpoenas AT&T served was plainly an order "in [AT&T's] favor." *Rainbow Sch., Inc.*, 2016 WL 7243538, at *1.

Regarding the third element, Anexio violated the Order by failing to perform any of the Order's commandments. Breslin Decl. ¶ 10. Anexio had actual knowledge of the Order's terms and discussed with AT&T's counsel its failure to comply with the Order's deadlines (Breslin Decl. ¶¶ 4-5), and therefore has actual knowledge of its violations.

Regarding the fourth element, AT&T has suffered harm as a direct result of Anexio's violations through, *inter alia*: (1) the inability to obtain necessary documents in aid of AT&T's defense in this matter, and (2) incurring attorneys' fees and costs to negotiate and seek discovery extensions necessitated by AT&T's non-receipt of the subpoenaed evidence — particularly with regard to AT&T's ability to take party depositions — as well as through its several attempts to secure Anexio's compliance, and in
- 5 -

being forced to bring this motion for contempt and its prior motion to enforce the subpoenas themselves. *See Commonwealth Const. Co., Inc. v. Redding*, No. 14-CV-3568-GLR, 2016 WL 8671536, at *3 (D. Md. May 6, 2016) (party's inability to obtain subpoenaed documents, and expenditure of legal fees in continued effort to obtain same, was clear and convincing evidence of harm resulting from violation of orders commanding compliance with subpoena); *In re Berry*, No. CV 2:18-444-MBS, 2019 WL 1034484, at *7 (D.S.C. Mar. 5, 2019) (affirming lower court's holding that "costs of litigation" appellee incurred due to appellant's violation of consent order was harm supporting finding of contempt).

Beyond satisfying the above elements, Anexio's conduct also authorizes a finding of contempt under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(b)(1) (Anexio's failure to comply with the Order "may be treated as contempt of court"); Fed. R. Civ. P. 45(g) ("court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it").

Accordingly, this Court should issue an order holding Anexio in civil contempt.

### C. The Court should impose sanctions that will cause Anexio to promptly purge its contempt.

The Court has inherent power to enforce its orders through civil contempt. *Spallone v. United States,* 493 U.S. 265, 276 (1990) (citing *Shillitani v. United States,* 384 U.S. 364, 370 (1966)). This power applies to orders that command compliance with a subpoena. *See, e.g.*, *Acosta v. Lewaro Interiors, Inc.*, No. 3:18-mc-00087-MOC-DCK, 2018 WL 5300390 (W.D.N.C. Oct. 25, 2018) (holding recipient of subpoena *duces tecum* in contempt for non-compliance with subpoena and subsequent order commanding compliance with same; setting deadline for recipient to purge contempt, assessing $50 coercive fine each day until contempt is purged, and awarding fees and costs to moving party).

"The appropriate remedy for civil contempt is within the court's broad discretion." *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). Remedies for civil contempt, however, "must be remedial and compensatory and, unlike criminal contempt, nonpunitive." *Id.* Such sanctions are intended "'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy,'" *id.* at 258 (quoting *Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988)), and "may include 'a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration.'" *Harris v. McCarthy*, No. CV JKB-18-3562, 2021 WL 4133859, at *2 (D. Md. Sept. 10, 2021) (quoting *F.T.C. v. RCA Credit Servs., LLC*, Civ. No. JDW-08-2062, 2011 WL 5924969, at *5 (M.D. Fla. Oct. 5, 2011)).

Given the history of this matter, AT&T requests that the Court order the Anexio entities to:

1. Immediately produce all documents identified in Exhibit B to the subpoenas;
2. Immediately designate in writing the individuals who will provide deposition testify on the Anexio entities' behalf regarding each of the topics for examination listed in Exhibit A to the subpoenas;
3. Pay an appropriate coercive daily fine until the above requirements are fully satisfied;
4. Make their designees available for deposition within ten days after completing their production of documents; and
5. Pay AT&T's reasonable attorneys' fees and costs incurred in bringing this motion.[2]

---

[2] Rule 37(a)(5) mandates an award of attorney's fees against a "deponent," such as Anexio, "whose conduct necessitated the motion [to compel]," unless one of the circumstances under Rule 37(a)(5)(i)-(iii) exists. None of those circumstances exist here.

- 7 -

## IV. Conclusion

For the foregoing reasons, AT&T requests that the Court grant AT&T's motion and enter an order (a) holding the Anexio entities in civil contempt, (b) imposing on them the requirements and sanctions listed in the preceding section III.C, and (c) granting any further relief or sanctions the Court deems appropriate and just.

Respectfully submitted this 15th day of December, 2021.

/s/ Joseph S. Dowdy
Joseph S. Dowdy (N.C. State Bar No. 31941)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Michael Breslin
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

Nancy L. Stagg (CA State Bar No. 157034)
KILPATRICK TOWNSEND & STOCKTON LLP
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 350-6111
Email: nstagg@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this Memorandum complies with the word limit set by U.S. District Court for the Eastern District of North Carolina Local Civil Rule 7.2(f)(3). The Memorandum contains 2226 words.

/s/ Joseph S. Dowdy
Joseph S. Dowdy

## CERTIFICATE OF SERVICE

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| SHUMAKER LOOP & KENDRICK LLP | WITHERS BERGMAN LLP |
|---|---|
| Terence S. Reynolds | Joseph Gallo |
| treynolds@shumaker.com | Joseph.gallo@withersworldwide.com |
| Lucas D. Garber | Christopher LaVigne |
| lgarber@shumaker.com | christopher.lavigne@withersworldwide.com |
| 101 South Tyron Street | Martin J. Auerbach |
| Suite 2200 | Martin.auerbach@withersworldwide.com |
| Charlotte, North Carolina 28280 | 430 Park Avenue, 10th Floor |
|  | New York, New York 10022-3505 |
| *Counsel for Plaintiff Jason Williams* | *Counsel for Plaintiff Jason Williams* |

I further certify that I have emailed a copy of the foregoing to Anexio representatives Jason Long (jlong@anexio.com) and Tony Pompliano (tony@anexio.com), and to Anexio's "contact us" email (info@anexio.com); and have served the foregoing on Paracorp Incorporated, 176 Mine Lake Ct. #100, Raleigh, NC 27615, the registered agent for Anexio Data Centers, LLC and Anexio Managed Services, LLC, via Federal Express overnight delivery.

This the 15th day of December, 2021.

/s/ Joseph Dowdy
Joseph S. Dowdy