IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00475-BO

**Jason Williams**,

   Plaintiff,

v.                  **Order**

**AT&T Mobility, LLC**,

   Defendant.

   AT&T asks the court to award it $15,338.25 for attorney's fees and costs it incurred in bringing its motion to enforce subpoenas. But the company has not shown that it is entitled to that amount. AT&T's did not establish the prevailing market rate in this community for similar services, so the court will apply a lower hourly rate than AT&T requested. And the court will reduce the number of hours AT&T's attorneys may recover for because of the routine nature the issues involved in its motion. So the court will allow AT&T to recover $4,007.50.

**I.**   **Background**

   Earlier this year, the court partially granted Defendant AT&T Mobility's motion to enforce subpoenas it issued to three non-parties, who are collectively known as the Anexio Entities. Order, D.E. 88. The court ordered, under Federal Rule 37(a)(5), that the Anexio Entities reimburse AT&T for reasonable attorney's fees and costs incurred in bringing the motion. *Id.* And the court ordered AT&T to submit a statement of its costs and fees to the court. *Id.* AT&T did so. Mot. for Bill of Costs, D.E. 92.

   AT&T's statement includes invoices for work performed by two attorneys and one paralegal, costs related to making its motion, and a declaration of attorney Michael J. Breslin.

According to AT&T, Breslin, a partner, billed 19.8 hours of work at $506.25 per hour; Adam Wiley, an associate, charged his client for 11.8 hours of work at $296.25 per hour; and Brooke Floyd, a paralegal, spent 6.2 hours working on this motion at $243.75 per hour. D.E. 92, 1–2. AT&T also asks for $357.50 in motion-related costs. *Id.* at 2. In total, AT&T requests $15,338.25 in fees and costs. *Id.* The Anexio Entities did not respond to the motion.

**II. Discussion**

Courts in the Fourth Circuit employ a three-step process to calculate an attorney fee award. The first step involves determining a "lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson* v. *Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom* v. *The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). Twelve factors play into the reasonableness of the hours expended and the rate charged:

- The time and labor expended.
- The novelty and difficulty of the questions raised.
- The skill required to properly perform the legal services rendered.
- The attorney's opportunity costs in pursuing the case.
- The customary fee for similar work.
- The attorney's expectations at the outset of litigation.
- The time limitations imposed by the client or circumstances.
- The amount in controversy and the results obtained.
- The experience, reputation, and ability of the attorney.
- The undesirability of the case within the legal community in which the suit arose.
- The nature and length of the professional relationship between attorney and client.
- Fee awards in similar cases.

*Id.* at 243–44 (quoting *Barber* v. *Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)). There may be cases, however, where not all factors are relevant. In that case, the court "is under no

obligation to go through the inquiry of those factors that do not fit." *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 376 (4th Cir. 1996).

After determining the lodestar figure, the court should consider whether to reduce that figure based on the results the attorney obtained for her client. If a fee request includes "fees for hours spent on unsuccessful claims unrelated to successful ones" the court should subtract those fees from the lodestar figure. *Johnson* v. *City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002). Then the court should "award[] some percentage of the remaining amount, depending on the degree of success enjoyed by the" applicant. *Id.*

With this framework in mind, the court turns to its assessment of AT&T's fee request.

### A. Reasonable Hourly Rate

The court begins by considering the reasonable hourly rate to apply in the lodestar calculation. The court should use an hourly rate that reflects "the prevailing market rates in the relevant community for the type of work for which [a party] seeks an award." *Id.* at 277. The relevant community will typically be the "community in which the court sits[.]" *Rum Creek Coal Sales, Inc.* v. *Caperton*, 31 F.3d 169, 179 (4th Cir. 1994). But the court may look to market rates elsewhere if there are no local attorneys with the relevant skills because of "'the complexity and the specialized nature of a case' . . . and the party choosing the attorney from elsewhere acted reasonably in making the choice." *Id.* (quoting *Nat'l Wildlife Fed.* v. *Hanson*, 859 F.2d 313 (4th Cir. 1988)).

Once the court has determined the relevant community, it must then determine the prevailing market rate in that community for the type of work involved in the fee request. The chosen rate should reflect "what attorneys earn from paying clients for similar services in similar circumstances[.]" *Depaoli* v. *Vacation Sales Assocs., L.L.C.*, 489 F.3d 615, 622 (4th Cir. 2007).

3

The party seeking the fee award must provide "'specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an award." *Spell* v. *McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987) (quoting *Blum* v. *Stenson*, 465 U.S. 886, 895 (1984)). A party meets this burden by supplying the court with "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Robinson*, 560 F.3d at 245.

Here, the factors relevant to determining the reasonable hourly rate include the customary fee for similar work and the experience, reputation, and ability of the attorneys. AT&T has provided no evidence that the requested rates reflect the prevailing market rates in the community or type of work involved. Nor does it provide any evidence relating to the attorneys' credentials. AT&T has only submitted billing records and a declaration stating that those are in fact the billing records. So AT&T has not shown that its rates are consistent with the prevailing market rate for similar work.

Given the lack evidence provided for its requested rates, the court will apply rates it finds reasonable based on this court's previous awards. These are roughly $400 for partners, $200–250 for associates, and $100–150 for paralegals.[1] The court thus finds the reasonable hourly rates here to be $400 for Breslin, $250 for Wiley, and $150 for Floyd.

---

[1] *See Jones* v. *Campbell Univ., Inc.*, No. 5:20-CV-29-BO, 2021 WL 3618043, at *5 (E.D.N.C. Aug. 16, 2021) (awarding hourly rates of $477 and $391.50 for employment and labor law attorneys with about forty and twenty-five years of experience, respectively); *Cannon* v. *Vill. of Bald Head Island, N.C.*, No. 7:15-CV-00187-M, 2021 WL 3177410, at *3 (E.D.N.C. July 27, 2021) (awarding hourly rates of $300 for lead attorney, $200–225 for associate attorneys, and $65–85 for paralegals); *Capps* v. *Newmark S. Region, LLC*, No. 5:18-CV-133-FL, 2021 WL 1876130, at *5 (E.D.N.C. May 10, 2021) (collecting cases and finding rough average hourly rate of $375 per hour for a partner, $225 per hour for an associate, and $100 per hour for paralegal as prevailing market rate for corporate civil litigation in this district); *Torres* v. *Carter*, No. 5:19-CV-327-FL, 2021 WL 640818, at *6 (E.D.N.C. Feb. 18, 2021) (finding hourly rates of $300 for lead counsel, $250 for associate, and $150 for paralegal consistent with standard rates charged by litigation attorneys in metropolitan areas of North Carolina); *Grabarczyk* v. *Stein*, No. 5:19-CV-48-BO, 2021 WL 308600, at *2 (E.D.N.C. Jan. 29, 2021) (awarding $400 hourly rate for attorney and $125 hourly rate for paralegal); *Gravelle* v. *Kaba Ilco Corp.*, No. 5:13CV-642-FL, 2019 WL 7584527, at *3 (finding $350 hourly rate reasonable and customary for counsel in eastern North Carolina).

### B.     Reasonable Hours Expended

Next the court considers the hours that should be part of the reasonable fee calculation. To meet its burden on this issue, a fee applicant must submit billing records that contain "sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring). If, however, an attorney submits a request made up of "vague task entries or block billing," the court may exclude these entries from the fee award. *Two Men & A Truck/Intern., Inc.* v. *A Mover Inc.*, 128 F. Supp. 3d 919, 925–26 (E.D. Va. 2015). After receiving the records, the court will independently review them to ensure their reasonableness as well as ensure that the applicant is not compensated for "excessive, redundant, or otherwise unnecessary work." *Rivers* v. *Ledford*, 666 F. Supp. 2d 603, 606 (E.D.N.C. 2009) (citing *Trimper* v. *City of Norfolk*, 846 F. Supp. 2d 1295, 1307 (E.D. Va. 1994)).

In this case, the factors relevant to the reasonable number of hours expended include the time spent on the matter, the novelty and difficulty of the issues, and the skill required to address the questions. AT&T states that attorneys Breslin and Wiley performed 19.8 and 11.8 hours, respectively, and paralegal Floyd did 6.2 hours of work related to the motion.

The court begins by considering whether AT&T's attorneys can recover under Rule 37(a)(5)(A) for each of the entries in the fee request. Rule 37(a)(5)(A) allows the court to award a prevailing party to recover "reasonable expenses incurred in making the motion[.]" Expenses related to discovery but separate from the motion to compel are not recoverable under the Rule. So the court will limit its calculation to hours reasonably incurred in pursuing the motion. After reviewing the billing records, the court declines to include these entries in the fee award as they were not incurred in making the motion:

- 08/19/2021 (Breslin) – Corresponding with Anexio about subpoenas

5

- 08/25/2021 (Breslin) – Corresponding with Anexio about subpoena compliance

- 09/01/2021 (Floyd) – Discussing strategy about subpoenas to Anexio entities, scheduling depositions

- 09/09/2021 (Floyd) – Preparing summary of subpoenas prepared and served or attempted to be served on various third-party entities

Turning to the complexity of the motion, the court notes that this was a straightforward matter. Anexio did not comply or respond to the subpoenas *at all*. Given the routine nature of the motion the court will reduce the number of hours AT&T may recover for. So on top of subtracting the time spent on tasks not related to pursuing the motion, the court will reduce the hours for which AT&T can recover to 11.5 hours, attributing 6.5 to Breslin, 3 to Wiley, and 2 to Floyd.

Combining the reasonable hours expended by AT&T's attorneys and paralegal with the reasonable hourly rate adopted by the court results in a lodestar of $3,650.

### C. Results Obtained.

Because AT&T prevailed in its motion to enforce the subpoenas, the court need not reduce the lodestar amount.

### D. Costs

AT&T has provided two invoices reflecting $357.50 in costs for serving Anexio. D.E. 92–2. The court will also allow AT&T to recover this amount.

This addition brings AT&T's total award to $4,007.50.

## III. Conclusion

AT&T's motion for attorney's fees is granted in part. D.E. 92. The Anexio Entities must remit $4,007.50 to AT&T's counsel within 14 days from the entry of this order.

Dated: February 8, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge