IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-475-BO

| | | |
|---|---|---|
| JASON WILLIAMS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AT&T MOBILITY LLC, | ) | |
|     Defendant. | ) | |

This cause came before the undersigned for hearing on February 17, 2022, at Raleigh, North Carolina on defendant AT&T Mobility's motion to hold non-parties Anexio Data Centers, LLC and Anexio Managed Services, LLC in civil contempt.

AT&T Mobility ("AT&T") seeks an order holding Anexio Data Centers, LLC and Anexio Managed Services, LLC (hereinafter collectively "Anexio") in civil contempt for violating this Court's 12 October 2021 order [DE 88] commanding Anexio to comply with AT&T's valid and properly-served subpoenas for a Rule 30(b)(6) deposition *duces tecum* of the non-party entities. Counsel for AT&T and plaintiff were present at the hearing before the undersigned. Despite having been served with notice of the hearing by both Federal Express and electronic means, [DE 109], the Anexio entities did not appear.

DISCUSSION

Rule 45(g) of the Federal Rules of Civil Procedure permits the court for the district where compliance with a subpoena is required to hold a "person who, having been served, fails without adequate excuse to obey the subpoena" in contempt. Fed. R. Civ. P. 45(g). The Anexio entities are located in this district and their compliance with the subpoenas is required in this district. To

establish that a finding of civil contempt is appropriate, a party must demonstrate by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's "favor"; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) ... that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (alterations in original, citation omitted). Civil contempt is remedial and is imposed in order to "coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance." *Carbon Fuel Co. v. United Mine Workers of Am.*, 517 F.2d 1348, 1349 (4th Cir. 1975) (quoting *S. Ry. Co. v. Lanham*, 403 F.2d 119, 124 (5th Cir. 1969)).[1] Civil contempt is also "forward-looking [and] terminable if the contemnor purges himself of the contempt . . . ." *Windsor Power House Coal Co. v. Dist. 6 United Mine Workers of Am.*, 530 F.2d 312, 316 (4th Cir. 1976) (internal quotations, alterations, citation omitted). Civil contempt sanctions require notice and an opportunity to be heard prior to their entry. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

The Court finds that AT&T has satisfied its burden to show that the requirements for civil contempt have been satisfied. At the outset, Anexio was served with notice of the contempt hearing and failed to appear. The 12 October 2021 order is a valid decree of which Anexio had actual notice. [DE 102-1] Breslin Decl. ¶¶ 3-4; [DE 102-3]. The decree was in AT&T's favor and AT&T has established that Anexio has violated the decree by failing to comply with its terms. AT&T has

---

[1] Criminal contempt, on the other hand, "is intended to vindicate the authority of the court, and cannot be purged by any act of the contemnor." *Id.* (citing *Nye v. United States*, 313 U.S. 33, 43 (1941)). Criminal contempt proceedings require full criminal process. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833 (1994).

further established that Anexio had notice of its failure to comply. AT&T has been in contact with representatives of Anexio who indicated that they would comply and provide documents and deposition dates to counsel for AT&T, but repeatedly failed to do so. *See* [DE 106]. Indeed, AT&T notified Anexio that it had violated a court order, that a motion to hold Anexio in contempt was pending, and that if granted the Court could impose a fine for each day Anexio fails to comply with the Court's order. *Id.* pp. 10-11. Finally, AT&T has sufficiently established that it has suffered damages due to Anexio's failure to comply with the Court's order. AT&T seeks documents to aid in its defense of this matter and it has incurred attorney fees and costs in negotiating and seeking extensions of deadlines due to Anexio's non-compliance, as well as in seeking to hold Anexio in contempt. In sum, AT&T has demonstrated by clear and convincing evidence that a finding of civil contempt is appropriate and the motion [DE 102] is GRANTED.

A court has broad discretion to determine the appropriate remedy for civil contempt. *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). These remedies may include a compensatory fine or coercive daily fine, attorney fees and expenses, as well as coercive incarceration. *Harris v. McCarthy*, No. CV JKB-18-3562, 2021 WL 4133859, at *2 (D. Md. Sept. 10, 2021) (citation omitted). The Court has considered the remedies available and hereby ORDERS Anexio to:

1. Immediately produce to AT&T all documents requested in Exhibit B to the subpoenas;

2. Immediately designate in writing to AT&T the individuals who will provide deposition testimony on Anexio's behalf regarding each of the topics for examination listed in Exhibit A to the subpoenas;

3. Pay a coercive daily fine of $1,000.00 per day, beginning the day after Anexio receives a copy of this order and continuing until the above document production and witness designation

requirements are fully satisfied. Anexio shall pay the daily fine to AT&T in the manner requested by AT&T; and

4. Make their designees available for deposition within ten (10) days after completing the production of documents to AT&T.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Anexio Data Centers, LLC and Anexio Managed Services, LLC, jointly and severally, shall reimburse AT&T for its reasonable attorneys' fees and costs incurred in bringing the contempt motion. AT&T shall submit a statement of such costs and fees to the Court within fourteen days of Anexio's compliance with the foregoing.

AT&T shall serve a copy of this order via email to Jason Long and Tony Pompliano at the email addresses identified in [DE 106] as well as by Federal Express overnight delivery to the registered agent for Anexio. AT&T shall file a status report with the Court ten (10) days following the date of entry of this order.

SO ORDERED, this __18__ day of February, 2022.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4