## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | |
|---|---|
| JASON WILLIAMS, | |
| Plaintiff, | Case No. 5:19-cv-00475-BO |
| vs. | |
| AT&T MOBILITY LLC, | |
| Defendant. | |

**DEFENDANT AT&T MOBILITY LLC'S MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE OF PLAINTIFF'S ALLEGED CRYPTO-MINING DAMAGES (MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* NO. 1)**

1

## I. Introduction.

Defendant AT&T Mobility LLC ("AT&T") brings this Motion *In Limine* number 1 seeking an order excluding any argument or evidence proffered by Plaintiff Jason Williams ("Mr. Williams") (including both percipient and expert testimony) that he suffered any lost profit or other damages from "crypto-mining" operations, whether in response to AT&T's Motion for Summary Judgment or Partial Summary Judgment in the Alternative, or at trial, if any.

The undisputed evidence shows that Mr. Williams conducted the crypto-mining operations at issue entirely through a separate Delaware limited liability company, Apollo Kids Mining, LLC, that is not a party to this Action. Apollo Kids Mining was not AT&T's customer; AT&T did not provide cell phone services to Apollo Kids Mining and did not have any contractual or other relationship with Apollo Kids Mining. Because it was not an AT&T customer, AT&T did not owe any duty to this company, and AT&T did not make any representations to it. Simply put, Apollo Kids Mining is a stranger to AT&T and to this action; and it cannot recover damages from AT&T.[1] The Court should exclude any evidence of Apollo Kids Mining's alleged losses under Federal Rule of Evidence 402 because such evidence is not relevant to the claims of Mr. Williams.

However, even if the Court finds the evidence to be minimally relevant and probative under Rule 402 to Mr. Williams' claims, the evidence should still be excluded pursuant to Federal Rule of Evidence 403 because testimony about Apollo Kids Mining's crypto-mining operations and its alleged losses would be unfairly prejudicial to AT&T, confusing and misleading to the trier of fact, and time-consuming.

## II. Any Crypto-Mining Was Done By Apollo Kids Mining, Not Jason Williams.

Mr. Williams sued AT&T for violation of the Federal Communication Act, breach of

---

[1] AT&T does not concede that Apollo Kids Mining or Mr. Williams suffered any crypto-mining damages at all, let alone damages proximately caused by AT&T, but the Court need not address that issue on this Motion.

North Carolina's Unfair and Deceptive Trade Practices Act, negligence and negligent supervision, violation of North Carolina's anti-hacking statute and violation of the federal Computer Fraud and Abuse Act. See Complaint (ECF 2). These counts are based on Mr. Williams' claim, alleged beginning in Paragraph 1 of the Complaint and repeated throughout his entire 56-page Complaint, that AT&T failed to protect its wireless telephone subscriber – Jason Williams – from a series of unauthorized SIM changes, which, he alleges, caused him to lose control of his wireless telephone number and resulted in millions of dollars of losses in his "large-scale bitcoin mining operation." Complaint (ECF 2), ¶¶ 1,5, 9, 32-36. However, as Mr. Williams admitted in his discovery responses and at his deposition, the bitcoin mining operation was not conducted by Mr. Williams, but by a separate Delaware limited liability company, Apollo Kids Mining.[2] Williams Depo., Appendix ["Appx.] 1, at 291:20-293:24; Williams Supp. Resp. to Int. (Set Two), Appx. 2, pp. 9-11. Apollo Kids Mining is not the plaintiff in this action, nor could it be – Apollo Kids Mining is not AT&T's customer.  Williams Depo., Appx. 1, at 267:14-268:1. This entire action is pleaded and predicated on AT&T's alleged acts and omissions towards its customer, Jason Williams, but the crypto-mining damages Mr. Williams alleges he suffered, if suffered at all, belong to non-party Apollo Kids Mining, and not Mr. Williams.

Mr. Williams will no doubt argue, as he did at his deposition, that he controls Apollo Kids Mining so the distinction doesn't matter, but that is not the law of either North Carolina, where this action is pending, or Delaware, where Apollo Kids Mining is registered. See Williams Depo., Appx. 1 at 232:11-233:18. North Carolina Limited Liability Company Act, N.C.G.S. 57D-2-01, subd. (a) states: "[a]n LLC is an entity distinct from its interest owners." N.C.G.S. 57D-2-01(a). Delaware Corporation Law, § 122, subd. (2) enumerates a corporation's powers: "[s]ue and be sued

---

[2] Apollo Kids Mining, LLC is a Delaware limited liability company which operated in Virginia, not North Carolina.  See Compl. ¶33.

in all courts and participate, as a party or otherwise, in any judicial, administration, arbitrative or other proceeding, in its corporate name." 8 DE Code § 122(2) (2021).

Delaware's Limited Liability Company Act similarly states at §18-106, subd. (b):

> "[a] limited liability company shall possess and may exercise all the powers and privileges granted by this chapter or by any other law or by its limited liability company agreement, together with any powers incidental thereto, including such powers and privileges as are necessary or convenient to the conduct, promotion or attainment of the business, purposes or activities of the limited liability company."

6 DE Code § 18-106(b) (2021). Mr. Williams cannot simply assert claims in his own name on behalf of Apollo Kids Mining. Shareholders lack standing to bring claims alleging injury to the corporation. *Smith Setzer & Sons, Inc. v. S.C. Procurement Review Panel*, 20 F.3d 1311, 1317 (4th Cir. 1994); see also *Fulton v. Talbert*, 255 N.C. 183, 185, 120 S.E.2d 410, 412 (1961) ("[S]hareholders have no right to bring actions 'in their [individual] names to enforce causes of action accruing to the corporation.'"), rather, such claims must be brought derivatively on behalf of the corporation. *Rivers v. Wachovia Corp.*, 665 F.3d 610, 614 (4th Cir. 2011); *Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 395, 537 S.E.2d 248, 253 (2000).

But Apollo Kids Mining has no relationship with AT&T. Williams Depo., Appx. 1 at 267:14-268:10. If Apollo Kids Mining had asserted such claims directly against AT&T, they would have been dismissed long ago from this action for lack of standing and failure to state a claim. See also, Order on AT&T's Motion to Dismiss (ECF 20), at p. 6 (overruling AT&T's argument that Mr. Williams lacked standing to allege claims on behalf of an unidentified business entity because Mr. Williams had stated his own injury-in-fact). Discovery has now established that such claims do not belong to Mr. Williams in his personal capacity and such evidence must be excluded at trial.

4

**III.    Apollo Kids Mining Evidence Must Be Excluded Under Fed. R. Evid. 402 and 403.**

Because Apollo Kids Mining is not a party to this action and has no contractual or other relationship with AT&T, any evidence regarding its alleged damages must be excluded under Federal Rules of Evidence 402 and 403.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. In this instance, the alleged damages of non-party Apollo Kids Mining are entirely irrelevant to this lawsuit between Mr. Williams and AT&T. As discussed above, Mr. Williams cannot recover damages for this separate and distinct legal entity, and so any evidence of such damages has no relevance to Mr. Williams' individual damage claims. Moreover, even if the Court determines there is some minimal probative value to the proffered evidence as it relates to the claims of Mr. Williams, the evidence should be excluded under Rule 403 as unfairly prejudicial to AT&T, misleading and confusing to the trier of fact, and a waste of the court's time. *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006). AT&T would be unfairly prejudiced and at risk of an erroneous verdict based on evidence of Apollo Kids Mining's alleged damages. Exclusion of such prejudicial, misleading and time-consuming evidence, of little to no probative value, is required by Rules 402 and 403.

**IV.    Conclusion.**

For all the foregoing reasons, AT&T requests the Court grant this Motion *In Limine,* and issue an order prohibiting Mr. Williams, his attorneys and any witnesses from mentioning, referencing or proffering evidence of any alleged damages of Apollo Kids Mining's crypto-mining operations.

Respectfully submitted this 30th day of March 2022.

/s/   Joseph S. Dowdy
Joseph S. Dowdy (N.C. State Bar No. 31941)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400

Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Michael Breslin (GA State Bar No. 142551)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

Nancy L. Stagg (CA State Bar No. 157034)
KILPATRICK TOWNSEND & STOCKTON LLP
12255 El Camino Real, Suite 250
San Diego, CA  92130
Telephone:  (858) 350-6156
Facsimile:  (858) 350-6111
Email:  nstagg@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| SHUMAKER LOOP & KENDRICK LLP<br>Terence S. Reynolds<br>treynolds@shumaker.com<br>Lucas D. Garber<br>lgarber@shumaker.com<br>101 South Tyron Street<br>Suite 2200<br>Charlotte, North Carolina 28280<br><br>*Counsel for Plaintiff Jason Williams* | WITHERS BERGMAN LLP<br>Joseph Gallo<br>Joseph.gallo@withersworldwide.com<br>Christopher LaVigne<br>christopher.lavigne@withersworldwide.com<br>Martin J. Auerbach<br>Martin.auerbach@withersworldwide.com<br>430 Park Avenue, 10th Floor<br>New York, New York 10022-3505<br><br>*Counsel for Plaintiff Jason Williams* |

    This the 30th day of March, 2022.

/s/ Joseph Dowdy
Joseph S. Dowdy