IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

JASON WILLIAMS,

    Plaintiff,

vs.

AT&T MOBILITY LLC,

    Defendant.

Case No. 5:19-cv-00475-BO

**AT&T'S MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE OF EMOTIONAL DISTRESS OF PLAINTIFF JASON WILLIAMS OR HIS FAMILY (MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* NO. 2)**

## I. Introduction.

In his Complaint and at his deposition in this case, Plaintiff Jason Williams ("Mr. Williams") stated an intent to seek damages from AT&T Mobility LLC ("AT&T") for his own emotional distress, as well as the emotional distress damages of his family. Complaint (ECF 20), ¶ 1, 6, 82, 86 and 88; Williams Depo. AT&T's Motion for Summary Judgment Appendix ("Appx.) 1, at 252:5-255:12. But Mr. Williams has no evidence that he suffered *severe* emotional distress, which is required under North Carolina law. And it is axiomatic that Mr. Williams, who is the sole plaintiff in this case, cannot recover damages for *someone else's* emotional distress. AT&T therefore brings this Motion *In Limine* number 2 seeking an order excluding any argument or evidence proffered by Mr. Williams (including both percipient and expert testimony) whether in response to AT&T's Motion for Summary Judgment or Partial Summary Judgment in the Alternative, or at trial, if any:

- referring or relating to Mr. Williams' own emotional distress; and
- referring or relating to Mr. Williams' family members' emotional distress.

Mr. Williams' work stress, concerns regarding his family's safety, and general frustration regarding the SIM swaps do not amount to severe emotional distress as they are not a "severe and disabling emotional or mental condition" that would be "recognized and diagnosed by professionals trained to do so" under North Carolina's seminal case outlining the elements of severe emotional distress. *Johnson v. Ruark Obstetrics ("Ruark")*. 327 N.C. 282, 304 (N.C. 1990). Accordingly, they should be excluded under Fed. R. Evid. 402 and 403 as irrelevant, unduly prejudicial, confusing and misleading. Furthermore, any testimony or other evidence regarding Mr. Williams' fear and resulting emotional distress that was triggered by anonymous text threats he alleges he received, should also be excluded pursuant to Fed. R. Evid. 402 and 403. These texts are hearsay and there is no evidence the text threats have anything to do with the SIM swaps or any act or omission of AT&T, only Mr. Williams' speculation.

In addition, Mr. Williams' allegations of emotional distress suffered by his family, particularly his daughter, due to an anonymous kidnapping threat he received in a text message around the same time as some of the SIM swaps should also be excluded. But Mr. Williams' daughter is not a party to this action, so her alleged emotional distress related to this text message incident (which has no evidentiary connection to any act or omission of AT&T in any event) should be barred under both Federal Rules of Evidence 402 and 403 as it is irrelevant to Mr. Williams' claims, is unfairly prejudicial to AT&T, confusing, misleading, and time-consuming.

For the foregoing reasons, testimony regarding both Mr. Williams' and his family members' alleged emotional distress should be excluded.

## II. Any Testimony Relating to Mr. Williams' Emotional Distress Would be Unduly Prejudicial to AT&T, Confusing and Time Consuming.

### A. Mr. Williams Lacks Evidence of Severe Emotional Distress under North Carolina Law.

Mr. Williams testified that the SIM swaps at issue in this action caused him stress in relation to his work, annoyance associated to having to repeatedly go to the AT&T store, and negative impacts on his relationship with this family. Williams Depo., Appx. 1 at 217:15-218:17, 247:18-249:13. He seeks to recover emotional distress damages as a result. Complaint (ECF 2) at ¶¶6, 82, 88-89, 205. But North Carolina law requires that the distress be "severe" rather than "temporary fright." *Ruark*, 327 N.C. at 304; see also, *Williams v. HomEq Servicing Corp.*, 184 N.C. App. 413, 419 (2007) ("*HomEq Servicing Corp*") (testimony that repeated phone calls and aggressive debt collection practices caused work related stress and chronic depression did not amount to severe emotional distress.); *Pierce v. Atl. Grp., Inc.*, 219 N.C. App. 19, 32 (2012) (finding negative impacts to plaintiff's relationship with wife and family members is insufficient). While these incidents may be frustrating or upsetting, there is no evidence in the record suggesting that Mr. Williams experienced a "disabling emotional or mental condition" as a result as required under the law. *Id.*

Moreover, North Carolina courts have repeatedly rejected these claims where deposition testimony is the only evidence offered. *Waddle v. Sparks*, 331 N.C. 73, 85(1992) (finding deposition

testimony was insufficient proof of severe emotional distress); *Patten v. Hall*, No. 5:15-CT-3118-FL, 2019 WL 4858845, at *17 (E.D. N.C. Sept. 30, 2019) (statement in his deposition that plaintiff sought treatment for "nightmares" is not sufficient to show he suffered from a mental disorder "generally recognized and diagnosed by trained professional."); *HomEq Servicing Corp.,* 184 N.C. App. at 419 (plaintiff's testimony stating they suffer from chronic depression is insufficient evidence). During his deposition, Mr. Williams testified that he had not seen a doctor or other health care professional in relation to the emotional distress he claims to have experienced. Williams Depo., Appx. 1 at 254:04-254:11; 255:06-255:12. As Mr. Williams lacks any evidence that he suffered *severe* emotional distress, this Court should exclude any self-reported testimony, particularly at trial in this case, since there is a "genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Williams,* 445 F.3d 724, 730 (4th Cir. 2006) (internal quotation marks, citation, and alteration omitted).

    B. *Any Allegation of Emotional Distress Relating to Text Threats Lacks Proximate Cause and was not Foreseeable*

If Mr. Williams seeks to recover for severe emotional distress, he must still prove that the severe distress is a "proximate and foreseeable result of the defendant's negligence." *Gardner v. Gardner*, 334 N.C. 662, 666–68 (1993). Both Mr. Williams' Complaint and his deposition testimony suggest that his claims of fear are related to text threats he received, perpetrated by unknown third parties with whom there is no evidence AT&T is linked. Complaint, ¶¶ 48-49, 65, 82, 88, 137; Williams Depo., Appx. 1 at 59:18-60:05; see also, *Ruark*, 327 N.C. at 304 (holding severe emotional distress must be proximate result of defendant's negligence). Mr. Williams advances the theory that the temporal proximity of some of the SIM swaps to these separate telephone text threats is sufficient evidence of proximate cause to hold AT&T liable, but this is nothing but pure speculation. These threats could have been made from anyone who had Mr. Williams' wireless telephone number. Williams Depo., Appx. 1, at 69:09-70:04; 72:14-73:06.

There is no evidence that the SIM swaps at issue here were perpetrated by the same criminals sending the text threats, but even assuming otherwise, there is no evidence that the text threats were the result of any act or omission of AT&T. As such, any evidence relating Mr. Williams' emotional distress is misleading, and time-consuming, given the complete lack of foundational evidence that the threats were related to the SIM swaps.

### III. Evidence of Mr. Williams Family Members' Emotional Distress Should be Excluded as Irrelevant, Unduly Prejudicial, and Likely to Mislead and Confuse.

Mr. Williams alleges his family, particularly, his daughter, suffered emotional distress due to an anonymous kidnapping threat he received in a text message around the same time as some of the SIM swaps at issue in this action. But Mr. Williams' family members, including his daughter are not parties to this action. And, as noted above, there is no evidence that any text threat Mr. Williams received is related to any conduct or omission of AT&T or that it's even related to any of the SIM swaps. Moreover, there is no evidence that Mr. Williams' daughter or any other family members suffered any emotional distress other than the hearsay testimony of Mr. Williams. Accordingly, any reference to any allegation or testimony regarding Mr. Williams' family members', including his daughter's emotional distress should excluded as unduly prejudicial to AT&T as the trier of fact could easily become confused and mistakenly hold AT&T liable for the emotional distress of a non-party. Williams Depo., Appx. 1 at 252:11-15, 253:11-254:02. Mr. Williams did not bring separate claims on behalf of his daughter as her guardian. Complaint (ECF 20), *passim*. Testimony by Mr. Williams about his daughter's (or any other family member's alleged emotional distress is not only hearsay but would be improperly offered to bolster Mr. Williams' individual claims. Mr. Williams cannot import the emotional distress of his family members or his daughter to his own claims in a misguided attempt to recover such damages for himself.

### IV. Conclusion

For all the foregoing reasons, AT&T requests the Court grant this *Motion In Limine,* and

issue an order prohibiting Mr. Williams, his attorneys and any witnesses from mentioning, referencing or proffering any evidence of emotional distress relating to Mr. Williams, his daughter, or any of his family members.

Respectfully submitted this 30th day of March 2022.

/s/ Joseph S. Dowdy
Joseph S. Dowdy (N.C. State Bar No. 31941)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Michael Breslin (GA State Bar No. 142551)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

Nancy L. Stagg (CA State Bar No. 157034)
KILPATRICK TOWNSEND & STOCKTON LLP
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 350-6111
Email: nstagg@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| SHUMAKER LOOP & KENDRICK LLP<br>Terence S. Reynolds<br>treynolds@shumaker.com<br>Lucas D. Garber<br>lgarber@shumaker.com<br>101 South Tyron Street<br>Suite 2200<br>Charlotte, North Carolina 28280<br><br>*Counsel for Plaintiff Jason Williams* | WITHERS BERGMAN LLP<br>Joseph Gallo<br>Joseph.gallo@withersworldwide.com<br>Christopher LaVigne<br>christopher.lavigne@withersworldwide.com<br>Martin J. Auerbach<br>Martin.auerbach@withersworldwide.com<br>430 Park Avenue, 10th Floor<br>New York, New York 10022-3505<br><br>*Counsel for Plaintiff Jason Williams* |

This the 30th day of March, 2022.

/s/ Joseph Dowdy
Joseph S. Dowdy

75860788V.1