IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JASON WILLIAMS, <br><br> Plaintiff, <br><br> vs. <br><br> AT&T MOBILITY LLC, <br><br> Defendant. | Case No. 5:19-cv-00475-BO |

**AT&T'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL MATERIALS FILED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant AT&T Mobility LLC ("AT&T") submits this memorandum in support of its Motion to Seal the following materials submitted in support of AT&T's Motion for Summary Judgment: (1) limited portions of AT&T's Memorandum in Support of Motion for Summary Judgment or Partial Summary Judgment (ECF 119 at 7-8, 14-15); (2) limited portions of AT&T's separate statement of undisputed material facts (ECF 120, ¶¶ 9, 12, 19); and (3) Exhibits 4 and 5 of the Appendix filed in support of the Motion for Summary Judgment and accompanying motions in limine (ECF 125-5, 125-6) (collectively, "Proposed Sealed Materials"). For the reasons stated herein, AT&T asks that the Proposed Sealed Materials be permanently sealed by the Court.

**I.     INTRODUCTION**

Plaintiff Jason Williams ("Mr. Williams") alleges he was the target of a number of unauthorized SIM swaps through which hackers were able to gain control of his wireless telephone number, which they then allegedly used to access his online personal and financial accounts. Complaint (ECF 2), ¶¶ 26, 36. Mr. Williams contracted with AT&T for wireless telephone service and now seeks to impose liability on AT&T for the illegal conduct of the third-party hackers. AT&T is seeking summary judgment or partial summary judgment on Mr. Williams' claims. In support of

1

its Summary Judgment Motion, AT&T relies on certain information and materials that contain AT&T's proprietary, trade secret, and/or other highly sensitive business information the disclosure of which would harm AT&T's competitive standing and could be utilized by criminals to harm AT&T or its customers. AT&T therefore seeks an order from this Court sealing this sensitive information.

## II. FACTUAL BACKGROUND

In 2000, Mr. Williams entered into a contract with AT&T to obtain wireless telephone service through a cellphone plan for personal use. Complaint (ECF 2) ¶ 10. Mr. Williams alleges that between November 2018 and February 2019, hackers targeted his wireless telephone number and completed six unauthorized SIM swaps. *Id.* ¶ 36. He also alleges that the hackers were able to gain control of his wireless telephone number and use that number to access his online personal and financial accounts, including accounts related to his cryptocurrency mining business. *Id.* ¶¶ 26, 36.

On October 25, 2019, Mr. Williams initiated this lawsuit against AT&T seeking to recover his purported losses arising from the SIM swaps. He asserted various statutory and common law claims including, as relevant here, violation of the Federal Communications Act, the Computer Fraud and Abuse Act, North Carolina's Unfair and Deceptive Trade Practices Act, North Carolina's Anti-Hacking Law, negligence and negligent supervision. Complaint (ECF 2), *passim*. Having completed discovery, AT&T now seeks summary judgment on Mr. Williams' claims and ability to recover damages.

In support of its motion for summary judgment, AT&T relies on the deposition testimony of two AT&T employees who were deposed as corporate representatives under Fed. R. Civ. Proc. 30(b)(6), Valerie Scheder and Ray Hill. The information contained in their testimony includes AT&T's proprietary, trade secret and/or other highly sensitive commercial information that, if publicly disclosed, would not only harm AT&T's competitive standing but would also endanger the

security of its wireless network. Decl. of Joseph S. Dowdy (ECF 127-1), ¶¶ 7-8, 10. The testimony sought to be sealed addresses AT&T's efforts to prevent unauthorized SIM swap activity, including specific technology, security practices, policies and procedures. *Id.* ¶ 8. If such information were made available to the public, criminals could take advantage of such information to thwart these security measures. *Id.* ¶ 10. AT&T seeks only to seal that portion of the testimony which is necessary to protect the secrecy of AT&T's information and the security of its network and has sought to narrowly tailor its sealing request. AT&T therefore moves the Court to seal this information.

### III. LEGAL STANDARD

Although the public enjoys a right of access to judicial records, the Court has discretion to seal documents when the "public's right of access is outweighed by competing interests." *Public Impact, LLC v. Boston Consulting Grp., Inc.*, 117 F. Supp. 3d 732, 745-46 (M.D.N.C. 2015) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). In evaluating a motion to seal, the court must first resolve whether the public's right of access emanates from the First Amendment or the common-law tradition that court proceedings are presumptively open to the public. *Volvo Grp. N. Am., LLC v. Forja de Monterrey S.A. de C.V.*, No. 1:16-cv-114, 2019 WL 6307540, at *1 (M.D.N.C. Nov. 25, 2019); *McKesson Corp. v. Longistics Transp., Inc.*, No. 5:09-CV-250-F, 2010 WL 11564989, at *11 (E.D.N.C. Nov. 4, 2010). Under Fourth Circuit precedent, the First Amendment right of access attaches to documents filed in connection with summary judgment motions. *McKesson Corp.*, 2010 WL 11564989, at *11.

Where the First Amendment right is implicated, the public's access to judicial records "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* Although "there is difficulty in applying the First Amendment access analysis in the context of a civil case involving nongovernmental … litigants," district courts within this Circuit have concluded that a "higher value" of the private litigant can overcome the public's First

3

Case 5:19-cv-00475-BO    Document 128    Filed 03/30/22    Page 3 of 8

Amendment right of access. *HBC Ventures, LLC v. Holt MD Consulting, Inc.*, Nos. 5:06-CV-190-F, 5:07-CV-342-F, 2012 WL 4483625, at *2 (E.D.N.C. Sept. 27, 2012).

In addition, certain procedures must be undertaken before judicial documents may be sealed. Upon a motion to seal judicial records, a district court must (1) "give the public notice and a reasonable opportunity to challenge it"; (2) "consider less drastic alternatives to sealing"; and (3) if sealing is permitted, "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* at *3 (citation omitted).

## IV. ARGUMENT

The limited portions of the Proposed Sealed Materials that AT&T seeks to file under seal satisfy all of this Court's requirements for sealing documents.

*First*, sealing is necessary because the unredacted versions of the Proposed Sealed Materials contain AT&T's proprietary, trade secret and/or other highly sensitive business information, including information that could be used by criminal actors if the information were made publicly available. Dowdy Decl. ¶¶ 7-10. The exhibits sought to be sealed are excerpts of the deposition testimony in this action of two AT&T executives designated as corporate representatives pursuant to Fed. R. Civ. Proc. 30 (b)(6), and those portions of AT&T's Memorandum in Support of its Motion for Summary Judgment and separate statement of material facts that discuss the testimony that contains sensitive information. That testimony addresses AT&T's efforts to prevent unauthorized SIM swap activity, including specific technology, security practices, policies and procedures. *Id.* ¶ 8. If such information were made available to the public, criminals could potentially take advantage of such information to thwart these security measures and harm AT&T, its wireless network, and its subscribers. *Id.* ¶ 10. Sealing is therefore warranted. *Miles v. Guice*, No. 5:13-CT-3193-FL, 2019 WL 4858844, at *10 (E.D.N.C. Sept. 30, 2019) (sealing materials that "contain highly sensitive security

4

policies and related documents"); *McKesson Corp.*, 2010 WL 11564989, at *12 (sealing information that "normally is not disclosed to the public and could even be considered trade secrets").

*Second*, sealing is necessary because no less drastic alternative to sealing the redacted portions of the Proposed Sealed Materials will protect AT&T's trade secret, confidential, and other highly sensitive commercial information the disclosure of which would harm AT&T and could be used by others to engage in criminal activity. *See* Dowdy Decl. ¶ 10. AT&T has taken care to redact only those portions of the Proposed Sealed Materials that contain information that warrants sealing to ensure that the public may access as much information as possible about this litigation while protecting AT&T's confidential information. Nothing short of sealing these limited redacted portions of the Proposed Sealed Materials will protect AT&T, its network, and its subscribers from the threat of criminal activity.

*Third*, AT&T's interest in sealing the Proposed Sealed Materials outweighs the public's right of access to these materials. AT&T's trade secret and confidential business information is not generally available to the public and could give AT&T's competitor's an unfair business advantage. Dowdy Decl. ¶¶ 7-9; *see, e.g.*, *Guthrie v. PHH Mortg. Corp.*, No. 7:20-CV-43-BO, 2022 WL 706923, at *4 (E.D.N.C. Mar. 4, 2022) (sealing limited portions of memorandum and exhibits containing a party's confidential business information and proprietary documents); *Viable Sols., LLC v. Solace Consulting, LLC*, No. 3:09-CV-129-DCK, 2009 WL 2590284, at *1 (W.D.N.C. Aug. 17, 2009) ("'[C]ourts have refused to permit their files to serve as … sources of business information that might harm a litigant's competitive standing.'" (citation omitted)) (allowing plaintiff to file company manual under seal where distribution of the information therein would be "detrimental to its business").

More importantly, however, the Proposed Sealed Materials, if publicly available, could be utilized by criminals to overcome AT&T's security measures and engage in unauthorized SIM swaps or other illegal activity. Dowdy Decl. ¶ 10. Courts in this district have held that highly sensitive

5

security information and related documents are properly sealed when filed in connection with a motion for summary judgment. *Miles*, 2019 WL 4858844, at *10; *see also Guessford v. Pa. Nat'l Mut. Cas. Ins. Co.*, 2014 WL 12594127, at *11 (M.D.N.C. Sept. 30, 2014) (sealing document that "details security measures undertaken to protect documents from theft").

AT&T's interest in protecting its trade secret and highly confidential information from disclosure both to competitors and to criminal actors who could harm AT&T's network and its subscribers is the type of "higher value" that overcomes the public's right of access to judicial records.

*Fourth*, the public docketing of AT&T's Motion to Seal is notice to the public that AT&T seeks to keep limited portions of the Proposed Sealed Materials under seal. *McKesson Corp.*, 2010 WL 11564989, at *11. If any member objects to these limited redactions, he or she may bring those objections to the Court's attention.

## V. CONCLUSION

For the reasons set forth above, AT&T respectfully requests that the Court grant the Motion to Seal.

Respectfully submitted this 30th day of March 2022.

/s/ Joseph S. Dowdy
Joseph S. Dowdy (N.C. State Bar No. 31941)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Michael Breslin (GA State Bar No. 142551)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

Nancy L. Stagg (CA State Bar No. 157034)
KILPATRICK TOWNSEND & STOCKTON LLP
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 350-6111
Email: nstagg@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

7

Case 5:19-cv-00475-BO Document 128 Filed 03/30/22 Page 7 of 8

**CERTIFICATE OF SERVICE**

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

SHUMAKER LOOP & KENDRICK LLP
Terence S. Reynolds
treynolds@shumaker.com
Lucas D. Garber
lgarber@shumaker.com
101 South Tyron Street
Suite 2200
Charlotte, North Carolina 28280

*Counsel for Jason Williams*

WITHERS BERGMAN LLP
Joseph Gallo
Joseph.gallo@withersworldwide.com
Christopher LaVigne
christopher.lavigne@withersworldwide.com
Martin J. Auerbach
Martin.auerbach@withersworldwide.com
430 Park Avenue, 10th Floor
New York, New York 10022-3505

*Counsel for Jason Williams*

This the 30th day of March, 2022.

/s/ Joseph Dowdy
Joseph S. Dowdy