IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:19-cv-00475-BO

JASON WILLIAMS,

        Plaintiff,

v.

AT&T MOBILITY LLC,

        Defendant.

**ORDER**

     This matter is before the Court following a hearing to address the failure of third parties Anexio Data Centers, LLC and Anexio Managed Services, LLC (collectively the "Anexio Companies") to comply with this Court's Orders compelling compliance with a subpoena, holding the Anexio Companies in contempt, and setting a coercive daily fine for failure to comply with this Court's prior Orders in this above-captioned civil action. (Dkt. Nos. 88, 111.) For the reasons set forth below, the Court determines that the coercive daily fine accrued from February 23 to March 17, 2022 should be reduced to a collectible order or judgment and that the accrual of the coercive daily fine should discontinue as provided herein.

FINDINGS OF FACT

     The Court specifically finds the following:

     1.     The facts of this case relevant to this Order are set forth in the Court's October 12, 2021 Order (Dkt. 88) and February 18, 2022 Order (Dkt. 111) and the same are specifically incorporated herein by reference.

     2.     As recited in the February 18 Order, the Anexio Companies failed to respond to a valid subpoena, failed to comply with the Court's order compelling compliance, failed to come

1

into compliance with the Court's Order even after being held in contempt, and failed to purge themselves of contempt even after the Court imposed a $1,000.00 coercive daily fine.

3. The Anexio Companies received service of the Court's orders as referenced by the filings of record, and they failed to appear at the hearings held by the Court on February 17, 2022 and March 17, 2022. (Dkt. Nos. 110, 117.) The Anexio Companies each received notice of the hearings and had an opportunity to be heard before entry of the Orders concerning contempt.

4. This Court, in the exercise of its discretion, ordered that the Anexio Companies must comply with document requests and witness designation and testimony required by the subpoena and that the Anexio Companies collectively pay a coercive daily fine of $1,000.00 per day beginning the day after they received a copy of the Order and continuing until they satisfied the document production and witness designation requirements in the subpoena. (Dkt. 111.)

5. Anexio received the Court's February 18, 2022 Order by electronic mail on February 18, 2022, as well as by FedEx courier on February 21 and 23, 2022 and by hand delivery on February 22, 2022. (Dkt. 112.)

6. As of the date of this Order, the Anexio Companies have not complied with this Court's orders compelling discovery or holding them in contempt, nor have they paid the coercive daily fine.

7. It would be just and reasonable to discontinue the imposition of a coercive daily fine after the date of the March 17, 2022 hearing to make it possible for the Anexio Companies to purge themselves of contempt and to prevent the fine from becoming unpayable. Conservation of resources and judicial economy will also be promoted if a final fine amount is set, such that the Anexio Companies' non-compliance does not require further action by the Court or counsel.

8. The coercive daily fine of $1,000.00 per day from February 23, 2022, which is the day after the Anexio Companies received the Court's February 18, 2022 Order by hand delivery (in addition to prior receipt by electronic mail on February 18, 2022 and FedEx delivery on February 21, 2022 by one Anexio entity and FedEx delivery on the second Anexio entity on February 23, 2022), (Dkt. 112), through and including March 17, 2022, is $23,000.00.

CONCLUSIONS OF LAW

1. This Court has jurisdiction over the Parties, the subject matter of this litigation, and over the Anexio Companies.

2. Rule 45(g) of the Federal Rules of Civil Procedure permits this Court to hold a "person who, having been served, fails without adequate excuse to obey the subpoena" in contempt.

3. This Court has broad discretion to determine appropriate remedies for civil contempt including compensatory fines, coercive daily fines, attorney's fees and expenses as well as coercive incarceration. *See In re Gen. Motors Corp.*, 61 F3d 256, 259 (4th Cir. 1995).

4. The Anexio Companies remain in civil contempt for their failure to comply with this Court's orders and have not purged themselves of contempt by complying with such orders.

5. Having considered lesser sanctions for the Anexio Companies' misconduct, the Court has determined, in its discretion, that the sanctions imposed in this Order are proper.

IT IS THEREFORE **ORDERED** THAT:

1. The Anexio Companies remain in contempt of this Court and as of date of the entry of this Order, have not purged themselves of contempt.

2. The Anexio Companies are jointly and severally responsible for and shall pay the coercive daily fine amount of $1,000.00 for the period running from February 23, 2022, to March

17, 2022, for contempt sanctions of $23,000.00 plus attorney's fees and costs taxed to the Anexio Companies in the Court's February 9, 2022 Order in the amount of $4,007.50, for a total amount of $27,007.50.

3. The Clerk shall docket a judgment against the Anexio Companies for the amount of $27,007.50.

4. The Anexio Companies must provide the information compelled by the Court and pay the fine assessed herein to purge themselves of contempt.

5. The Unites States Marshall's office shall serve a copy of this Order and of the judgment issued by the Clerk to the Anexio Companies at the following address(es):

>  Anexio Data Centers, LLC
>  c/o Tony Pompliano
>  106 Birkhaven Dr.
>  Cary, NC 27518

>  Anexio Managed Services, LLC
>  c/o Registered Agent Paracorp Incorporated
>  176 Mine Lake Ct., #100
>  Raleigh, NC 27615

This the ___ day of April, 2022.

_____
The Hon. Terrence W. Boyle
United States District Court Judge