IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

---------------------------------------------------------X
JASON WILLIAMS,

    Plaintiff,

  vs.            Case No.: 5:19-cv-00475-BO

AT&T MOBILITY LLC,

    Defendant.
---------------------------------------------------------X

## DECLARATION OF CHRISTOPHER N. LAVIGNE IN SUPPORT OF PLAINTIFF JASON WILLIAMS' MOTION TO COMPEL DEFENDANT AT&T MOBILITY LLC TO PRODUCE DOCUMENTS

I, Christopher N. LaVigne, hereby declare under penalty of perjury that the following is true and correct and state as follows:

1. I am an attorney admitted to practice law in the State of New York. I am a partner at the law firm of Withers Bergman LLP, counsel for Plaintiff Jason Williams ("Plaintiff") in the above-entitled action. I was admitted via *Notice of Special Appearance* in this matter on November 8, 2019 (Doc. No. 11).

2. Attached hereto as Exhibit A is a copy of Plaintiff Jason Williams' First Set of Requests for Production of Documents to Defendant AT&T Mobility, LLC ("Defendant"), dated June 5, 2020.

3. Attached hereto as Exhibit B is a copy of AT&T Mobility, LLC's produced account notes, Bates stamped ATT-WIL00624-690.

4. Attached hereto as Exhibit C is a copy of Plaintiff's 30(b)(6) deposition notice to AT&T, dated October 1, 2021.

5. Attached hereto as Exhibit D is a copy of an email chain containing the parties' meet and confer communications, dated October 27, 2021 to November 8, 2021.

6. Attached hereto as Exhibit E is a copy of excerpts from Ray Hill's deposition transcript, dated November 17, 2021, pages 25, 30, and 170-72.

7. Attached hereto as Exhibit F is a copy of Plaintiff's Notice of Remote Deposition of Robert Arno, dated November 24, 2021.

8. Attached hereto as Exhibit G is a copy of Plaintiff's meet and confer letter to Defendant, dated November 24, 2021.

9. Attached hereto as Exhibit H is a copy of Defendant's meet and confer letter to Plaintiff, dated December 7, 2021.

10. Attached hereto as Exhibit I is a copy of an email chain containing the parties' meet and confer communications, dated December 17, 2021 to January 24, 2022.

11. Attached hereto as Exhibit J is a copy of Defendant AT&T's Amended Privilege Log, dated February 15, 2022.

12. Attached hereto as Exhibit K is a copy of Defendant's meet and confer letter to Plaintiff, dated March 25, 2022.

13. Attached hereto as Exhibit L is a copy of excerpts from Robert Arno's deposition transcript, dated February 28, 2022, pages 88-90.

14. Attached hereto as Exhibit M is a copy of Plaintiff's meet and confer letter to Defendant, dated March 17, 2022.

15. Attached hereto as Exhibit N is a copy of an email chain containing the parties' meet and confer communications, dated March 17, 2022 to April 14, 2022.

16. Attached hereto as Exhibit O is a copy of excerpts from Robert Arno's deposition transcript, dated February 28, 2022, pages 97-99.

17. Attached hereto as Exhibit P is a copy of excerpts from Robert Arno's deposition transcript, dated February 28, 2022, pages 103-04.

18. Attached hereto as Exhibit Q is a copy of excerpts from Robert Arno's deposition transcript, dated February 28, 2022, pages 201-07.

19. On March 30, 2022, I called AT&T's counsel, Nancy Stagg but the call went to voicemail. I left a voicemail indicating that while I was aware that the parties' motion deadline was that day, I did not object to the parties' counsel speaking the following day because Plaintiff was still waiting for AT&T to produce responsive documents (which were unrelated to AT&T's Amended Log), and the parties were still in the process of meeting and conferring regarding discovery issues, including AT&T's promised production of additional documents related to the SIM swaps on Plaintiff's account.

20. On March 31, 2022, on or around 12:27 PM ET, Ms. Stagg called me and left her own voicemail, in which she discussed the parties' open discovery issues. In her voicemail, Ms. Stagg acknowledged that AT&T still "owed [Plaintiff] the data documents [that Plaintiff had raised in his March 25 meet and confer letter]." Regarding the privilege dispute, Ms. Stagg stated: "I don't know that we have too much to talk about, but happy to have the discussion."

21. Pursuant to Local Rule 7.1(c)(2), I hereby certify that there has been a good faith effort to resolve this discovery dispute prior to the filing of this motion.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 28, 2022
New York, New York

By: /s/ Christopher N. LaVigne
Christopher N. LaVigne