# EXHIBIT I

| From: | Stagg, Nancy <NStagg@kilpatricktownsend.com> |
|---|---|
| Sent: | Monday, January 24, 2022 7:08 PM |
| To: | Gallo, Joseph; LaVigne, Christopher |
| Cc: | Dowdy, Joe; Breslin, Mike |
| Subject: | RE: Williams v. AT&T: Jason Williams Deposition & Other Discovery |

Hello Chris and Joe,

I hope your new year is going well and you are staying healthy. I am picking up the prior meet and confer discussions on this case, as Mike is currently occupied with some other matters. I would like to get some proposed dates from you for Mr. Williams' deposition to occur during the month of February, before the discovery cut-off of February 28, 2022. We would also like to get any of the remaining documents Plaintiff is to produce at least 10 days before Mr. Williams' deposition. Please give us an update this week as to the status of those documents and some deposition dates for Mr. Williams deposition.

AT&T is willing to produce Mr. Arno for deposition on a mutually convenient date; however much if not all of Mr. Arno's knowledge relating to any investigation into Mr. Williams account and any SIM changes is privileged as attorney work product and attorney client privilege. We'll produce a privilege log this week (I am aiming to produce it to you tomorrow) relating to the Asset Protection documents that have been withheld on the grounds of attorney work product and privilege. Nonetheless, subject to assertion of these privileges on a question by question basis, we'll make Mr. Arno available for a video/zoom deposition should you want to proceed with his deposition.

If you'd like to discuss these issues by phone, let me know and I can make myself available this week for a call to discuss. Thank you.

Regards,
Nancy


**Nancy L. Stagg**
**Kilpatrick Townsend & Stockton LLP**
Suite 250 | 12255 El Camino Real | San Diego, CA 92130
office 858 350 6156 | fax 858 408 3931
nstagg@kilpatricktownsend.com | My Profile | VCard

---

**From:** Gallo, Joseph <Joseph.Gallo@withersworldwide.com>
**Sent:** Friday, December 17, 2021 1:20 PM
**To:** Breslin, Mike <mbreslin@kilpatricktownsend.com>; LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>
**Cc:** Dowdy, Joe <JDowdy@kilpatricktownsend.com>; Stagg, Nancy <NStagg@kilpatricktownsend.com>
**Subject:** RE: Williams v. AT&T: Dec. 16 M&C Recap

Mike:

Thank you for your email. A few points of clarification on our end:

AT&T items

- Regarding AT&T's claim of privilege regarding its investigative materials, we are asking for information sufficient to evaluate AT&T's privilege claims with respect to any investigation relevant to Mr. Williams' SIM swaps, including any investigation into Stephen Defiore.
- Regarding the potential topics of Mr. Arno's deposition, we note that your email does not contain an exhaustive list of all such topics, but that the topics in your email are among the topics we are seeking testimony about.

Mr. Williams items

- Regarding the Trust, our understanding is that the Trust may have been involved in the line of credit related to the purchase of the mining rigs, but was not subsequently involved in the mining operation. As your email indicates, we are seeking records from First Citizens' bank regarding this issue.
- Regarding Mr. Williams' Whatsapp communications, we are specifically reviewing his communications with JP Baric for responsive communications.
- Regarding the emails shown in the Gemini production, in the first instance we will confirm (assuming we are able to) that Gemini was among the search terms applied to Mr. Williams' PRTI emails for our review. If you have additional questions, we can meet and confer further.

At this point, we do not anticipate any need to meet and confer again before Monday's conference with the court. Have a good weekend.

Joe

**Joseph Gallo**
Senior Associate
Litigation
t +1 212 848 9856
withersworldwide.com| my profile

Secretary: Lana Moon  t +1 212 848 9821

Withers Bergman LLP
430 Park Avenue, 10th Floor, New York, New York 10022-3505

Law.com International's Law Firm of the Year 2021



---

**From:** Breslin, Mike <mbreslin@kilpatricktownsend.com>
**Sent:** Friday, December 17, 2021 11:06 AM
**To:** LaVigne, Christopher <Christopher.LaVigne@withersworldwide.com>; Gallo, Joseph <Joseph.Gallo@withersworldwide.com>
**Cc:** Dowdy, Joe <JDowdy@kilpatricktownsend.com>; Stagg, Nancy <NStagg@kilpatricktownsend.com>
**Subject:** Williams v. AT&T: Dec. 16 M&C Recap

Chris / Joe –

Thanks for your time and the productive call yesterday. Here is my recap of where we left things. If you have a different recollection or anything to add, please let me know:

On AT&T's side:
- We agreed to get you a letter identifying the three bases we used for applying any redactions in AT&T's doc productions
- We are going to provide information sufficient for you to assess the privilege claim on the investigative materials
- You relayed the types of evidence you want to get in the record about, e.g., AP's role in general and AT&T's knowledge related to Prime's investigation, and we are considering your request to depose Rob Arno about those issues and whether there is a more efficient or appropriate way to get you the evidence you want. This is an issue we agreed to discuss further once you've assessed the privilege claims
- We are going to check whether the email subfolders and Sharepoint folders referenced in Valerie's deposition have been searched and will report back to you
- You said we disagree on whether Mr. Hill was able to provide sufficient testimony about the AR in-house training issues, but that you aren't currently seeking further testimony on that issue; you reserved all rights and we agreed to table that issue for now


For Mr. Williams:
- You advised that Mr. Williams said he has no unproduced financial documents related to AKM concerning the issues in this case, and everything that was obtained from AKM's accountants was produced
- You advised that AKM is still an ongoing business and there are documents concerning AKM that were not produced, but they relate to business of AKM that has no connection to this litigation (you gave an example of AKM's involvement in a stand-up comedy venture, or something along those lines)
- You advised that the Trust which owns AKM did not take any action related to the mining operation (no money flowed to or from the Trust, I believe you said)
- You advised First Citizens' Bank has provided additional materials that you plan to produce, and you are trying to get more materials from the bank, including the items raised in my Dec. 7 letter (such as the records of the First Citizens checking account AKM used ending in -1429, which you advised is now closed and Mr. Williams doesn't have any records for, and documents related to the line of credit used to buy the rigs). You agreed to advise us on what the bank is able to provide you.
- You advised that you ran your ESI search on emails through the date of collection, and that you did not locate any other responsive emails, but you are reviewing Mr. Williams' Whatsapp communications for responsiveness.
- You agreed to provide, if you're able, the ESI search terms used to return Mr. Williams' emails you reviewed for responsiveness
- You said you would look into why Mr. Williams' PRTI email communications shown in the Gemini production weren't included in your productions
- You will revisit our request for unaltered Gemini transaction records and JW_3142 (regarding a potential purchase of S17 miners), and let us know if you will produce those.

Thanks and if you want to discuss anything before Monday's status conference please let me know.

Best,
-Mike



**Michael Breslin**

**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA  30309-4528
office 404 685 6752 | fax 404 541 4749
[mbreslin@kilpatricktownsend.com](mbreslin@kilpatricktownsend.com) | [My Profile](My Profile) | [VCard](VCard)

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Withers Bergman LLP** - 430 Park Avenue, 10th Floor, New York, NY 10022-3505 T: +1 212 848 9800 F: +1 212 848 9888

Withersworldwide
London | Cambridge | Geneva | Milan | Padua
Hong Kong | Singapore | Tokyo | British Virgin Islands
New York | Boston | Greenwich | New Haven | Texas
San Francisco | Los Angeles | Rancho Santa Fe | San Diego

This email (and any attachments) is confidential and may also be legally privileged. If you are not the intended recipient please immediately notify the sender then delete it from your system. You should not copy it or use it for any purpose nor disclose its contents to any other person.