# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

JASON WILLIAMS,

    Plaintiff,

vs.                    Case No. 5:19-cv-00475-BO

AT&T MOBILITY, LLC,

    Defendant.
_____/

**ORIGINAL**

**\*\*HIGHLY CONFIDENTIAL\*\***
**DEPOSITION OF ROBERT ARNO**
**30(b)(6)**

February 28, 2022

Page 1 - 224     12:03 p.m. to 4:27 p.m. EST

REMOTELY REPORTED VIA VIDEO CONFERENCING

REPORTED BY:
Tamara L. Houston
CA CSR No. 7244, RPR, CCRR No. 140
FILE NO. 22-108895

THE SULLIVAN GROUP OF COURT REPORTERS
SULLIVANCOURTREPORTERS.COM
PHONE 855.525.3860 | 323.938.8750

```
14:15:41

14:15:51




14:16:00




14:16:12




14:16:19
```

1           THE WITNESS: I don't recall from other
2  sources.
3           (Witness instructed not to answer.)
4  BY MR. GALLO:
5      Q.  Did you review any documents as part of
6  your investigation into Mr. Williams' SIM swaps?
7           MS. STAGG: Objection. It calls for
8  attorney-client privileged communications and
9  attorney work product.
10          And on that basis, I instruct you not to
11 answer.
12          (Witness instructed not to answer.)
13 BY MR. GALLO:
14     Q.  Did you speak with anyone, besides your
15 attorneys or AT&T's attorneys, to gather facts as
16 part of your investigation into Mr. Williams' SIM
17 swaps?
18          MS. STAGG: That calls for attorney work
19 product and attorney-client privileged
20 communications.
21          And on that basis, I instruct you not to
22 answer.
23          (Witness instructed not to answer.)
24 BY MR. GALLO:
25     Q.  Outside of, again, your attorneys or AT&T's

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
|          | 1  | attorneys, did you speak with anyone at all about           |
|          | 2  | your investigation into Mr. Williams' SIM swaps or          |
|          | 3  | the facts you learned as part of your investigation?        |
|          | 4  |     MS. STAGG: Same objections.         |
| 14:16:30 | 5  |     I'm sorry. Could you read the question |
|          | 6  | back again.                                                  |
|          | 7  |     (Record read.)                      |
|          | 8  |     MS. STAGG: Same instruction. Calls for |
|          | 9  | attorney-client privileged communications and              |
| 14:16:59 | 10 | attorney work product.                                       |
|          | 11 |     And on that basis, I instruct you not to |
|          | 12 | answer.                                                      |
|          | 13 |     (Witness instructed not to answer.) |
|          | 14 |     MR. GALLO: Okay. And, Nancy, just for the |
| 14:17:06 | 15 | record, is it -- are you instructing your client not        |
|          | 16 | to answer any questions about what documents he             |
|          | 17 | reviewed or who he spoke to in connection with his          |
|          | 18 | investigation?                                               |
|          | 19 |     MS. STAGG: Yes. So, you know, as we've |
| 14:17:20 | 20 | indicated on the privilege log, his entire                   |
|          | 21 | investigation relating to Mr. Williams was done at          |
|          | 22 | the direction of counsel. So even anyone he spoke to        |
|          | 23 | in conducting that investigation, it's work product.        |
|          | 24 | It's privileged.                                             |
| 14:17:36 | 25 |     So, yeah, so -- yeah, so anything that he |

```
14:17:52   1   did in connection -- you know, I've given you
           2   latitude to ask generally about what he does in asset
           3   protection and how he goes about an investigation,
           4   but we're going to object to anything with regard to
           5   specifically because that was done at the direction
           6   of counsel.
           7           MR. GALLO:  Okay.  And I think my question
           8   so far was only whether or not he reviewed any
           9   documents, not which documents he reviewed.  Are you
14:18:05  10   persistent in that objection with respect to that?
          11           MS. STAGG:  Yeah, sure.  Sure.  Because
          12   what he -- what he chooses to do in this case all
          13   relates -- rolls up into the work that he did at the
          14   direction of counsel.
14:18:15  15           MR. GALLO:  And same thing with respect to
          16   whether or not he spoke to anybody?
          17           MS. STAGG:  Yes.
          18           MR. GALLO:  All right.
          19           Okay.  Lalindra, can you pull up Exhibit
14:18:30  20   20, please, which we'll now mark as Arno Number 4, I
          21   believe.
          22                (Whereupon Exhibit 4 was marked for
          23                    identification.)
          24   BY MR. GALLO:
14:18:44  25       Q.  Okay.  All right.  So this, I'll represent,
```