IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

---

JASON WILLIAMS,

    Plaintiff,

vs.

AT&T MOBILITY LLC,

    Defendant.

---

Case No. 5:19-cv-00475-BO

**PLAINTIFF JASON WILLIAMS' OPPOSITION TO AT&T'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF EMOTIONAL DISTRESS OF PLAINTIFF JASON WILLIAMS OR HIS FAMILY**
**(MEMORANDUM OF LAW IN OPPOSITION TO MOTION IN LIMINE NO. 2)**

**Withers Bergman LLP**
Christopher LaVigne
Joseph Gallo
430 Park Avenue
New York, New York 10022
(212) 848-9800
Christopher.LaVigne@withersworldwide.com
Joseph.Gallo@withersworldwide.com

*Attorneys for Plaintiff Jason Williams*

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................................... 2

ARGUMENT ................................................................................................................................... 4

CONCLUSION ................................................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bouygues Telecom, S.A. v. Tekelec*,
   No. 4:05-CV-78-FL, 2007 WL 9718142 (E.D.N.C. 2007) (unpublished) ........................................ 4, 7

*Bryant v. Aiken Reg'l Med. Centers Inc.*,
   333 F.3d 536 (4th Cir. 2003) ................................................................................................ 5

*Clark v. Clark*,
   2021-NCCOA-652, 867 S.E.2d 743 (N.C. App. 2021) ........................................................... 5

*Everhart v. O'Charley's, Inc.*,
   200 N.C. App. 142 (2009) ...................................................................................................... 5

*Finch v. Covil Corp.*,
   388 F.Supp.3d 593 (M.D.N.C. 2019), *aff'd*, 972 F.3d 507 (4th Cir. 2020) .......................... 1

*Johnson v. Ruark Obstetrics & Gynecology Associates, P.A.*,
   327 N.C. 283 (1990) .............................................................................................................. 5

*Lima v. MH & WH, LLC*,
   No. 5:14-CV-896-FL, 2019 WL 2602142 (E.D.N.C. Mar. 8, 2019) (unpublished) .............. 5

*McKnight v. Simpsons Beauty Supply, Inc.*,
   86 N.C. App. 451 (1987) ....................................................................................................... 5

*Reis v. Hoots*,
   131 N.C. App. 721 (1998) ................................................................................................. 5, 6

*Tarlton for McCollum v. Sealey*,
   No. 5:15-CV-451-BO, 2021 WL 1845171 (E.D.N.C. 2021) (Boyle, J.) (unpublished) ..... 1, 7

*Under Armour, Inc. v. Battle Fashions, Inc.*,
   No. 5:19-CV-297-BO, 2021 WL 2518212 (E.D.N.C. 2021) (Boyle, J.) (unpublished) ..... 1, 7

**Other Authorities**

Federal Rule of Evidence 402 .................................................................................................... 6

Federal Rule of Evidence 403 .................................................................................................... 6

Local Civil Rule 39.1 ................................................................................................................. 1

## INTRODUCTION

AT&T's motion in limine to exclude evidence of Mr. Williams' emotional distress, which duplicates arguments AT&T also makes in its summary judgment motion, is an improper attempt to use an evidentiary motion for summary judgment purposes. *Cf. Tarlton for McCollum v. Sealey*, No. 5:15-CV-451-BO, 2021 WL 1845171, *3 (E.D.N.C. 2021) (Boyle, J.) (unpublished) ("plaintiffs correctly argue that this is not a motion *in limine* but rather an untimely motion for summary judgment"). Furthermore, the motion is premature, because AT&T's motion for partial summary judgment on this same issue is still *sub judice* and is unlikely to be granted for the reasons set forth in Mr. Williams' opposition to that motion. *Cf.* Local Civil Rule 39.1 (motions in limine shall be filed seven days before trial). If AT&T's motion for summary judgment on this issue is denied, then this motion in limine should be denied as moot.

Even in the unlikely event that the motion for summary judgment on emotional distress is granted, some or all of the evidence of the distressing events suffered by Mr. Williams as a result of AT&T's wrongful conduct will be relevant to other issues in the case – a determination which can best be made at trial, or at a point nearer to trial, when the parties are preparing the pre-trial order, and determining what evidence will be introduced for what purposes. *See generally, Under Armour, Inc. v. Battle Fashions, Inc.*, No. 5:19-CV-297-BO, 2021 WL 2518212 (E.D.N.C. 2021) (Boyle, J.) (unpublished) (district court's rulings on motions in limine are preliminary and "subject to change when the case unfolds," and would be denied where they could best be resolved as evidence develops during trial) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)); *accord Finch v. Covil Corp.,* 388 F.Supp.3d 593, 612 n.14 (M.D.N.C. 2019), *aff'd*, 972 F.3d 507 (4th Cir. 2020) (courts generally defer ruling on motions in limine until they have enough information, which usually occurs at trial) (collecting cases).

For example, evidence of what happened to Mr. Williams each time he suffered a SIM-swap attack is directly relevant to show AT&T's negligence, gross negligence, and liability for punitive damages, because this evidence establishes that AT&T knew the terrible effects of what SIM-swap

1

attacks, and the special reasons why Mr. Williams was at risk, but yet allowed Mr. Williams to be victimized at least six times.[1]

In any event, this motion should be denied because Mr. Williams has advanced sufficient evidence of his severe emotional distress, and how AT&T proximately caused this distress, to allow him to present these claims to the jury.

## FACTUAL BACKGROUND

This motion in limine is premature and duplicative of arguments made in AT&T's Memorandum of Law in Support of its Motion for Summary Judgment. (*See* Doc. No. 119 at 9-11.) In the interest of brevity and avoiding duplication, Mr. Williams does not reproduce herein the full Statement of Facts contained in his Memorandum of Law in Opposition to AT&T's Motion for Summary Judgment, filed concurrently with this opposition, and instead offers facts relevant to his emotional dismiss claims.

Unsurprisingly, the record contains ample testimony, and documentary evidence, regarding the emotional distress Mr. Williams experienced as a result of the SIM swaps and their consequences, including his constant state of fear. Mr. Williams testified:

- Specifically the night or the afternoon that I was threatened by text message, that if I didn't respond or do something, that my daughter would go missing. I called the police. I was terrified. (Appendix[2], Ex. 3 at 61:16-21.)

- So it was highly disruptive to, you know, me being a fund manager and having to deal with this….And as you can imagine, me being a target of SIM swaps and this level of instability, you know, threatened my ability to be a good steward of my responsibilities with these people. It was highly -- it was highly disruptive. It was something that – it was just a very, very big deal. I wish I had the capacity and the words to explain to you how unnerving this is. This is my life. It's what I worked toward. I don't practice medicine anymore. This is what I do, and for me to have my personal information coopted for these folks to reach out to business clients and to solicit money and try to extract like business deals and doings that have nothing to do with me, it's just terrifying. (Appendix, Ex. 3 at 66:8-67:9.)

---

[1] The evidence may also be relevant to, for example, establish reputational injury, or to establish why Mr. Williams was required to shut down his crypto-mining operations. These, and other issues, are best fleshed out at or shortly before trial, rather than at the summary judgment stage.

[2] All references herein to the "Appendix" refer to Plaintiff's Appendix to its Opposition to AT&T's Motion for Summary Judgment.

- Throw on top of it you are worried about your safety and your family's safety. It's terrifying. I hate to keep using the same word, but it is very scary. (Appendix, Ex. 3 at 70:15-18.)

- I had never experienced something like this. I have got ten plus businesses that I'm running, and this is my first experience with this kind of Dark Web hacker kind of thing affecting me so close to home. (Appendix, Ex. 3 at 165:13-18.)

There is additional testimony and documentary evidence regarding Mr. Williams' emotional distress. The foreseeable consequences of AT&T providing Mr. Williams' SIM card to third parties were self-evidently distressing. Mr. Williams received threatening calls and text message from unknown individuals. (Appendix, Ex. 15.) Mr. Williams received a text message threatening that his daughter would be kidnapped. (Appendix, Ex. 3 at 67:17-68:18; 72:14-73:6; Ex. 16 ("Answer the phone or your daughter will go missing tonight.") When Mr. Williams contacted the local police about the kidnapping threat, they told him they could not protect him or his family. (Appendix, Ex. 3 at 61:7-62:24.) The police told Mr. Williams to be "ready to use" a gun to protect himself and his family. (*Id*.) Mr. Williams purchased a gun, silencer, and other accessories in response to the threats that followed the SIM swaps. (Appendix, Ex. 17.) Agents at the FBI told Mr. Williams that his and his family's personal information had been released onto the "Dark Web," where it was available to criminals and hackers. (Appendix, Ex. 3 at 112:11-22; 173:18-22; 259:10-263:11.) Criminals used Mr. Williams' phone number to impersonate him and convince an acquaintance to transfer Bitcoin to them, harming his reputation in the process. (Appendix, Ex. 18.) Mr. Williams' online accounts, including his personal Gmail account, and the information within those accounts, were compromised by hackers. (Appendix, Ex. 19 at 5-7; Ex. 3 at 117:8-130:7; Ex. 20.) Mr. Williams has never been able to recover his personal Gmail account, which contained over a decade's worth of his personal and financial information, since the SIM swap attacks. (*Id*.; Williams Decl. ¶5.) After living with the consequences of the SIM swaps that he and his family have experienced so far, Mr. Williams remains in constant fear of the next consequence, and reasonably believes that AT&T is responsible for those consequences. (*See* Williams Decl. ¶¶ 5-7.)

Mr. Williams also testified about how these events affected him, his family, and his relationship with his family:

> I think what I'm saying to you is a [sic] threatening a 15 year old to be kidnapped and having police with guns in your house and your father trying to project himself as some type of vigilante who can defend himself with weapons, who is tired, exhausted from this, and it's affected me. It's affected my relationships. It's affected my daughter. It's affected me and my wife. I am making that claim. How do I quantify that? I don't know. Do I think you are liable, yes. Yes, 100 percent. Do I think that these SIM swaps have taken a toll on me, and have affected my businesses negatively, yes. How do I quantify that? I don't know. I'm leaving that up to these attorneys. That's why I persisted. That's why I'm sitting here today and that's why I'm willing to go to trial with this.

(Appendix, Ex. 3 at 248:22-249:20.) Mr. Williams also described the effects of the SIM swaps, including the emotional distress it caused him, during a podcast interview. (*See* Appendix, Ex. 24 at ATT-WIL-02319) (transcript of podcast interview in which Mr. Williams describes the effects of the SIM swaps to the interviewer: "It's frightening.")

## ARGUMENT

The motion should be denied, in its entirety, because it seeks to exclude a broad category of evidence, in a general and unspecific manner. *Bouygues Telecom, S.A. v. Tekelec*, No. 4:05-CV-78-FL, 2007 WL 9718142, *1 (E.D.N.C. Feb. 23, 2007) (request to exclude an entire category of unspecified documents and evidence cannot be properly addressed in limine, and thus, "to the extent that defendant's motions intend to exclude any broad category of evidence not specifically identified, the motion is DENIED.") Furthermore, to the extent that any part of this motion is not rendered moot by the determination of AT&T's motion for summary judgment and/or to the extent that AT&T seeks to exclude evidence based on arguments not raised in its summary judgment motion, Plaintiff requests the opportunity to submit additional, specific arguments as to any specific evidence or documents which AT&T continues to seek to exclude after the summary judgment motion is decided.

In any event, and contrary to AT&T's arguments, AT&T's motion in limine should be denied because Mr. Williams has submitted substantial evidence of severe emotional distress, well beyond mere stress, annoyance, and temporary fright, as more fully set forth herein in Section II, *supra*. Indeed, Mr. Williams is still dealing with the impact of the numerous unauthorized SIM swaps that AT&T perpetrated on him. (*See, e.g.*, Williams Decl. ¶¶5-7.)

4

Furthermore, contrary to AT&T's arguments, under Fourth Circuit and North Carolina precedent, "a plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress." *Bryant v. Aiken Reg'l Med. Centers Inc.*, 333 F.3d 536, 547 (4th Cir. 2003) (citing *Price v. City of Charlotte,* 9 F.3d 1241, 1251 (4th Cir. 1996)); *Lima v. MH & WH, LLC*, No. 5:14-CV-896-FL, 2019 WL 2602142, *19 (E.D.N.C. Mar. 8, 2019) (unpublished); *Clark v. Clark,* 2021-NCCOA-652, ¶ 41, 867 S.E.2d 743, 753 (N.C. App. 2021) (damages verdict for emotional distress sufficiently supported by lay testimony from plaintiff and a friend of plaintiff); *Everhart v. O'Charley's, Inc.*, 200 N.C. App. 142, 156-57 (2009) (plaintiff's competent testimony was sufficient to establish her own emotional distress and its source; medical or expert testimony is not a necessary part of a claim for emotional distress); *Reis v. Hoots,* 131 N.C. App. 721, 731-32 (1998) ("Defendant testified as to the stress, both financial and emotional, caused by the numerous lawsuits and mail tampering. She testified as to the mental anguish she had suffered either directly or indirectly (by having to cope with the pain and turmoil plaintiff's actions caused the parties' children). Her testimony constituted sufficient evidence of damages to submit the case to the jury."); *McKnight v. Simpsons Beauty Supply, Inc.,* 86 N.C. App. 451, 454 (1987) ("Though expert medical testimony may be necessary to establish that some types of emotional distress were suffered or that it was caused by a defendant's outrageous conduct, such testimony was not indispensable to a jury trial on plaintiff's claim. To have a jury trial on that issue plaintiff only had to present competent evidence that he suffered emotional distress and that it resulted from defendant's conduct; and his evidence that he was 'shocked' and 'upset' following the abrupt, unexplained termination of his employment without cause met that requirement"). As set forth as in Section II, *supra*, the evidentiary record contains ample such testimony from Mr. Williams.

Likewise, contrary to AT&T's argument, it is well-settled that a person may assert a claim for emotional distress based on the suffering of close family members, such as a spouse or children. *Johnson v. Ruark Obstetrics & Gynecology Associates., P.A.*, 327 N.C. 283, 300 (1990) ("Common sense and precedent tell us that a defendant's negligent act towards one person may proximately and foreseeably cause emotional distress to another person and justify his recovering damages, depending upon their

5

relationship and other factors"); *see also id. at* 291 (North Carolina recognizes no "arbitrary requirements" for claims of emotional distress); *Reis,* 131 N.C. App. at 731-32 (mother could recover for emotional distress she suffered as a result of the suffering which defendant caused to her children). As set forth as in Section II, *supra*, the evidentiary record also contains ample evidence of the distress that Mr. Williams' family's suffering caused him.

Finally, contrary to AT&T's argument, Mr. Williams has put forward sufficient evidence connecting AT&T's misconduct to the texts he received threatening to kidnap his daughter. Specifically, the threats were temporally connected, as they all happened within weeks of the SIM swaps, and Mr. Williams had not received similar threats before. (*See, e.g.*, Williams Decl. ¶¶5-7.) AT&T does not dispute that it provided unauthorized third parties "with access to and use of [Mr. Williams'] phone number for telephone calls and texts," (*see* AT&T Mov. Br. at 21). AT&T was and is fully aware that its customers use two-factor authentication, including two-factor authentication involving phone calls and text messages as "an extra security layer" for their online accounts. (*See* Appendix, Ex. 27 at 1-2; Ex. 28.) In addition, AT&T was and is fully aware that criminals use unauthorized SIM swaps as a way to bypass their victims' phone and text based two-factor authentication security. (*See* Appendix, Ex. 8; Ex. 9; Ex. 10; Ex. 28; Ex. 7 at 36-37.) Accordingly, AT&T provided those hackers with the means to access his other accounts and the information therein, including Gmail; Twitter; Instagram; DropBox; Google Drive; LinkedIn; Coinbase; Slush Pool; Gemini; and First Citizens Bank. (*See* Appendix, Ex. 19 at 5-6.) A jury could reasonably infer that AT&T providing access to Mr. Williams' personal information to unknown third parties led to those third parties gaining the information they needed to threaten Mr. Williams and his family. As more fully set forth in Section VI of Mr. Williams' opposition to AT&T's motion for summary judgment, this is sufficient to establish proximate cause as to the threatening text messages.

Because Mr. Williams is entitled to assert his claims for emotional distress, evidence of that distress, and the reasons for that distress, is both relevant under Federal Rule of Evidence 402, and not unfairly prejudicial under Rule 403. *Cf. Reis,* 131 N.C. App. at 729 (testimony about how husband's

6

conduct affected minor children was properly admitted as relevant and not unfairly prejudicial, because the pain and stress caused to the children "would be almost certain to cause [wife] emotional turmoil,"); *see also generally, Under Armour, Inc.*, 2021 WL 2518212, at *1-2; *Tarlton for McCollum*, 2021 WL 1845171 at *1-2; *Bouygues Telecom S.A.,* 2007 WL 9718142 *2-3. In addition, much of this evidence may also be relevant to other claims or defenses in this case, an issue better hashed out at or closer to trial.

## CONCLUSION

For all the foregoing reasons, AT&T's motion in limine to exclude any evidence of Mr. Williams' emotional distress should be denied.

Dated: May 2, 2022
New York, New York

WITHERS BERGMAN LLP

By: _____
Christopher LaVigne
Joseph Gallo
430 Park Avenue
New York, New York 10022
(212) 848-9800
Christopher.LaVigne@withersworldwide.com
Joseph.Gallo@withersworldwide.com

*Attorneys for Plaintiff Jason Williams*

Terence S. Reynolds
Lucas Garber
**SHUMAKER LOOP & KENDRICK LLP**
101 South Tyron Street, Suite 2200
Charlotte, North Carolina 28280
Telephone: (704) 375-0057
Facsimile: (704) 332-1197
treynolds@shumaker.com
State Bar No. 49848

*Local Civil Rule 83.1(d) Counsel for Plaintiff Jason Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Nancy L. Stagg
KILPATRICK TOWNSEND & STOCKTON LLP
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 350-6111
Email: nstagg@kilpatricktownsend.com

Joseph S. Dowdy
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Michael Breslin
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility, LLC*

This the 2nd day of May, 2022

/s/ Christopher LaVigne
Christopher LaVigne