IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JASON WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>        Defendant. | Case No.: 5:19-cv-00475-BO<br><br>**DEFENDANT AT&T MOBILITY LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF JASON WILLIAMS' MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG DOCUMENTS** |

Defendant AT&T Mobility LLC ("AT&T"), pursuant Local Rule 7.2, submits this memorandum in opposition to the Motion of Plaintiff Jason Williams ("Mr. Williams") to Compel Production of Privilege Log Documents:

## INTRODUCTION

Not satisfied with the thousands of pages of documents produced by AT&T, followed by deposition testimony of AT&T employees, Mr. Williams makes a delinquent motion seeking to compel the production of three documents listed months ago on AT&T's privilege log. Each of these three documents are protected from disclosure by attorney-client privilege and work product doctrine. Because Mr. Williams' Motion is untimely and the withheld documents protected by privilege and work product, Mr. Williams' Motion to Compel should be denied.

## STATEMENT OF FACTS

Mr. Williams filed his original Complaint on October 24, 2019. (ECF 1.) AT&T timely filed its Answer and Affirmative Defenses on April 15, 2020. (ECF 35.) The Parties proceeded with discovery under the Court's scheduling order. (ECF 42.) After

1

several extensions to the discovery period,[1] this Court entered an Order stating that all discovery shall be initiated to be completed by February 28, 2022, and that all motions except those relating to the admissibility of evidence shall be filed by March 30, 2022. (ECF 105.) Mr. Williams filed this untimely Motion to Compel on April 28, 2022. (ECF 135.)

In response to Mr. Williams' document requests, AT&T produced, among other documents, the account notes for Mr. Williams' AT&T wireless account. On November 17, 2021, AT&T employee Ray Hill testified about Mr. Williams' account, the AT&T account notes, and about the allegedly unauthorized SIM changes. (Pl. Memo. p. 2.) After receipt of a deposition notice for AT&T Asset Protection Investigator Rob Arno, AT&T objected to the deposition (based on privilege and work product) via letter dated December 7, 2021. The parties ultimately agreed to conduct the deposition on February 28, 2022. On January 27, 2022, AT&T provided a privilege log identifying three documents. AT&T supplemented the privilege log on February 15, 2022, adding detail requested by counsel. Mr. Arno's deposition proceeded on February 28, 2022. (*Id.* at p. 3.)

On March 17, 2022, 13 days before the motion filing deadline, Mr. Williams' counsel sent AT&T's counsel a meet and confer letter regarding the privilege log. (*Id.* at p. 4.) On March 25, 2022, and in conformity with its position on attorney-client privilege and attorney work product, AT&T declined to produce the documents. Aware of the impending motion filing deadline,[2] Mr. Williams' counsel called AT&T's

---

[1] See ECF 42, 72, 74, 87.
[2] AT&T filed a motion for summary judgment and two in limine motions on March 30, 2022 (ECF 118-128.)

counsel on March 30, 2022 and left a voicemail indicating that "*he was aware that the parties' motion deadline was that day.*" (*Id.* at p. 4.) After AT&T's counsel promptly left a reply voicemail, Mr. Williams' counsel waited over a week to follow up again. (*Id.*) On April 11, 2022, AT&T's counsel responded that based on the motion deadline previously set by the Court and prior communications between counsel, the deadline to have brought a discovery motion passed on March 30, 2022. (*Id.* at p. 5.) Plaintiff filed this Motion on April 28, 2022, approximately one month after the deadline passed.

The three documents at issue in this Motion are documents identified in AT&T's privilege log. A true and accurate copy of the amended privilege log is attached to the LaVigne Decl., at Ex. J, ECF 137-10. As the privilege log notes, the first two documents were created on December 5, 2018, after Mr. Williams walked into an AT&T store to complain about the alleged SIM swaps at issue in this action. Mr. Williams is now conveniently unable to recall one way or the other whether he threatened litigation against AT&T. (ECF 136, Williams Decl., ¶4.) The third document was created on November 21, 2019, well after Mr. Williams filed his Complaint in this action on October 24, 2019. (*Id.*) Each of the documents described in AT&T's privilege log are the result of AT&T's in-house and outside litigation counsel's communications with AT&T's Asset Protection personnel about the alleged SIM swaps issue in this case. As stated in the Declaration of AT&T attorney Ann Beck, the first two documents concern the investigation of an alleged privacy incident as reported by Mr. Williams at the retail store. (Beck Decl., ¶¶3-4) The third

3

76016580V.3
Case 5:19-cv-00475-BO    Document 147    Filed 05/12/22    Page 3 of 13

document, as stated in the Declaration of Nancy L. Stagg, AT&T's counsel of record in this case, was created after Mr. Williams initiated this litigation. (Stagg Decl., ¶4.)

## ARGUMENT

Mr. Williams' Motion to Compel should be denied because it is untimely under the Court's scheduling order and because it seeks materials that are plainly protected by attorney-client privilege and attorney work product doctrine.

### I. Mr. Williams' Motion is untimely.

Mr. Williams' Motion to Compel is untimely and should be denied for that reason alone. It is well established that "a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely." *Weiner v. AXA Equitable Life Ins. Co.*, 481 F.Supp.3d 5551, 561 (W.D.N.C. 2020). Mr. Williams offers no legitimate reason why his counsel could not have filed the Motion within the time permitted by this Court's scheduling orders and he did not present a timely motion to alter the prior scheduling order.

This Court has addressed a similar issue in *Infernal Technology, LLC v. Epic Games, Inc.*, 339 F.R.D. 226 (E.D.N.C. 2021), where a movant attempted compel discovery two weeks after the discovery deadline had passed. The Court noted that the movant intentionally waited until the end of an eighteen-month discovery period to notice the Rule 30(b)(6) deposition and then waited weeks after the dispute arose and discovery ended to bring its motion. *Id.* This Court stated that in proceeding in that manner, the movant "ran the risk of the discovery period ending without conducting all the discovery it wanted to." *Id.* at n. 2. The movant's delay and

4

76016580V.3
Case 5:19-cv-00475-BO   Document 147   Filed 05/12/22   Page 4 of 13

disregard of the discovery scheduling order prohibited it in obtaining the additional discovery it sought. *Id.*; s*ee also, Channing v. Equifax, Inc.*, No. 5:11-CV-293-FL, 2012 WL 2049918, at *1 (E.D.N.C. 2012) (explaining that a "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."). *See, also, Remediation Products, Inc. v. Adventus Americas Inc.,* 3:07–CV–153–RJC–DCK, 2009 WL 2497939, at *3 (W.D.N.C. Aug. 13, 2009) (refusing to extend the discovery deadline where movants did not show "that they diligently pursued [ ] discovery but were unable to reasonably meet the deadline").

Here, AT&T produced the notes for Mr. Williams' AT&T account, and his counsel had them for use at the deposition of AT&T employee Ray Hill on November 27, 2021, as well as for the deposition of AT&T employee Rob Arno, on February 28, 2022. Mr. Williams can't argue that he needs additional fact information from AT&T that can only be found in the privilege log investigative reports, as the account notes contain such factual information, such as the date and time of the SIM changes, the communications to AT&T about the SIM changes and other technical details regarding the SIM changes at issue. (See ECF 137-2, Ex. B to LaVigne Decl.) In addition, AT&T provided the initial versions of the privilege log identifying all three documents to Mr. Williams months ago, on January 27, 2022, and an amended privilege log on February 15, 2022. Mr. Williams, like the plaintiff in *Epic Games,* knowingly waited until the motion filing deadline had passed. Mr. Williams conducted discovery, including depositions regarding the alleged SIM swaps to his account. Now however, Mr. Williams and his counsel want to take a free ride on the

5

76016580V.3
Case 5:19-cv-00475-BO    Document 147    Filed 05/12/22    Page 5 of 13

back of AT&T's attorneys and their work product after the close of discovery. Litigants are entitled to rely upon the equal application of court rules. Mr. Williams failed to preserve this issue by filing his Motion before the expiration of the Court's deadline, and now seeks to unilaterally modify the Court's scheduling orders through this Motion without stating good cause for the delay.

This Court in *BlackRock Engineers, Inc. v Duke Energy Progress, LLC*, 7:15-CV-250-D, 2018 WL 4409377 at 3 (E.D.N.C. 2018), addressed where a plaintiff moved to compel two months after the deadline and claimed as justification that it was attempting to resolve the matter without court intervention. In that case, the Court found no credibility in the time of delay for review of the defendant's production and the tardiness of the motion and denied the motion. The same is true here: Mr. Williams' counsel had possession of AT&T's privilege log as of January 27, 2022, more than two months before the motion filing deadline. Counsel knew in advance of the Arno deposition that AT&T maintained that these documents were privileged and declined to produce them. Nothing occurred after the Arno deposition altering that understanding. Indeed, it is notable that Mr. Williams is not seeking to compel any testimony from Mr. Arno by this Motion, only production of documents which they have been aware of since at least January 27, 2022. As it did in the *Infernal Technology, LLC* and *BlackRock Engineers, Inc.* cases, this Court should deny Mr. Williams' untimely Motion in light of counsel's admitted awareness of the deadline and delay in pursuing the issue.

## II. Mr. Williams impermissibly seeks materials protected by the attorney-client privilege and the attorney work product doctrine.

Even if the Court considers the merits of Mr. Williams' Motion, the Motion should be denied as each of the documents Mr. Williams seeks are protected from disclosure by attorney-client privilege and attorney work product doctrine.

### a. The Materials Demanded by Mr. Williams Are Protected by the Attorney- Client Privilege.

Attorney-client privilege is the oldest of the common-law privileges and serves to encourage free communications between attorneys and their clients. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). It "affords confidential communications between lawyer and client complete protection from disclosure." *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). To assert attorney-client privilege a party must satisfy four requirements. First, that the holder of the privilege either was or was seeking to become a client. *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 501–02 (4th Cir. 2011). Second, that the person receiving the communication is an attorney (or an attorney's subordinate) and acted as an attorney when they received it. *Id.* Third, that the communication relates to facts conveyed by a client outside the presence of strangers and to receiving legal services. *Id.* And, fourth, that the party has claimed the privilege and not waived it. *Id.*

Here, as evidenced by the privilege log and the Declarations of AT&T's counsel, Ann Beck and Nancy Stagg, the documents were prepared for review and use by AT&T's legal counsel to investigate the SIM swap incidents Mr. Williams complained of, both before and after the filing of litigation and to provide AT&T legal advice. (*See*

Beck Decl., ¶¶2-4, and Stagg Decl., ¶¶2-4.) As to the pre-litigation documents, AT&T's corporate attorney electronically locked down and limited access to the documents within AT&T's online portal. (Beck Decl., ¶4.) The post-litigation investigative report has also been maintained as privileged. (Stagg Decl., ¶4.) On these facts, the investigations and related communications are privileged. *Conn. Indem. Co. v. Carrier Haulers, Inc.*, 197 F.R.D. 564, 572 (W.D.N.C. 2000) (stating that an investigation performed for the rendition of legal services is protected by the attorney-client privilege). There are no facts suggesting the privilege has been waived. As such, this Court should deny Williams' Motion to Compel as documents sought are protected by the attorney-client privilege.

### b. The Materials Requested by Mr. Williams Are Also Protected by Attorney Work Product Doctrine.

Under the work product doctrine, documents prepared "in anticipation of litigation ... by or for another party or its representative" are generally not discoverable. Fed. R. Civ. P. 26(b)(3)(A). Courts have distinguished between two types of attorney work product: fact work product and opinion work product. *In re Grand Jury Proceedings*, 102 F.3d 748, 750 (4th Cir. 1996). Fact work product "consists of documents prepared by an attorney that do not contain the attorney's mental impressions[.]" *In re Grand Jury Proceedings No. 5 Empaneled January 28, 2004*, 401 F.3d 247, 250 (4th Cir. 2005). This type of work product is only entitled to qualified protection and "can be discovered upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *Id.* Opinion work product, on the other hand, contains an

8

76016580V.3
Case 5:19-cv-00475-BO    Document 147    Filed 05/12/22    Page 8 of 13

attorney's "mental impressions, opinions, and legal theories[.]" *Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1223 (4th Cir. 1976). Work product falling into this category is "more scrupulously protected as it represents the actual thoughts and impressions of the attorney." *In re Grand Jury Proceedings*, 401 F.3d at 250. It is discoverable "only in very rare and extraordinary circumstances." *In re Doe*, 662 F.2d 1073, 1080 (4th Cir. 1981). As with the attorney-client privilege, the burden first rests on the party resisting discovery to show that the work-product doctrine applies to a document. *Republican Party of N.C. v. Martin,* 136 F.R.D. 421, 430 (E.D.N.C. 1991). If it does, the burden then shifts to the requesting party "to show, as to each document, substantial need and undue hardship." *Id.* at 429.

Here, all three documents qualify as attorney work product in addition to the attorney-client privilege. The first two documents were created due to the threat of litigation and the last was created after litigation was initiated by Mr. Williams. (Beck Decl., ¶¶2-4; Stagg Decl., ¶¶2-4.) Documentary evidence qualifies as work product if it is prepared in anticipation of litigation. *Conn. Indem. Co. v. Carrier Haulers, Inc.*, 197 F.R.D. 564, 570 (W.D.N.C. 2000). Under the facts described in the declarations of AT&T's counsel, all three documents qualify for attorney work product protection.

Work product privilege is intended to prevent a litigant from taking a free ride on the research and thinking of his opponent's lawyer and to avoid the resulting deterrent to a lawyer's committing his thoughts to paper. *Id.* That is exactly what Mr. Williams is attempting to do. He and his counsel seek the investigation of AT&T and

9
76016580V.3
Case 5:19-cv-00475-BO    Document 147    Filed 05/12/22    Page 9 of 13

its counsel, despite having AT&T account notes and other documents related to the alleged SIM swaps and despite Mr. Williams taking depositions of multiple AT&T employees. Mr. Williams cannot show that there is a substantial need for these privileged documents under these circumstances. Nor is there an undue burden with the procurement of substantial equivalent materials. Mr. Williams had the opportunity to engage in discovery and take depositions regarding the alleged SIM changes and he did those things. Mr. Williams is attempting to pierce the attorney-client privilege and the attorney work product protections regarding AT&T's investigations despite having the opportunity to compile the equivalent through discovery. Because Mr. Williams has already procured the substantial equivalent of the documents at issue, there is no substantial need or undue hardship which requires sharing AT&T's otherwise privileged investigations.

Because Mr. Williams can show no facts evidencing substantial need or undue hardship requiring waiver of privilege, the Court should deny Mr. Williams' Motion to Compel.

## CONCLUSION

Because Mr. Williams' Motion to Compel is untimely and the documents at issue are privileged, the Motion should be denied.

Respectfully submitted this 12th day of May, 2022.

/s/ Joseph S. Dowdy
Joseph S. Dowdy (N.C. State Bar No. 31941)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Michael Breslin
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

Nancy L. Stagg (CA State Bar No. 157034)
KILPATRICK TOWNSEND & STOCKTON LLP
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 350-6111
Email: nstagg@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this Memorandum complies with the word limit set by U.S. District Court for the Eastern District of North Carolina Local Civil Rule 7.2(f)(3). The Memorandum contains 2562 words.

This 12th day of May, 2022.

/s/ Joseph S. Dowdy
Joseph S. Dowdy

# **CERTIFICATE OF SERVICE**

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| SHUMAKER LOOP & KENDRICK LLP<br>Terence S. Reynolds<br>treynolds@shumaker.com<br>Lucas D. Garber<br>lgarber@shumaker.com<br>101 South Tyron Street<br>Suite 2200<br>Charlotte, North Carolina 28280<br><br>*Counsel for Plaintiff Jason Williams* | WITHERS BERGMAN LLP<br>Joseph Gallo<br>Joseph.gallo@withersworldwide.com<br>Christopher LaVigne<br>christopher.lavigne@withersworldwide.com<br>Martin J. Auerbach<br>Martin.auerbach@withersworldwide.com<br>430 Park Avenue, 10th Floor<br>New York, New York 10022-3505<br><br>*Counsel for Plaintiff Jason Williams* |

This the 12th day of May, 2022.

/s/ Joseph Dowdy
Joseph S. Dowdy