IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JASON WILLIAMS,<br><br>　　　　　Plaintiff,<br>v.<br><br>AT&T MOBILITY LLC,<br><br>　　　　　Defendant. | Case No.: 5:19-cv-00475-BO |

**DEFENDANT AT&T MOBILITY LLC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF AT&T'S MOTION *IN LIMINE* 1 TO EXCLUDE ANY EVIDENCE OF ALLEGED CRYPTO-MINING DAMAGES**

**I.　INTRODUCTION**

　　　Defendant AT&T Mobility LLC ("AT&T"), moved for an order *in limine* prohibiting Plaintiff Jason Williams ("Mr. Williams") from offering evidence regarding lost profit or other damages from "crypto-mining" operations that he alleges resulted from SIM swaps to his personal AT&T wireless telephone account. Discovery has established that the crypto-mining operations at issue in this case were not conducted by Mr. Williams individually; they were conducted entirely through a separate Delaware limited liability company, Apollo Kids Mining, LLC ("AKM"). AKM is not a party to this Action. Moreover, AKM was not AT&T's customer; AT&T did not have any contractual or other relationship with AKM. Because it was not AT&T's customer, AT&T did not owe any duty to AKM. Mr. Williams should not be permitted to introduce testimony or evidence regarding the alleged damages of a non-party in this action, let alone seek to claim them as his own damages. Mr. Williams' opposition to AT&T's motion *in limine* attempts to confuse, relying heavily on the

1

purported sole shareholder relationship between Mr. Williams and AKM. Mr. Williams' opposition attempts to extend the contractual relationship between AT&T and Mr. Williams to include AKM, an entity that AT&T had no dealings with at any point and was entirely unaware of until Mr. Williams was forced to disclose its existence in this litigation. See ECF 70, Order Granting AT&T's Motion to Compel Further Discovery from Plaintiff.

The Court should exclude any evidence of AKM's alleged crypto-mining losses under Federal Rule of Evidence 402 because such evidence is not relevant to the claims of Mr. Williams, the individual. Moreover, testimony about AKM's crypto-mining operations and its alleged losses would be unfairly prejudicial to AT&T, time-consuming, and confusing and misleading to the trier of fact and therefore excludable under Federal Rule of Evidence 403.

## II. ARGUMENT

### A. Mr. Williams Cannot Recover from AT&T for Apollo Kids Mining's Alleged Injuries.

As a general rule, "shareholders cannot pursue individual causes of action against third parties for wrongs or injuries to the corporation." *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658 (1997). There are limited exceptions where: (1) there is a special duty; and (2) where the shareholder suffered an injury separate and distinct from other shareholders. *Id.* For either exception articulated in *Barger* to apply, the defendant against whom a claim is asserted must also have had a relationship with the corporate entity as well as to the individual shareholder plaintiff. In *Barger v. McCoy Hillard & Parks*, 346 N.C. 650 (1997), shareholders who

2

KILPATRICK TOWNSEND 76016744 3
Case 5:19-cv-00475-BO   Document 149   Filed 06/03/22   Page 2 of 8

had personally guaranteed loans of the corporate entity brought an action against the accounting firm that provided allegedly deficient services to the corporation. The *Barger* plaintiffs had informed the firm that they were personally guaranteeing the loans for the corporation and the firm's advice induced them to guarantee the corporation's loans, and thus, plaintiffs could proceed as guarantors against the accounting firm. *Id*. at 660-661. The accounting firm had a duty to both the corporation and the guarantors. *Id*. Here, AT&T has no relationship to AKM whatsoever. ECF 125, Williams Depo., AT&T's Appx. 1 at 267:14-268:10. The contract for telephone services was solely between AT&T and Mr. Williams. ECF 2, Corrected Complaint, ¶¶ 1,5,10. This entire action is pleaded and predicated on AT&T's alleged acts and omissions towards its customer, Jason Williams, but the crypto-mining damages Mr. Williams alleges he suffered, if suffered at all, belong to non-party AKM, not Mr. Williams. AKM has no standing to bring a direct action against AT&T for these damages, given the lack of privity between AT&T and AKM. *Barger*, 346 N.C. 650 at 659. AKM had no contract with AT&T; AT&T did not make any representations to AKM or owe it any statutory or common law duty. And AKM's alleged crypto-mining damages are the majority of the damages Mr. Williams claims for himself in his Complaint. See ECF 2, Corrected Complaint, ¶¶ 1, 6, 9.

Mr. Williams' citations to two N.C. Business Court cases in his opposition brief are unpersuasive and entirely distinguishable from this action. In *Zoutewelle v. Mathis*, 2018 WL 4698735, (N.C.B.C. 2018), the plaintiff, a shareholder in real estate companies operated by her former husband, was permitted to bring an action in the

N.C. Business Court against her former husband because the husband assumed specific contractual duties to her and also had a duty to the real estate companies. *Zoutewelle*, 2018 WL 4698735 at *9. In the instant action, AT&T, unlike the former husband-defendant in *Zoutewelle*, doesn't operate AKM and has no separate duty to AKM arising out of Mr. Williams' AT&T account for personal telephone service. ECF 2, Corrected Complaint, ¶ 10. *Zoutewelle* has no application here. Similarly, in *LeCann v. Cobham*, 2011 WL 3329317 (N.C.B.C. 2011) (unpublished), the N.C. Business Court allowed the plaintiff to assert claims against the defendant because both parties were joint officers and managers and therefore had fiduciary duties to each other because of those roles.[1] *LeCann*, 2011 WL 3329317 at *5. Like *Zoutewelle*, *LeCann*'s facts are entirely distinguishable from this case: defendant Cobham was plaintiff LeCann's former partner in a dental practice, and they were joint officers and directors in certain professional entities they had formed. LeCann filed suit against Cobham for breach of fiduciary duty and related claims based on various derivative claims of the entities. *LeCann*, 2011 WL 3329317 at *1. *LeCann* is also of no application here: AT&T has no relationship at all with AKM, providing only personal telephone service to Mr. Williams.

In his opposition, Mr. Williams overlooks key facts in these two decisions. In each instance, the defendant against whom a claim is asserted had a duty to or a special relationship with the corporate entity **and** the individual plaintiff. *Zoutewelle*, 2018 WL 4698735 at *9. *LeCann*, 2011 WL 3329317 at *5. In contrast, here, AT&T

---

[1] "The Business Court is a special Superior Court, the decisions of which have no precedential value in North Carolina." *Estate of Browne v. Thompson*, 219 N.C. App. 637 (2012).

had no relationship at all with AKM. ECF 2, Corrected Complaint, *passim* (no mention of AKM in the Complaint). Therefore, the general rule from *Barger* applies, and Mr. Williams cannot appropriate AKM's alleged damages for himself as "[s]hareholders cannot pursue individual causes of action against third parties for wrongs or injuries to the corporation that result in the . . . diminution of the value of their stock." *Barger*, 346 N.C. at 658.

In addition, Mr. Williams' citation to Delaware law is unavailing, as Delaware law does not apply to his claims against AT&T. Mr. Williams has filed an action in North Carolina, where he is resident, alleging only federal claims or state law claims based on North Carolina law. ECF 2, Corrected Complaint, ¶¶ 7, 11, 15-16. Regardless, Mr. Williams' citation to the *NAF Holdings* case is misplaced. *NAF Holdings* involved a parent corporation ("NAF") which sought to acquire a target entity using two subsidiaries as the purchasing vehicles. *NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, 118 A.3d 175, 177 (Del. 2015). In connection with that acquisition, NAF entered into a contract with the defendant. The defendant repudiated the contract, causing the acquisition to fail for lack of financing. *Id.* NAF sued the defendant for damages from breach of contract based upon "the diminution in value of the NAF Subsidiaries' stock." *Id.* Unlike here, the defendant in *NAF Holdings,* was aware of the subsidiaries' existence, and the defendant's contract with NAF made the subsidiaries third party beneficiaries of the contract between plaintiff and defendant. The subsidiaries were unable to sue defendant directly because they had executed a covenant not to sue Li & Fung in connection with a settlement

5

KILPATRICK TOWNSEND 76016744 3
Case 5:19-cv-00475-BO    Document 149    Filed 06/03/22    Page 5 of 8

agreement. *Id.* That is a completely different fact scenario than the instant case, where the contract between AT&T and Williams was for his personal wireless telephone service, AT&T had no knowledge of AKM's existence and AKM is not a third-party beneficiary to the agreement between AT&T and Mr. Williams. There is simply no factual or legal basis to apply Delaware law or the holding in the Delaware *NAF Holdings* case to Mr. Williams' legal claims brought under federal or North Carolina law.

### B. Apollo Kids Mining Evidence Must Be Excluded Under Fed. R. Evid. 402 and 403.

Mr. Williams should not be permitted to introduce evidence or arguments related to alleged damages incurred by a corporate entity that is not a party and has no contractual or other relationship with AT&T at any hearing in this case or at trial. Such evidence would be entirely irrelevant to Mr. Williams' individual claims against AT&T. Because the evidence is irrelevant, the Court should exclude any evidence of AKM's alleged crypto-mining losses pursuant to Federal Rule of Evidence 402. Even if the Court were to find such evidence to be minimally relevant and probative to Mr. Williams' claims, the evidence should nevertheless be excluded pursuant to Federal Rule of Evidence 403, because testimony about AKM's crypto-mining operations and alleged losses would be unfairly prejudicial to AT&T, confusing and misleading to the trier(s) of fact, and time-consuming. A jury may erroneously credit Mr. Williams with AKM's losses, or they may unfairly hold AT&T liable for AKM's damages where no duty is owed.

## III. CONCLUSION

AT&T requests the Court grant AT&T's motion *in limine* 1, and issue an order prohibiting Mr. Williams, his attorneys, and any witnesses from mentioning, referencing or proffering evidence of any alleged crypto-mining damages of non-party Apollo Kids Mining at any motion, hearing or trial in this case.

Respectfully submitted this 3rd day of June, 2022.

/s/ Joseph S. Dowdy
Joseph S. Dowdy (N.C. State Bar No. 31941)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Michael Breslin
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

Nancy L. Stagg (CA State Bar No. 157034)
KILPATRICK TOWNSEND & STOCKTON LLP
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 350-6111
Email: nstagg@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| SHUMAKER LOOP & KENDRICK LLP<br>Terence S. Reynolds<br>treynolds@shumaker.com<br>Lucas D. Garber<br>lgarber@shumaker.com<br>101 South Tyron Street<br>Suite 2200<br>Charlotte, North Carolina 28280 | WITHERS BERGMAN LLP<br>Joseph Gallo<br>Joseph.gallo@withersworldwide.com<br>Christopher LaVigne<br>christopher.lavigne@withersworldwide.com<br>Martin J. Auerbach<br>Martin.auerbach@withersworldwide.com<br>430 Park Avenue, 10th Floor<br>New York, New York 10022-3505 |
| *Counsel for Plaintiff Jason Williams* | *Counsel for Plaintiff Jason Williams* |

This the 3rd day of June, 2022.

/s/ Joseph Dowdy
Joseph S. Dowdy