IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JASON WILLIAMS,<br><br>    Plaintiff,<br>v.<br><br>AT&T MOBILITY LLC,<br><br>    Defendant. | Case No.: 5:19-cv-00475-BO |

**DEFENDANT AT&T MOBILITY LLC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF AT&T'S MOTION *IN LIMINE* 2 TO EXCLUDE ANY EVIDENCE OF EMOTIONAL DISTRESS OF PLAINTIFF JASON WILLIAMS OR HIS FAMILY**

**I. INTRODUCTION**

Defendant AT&T Mobility LLC ("AT&T") moved for an *in limine* order prohibiting Plaintiff Jason Williams ("Mr. Williams") from offering evidence of alleged emotional distress, including Mr. Williams' own testimony of emotional upset, because such evidence, even in its entirety, is insufficient to support a claim for *severe* emotional distress as required by North Carolina law. Admission of the insufficient evidence would serve only to confuse and mislead the jury because it suggests that Mr. Williams suffered from actionable emotional distress when, in fact, he did not. Furthermore, Mr. Williams seeks to introduce hearsay evidence of his daughter's emotional distress, to which there exists no evidence that the AT&T SIM swaps were related. AT&T therefore seeks an order excluding any argument or evidence proffered by Mr. Williams in response to AT&T's Motion for Summary Judgment or Partial Summary Judgment in the Alternative, or at trial, if any:

1

KILPATRICK TOWNSEND 76016746 3
Case 5:19-cv-00475-BO Document 150 Filed 06/03/22 Page 1 of 12

- referring or relating to Mr. Williams' own emotional distress; and
- referring or relating to Mr. Williams' family members' emotional distress.

This evidence is calculated to evoke sympathy from the jury, and its admission, when there is no actionable claim as a matter of law, would serve no purpose but to consume the Court's time and unduly prejudice any jury against AT&T.

## II. ARGUMENT

### A. Mr. Williams' Emotional Disruption Does Not Amount to Severe Emotional Distress.

Mr. Williams' concerns regarding his professional reputation, family's safety, and general frustration regarding exposure of his and his family's information does not amount to severe emotional distress, as these conditions are not a "severe and disabling emotional or mental condition" that would be "recognized and diagnosed by professionals trained to do so" under North Carolina's seminal case outlining the elements of severe emotional distress. *Johnson v. Ruark Obstetrics ("Ruark").* 327 N.C. 282, 304 (N.C. 1990). References within Mr. Williams' opposition to the "dark web" and exposure of information are not evidence of severe emotional distress, but rather conjecture and possibilities that seek only to elicit an emotional response from the jury. Threats to Mr. Williams from unknown telephone numbers, where a link to the AT&T SIM swaps has not been articulated let alone established, do not amount to severe emotional distress. Instead, it is a reality of living in the mobile age where fraudulent threats from unknown numbers are common. *Gauthier v. Shaw Group,*

*Inc.,* 3:12-CV-274-GCM, 2012 WL 6043012 at *7 (W.D. N.C. Dec. 4, 2012) ("Mere insults, indignities, and threats do not constitute extreme and outrageous conduct because plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate or unkind."). Indeed, Mr. Williams' testimony regarding receiving these anonymous threatening messages is at odds with his claim that AT&T permitted unauthorized SIM swaps to occur leaving him <u>without</u> the ability to receive wireless service. See ECF 2, Corrected Complaint, ¶ 26 (asserting that SIM swaps caused the hacker to receive all texts and phone calls of the subscriber's phone and leaving the subscriber without network service).

Mr. Williams' argument that his testimony of his emotional distress should be admitted as evidence of "AT&T's negligence, gross negligence, and liability for punitive damages" is unconvincing and contrary to North Carolina law. Assuming arguendo such evidence exists, evidence relating to duty of care, breach, and causation can be demonstrated without testimony regarding Mr. Williams' work stress, fears regarding his family's safety, and general frustration regarding the SIM swaps. (Plf.'s Opp. at 1.) Furthermore, it is unclear how Mr. Williams' emotional state demonstrates that "AT&T knew the terrible effects of [] Sim-swap attacks, and the special reasons why Mr. Williams was at risk" such that punitive damages should be awarded. (Plf.'s Opp. at 1-2.) Mr. Williams' emotional upset has no relation to AT&T's knowledge, willfulness, or maliciousness. Mr. Williams merely hopes to inflame and

3
KILPATRICK TOWNSEND 76016746 3
Case 5:19-cv-00475-BO    Document 150    Filed 06/03/22    Page 3 of 12

confuse the trier of fact in an attempt to obtain emotional distress damages he is not entitled to recover.

Mr. Williams' amorphous and vague deposition testimony concerning the "highly disruptive" outcome of the SIM swaps and "worry" about his family's safety do not rise to the level of "emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of *severe and disabling* emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Waddle v. Sparks*, 414 S.E.2d 22, 27 (N.C. 1992). The alleged distress must be more than "transient and trivial emotional distress," it must be "*so severe that no reasonable man could be expected to endure it.*" *Id.* at 27–28 (quoting Restatement (Second) of Torts § 46 cmt. j (1965)). In his opposition, Mr. Williams advances a "wait and see" approach to his severe emotional distress allegations asking the Court to defer a determination despite fact discovery and expert discovery being closed. There is no reason for the Court to defer ruling on the *in limine* motion when there are no additional case activities short of the trial itself. Mr. Williams' request that the Court defer these issues is an attempt to get his claims in front of a jury without the necessary "high standard of proof" to meet severe emotional distress under North Carolina law. *Id.* at 27.

### B. Mr. Williams' Testimony Alone is Not Enough.

Mr. Williams must produce some verifying evidence that he suffered "'severe and disabling psychological problems" beyond his own testimony. *Waddle,* 414 S.E.2d at 28 (*quoting Johnson*, 327 N.C. at 304); *McClean v. Duke Univ.*, 376 F. Supp. 3d

585, 612–13 (M.D. N.C. 2019) (finding that plaintiff "must provide some verification that he or she actually suffers from such a condition as a result of the defendant's conduct").[1] In *Williams v. HomEq Servicing Corp.*, the plaintiffs claimed they suffered severe emotional distress as a result of HomEq's repeated phone calls and aggressive debt collection practices. 184 N.C. App. 413, 419 (2007) ("*HomEq Servicing Corp*"). Specifically, they argued that "repeated phone calls to his place of employment placed him under an undue amount of stress because he believed he would lose his job in addition to his home." *Id.* As a result, both husband and wife testified that they suffered from chronic depression. *Id.* However, the court held that their testimony itself was not sufficient evidence finding that "uncorroborated evidence was insufficient to establish severe emotional distress." *Id.* at 419-420; *Waddle,* 414 S.E.2d at 28 (finding deposition testimony was insufficient proof of severe emotional distress); *Patten v. Hall*, No. 5:15-CT-3118-FL, 2019 WL 4858845, at *17 (E.D. N.C. Sept. 30, 2019) (statement in his deposition that plaintiff sought treatment for "nightmares" is not sufficient to show he suffered from a mental disorder "generally recognized and diagnosed by trained professional.").

---

[1] Appellate decisions have consistently upheld dismissal where a plaintiff fails to produce any real evidence of severe emotional distress. *See, e.g., Estate of Hendrickson v. Genesis Health Venture, Inc.*, 151 N.C.App. 139, 157 (reversing trial court's denial of directed verdict motion where "there was evidence that plaintiffs were emotionally distressed ... [but] plaintiffs failed to present evidence, even viewed in the light most favorable to them, that such distress was severe"); *Johnson v. Scott*, 137 N.C.App. 534, 539 (2000) (summary judgment proper where plaintiff's evidence of "difficulty sleeping," nightmares and periodic loss of appetite following her father's death failed to "me[e]t the requisite level of 'severe' emotional distress").

The cases referenced by Mr. Williams for the proposition that his deposition testimony alone is sufficient evidence of his emotional distress are misleading at best. *Bryant v. Aiken Reg'l Med. Centers Inc.*, 333 F.3d 536 (4th Cir. 2003) involved a federal Title VII race discrimination claim and not North Carolina state law claims and therefore relies on a different evidentiary standard. *Bryant*, 333 F.3d 547. *Reis v. Hoots,* 131 N.C. App 721 (1998) involved a "rare" claim for mental anguish for breach of contract arising out of a marital agreement non-molestation clause. *Reis*, 131 N,C, App. at 731-733. *Lima v. MH & WH, LLC,* 2019 WL 2602142 (E.D.N.C. Mar. 8, 2019) *supports* AT&T's argument that Ms. Williams' testimony alone is insufficient for emotional distress damages. The court in that case found that claims for "PTSD" "paralysis" "pain" and "significant medical expenses" required evidence outside of the plaintiff's own statements. *Id.* at *20. Each of the other cases in cited in Mr. Williams brief is similarly inapplicable to this case for these reasons. And Mr. Williams misses the critical point: because he cannot present evidence of the *severe* emotional distress that is required as a matter of North Carolina law, the Court should grant AT&T's Motion In Limine.

Because he has no such evidence (he did not produce any in discovery), Mr. Williams may not seek to recover emotional distress damages for any of his state law claims and therefore such evidence should be excluded.

    **C.    Any Allegation of Emotional Distress Relating to Text Threats Lacks Proximate Cause and Was Not Foreseeable.**

Mr. Williams seeks to counter proximate cause gaps regarding his emotional distress damages claims by citing to documents which have no relationship to the

6

identity of the perpetrators of the threatening text messages. (Appendix, Ex. 27 at 1-2 (copy of September 23, 2021 AT&T blog post entitled "Better Protect Your Online Accounts with Two-Factor Authentication"); Ex. 28 (AT&T document entitled "Unauthorized SIM Swaps"); Ex. 8 (article entitled "Identity Thieves Hijack Cellphone Accounts to Go After Virtual Currency"); Ex. 9 (article entitled "How Criminals Recruit Telecom Employees to Help Them Hijack SIM Cards"); Ex. 10 (article entitled "AT&T Contractors and a Verizon Employee Charged With Helping SIM Swapping Criminal Ring")). Haphazard references to documents that have nothing to do with the text threats do not establish proximate cause. The discovery and the expert report cited in opposition have no bearing on *who* threatened Mr. Williams or his daughter. (Ex. 7 at 36-37(Expert Report of Richard A. Sanders); Ex. 19 at 5-6 (Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories)). Absent a direct connection to AT&T, which does not exist in the record, it would be unduly prejudicial to allow Mr. Williams to testify about his emotional distress regarding threatening text messages he received from unknown person.

Mr. Williams' allegations regarding temporal proximity between SIM swaps and text threats are not enough to allow the jury to reasonably infer proximate cause and are pure speculation. *See Hoban v. Grumman Corp.*, 907 F.2d 1138 (4th Cir. 1990) ("While it is true that circumstantial evidence may be sufficient to permit a jury to reasonably infer negligence or warranty liability, 'such circumstantial evidence must be sufficient to establish that the result alleged is a probability rather

7
KILPATRICK TOWNSEND 76016746 3
Case 5:19-cv-00475-BO    Document 150    Filed 06/03/22    Page 7 of 12

than a mere possibility.'") (citations omitted). Negligence claims "cannot be based solely on conjecture and speculation as to the abstract possibility that an alleged defect caused [damages].... A jury is not permitted to speculate or guess as to the proximate cause of an accident." *Id*. (citations and quotations omitted).[2] Although there is no evidence that these text threats are in any way connected to AT&T's alleged acts or omission leading to SIM swaps on his phone, Mr. Williams asks this Court to admit his self-serving testimony regarding his emotional state. Allowing such evidence regarding Mr. Williams' emotional distress without any evidentiary nexus to AT&T conduct would be unduly prejudicial, misleading and time-consuming.

### D. Evidence of Mr. Williams' Family Members' Emotional Distress Should Also Be Excluded as Irrelevant, Unduly Prejudicial, and Likely to Mislead and Confuse.

Testimony relating to Mr. Williams' teenage daughter's emotional distress should also be excluded as unduly prejudicial as the jury could mistakenly hold AT&T liable for the emotional distress of a non-party. There is no evidence advanced in the opposition or otherwise that any text threat Mr. Williams received is related to any act or omission of AT&T, or that it is associated with any of the SIM swaps. Moreover, other than Mr. Williams' hearsay testimony, there is no evidence that Mr. Williams'

---

[2] *See also Sakaria v. Trans World Airlines*, 8 F.3d 164, 172–73 (4th Cir. 1993) ("In a long line of decisions in this circuit, we have emphasized that proof of causation must be such as to suggest 'probability' rather than mere 'possibility,' precisely to guard against raw speculation by the fact-finder.") (collecting cases); *Fitzgerald v. Manning*, 679 F.2d 341, 348 (4th Cir. 1982) ("A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.").

daughter or any other family members suffered any emotional distress defined under North Carolina law as an "emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of *severe and disabling* emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Waddle*, 414 S.E.2d at 27.[3]

Mr. Williams' Opposition at pp. 5-6 cites to *Johnson v. Ruark Obstetrics & Gynecology Associates., P.A.*, 327 N.C. 283, 300 (1990) and *Reis v. Hoots*, 131 N.C. App. 721, 731-732 (1998) for the proposition that Williams can recover emotional distress damages based on the suffering of close family members. And that may be true if Williams had a claim for negligent infliction of emotional distress for something AT&T did to his daughter in his presence such as in *Johnson,* 327 N.C. App. at 306 (parents could recover for their severe emotional distress suffered as a result of a doctor's malpractice, leading to stillborn death of fetus, which they witnessed). But AT&T did not commit any act or omission towards Mr. Williams' daughter and the record is undisputed that Mr. Williams' described emotional distress related to the SIM swaps does not meet the legal definition of "severe emotional distress" in any event, as required for recovery. *Id*.

Mr. Williams' citation to the *Reis* case is also off the mark and has no

---

[3] Mr. Williams' other citations simply have no relevance to the issue at hand. *Under Armour, Inc. v. Battle Fashions, Inc.*, No. 5:19-CV-297-BO, 2021 WL 2518212, at *1 (E.D.N.C. June 18, 2021) (motion in limine to exclude evidence of an endorsement contract and trademark); *Tarlton for McCollum*, 2021 WL 1845171 at *1-2 (motion in limine to exclude expert testimony, confessions, newspaper articles, and police corruption); *Bouygues Telecom S.A.,* 2007 WL 9718142 *2-3 (motion in limine to evidence of subsequent remedial measures).

9

application to this case. *Reis v. Hoots*, 131 N.C. App. 721, 731-732 (1998) involved a dispute between a former husband and wife relating to a claim for breach of a non-molestation (no harassment) clause in their divorce marital agreement. The court allowed the wife to pursue her claim for "mental anguish" damages against her former husband for breach of contract based on his harassing actions towards her and their children after their divorce. *Id*. The court held that the wife's claim was a "rare" contract which subject matter allowed for emotional distress damages for breach. *Id*.

Mr. Williams' daughter is not a party to this action; Mr. Williams' hearsay testimony concerning her alleged emotional distress related to the text message incident should be barred under both Federal Rules of Evidence 402 and 403 as it is irrelevant to Mr. Williams' claims, unfairly prejudicial to AT&T, confusing, misleading, and time-consuming.

### III. CONCLUSION

For all the foregoing reasons, AT&T requests the Court issue an order prohibiting Mr. Williams, his attorneys, and any witnesses from mentioning, referencing or proffering any evidence of emotional distress relating to Mr. Williams, his daughter, or any of his family members.

Respectfully submitted this 3rd day of June, 2022.

/s/ Joseph S. Dowdy
Joseph S. Dowdy (N.C. State Bar No. 31941)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Michael Breslin
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

Nancy L. Stagg (CA State Bar No. 157034)
KILPATRICK TOWNSEND & STOCKTON LLP
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 350-6111
Email: nstagg@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

11

# **CERTIFICATE OF SERVICE**

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| SHUMAKER LOOP & KENDRICK LLP<br>Terence S. Reynolds<br>treynolds@shumaker.com<br>Lucas D. Garber<br>lgarber@shumaker.com<br>101 South Tyron Street<br>Suite 2200<br>Charlotte, North Carolina 28280 | WITHERS BERGMAN LLP<br>Joseph Gallo<br>Joseph.gallo@withersworldwide.com<br>Christopher LaVigne<br>christopher.lavigne@withersworldwide.com<br>Martin J. Auerbach<br>Martin.auerbach@withersworldwide.com<br>430 Park Avenue, 10th Floor<br>New York, New York 10022-3505 |
| *Counsel for Plaintiff Jason Williams* | *Counsel for Plaintiff Jason Williams* |

This the 3rd day of June, 2022.

/s/ Joseph Dowdy
Joseph S. Dowdy