UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00475-BO

**Jason Williams**,

    Plaintiff,

v.

**AT&T Mobility, LLC,**

    Defendant.

**Order Setting Final Pretrial Conference**

## Scheduling and Conduct of Pretrial Conference

The pretrial conference in this case is set for Tuesday, February 14, 2023 at 2:00 p.m. in the Fifth Floor Courtroom of the Terry Sanford Federal Building, 310 New Bern Avenue, Raleigh, North Carolina.

Each party shall be represented at the conference by counsel with authorization to bind the party on all matters addressed at the conference. Counsel must be physically present at the conference unless alternative arrangements have been approved by the court in advance.

At the pretrial conference, the court will resolve any disputes concerning the contents of the pretrial order. Counsel shall be fully prepared to present to the court all information and documentation necessary for completion of the pretrial order.

Counsel shall be prepared to discuss the status of any settlement negotiations between the parties and whether any form of alternative dispute resolution may be beneficial to reaching a mutually agreeable resolution to this matter. Counsel shall confer and engage in meaningful settlement discussions before the pretrial conference.

## Disclosures Prior to Pretrial Conference

All parties must provide to all other parties the pretrial disclosures required under Federal Rule of Civil Procedure 26(a)(3) by Tuesday, January 17, 2023. Counsel shall also provide opposing counsel a copy of all exhibits a party expects to offer or may offer if the need arises, other than those used solely for impeachment or cross-examination, by this deadline. Exhibits shall be marked in the manner provided by Local Rule 39.1(b).

By Tuesday, January 24, 2023, any party may designate and serve any objections listed in Federal Rule of Civil Procedure 26(a)(3).

The parties' Rule 26(a)(3) disclosures, and objections thereto, shall be incorporated into the final pretrial order, consistent with Local Civil Rule 16.1(c).

## Preparation of Joint Pretrial Order

Prior to the pre-trial conference, counsel shall confer and draft a joint pre-trial order that complies with Local Civil Rule 16.1. The joint pretrial order shall be prepared in one unified document in the format specified by Local Civil Rule 16(e). The document should be signed by all counsel of record and provide a space for approval by the undersigned magistrate judge.

The pretrial order shall discuss the following topics in separate sections, numbered by roman numerals, as indicated:

**1. Stipulations.** The parties shall state any stipulations regarding jurisdiction, joinder, capacity of the parties, all relevant and material facts, legal issues, and factual issues.

**2. Contentions.** Each party shall set forth all factual and legal contentions that are not the subject of a stipulation, including jurisdiction, misjoinder, capacity of the parties, relevant and material facts, legal issues, and factual issues. Claims and defenses as to which no contentions are listed in the pretrial order are deemed abandoned.

**3. Exhibits.** A list of exhibits that each party may offer at trial, including any map or diagram, numbered sequentially, which numbers shall remain the same throughout all further proceedings.

Except as otherwise indicated in the pretrial order, it will be deemed that all parties stipulate that all exhibits are authentic and may be admitted into evidence without further identification or proof. Grounds for objection as to authenticity or admissibility must be set forth in the pretrial order.

When practicable, trial exhibits should carry the same number as in the depositions and references to exhibits in depositions should be changed to refer to the trial exhibit number.

It is not necessary to designate exhibits that are to be used solely for impeachment or cross-examination.

**4. Designation of Pleadings and Discovery Materials.** The designation of all portions of pleadings and discovery materials, including depositions, interrogatories and requests for admission that each party may offer at trial shall be noted by reference, where applicable, to document volume, page number and line.

Counsel are reminded that testimony presented by video or read into the record must be edited so that only the relevant testimony is shown/read to the jury. Where video depositions are to be used, parties should endeavor to reach early agreement on editing; where agreement cannot

be reached, required rulings by the court should be sought in sufficient time to allow for final edited versions of depositions to be used at trial.

Objection by opposing counsel shall be noted by reference, where applicable, to document volume, page number, and line. Counsel shall also state with specific the reasons for the objection.

It is not necessary to designate a deposition, any portion of a deposition, or any other discovery material, that is to be used solely for impeachment or cross-examination.

5. **Witnesses.** A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

6. **Estimate of Length of Trial.** The parties should provide their best estimate of the anticipated length of the trial. This estimation should represent a realistic evaluation of the case, number of witnesses, amount of evidence to be presented, and respective burdens of proof.

7. **Verdict Forms.** Each party should include a proposed verdict form indicating the relief sought and any issues impacting the amount or nature of the relief sought.

The joint pretrial order shall be filed no later than Tuesday, February 07, 2023. Absent an agreement between the parties to the contrary, counsel for the plaintiff listed first in the caption shall be responsible for filing the joint pretrial order. Counsel for the party responsible for filing the joint pretrial order shall also email a copy of the joint pre-trial order, with a copy to all other counsel of record, to Documents_USMJ_Numbers@nced.uscourts.gov at the time it is filed. Counsel should indicate in the email transmitting the pre-trial order to chambers whether they would prefer to conduct the pre-trial conference in person or over the telephone.

The filing deadline will only be extended if the moving party demonstrates good cause for an extension. The fact that the parties have reached a settlement agreement will not be considered good cause unless the parties have filed a notice of dismissal or other similar document. If the pre-trial order is not submitted by the deadline listed above, the pretrial conference will be cancelled and the parties will be required to appear and show cause why they should not be sanctioned.

### Review of Local Rules Regarding Preparations for Trial

Prior to the pretrial conference, counsel shall review the provisions of the Local Civil Rules regarding preparation for trial including Rules 16.1, 39.1, 47.1(b), and 51.1 (or 52.1 in non-jury cases).

### Courtroom Technology

If a party has a need for any type of courtroom technology for a hearing or trial, including but not limited to any audio equipment, video equipment, document presentation system, and jury evidentiary recording system, counsel must notify the case manager and request training from the

court's information technology staff for the person or persons who will be operating the courtroom technology. Unless excepted by the clerk, no later than 7 days before the scheduled proceeding, counsel must file a certification provided by the court's technology staff that training has been completed.

## Failure to Appear or Comply

Failure to appear at the pretrial conference or otherwise comply with this order may result in the imposition of a monetary fine not to exceed $250.00 against the offending counsel and may result in any other sanction allowable by the Federal Rules of Civil Procedure against the parties or their counsel.

Dated: December 20, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge