IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

JASON WILLIAMS,

    Plaintiff,

vs.

AT&T MOBILITY LLC,

    Defendant.

Case No. 5:19-cv-00475-BO

**MEMORANDUM OF LAW IN SUPPORT OF AT&T'S MOTION TO SEAL**

COMES NOW Defendant AT&T Mobility LLC, ("AT&T") through its undersigned counsel, and submits this memorandum of law in support of its motion to seal and states as follows:

1. On May 3, 2022, Plaintiff's Counsel submitted materials containing Confidential Information in support of Plaintiff's opposition to Defendant AT&T's Motion for Summary Judgment or Partial Summary Judgment in the Alternative and AT&T's Motions In Limine 1 & 2, which were filed concurrently with AT&T's Motion for Summary Judgment. (ECF Doc. 143.)

2. Information marked Confidential by AT&T in discovery were inadvertently publicly filed in the Appendix to the Declaration of Christopher N. LaVigne In Support of Plaintiff Jason Williams' Opposition to AT&T's Motion for Summary Judgment and Motions In Limine (ECF Doc. 143.), included the following:

| Exhibit No. | Description |
|---|---|
| 1 | Copy of AT&T's account notes associated with Mr. Williams' phone number, produced by AT&T (ATT-WIL-00624-690) |
| 4 | Excerpts of Deposition of AT&T employee and 30(b)(6) witness Ray Hill, taken on November 17, 2021 |
| 28 | Copy of an internal AT&T SIM swap security document entitled "Unauthorized SIM Swaps" (ATT-WIL-03915-17) |

1

3. This Court should seal such materials inadvertently publicly filed because such materials discuss AT&T's efforts to prevent unauthorized SIM swap activity, including AT&T's specific technology, security practices, policies and procedures which constitute confidential materials under the previously entered Protective Order. (ECF Doc. 47.)

**ARGUMENT**

"The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Courts within the Fourth Circuit consistently hold that redaction of confidential business information is appropriate when, public disclosure could harm the parties business interests. *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining seal on "confidential financial and business information which, if made public, could harm the parties' business interests," because this "risk outweighs the public's right to access these documents"); *see also Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 291 (W.D.N.C. 2019) (Bell, J.), *aff'd*, 845 F. App'x 205 (4th Cir. 2021) (citing *EMove* and maintaining seal of confidential business information to prevent public disclosure).

In determining whether it is appropriate to order the sealing of documents, this Court should follow the procedure set forth in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). *Ashcraft* provides that before entering an order to seal, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the

2

alternatives."

First, docketing the motion to seal reasonably in advance of deciding the issue is sufficient to meet the public notice requirement. *In re Knight Pub. Co*., 743 F.2d 231, 235 (4th Cir. 1984). Docketing of AT&T's Motion satisfies this factor.

Second, the Parties have limited their request for sealing documents to only the three documents listed above. *See Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC,* 979 F.Supp.2d 653, 656–57 (M.D.N.C.2013) (holding that "certain marketing [and] sales" information should be sealed as it was "not ordinarily public" and would cause "harm[ ] by public disclosure"). Here, sealing the above-listed documents in whole, or on a redacted basis, is proper in light of the confidential material contained in those documents not ordinarily public and the potential harm to AT&T from the public release of confidential information related to AT&T's security efforts.

Third, the materials at issue contain confidential and proprietary business information related to wireless account security measures undertaken. Federal courts have held that containing confidential business information can constitute a sufficient basis for sealing documents. *See Nixon v. Warner Commc'n, Inc.,* 435 U.S. 589, 598 (1978) (recognizing that where records contain "sources of business information that might harm a litigant's competitive standing," the court may limit public access); *see also Pittston Co. v. United States,* 368 F.3d 385, 406 (4th Cir. 2004) (holding it was not an abuse of discretion to refuse to unseal documents containing confidential and proprietary business information).

Here, sealing such materials is appropriate because such materials discuss AT&T's efforts to prevent unauthorized SIM change activity, including AT&T's specific technology, security practices, policies and procedures. The public release of this information would harm not only AT&T's competitive standing, but could affect the security of AT&T's wireless network, because

3

Case 5:19-cv-00475-BO    Document 170    Filed 11/08/23    Page 3 of 6

criminals could attempt to use that information to attempt to overcome AT&T's security practices. See *Silicon Knights, Inc. v. Epic Games, Inc.,* No. 5:07-CV-275-D, 2011 WL 901958, at *2 (E.D.N.C. 2011) (holding that the parties proposed sealing was proper since the documents sought to be sealed were confidential and proprietary commercial information, including information relating to alleged trade secrets and other highly sensitive financial and business information belonging to the parties as well as third-parties, information which is of utmost importance to them but not generally available to the public or bearing importance to any public matters).

Other federal courts in the Fourth Circuit have echoed the appropriateness of sealing documents under similar circumstances. *See Woven Elec. Corp. v. Advance Group, Inc.,* 930 F.2d 913 (Table), 1991 WL 54118, at *6 (4th Cir. 6 May 1991) (holding that district court could have closed courtroom and sealed trial record to protect trade secrets); *Wolfe v. Green,* No. 2:08–1023, 2010 WL 5175165, at *2 (S.D. W. Va. 15 Dec. 2010) (holding that First Amendment right of access overridden with respect to proposed redactions that included personal financial information); *Level 3 Communications, LLC v. Limelight Networks, Inc.,* 611 F.Supp.2d 572, 581–82 (E.D.Va.2009) ("[M]any courts have considered the trade secret status of testimony or materials submitted to a court a significant private interest to be weighed against the common law, or even the First Amendment, right of public access that would otherwise apply to them.").

In light of each of the *Ashcroft* factors being satisfied, this Court should grant this Motion and seal the above-listed documents. Additionally, the Parties agree and consent to the Court sealing the three (3) documents inadvertently filed by Plaintiff in support of his opposition to AT&T's Motion for Summary Judgment in this matter.

4

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Parties' consent motion and seal the above-listed documents.

!

This the 8th day of November, 2023.

                                */s/ Joseph S. Dowdy*
                                Joseph S. Dowdy (N.C. State Bar No. 31941)
                                KILPATRICK TOWNSEND & STOCKTON LLP
                                4208 Six Forks Road, Suite 1400
                                Raleigh, NC 27609
                                Telephone: (919) 420-1700
                                Facsimile: (919) 510-6120
                                Email: jdowdy@kilpatricktownsend.com

                                Nancy L. Stagg (CA State Bar No. 157034
                                KILPATRICK TOWNSEND & STOCKTON LLP
                                12255 El Camino Real, Suite 250
                                San Diego, CA 92130
                                Telephone: (858) 350-6156
                                Facsimile: (858) 350-6111
                                Email: nstagg@kilpatricktownsend.com

                                Mark Henkle (N.C. State Bar No. 49265)
                                KILPATRICK TOWNSEND & STOCKTON LLP
                                1001 West 4th Street
                                Winston-Salem, NC 27101
                                Telephone: (336) 607-7300
                                Facsimile: (336) 607-7500
                                Email: mhenkle@kilpatricktownsend.com

# CERTIFICATE OF SERVICE

I hereby certify that on date set out below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

WITHERS BERGMAN LLP
Joseph Gallo
Joseph.gallo@withersworldwide.com
Christopher LaVigne
christopher.lavigne@withersworldwide.com
Martin J. Auerbach
Martin.auerbach@withersworldwide.com
430 Park Avenue, 10th Floor
New York, New York 10022-3505
Counsel for Mr. Williams Jason Williams

BLUE, LLP
Dhamian Blue
dab@bluellp.com
205 Fayetteville Street
Suite 300
Raleigh, NC 27601
Rule 83.1(d) Local Counsel for Plaintiff

This the 8th day of November, 2023.

/s/ Joseph S. Dowdy
Joseph S. Dowdy (N.C. State Bar No. 31941)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com

Nancy L. Stagg (CA State Bar No. 157034
KILPATRICK TOWNSEND & STOCKTON LLP
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 350-6156
Facsimile: (858) 350-6111
Email: nstagg@kilpatricktownsend.com

Mark Henkle (N.C. State Bar No. 49265)
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West 4th Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
Email: mhenkle@kilpatricktownsend.com