# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

---

JASON WILLIAMS,

                Plaintiff,

    vs.

AT&T MOBILITY LLC,

                Defendant.

---

Case No. 5:19-cv-00475-BO

**PLAINTIFF JASON WILLIAMS' SECOND SUPPLEMENTAL RESPONSE AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the Eastern District of North Carolina 26.1 and 33.1, Plaintiff Jason Williams ("Plaintiff" or "Williams"), by his attorneys, Withers Bergman LLP, for his second supplemental response and objections to Defendant AT&T Mobility LLC's ("Defendant" or "AT&T") First Set of Interrogatories (the "First Interrogatories" and each an "Interrogatory"), dated May 22, 2020, states as follows:

### SPECIFIC RESPONSE AND OBJECTION

This second supplemental response fully incorporates the Enumerated Objections, Terms and Conditions, and Specific Responses and Objections to the First Set of Interrogatories, dated July 6, 2020, and the Supplemental Responses and Objections, dated September 20, 2020. Subject to and without waiving those previously stated Enumerated Objections, Terms and Conditions, and Specific Responses and Objections, Williams further responds and objects to the following specific interrogatory as follows[1]:

**Interrogatory No. 11:**

Describe each allegedly false representation or omission by AT&T that you contend supports any of your claims in this Action, by setting forth the exact statement made or fact not disclosed

---

[1] Plaintiff reserves the right to further supplement this response as discovery continues.

by AT&T, the source(s) or maker(s) of such statement or nondisclosure, the date and time of such statement or non-disclosure, and, for any described non-disclosures, the factual basis for your contention that AT&T was under a duty to disclose the fact to you.

**Second Supplemental Response to Interrogatory No. 11:**

Plaintiff fully incorporates his previous responses and objections to this Interrogatory. Subject to, limited by and without waiving those previous responses and objections, Plaintiff states as follows: The following false statements by AT&T employees and representatives support Plaintiff's claims in this Action:

- In or about November 2018, on a phone call between Mr. Williams and AT&T, AT&T represented that it would add extra security to Mr. Williams' account by making changes and notations in his account, whereby the SIM card associated with his account could only be changed via an in-person request in a specific, identified Raleigh AT&T store.

- In or about November 2018, on a phone call between Mr. Williams and AT&T, AT&T represented that Mr. Williams' identity would have to be confirmed with two passports before AT&T would approve a SIM card change on his account.

- On or about December 2, 2018, at AT&T store in Raleigh, an AT&T employee said that certain warnings regarding Mr. Williams' account must be getting deleted from his AT&T account.

- On or about December 2, 2018, at AT&T store in Raleigh, an AT&T employee told Mr. Williams that he was on a special list of individuals who were at high risk of being SIM swapped.

- On or about December 2, 2018, on a phone call between Mr. Williams and AT&T, an AT&T representative told Mr. Williams that certain warnings that had been placed on his account were erased from his account, but could not provide any explanation as to why.

- On or about December 5, 2018, at AT&T store in Raleigh, AT&T employees told Mr. Williams that there was a note in his account regarding SIM swap procedures.

In addition to the above false statements, AT&T made the following false statements to its customers, including Mr. Williams, in its publicly available "Privacy Policy," as of October 24, 2019:

- "We don't sell your Personal Information to anyone for any purpose. Period."

- "We will keep your information safe using encryption or other appropriate security controls."

- "We've worked hard to protect your information. And we've established electronic and administrative safeguards designed to make the information we collect secure."

- "We do not sell, trade or share your CPNI with anyone outside of the AT&T family of companies* or our authorized agents, unless required by law (example: a court order)."

Dated: April 20, 2021
New York, New York

WITHERS BERGMAN LLP

By: _____
Christopher LaVigne
Joseph Gallo
430 Park Avenue
New York, New York 10022
(212) 848-9800
Christopher.LaVigne@withersworldwide.com
Joseph.Gallo@withersworldwide.com

*Attorneys for Plaintiff Jason Williams*

TO: Joseph S. Dowdy (N.C. State Bar No. 31941)
Phillip A. Harris, Jr. (N.C. State Bar No. 39740)
Kilpatrick Townsend & Stockton LLP
4208 Six Forks Road, Suite 1400

Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
jdowdy@kilpatricktownsend.com
pharris@kilpatricktownsend.com

Michael Breslin
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
mbreslin@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

# VERIFICATION

I, Jason Williams, have read the foregoing Second Supplemental Response and Objections to the First Set of Interrogatories. I verify under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

_____
Jason Williams

Dated: April 20, 2021