# EXHIBIT 11

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

JASON WILLIAMS,

    Plaintiff,

vs.

AT&T MOBILITY LLC,

    Defendant.

Case No. 5:19-cv-00475-BO

**AT&T MOBILITY LLC'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Defendant AT&T Mobility LLC ("AT&T"), by and through undersigned counsel, hereby makes the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

These disclosures are made prior to discovery, after making a good faith inquiry and investigation as is reasonable under the circumstances. This investigation is continuing, and AT&T reserves the right to correct and/or supplement these disclosures pursuant to Rule 26(e) should it become aware of additional relevant information.

By making the following disclosures, AT&T does not represent that it is identifying every document, tangible thing, or witness relevant to this lawsuit. In addition, AT&T does not waive its right to object to any discovery request or proceeding involving or relating to these disclosures on any grounds, including competency, privilege, the work product doctrine, relevancy, hearsay, materiality, undue burden, or any other valid objection. Furthermore, these disclosures are not

1

KILPATRICK TOWNSEND 73373045 4

Case 5:19-cv-00475-BO    Document 172-11    Filed 11/20/23    Page 2 of 12

an admission by AT&T regarding any matter. All of the disclosures set forth below are made subject to the above qualifications.

*(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

Subject to the above qualifications, AT&T identifies the following individuals who may have knowledge regarding the claims or defenses in this matter:

| Name & Contact Information | Employer | Area of Knowledge |
|---|---|---|
| Stephen Defiore (address and telephone number unknown) | Upon information and belief, former employee or contractor of Prime Communications, L.P. ("Prime") (current employer unknown) | Upon information and belief, knowledge regarding the SIM change that occurred on or around November 5, 2018 |
| Marcus Vasquez (address and telephone number unknown) | Upon information and belief, former employee or contractor of Alorica Inc. ("Alorica") (current employer unknown) | Upon information and belief, knowledge regarding the SIM change that occurred on or around December 1, 2018 |
| Sydney Hancock (address and telephone number unknown) | Former AT&T retail sales employee (current employer unknown) | Upon information and belief, knowledge regarding the SIM change that occurred on or around December 2, 2018 |
| Gabriel Jimenez (address and telephone number unknown) | Upon information and belief, current or former employee or contractor of Alorica | Upon information and belief, knowledge regarding the SIM change that occurred on or around February 4, 2019 |

2

| **Name & Contact Information** | **Employer** | **Area of Knowledge** |
|---|---|---|
| Rex Mostoles (address and telephone number unknown) | Upon information and belief, former employee or contractor of TPUSA, Inc. ("Teleperformance") (current employer unknown) | Upon information and belief, knowledge regarding the SIM change that occurred on or around February 6, 2019 |
| Vanessa Libanan (address and telephone number unknown) | Upon information and belief, current or former employee or contractor of Convergys Customer Management Group Inc. n/k/a Concentrix Corporation ("Concentrix") | Upon information and belief, knowledge regarding the SIM change that occurred on or around February 8, 2019 |
| Current or former employees or representatives of Prime, 12550 Reed Road, Suite 100, Sugar Land, Texas 77478 | Prime | Upon information and belief, knowledge regarding any investigation by Prime concerning the SIM change that occurred on or around November 5, 2018 |
| Current or former employees or representatives of Alorica, 5161 California Avenue, Irvine, California 92617 | Alorica | Upon information and belief, knowledge regarding any investigation by Alorica concerning the SIM changes that occurred on or around December 1, 2018 and February 4, 2019 |
| Current or former employees or representatives of Teleperformance, 6510 So. Millrock Drive, Suite 150 Holladay, Utah 84121 | Teleperformance | Upon information and belief, knowledge regarding any investigation by Teleperformance concerning the SIM change that occurred on or around February 6, 2019 |

| Name & Contact Information | Employer | Area of Knowledge |
| --- | --- | --- |
| Current or former employees or representatives of Concentrix, 201 East Fourth Street Cincinnati, Ohio 45202 | Concentrix | Upon information and belief, knowledge regarding any investigation by Concentrix concerning the SIM change that occurred on or around February 8, 2019 |
| Current or former employees or representatives of Google (addresses and telephone numbers unknown) | Google | Upon information and belief, knowledge regarding the security protocols implemented upon, and any investigation concerning the intrusion by unauthorized parties into, Plaintiff's Gmail account, as alleged in the October 25, 2019 Corrected Complaint ("Complaint") |
| Current or former employees or representatives of Twitter (addresses and telephone numbers unknown) | Twitter | Upon information and belief, knowledge regarding the security protocols implemented upon, and any investigation concerning the intrusion by unauthorized parties into, Plaintiff's Twitter account, as alleged in the Complaint |
| Current or former employees or representatives of Instagram (addresses and telephone numbers unknown) | Instagram | Upon information and belief, knowledge regarding the security protocols implemented upon, and any investigation concerning the intrusion by unauthorized parties into, Plaintiff's Instagram account, as alleged in the Complaint |

| **Name & Contact Information** | **Employer** | **Area of Knowledge** |
| --- | --- | --- |
| Current or former employees or representatives of DropBox (addresses and telephone numbers unknown) | DropBox | Upon information and belief, knowledge regarding the security protocols implemented upon, and any investigation concerning the intrusion by unauthorized parties into, Plaintiff's DropBox account, as alleged in the Complaint |
| Current or former employees or representatives of LinkedIn (addresses and telephone numbers unknown) | Twitter | Upon information and belief, knowledge regarding the security protocols implemented upon, and any investigation concerning the intrusion by unauthorized parties into, Plaintiff's LinkedIn account, as alleged in the Complaint |
| Current or former employees or representatives of Slush Pool (addresses and telephone numbers unknown) | Slush Pool | Upon information and belief, knowledge regarding the security protocols implemented upon, and any investigation concerning the intrusion by unauthorized parties into, Plaintiff's Slush Pool account, as alleged in the Complaint |
| Current or former employees or representatives of Gemini (addresses and telephone numbers unknown) | Gemini | Upon information and belief, knowledge regarding the security protocols implemented upon, and any investigation concerning the intrusion by unauthorized parties into, Plaintiff's Gemini account, as alleged in the Complaint |
| Current or former employees or representatives of First Citizens Bank (addresses and telephone numbers unknown) | First Citizens Bank | Upon information and belief, knowledge regarding the security protocols implemented upon, and any investigation concerning the intrusion by unauthorized parties into, Plaintiff's First Citizens Bank account, as alleged in the Complaint |

| Name & Contact Information | Employer | Area of Knowledge |
|---|---|---|
| Current or former employees or representatives of HitBTC (addresses and telephone numbers unknown) | HitBTC | Upon information and belief, knowledge regarding the security protocols implemented upon, and any investigation concerning the intrusion by unauthorized parties into, Plaintiff's HitBTC account, as alleged in the Complaint |
| Current or former employees or representatives of Coinbase (addresses and telephone numbers unknown) | Coinbase | Upon information and belief, knowledge regarding the security protocols implemented upon, and any investigation concerning the intrusion by unauthorized parties into, Plaintiff's Coinbase account, as alleged in the Complaint |
| Subject to confirmation of identity, the AT&T employees or contractors referenced in the Complaint, or with whom Plaintiff otherwise communicated, regarding the incidents alleged in the Complaint (to the extent these individuals are current AT&T employees, they may be contacted through undersigned counsel) | AT&T or current employer | Knowledge regarding Plaintiff's interactions and communications with AT&T employees or contractors, as alleged in the Complaint |

| Name & Contact Information | Employer | Area of Knowledge |
|---|---|---|
| Plaintiff Jason Williams | Unknown | Knowledge regarding all allegations set forth in the Complaint, all security measures implemented on accounts which were accessed without authorization, and the means by which third-party(ies) were able to access Plaintiff's accounts without authorization |
| Subject to identification, any third-parties with which Plaintiff communicated regarding any of the circumstances or events alleged in the Complaint | Unknown | Upon information and belief, knowledge regarding some or all of the allegations set forth in the Complaint |
| Subject to identification, the third-party(ies) who accessed any of Plaintiff's accounts without authorization | Unknown | The means by which Plaintiff's account were accessed and any unauthorized transactions or activities that occurred regarding Plaintiff's accounts |
| All individuals identified in Plaintiff's Rule 26(a)(1) initial disclosures, in any response to discovery, or in any deposition in this matter | | |

AT&T also anticipates the potential need for testimony and/or evidence from additional persons identified through discovery.

By this initial disclosure statement, AT&T does not authorize Plaintiff or its

representatives to communicate with AT&T's present or former employees, outside contractors, agents, representatives or other individuals who may have privileged information, or authorize any communications otherwise prohibited by applicable rules of professional conduct. Any such individuals should be contacted through AT&T's counsel.

***(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment***

At this time, without having conducted discovery, AT&T is aware of the following documentary evidence, data compilations, and tangible things that may be within its possession, custody, or control that AT&T may use to support its claims or defenses:

a. Account notes concerning access to and activity upon Plaintiffs' AT&T Mobility account;

b. Documents otherwise concerning the SIM changes, International Mobile Equipment Identity ("IMEI") numbers associated with the SIM changes, or mobile devices associated with the SIM changes;

c. Documents concerning Plaintiff's interactions or communications with agents or representatives of AT&T;

d. Documents concerning the contractual terms agreed to by Plaintiff regarding AT&T's provision of wireless telephone service to Plaintiff; and

AT&T maintains a majority of these categories of documents and things at its corporate offices. Subject to the terms of a protective order to be issued in this action, relevant and non-privileged documents and things shall be made available for inspection and copying, or otherwise produced in a manner agreed to by the parties.

*(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered*

AT&T has not asserted a counterclaim seeking damages at this time. AT&T reserves the right to assert counterclaims seeking monetary and/or non-monetary relief, and if it does so it will supplement this disclosure.

*(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

AT&T is continuing to investigate whether any insurance coverage may be applicable to this litigation, but is not aware of any at this time. AT&T will supplement its disclosures if and as necessary when such investigation is complete.

This 18th day of May, 2020.

*Joseph S. Dowdy*

Joseph S. Dowdy (N.C. State Bar No. 31941)
Phillip A. Harris, Jr. (N.C. State Bar No. 39740)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
Email: jdowdy@kilpatricktownsend.com
　　　　pharris@kilpatricktownsend.com

Michael Breslin
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
Email: mbreslin@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on date set out below, I served the foregoing document by first class mail sent to the following:

| | |
|---|---|
| Terence S. Reynolds<br>Lucas D. Garber<br>SHUMAKER LOOP & KENDRICK LLP<br>101 South Tyron Street<br>Suite 2200<br>Charlotte, North Carolina 28280<br><br>*Counsel for Plaintiff Jason Williams* | Christopher LaVigne<br>WITHERS BERGMAN LLP<br>430 Park Avenue, 10th Floor,<br>New York, New York 10022-3505<br><br>*Counsel for Plaintiff Jason Williams* |

This the 18th day of May, 2020.

*[signature: Joseph S. Dowdy]*

Joseph S. Dowdy