# EXHIBIT 19

---------------------------------------------------------- X
: 
JASON WILLIAMS, :
: Case No. 5:19-cv-00475-BO
Plaintiff, :
:
: **PLAINTIFF JASON WILLIAMS'**
vs. : **RESPONSES AND OBJECTIONS**
: **TO DEFENDANT'S FIRST SET**
AT&T MOBILITY LLC, : **OF INTERROGATORIES**
:
Defendant. :
---------------------------------------------------------- X

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the Eastern District of North Carolina 26.1 and 33.1, Plaintiff Jason Williams ("Plaintiff" or "Williams"), by his attorneys, Withers Bergman LLP, for his responses and objections to Defendant AT&T Mobility LLC's ("Defendant" or "AT&T") First Set of Interrogatories (the "First Interrogatories" and each an "Interrogatory"), dated May 22, 2020, states as follows:

## ENUMERATED OBJECTIONS

Plaintiff objects to the individual interrogatories (each an "Interrogatory") as follows:

1. Plaintiff objects to the Interrogatory on the grounds that it is overly broad, calls for disclosure of information not relevant to the claims or defenses of any party, seeks documents and information not relevant to the subject matter of this action, and in that it is not reasonably calculated to lead to the discovery of admissible evidence.

2. Plaintiff objects to the Interrogatory on the ground that it is unduly burdensome.

3. Plaintiff objects to the Interrogatory on the grounds that it is redundant and duplicative of other requests.

4. Plaintiff objects to the Interrogatory on the grounds that it is argumentative, factually unfounded, and/or based on factual premises that are false, inaccurate, or not conceded,

or based on recitations of events that did not occur, or the occurrence of which is, or may be, disputed. Plaintiff has no obligation to correct all the factual errors, inaccuracies, and false premises stated or embedded in the Interrogatory. In responding to the Interrogatory, Plaintiff does not concede the validity or accuracy of any factual assertion or premise stated, or embedded, in any instruction, definition, or individual interrogatory.

5. Plaintiff objects to the Interrogatory on the grounds that it seeks information not in Plaintiff's possession, custody or control, or to the extent that it seeks to impose discovery obligations on non-parties.

6. Plaintiff objects to the Interrogatory on the grounds that it calls for the disclosure of information that represents or contains confidential, proprietary, and/or personal information.

7. Plaintiff objects to the Interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity. Plaintiff hereby claims all such privileges, immunities, and protections to the extent implicated by each interrogatory. Any disclosure of information subject to any claim of privilege, immunity, or protection is inadvertent, and without waiver of Plaintiff's rights to recall and retrieve such inadvertently disclosed information.

8. Plaintiff objects to the Interrogatory and the First Interrogatories' Instruction and Definitions to the extent they purport to impose obligations contrary to, different from, or in addition to those set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of North Carolina, or the Individual Practice Rules of Judge Terrence W. Boyle, and other applicable rules and laws.

2

## TERMS AND CONDITIONS

Plaintiff provides responses to the First Interrogatories subject to the foregoing Enumerated Objections, the specific objections stated below, and the following terms and conditions:

1. Inadvertent production of any information that is confidential, privileged, was prepared in anticipation of litigation or for trial or is otherwise protected from discovery, shall not constitute a waiver of any privilege or of any ground for objection to discovery with respect to such information, document or any other document or information, or the subject matter thereof or the information contained therein, or of the right of Plaintiff to object to the use of any such document or information.

2. That Plaintiff has responded or objected to the First Interrogatories, or to any part thereof, is not intended to be, nor should it be deemed, an admission that they accept or admit the existence of any alleged fact or documents described or assumed, or any allegations or statements set forth, assumed or implied, by any individual interrogatory, or that such response or objection constitutes admissible evidence. In responding to the First Interrogatories, Plaintiff neither waives nor intends to waive, but expressly reserve, every part of every objection to the First Interrogatories and reserves any and all objections as to authenticity, relevance, competency, materiality and/or admissibility at trial or any hearing of any information produced, set forth, identified, or referred to herein.

3. The following responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, privilege, materiality, admissibility, and any and all other objections and grounds that would require the exclusion of any statement or document made available herewith as if any request were asked of, or if any statements contained herein were made by, or if any documents made available herewith were

offered by, a witness present and testifying in court, all of which objections are reserved and may be interposed at the time of any hearing or trial in this action.

4. The following responses and any documents made available pursuant thereto are based on facts known to Plaintiff at the time of responding to the First Interrogatories and a review of files reasonably expected to contain responsive documents or information. Plaintiff reserves the right to amend and/or supplement these responses and any documents made available in the event new or different information or documents are discovered.

5. Unless otherwise defined herein, all capitalized terms in the specific responses below as defined in the same way as in Plaintiff's First Interrogatories to Defendant.

## **SPECIFIC RESPONSES AND OBJECTIONS**

The foregoing Enumerated Objections and the foregoing Terms and Conditions apply to the specific interrogatories and are incorporated in the specific responses and objections set forth below. In response to certain individual interrogatories, Williams may restate one or more of its objections for clarity or emphasis. The lack of such specific references and/or the provision of specific responses and objections stated below, however, are not intended as, and shall not be deemed to be, a waiver, either in whole or in part, of any of the foregoing Enumerated Objections or Terms and Conditions, and subject to and without waiving them, Williams further responds and objects to each specific interrogatory as follows:

**Interrogatory No. 1:**
Identify each person with knowledge or information concerning the facts alleged in the Complaint, along with the subjects of that knowledge or information you believe each person possesses.

**Response to Interrogatory No. 1:**

Plaintiff objects to Interrogatory No. 1 on the grounds set forth in Enumerated Objections 1, 2, 3, and 5. Subject to, limited by and without waiving his Enumerated Objections and the

4

Terms and Conditions, Plaintiff states as follows: In his Initial Disclosures, Plaintiff identified himself as a person with knowledge or information concerning the facts in the Complaint. In addition, Plaintiff communicated with a number of AT&T employees and/or agents in connection with the SIM Swaps that affected the Williams Account(s). The identifying information currently in Plaintiff's possession, custody, or control regarding those employees and/or agents is set forth in the Complaint, including in paragraphs 46, 47, 51, 52, 57, 58, 62, 63, 64, 65, 68, 71, 72, 74, 75, 78, and 80.

**Interrogatory No. 2:**
For each Account that you contend was accessed without authorization following any SIM Change:
   a. State the date(s) and time(s) of the unauthorized access;
   b. Identify each type of Password required to access the Account and how and where you stored any record of the Password or any App 2FA backup code associated with the account; and
   c. Identify each Security Measure implemented or activated to prevent unauthorized access to, or activity within, the Account.

**Response to Interrogatory No. 2:**

Plaintiff objects to Interrogatory No. 2 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 6, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: As described in the Complaint, AT&T's actions allowed third-party hackers to access without authorization Plaintiff's accounts with the following applications and/or services: Gmail; Twitter; Instagram; DropBox; Google Drive; LinkedIn; Coinbase; Slush Pool; Gemini; and First Citizens Bank. It is impossible for Plaintiff to know for certain how times each of the above accounts was accessed with authorization, and the exact date and time of each unauthorized access. Some of Plaintiff's accounts, including his Gmail, have been permanently compromised. To the best of Plaintiff's knowledge, Plaintiff is aware of the following instances of unauthorized access of the above accounts:

- Plaintiff's Gmail account was accessed without authorization on or about: (1) November 5, 2018, at 11:30 PM Eastern time; (2) November 30, 2018; (3) December 1, 2018; and (4) December 2, 2018;

- Plaintiff's Twitter account was accessed without authorization on or about: (1) November 5, 2018, at 11:30 PM Eastern time; and (2) December 2, 2018;

- Plaintiff's Instagram account was accessed without authorization on or about November 5, 2018, at 11:30 PM Eastern time;

- Plaintiff's DropBox account was accessed without authorization on or about November 5, 2018, at 11:30 PM Eastern time;

- Plaintiff's Google Drive account was accessed without authorization on or about November 5, 2018, at 11:30 PM Eastern time;

- Plaintiff's LinkedIn account was accessed without authorization on or about November 5, 2018, at 11:30 PM Eastern time;

- Plaintiff's Coinbase account was accessed without authorization on or about: (1) November 5, 2018, at 11:30 PM Eastern time; (2) February 4, 2019; (3) February 8, 2019; and (4) February 12, 2019;

- Plaintiff's Slush Pool account was accessed without authorization on or about November 5, 2018, at 11:30 PM Eastern time;

- Plaintiff's Gemini account was accessed without authorization on or about: (1) November 30, 2018; (2) December 1, 2018; (3) December 2, 2018; (4) February 4, 2019; and (5) February 6, 2019; and

- Plaintiff's First Citizens Bank account was accessed without authorization on or about: (1) February 8, 2019; and (2) February 12, 2019.

For each of the above accounts, Plaintiff created strong passwords, which he memorized and did not store in any physical or electronic location. Plaintiff's Gmail account was protected by a two-step authentication process that required SMS text messaging using Plaintiff's AT&T phone number to change the password for Plaintiff's Gmail account. Each of the other accounts could be accessed by using Plaintiff's Gmail account, and/or a similar two-step authentication process that required SMS text messaging using Plaintiff's AT&T, to change the passwords for those accounts. By provided the third-party hackers with Plaintiff's SIM Card (and thereby the ability to use SMS text messaging with Plaintiff's AT&T phone number), AT&T enabled those hackers to change the passwords for the above accounts, and which prevented Plaintiff from accessing them, and allow the hackers to access them without Plaintiff's authorization.

**Interrogatory No. 3:**
For each Account identified in your response to Interrogatory No. 2, describe in detail any changes you made to (i) the Passwords or Security Measures you utilized for the Account, and (ii) how or where you stored any record of any Password or App 2FA/TOTP backup code associated with the Account, following each of the SIM Changes alleged in the Complaint.

**Response to Interrogatory No. 3:**

Plaintiff objects to Interrogatory No. 3 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 6, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: As described in the Complaint, after each of the instances of unauthorized access described in Response No. 2, Plaintiff contacted AT&T to attempt to regain control of his SIM Card, which AT&T had provided to third-parties without authorization. Each time Plaintiff was able to regain control of his SIM Card, Plaintiff attempted to secure each account that had been accessed without authorization, by using his Gmail account and/or SMS text messaging to verify his identify associated with each account, and by changing the passwords for those accounts. Each time Plaintiff changed any of the passwords associated with the accounts listed above, Plaintiff memorized the passwords, and did not store those

7

passwords in any physical or electronic location. AT&T's repeated failure to protect Plaintiff's SIM Card from being improperly swapped allowed hackers to repeatedly access Plaintiff's accounts without authorization, by using the same methods that were used in the "First Sim Swap Attack," as that term is defined and described in the Complaint.

**Interrogatory No. 4:**
For each cryptocurrency Account (including but not limited to exchanges and wallets) you have maintained or created since January 1, 2015, state the name of the Account (*e.g.,* Binance), the date you created the account, and the full transaction ID for any unauthorized transaction or alleged theft within the Account.

**Response to Interrogatory No. 4:**

Plaintiff objects to Interrogatory No. 4 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 6, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: As described in the Complaint, after AT&T improperly provided Plaintiff's SIM Card to third-party hackers, those hackers stole from Plaintiff on the following occasions:

- On or about November 5, 2018, at 11:30 PM, third-party hackers stole .23 Bitcoin from Plaintiff's Slush Pool account;

- On or about February 11, 2019, third-party hackers transferred $1,500 from Plaintiff's First Citizens Bank account to Plaintiff's Coinbase account to purchase Bitcoin (transaction ID COINBASE.COM/BTC 8889087930 5BCPMTFJ11B8); and

- On or about February 12, 2019, third-party hackers transferred $5,000 from Plaintiff's First Citizens Bank account to Plaintiff's Coinbase account to purchase Bitcoin (transaction ID COINBASE.COM/BTC 8889087930 MX\*\*2MMU11B8).

**Interrogatory No. 5:**
For each category of stolen funds or cryptocurrency you assert as damages in this action, describe in detail any investigation by you or any third party relating to same, and all efforts you have attempted or made to recover any of same, including whether such efforts resulted in recovery.

**Response to Interrogatory No. 5:**

Plaintiff objects to Interrogatory No. 5 on the grounds set forth in Enumerated Objections 1, 4, and 6. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: Plaintiff has been unable to recover the Bitcoin that was stolen from him on or about November 5, 2018, at 11:30 PM. Through his own diligent efforts to recover the stolen funds, and with the assistance of the Fraud Department at First Citizens Bank, Plaintiff was able to receive a credit to reimburse him for the $6,500 stolen from his First Citizens Bank account on February 11 and 12, 2019.

**Interrogatory No. 6:**
Identify each AT&T employee, representative or agent that you communicated with concerning the SIM Changes or the security of your AT&T account, state the date and time of the communication, and describe in detail the subject matter of the communication including any quotations or paraphrasing of aspects of the communication that you specifically recall.

**Response to Interrogatory No. 6:**

Plaintiff objects to Interrogatory No. 6 on the grounds set forth in Enumerated Objections 1, 2, 3, 5, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: Plaintiff communicated with a number of AT&T employees and/or agents in connection with the SIM Swaps that affected the Williams Account(s). All information about those communications in Plaintiff's possession, custody, or control regarding those employees and/or agents is set forth in the Complaint, including in paragraphs 46, 47, 51, 52, 57, 58, 62, 63, 64, 65, 68, 71, 72, 74, 75, 78, and 80.

**Interrogatory No. 7:**
Identify each third party, including law enforcement personnel, you communicated with concerning the SIM Changes and identify any documents you exchanged with that third party, including any reports you filed, created or received in connection with same.

**Response to Interrogatory No. 7:**

Plaintiff objects to Interrogatory No. 7 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 6, 7, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: As described in the Complaint, Plaintiff communicated with various law enforcement personnel in connection with the SIM Swaps, including members of the FBI and the Raleigh Police Department. Plaintiff recalls communicating with FBI agents Peter Ahorn, Michael Breier, and John Maser concerning the SIM Swaps and the resulting hacks of his accounts. Plaintiff communicated with J.P. Baric at MiningStore in connection with Plaintiff's cryptocurrency mining operation and the hacking of that operation that resulted from the SIM Swaps. Plaintiff communicated with members of the Fraud Department at First Citizens Bank regarding the theft from his bank accounts that resulted from the SIM Swaps, including Brad Carr and Debbie Allen. Plaintiff provided certain documents regarding the SIM Swaps to the FBI. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, and subject to, limited by and without waiving any objections in Plaintiff's Responses to AT&T's Requests for Production, Plaintiff will identify any such documents in connection with his response to AT&T's Requests for Production.

**Interrogatory No. 8:**
Identify each specific item of your CPNI (as defined in 47 U.S.C. § 222(h)(1)) that you allege AT&T improperly disclosed to a third party and, for each, describe in detail how the item of CPNI enabled any unauthorized person to access your Account(s), including the Accounts identified in your response to Interrogatory No. 2.

**Response to Interrogatory No. 8:**

Plaintiff objects to Interrogatory No. 8 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 6, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: As described in the Complaint, AT&T improperly provided third-party hackers with Plaintiff's SIM Card. By doing so, AT&T improperly disclosed and failed to protect all of the information associated with Plaintiff's SIM Card, including but not limited to Plaintiff's call usage and history, text message usage and history, email account usage and history, internet browser usage and history, and other application usage and history. All of this proprietary information was made available to AT&T by Plaintiff solely by virtue of the carrier-customer relationship.

**Interrogatory No. 9:**
Describe each mining rig, server, and other piece of hardware you purchased and utilized in connection with your Slush Pool mining operations by providing the manufacturer and model number for each, when and from whom you purchased it, and its location and ownership as of the date of your response.

**Response to Interrogatory No. 9:**

Plaintiff objects to Interrogatory No. 9 on the grounds set forth in Enumerated Objections 1, 2, 4, 6, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: At the time of AT&T's facilitation of the First SIM Swap Attack, Plaintiff owned 500 Antminer S9 13.5 th/s mining rig servers, which he used for Bitcoin mining. Plaintiff purchased these 500 mining rig servers for $2,830 each, on or about February 23, 2018, from Dazzle Manufacturing, Ltd. Plaintiff also spent an additional $650,000 to optimize the rigs, set up and pay for the electricity to power them, and otherwise maintain

them. As a result of AT&T's SIM Swaps, hackers accessed his Slush Pool account at least twice, changed his cryptocurrency wallet to funnel the cryptocurrency rewards away from Plaintiff and to the hackers, and ultimately deleted his Slush Pool account, essentially making his mining rigs useless. The mining rigs Plaintiff purchased for himself were only usable for a certain amount of time, before a combination of technologically-advanced servers being released to the market and the increasing difficulty of Bitcoin mining rendered those servers obsolete. Although Plaintiff is currently in possession of the 500 mining rig servers, those servers have been rendered worthless as a result AT&T improperly providing Plaintiff's SIM Card to third-party hackers. In addition, Plaintiff refers to the allegations in the Complaint regarding his mining rig servers.

**Interrogatory No. 10:**
Describe in detail any training you received or efforts you undertook to educate yourself on how to securely hold, own, store, or trade cryptocurrency, providing, at a minimum the date and time, subject matter, training provider, publications, and materials or sources of information relative to such training or education.

**Response to Interrogatory No. 10:**

Plaintiff objects to Interrogatory No. 10 on the grounds set forth in Enumerated Objections 1, 2, 4, 5, 6, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: Plaintiff is a co-founder and partner of Morgan Creek Digital, a highly successful asset management firm in North Carolina that invests in blockchain technologies and the digital assets industry. Plaintiff was an early cryptocurrency investor and enthusiast, and endeavors to stay up-to-date with the latest cryptocurrency news and developments. Plaintiff is a leader in the field of cryptocurrency markets and security.

**Interrogatory No. 11:**
Describe each allegedly false representation or omission by AT&T that you contend supports any of your claims in this Action, by setting forth the exact statement made or fact not disclosed by AT&T, the source(s) or maker(s) of such statement or nondisclosure, the date and time of such statement or non-disclosure, and, for any described non-disclosures, the factual basis for your contention that AT&T was under a duty to disclose the fact to you.

**Response to Interrogatory No. 11:**

Plaintiff objects to Interrogatory No. 11 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: Plaintiff communicated with a number of AT&T employees and/or agents in connection with the SIM Swaps that affected the Williams Account(s). All information about statements made by those AT&T employees and/or agents in Plaintiff's possession, custody, or control is set forth in the Complaint, including in paragraphs 46, 47, 51, 52, 57, 58, 63, 64, 65, 71, 74, 75, 78, and 80.

**Interrogatory No. 12:**
Describe, by identifying the insurer and stating the nature of the claim, each claim you have submitted or tendered to an insurance carrier related to any loss, injury, or damage arising from or related to the facts or circumstances alleged in the Complaint.

**Response to Interrogatory No. 12:**

Plaintiff objects to Interrogatory No. 12 on the grounds set forth in Enumerated Objections 3, 4, 6, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: Plaintiff has not made any claims to any insurers related to any loss, injury, or damage arising from or related to the facts or circumstances alleged in the Complaint.

**Interrogatory No. 13:**
Identify all facts in support of your contention that SIM changes on Your AT&T Account were used to gain unauthorized access to your cryptocurrency and or social media Account(s), including a detailed description for each Account accessed without authorization (including those identified in your response to Interrogatory No. 2) of all facts establishing how an unauthorized person was able to obtain the required Passwords and satisfy any Security Measures implemented on the Account.

**Response to Interrogatory No. 13:**

Plaintiff objects to Interrogatory No. 13 on the grounds set forth in Enumerated Objections 1, 2, 3, 4, 5, 6, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: In response to this duplicative and overbroad request, Plaintiff refers to its allegations in the Complaint and its previous responses herein, including Response No. 2.

**Interrogatory No. 14:**
For each Account accessed without authorization, state which devices and/or computers you used to access that Account and whether you accessed the Account through an application, an internet browser, or other means on each such device.

**Response to Interrogatory No. 14:**

Plaintiff objects to Interrogatory No. 14 on the grounds set forth in Enumerated Objections 1, 6, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: Prior to terminating his account with AT&T, Plaintiff used the following devices to access the accounts listed in Response No. 2:

- A password protected smartphone containing his AT&T SIM Card, generally using the respective phone applications for each account; and

- A password protected Macbook laptop computer, generally using the internet browser Google Chrome.

**Interrogatory No. 15:**
Identify all the cell phone numbers you used or had since January 2015 to present, and the wireless carrier associated with each number.

**Response to Interrogatory No. 15:**

Plaintiff objects to Interrogatory No. 15 on the grounds set forth in Enumerated Objections 1, 6, and 8. Subject to, limited by and without waiving his Enumerated Objections and the Terms and Conditions, Plaintiff states as follows: From January 2015 until February 2019, Plaintiff used a cell phone number associated with the SIM Card provided to him by AT&T. Plaintiff objects to producing that number in writing here, because AT&T is aware of that number and it is unnecessary to do so. As described in the Complaint, when Plaintiff purchased a new cell phone and a Verizon account in February 2019, Plaintiff transferred the number he had used with AT&T to his new Verizon phone. Plaintiff still has a Verizon phone using that previous phone number, but has disabled voicemail and does not take incoming calls on that phone for security and privacy reasons. As result of AT&T's failure to protect his SIM Card and the cell phone number associated with it, Plaintiff has also been forced to purchase and use, for security and privacy reasons: (1) an additional cell phone from Verizon, which has a different cell phone number; and (2) a cell phone using a Google Voice phone number. Plaintiff objects to producing any of his cell phone numbers in writing here because those numbers are not relevant to Plaintiff's claims or AT&T's defenses, because doing so would create unnecessary security and privacy risks for Plaintiff. As a result of AT&T improperly providing Plaintiff's SIM Card to third-party hackers, the cell phone number that Plaintiff held with AT&T is subject to continuous hacking attempts to this day (which is why Plaintiff needs to have multiple phones).

Dated: July 6, 2020
New York, New York

WITHERS BERGMAN LLP

By: _____
Christopher LaVigne
Joseph Gallo
430 Park Avenue
New York, New York 10022
(212) 848-9800
Christopher.LaVigne@withersworldwide.com
Joseph.Gallo@withersworldwide.com

Terence S. Reynolds
Lucas D. Garber
Shumaker Loop & Kendrick LLP
101 South Tryon Street
Suite 2200
Charlotte, NC 28280
(704) 945-2909
treynolds@shumaker.com
lgarber@shumaker.com

*Attorneys for Plaintiff Jason Williams*

TO: Joseph S. Dowdy (N.C. State Bar No. 31941)
Phillip A. Harris, Jr. (N.C. State Bar No. 39740)
Kilpatrick Townsend & Stockton LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 510-6120
jdowdy@kilpatricktownsend.com
pharris@kilpatricktownsend.com

Michael Breslin
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile (404) 815-6555
mbreslin@kilpatricktownsend.com

*Counsel for Defendant AT&T Mobility LLC*

16

## VERIFICATION

I, Jason Williams, have read the foregoing Responses and Objections to the First Set of Interrogatories. I verify under penalty of perjury that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

_____
Jason Williams

Dated: July 6, 2020